Loren Miller, Debtor-Appellant *pro se*
600 E. Medical Center Blvd. #1509
Webster, TX 77598
281-467-8226



## UNITED STATES BANKRUPTCY COURT
## FOR THE CENTRAL DISTRICT OF CALIFORNIA
## NORTHERN DIVISION

| | |
|---|---|
| In re LOREN MILLER,<br><br>                       Debtor. | Case No.: 9:13-bk-10313-RR<br><br>**Case 2:14-cv-01681-DOC**<br><br>Chapter 7 (conversion to Chapter 11 denied)<br><br>DEBTOR-APPELLANT'S SECOND AMENDED NOTICE OF APPEAL |

I again amend my Notice of Appeal to include the bankruptcy court's "ORDER DENYING AMENDED MOTION TO CONVERT CASE TO CHAPTER 11" and "ORDER DENYING MOTION TO TRANSFER VENUE."

A true copy of what I have received by mail is attached. I have been able to learn the Order denying my motion to convert to chapter 11 was docketed as item #131 and it was entered on March 26th. Therefore, so long as this court receives it no later than April 9th it is timely filed.

The Order denying my motion to transfer the case to the bankruptcy court in Houston was filed and entered on December 12th (I have since learned that Order was docketed as item #88). A true copy of what I received by mail is attached. This late appeal was finally granted by the court in its "ORDER GRANTING MOTION FOR EXTENSION OF TIME TO FILE APPEAL" docketed as item #132). Because that Order was also filed and entered on March 26th, this notice of appeal should be accepted as timely filed.

Page 1 - DEBTOR'S SECOND AMENDED NOTICE OF APPEAL

Again, according to 28 U.S.C.A. § 158 and FRBP 8001, I give this notice I am timely appealing this court's orders designated above.

I expressly reserve the right to amend or supplement this Amended Notice if I believe it is necessary, including adequate notice to reply to all other parties' in interest responses. I also expressly invoke FRBP 1001 to apply to this and all my written submissions to this court.

*Submitted with all rights reserved on April 7, 2014*

Loren Miller, Debtor *pro se*

Page 2 - DEBTOR'S SECOND AMENDED NOTICE OF APPEAL

<u>Certificate of Service by Mail on "Opposing Party(ies)"</u>

I certify on this date I did serve these parties by mail:

Jeremy Faith, Trustee
16030 Ventura Blvd., Suite 470, Encino, CA 91436
(818) 705-2777

       represented by:    Margulies Faith LLP
                          16030 Ventura Blvd Ste 470, Encino, CA 91436
                          818-705-2777

Andrew and Eileen Geller

       represented by:    Howard Camhi
                          9401 Wilshire Blvd 9th Floor, Beverly Hills, CA 90212

OneWest Bank, FSB
P O Box 829009, Dallas, TX 75382-9009

       represented by:    The Estle Law Firm
                          12520 High Bluff Dr Ste 265, San Diego, CA 92130
                          858-720-0890

Sarah Miller
702 Whitecap Dr., Seabrook, TX 77586
281-339-7244

*Submitted with all rights reserved on April 7, 2014*

                                    Loren Miller, Debtor *pro se*

Page 3 - DEBTOR'S SECOND AMENDED NOTICE OF APPEAL

1

2                                          ┌─────────────────────────────┐
                                           │     FILED & ENTERED         │
3                                          │                             │
                                           │      MAR 26 2014            │
4                                          │                             │
5                                          │  CLERK U.S. BANKRUPTCY COURT │
                                           │  Central District of California │
6                                          │  BY zick    DEPUTY CLERK    │
                                           └─────────────────────────────┘
          UNITED STATES BANKRUPTCY COURT

7              CENTRAL DISTRICT OF CALIFORNIA

8                  NORTHERN DIVISION

9
   In re:                        ) Case No.: 9:13-10313
10                               )
11 Loren Miller and Sarah Miller, ) Chapter 7
                                 )
12           Debtors.            ) ORDER DENYING AMENDED
                                 ) MOTION TO CONVERT CASE
13                               ) TO CHAPTER 11
                                 )
14                               )
15                               )
                                 )
16                               )
                                 )
17                               )
                                 )
18 ─────────────────────────────

19     Debtors, Loren and Sarah Miller, filed a Chapter 7 bankruptcy petition on February 7,

20 2013, and filed a Motion to Convert the case to Chapter 13 on April 5, 2013. The Motion to

21 Convert was opposed by the Chapter 7 Trustee, Jeremy Faith, and debtors subsequently
22
   withdrew the motion on June 4, 2013.
23
24     On June 11, 2013, an order was entered extending the time within which the Trustee

25 could file a 11 U.S.C. § 727 complaint against debtors to August 15, 2013. On July 22, 2013, the

26 Trustee filed a notification of asset case and request for setting of a claims bar date, and on
27
   August 15, 2013, the Trustee filed a § 727 action against debtors (AP 9:13-01133).
28

On November 26, 2013, debtors filed a Motion to Change Venue/Inter-district Transfer, requesting that this court transfer the bankruptcy case to the United States Bankruptcy Court for the Southern District of Texas, Houston Division, on the basis that they had moved to Seabrook, Texas. (Docket # 78 at 2). Debtors contemporaneously filed a Motion to Convert the case to Chapter 11. The Trustee opposed both motions.

On December 12, 2013, this court entered an order denying debtor's motion to transfer venue. Although the debtors had moved to Texas, 28 U.S.C. § 1408(1) provides that the applicable district for filing a bankruptcy case is determined by the situs of their residence for the major part of the 180 days before the case was filed. Therefore, since debtors resided in Pismo Beach, California when they filed bankruptcy, venue was appropriate in the Northern Division of the U.S. Bankruptcy Court for the Central District of California.[1] By separate order entered December 12, 2013, this court also denied debtors' motion to convert the case from Chapter 7 to Chapter 11, noting that debtors had failed to pay the required filing fee of $922.00 for filing a Motion to Convert to Chapter 11.

On January 14, 2014, debtor, Loren Miller, filed a motion for extension of time in which to appeal the December 12, 2013, order denying debtor's motion to transfer venue. In support of his request, debtor indicated that he did not receive a copy of the order denying the motion to transfer venue until December 23, 2013.

On January 15, 2014, Mr. Miller filed an Amended Motion to Convert the Case to Chapter 11. Mr. Miller's co-debtor, Sarah Miller, did not join in this amended motion to

---

[1] The debtors' Statement of Financial Affairs at ¶ 15 indicates no other address for the three years preceding the filing.

convert. The Trustee opposed both the motion for extension of time to file an appeal, and the

amended motion to convert the case to Chapter 11.

Amended Motion to Convert

Under 11 U.S.C. § 706(a), a "debtor may convert a case under this chapter to a case

under chapter 11, 12, or 13 of this title at any time, if the case has not been converted under

section 1112, 1208, or 1307 of this title." However, in the case of Marrama v Citizens Bank of

Mass. ("Marrama"), 549 U.S. 365 (2007), the United States Supreme Court held that "the

apparently absolute right of [a] debtor to convert a chapter 7 case to chapter 13 could be curtailed

in an 'atypical' case of a fraudulent or 'bad faith' debtor, in order 'to prevent an abuse of

process.'" Marrama, 549 U.S. at 375. The Ninth Circuit Bankruptcy Appellate Panel has

recognized that the Marrama restriction on the § 706(a) conversion right applies when a debtor

seeks to convert a case from Chapter 7 to any other chapter under the Bankruptcy Code, not just

when a debtor seeks conversion to Chapter 13. See In re Levesque, 473 B.R. 331, 339 (9th Cir.

BAP 2012) (noting that the Marrama interpretation of "the language of § 706(a) applies the same

whether the chosen chapter for conversion is chapter 11 or chapter 13").

In opposition to Mr. Miller's amended motion to convert to chapter 11 the Trustee has

presented evidence that supports a finding that Mr. Miller has not filed the conversion motion in

"good faith."

First, the Trustee notes that, among other things, Mr. Miller has filed a skeletal motion to

convert the case that is unsupported by any evidence that debtors are, or will be, capable of

performing the duties required of a debtor-in-possession. Further, the Trustee offers evidence

that, for almost a year, he has continuously made efforts to uncover assets (disclosed and

undisclosed) for the benefit of the estate in the face of the debtors' consistent failure and/or

refusal to cooperate. For example, the Trustee states that he ultimately had to obtain a court order compelling debtors to appear at their 341(a) meeting of creditors because of continued non-appearance at the scheduled meeting of creditors. The initial 341(a) meeting was held on March 18, 2013, and debtors failed to appear. Debtors also failed to appear at four additional continued 341(a) meetings on April 8, April 29, May 20, and June 10, 2013. After the Trustee obtained the order compelling debtors to appear at the meeting of creditors, debtors did appear and were examined on July 20, 2013. However, debtor, Loren Miller, has refused and failed to appear at several continued 341(a) meetings on November 18, December 23, and January 13, 2014, in direct violation of the court order.

Further, debtors have failed to file complete and accurate bankruptcy schedules, and have failed to provide the Trustee with certain requested documents. The Trustee also contends that he "continues to uncover undisclosed assets and obtain assets of the estate (despite constant obstruction from Mr. Miller)." (Opp. at 2). Part of this "obstruction" involves the debtors' tactical filing of a motion to convert. Specifically, on April 4, 2013, the Trustee sent debtors a letter demanding turnover of nonexempt cash in debtors' possession. Instead of complying with this turnover request, on April 15, 2013, debtors filed a Motion to Convert the Case to Chapter 13. The Trustee opposed the motion, noting that debtors were ineligible for Chapter 13 pursuant to 11 U.S.C. § 109(e). On June 4, 2013, less than one week prior to the scheduled hearing date on the motion to convert to Chapter 13, debtors filed a notice of withdrawal of the motion.

On May 9, 2013, Trustee's counsel sent another letter requesting turnover of the nonexempt cash in debtors' possession, and again, received no response. Thereafter, on May 15, 2013, the Trustee filed a Motion for Turnover of the Cash and Directing Debtors to Appear at the Meeting of Creditors. After hearing on the motion, the court entered an order granting the

001518    58603001521027

turnover motion on June 18, 2013. The turnover order required that before June 23, 2013,

debtors turn over $182,000 in cash to the Trustee. However, debtors refused for many months

after the turnover order was entered to comply with the order. On July 12, 2013, after the

deadline set forth in the turnover order had expired, and after numerous requests by Trustee's

counsel, the Trustee received a cashier's check in the amount of $101,731.00 from debtors along

with a one-page accounting of how debtors alleged they used up to $68,000 of the exempt cash

in the five months after the filing of the bankruptcy petition. Other than this one-page

"accounting," debtors failed to provide any bank records or other documentary evidence to

support these unauthorized expenditures of the cash.

　　　　On August 26, 2013, Trustee's counsel sent debtors a renewed demand for compliance

with the Turnover Order and requiring turnover of the remaining $80,269 from debtors. Debtor,

Sarah Miller, has sought to cooperate with the Trustee and has turned over certain cash items.

Debtor, Loren Miller, remains recalcitrant and refuses to comply with court orders, and any

requests by the Trustee and the Trustee's counsel.

　　　　Further, the Trustee continues to uncover additional undisclosed assets on behalf of the

estate. For example, the Trustee states that within the month of December 2013, he "received

information [indicating] that Debtor Loren Miller has concealed $27,173.38 in undisclosed gold

and silver purchased from Kitco Metals, Inc., during the period of 2011 and 2012, as well as

failing to turn over $6,716 that debtor received post-petition from debtors' California State 2012

income tax refund." (Opp. at 2). The Trustee also contends that his investigation has revealed

that debtors failed to disclose in their petition all entities in which they have an ownership

interest, including, but not limited to, their interest in First Star Associates. The Trustee obtained

information that Mr. Miller has been using a bank account in the name of First Star for his own

1  personal benefit for the two years preceding the petition date, and that further funds remain in the

2  account.  Further, debtors changed the address on the First Star Bank account to their Texas

3  address, contrary to debtors' testimony at the July 20th meeting of creditors that they did not

4  control the account, and that the account was devoid of funds.

5  Consideration of the evidence presented by the Trustee, and review of the case docket

6  indicate that debtor, Loren Miller's, amended Motion to Convert this case to Chapter 11 is

7  simply another tactic to avoid complying with his duties under the Bankruptcy Code.  Moreover,

8  Mr. Miller's co-debtor, Sarah Miller, did not join in, and has not filed any document indicating

9  her consent to, the amended Motion to Convert this case to Chapter 11.

10  Accordingly, IT IS HEREBY ORDERED that debtor, Loren Miller's, amended motion to

11  convert this case to Chapter 11 is DENIED.

Date: March 26, 2014

Robin L. Riblet
United States Bankruptcy Judge

001518    58603001521036

FILED & ENTERED

MAR 26 2014

CLERK U.S. BANKRUPTCY COURT
Central District of California
BY zick          DEPUTY CLERK

UNITED STATES BANKRUPTCY COURT

CENTRAL DISTRICT OF CALIFORNIA

NORTHERN DIVISION

In re:                              ) Case No.: 9:13-10313
                                    )
Loren Miller and Sarah Miller,      ) Chapter 7
                                    )
            Debtors.                ) ORDER GRANTING MOTION
                                    ) FOR EXTENSION OF TIME
                                    ) TO FILE APPEAL
                                    )
                                    )
                                    )
                                    )
                                    )
                                    )
                                    )

    Debtors, Loren and Sarah Miller, filed a Chapter 7 bankruptcy petition on February 7,

2013, and filed a motion to convert the case to Chapter 13 on April 5, 2013. The motion to

convert was opposed by the Chapter 7 Trustee, Jeremy Faith, and debtors subsequently withdrew

the motion on June 4, 2013.

    On June 11, 2013, an order was entered extending the time within which the Trustee

could file a 11 U.S.C. § 727 complaint against debtors to August 15, 2013.

On July 22, 2013, the Trustee filed a notification of asset case and request for setting of a claims bar date, and on August 15, 2013, the Trustee filed a § 727 action against debtors (AP 9:13-01133).

On November 26, 2013, debtors filed a Motion to Change Venue/Inter-district Transfer, requesting that this court transfer the bankruptcy case to the United States Bankruptcy Court for the Southern District of Texas, Houston Division, on the basis that they had moved to Seabrook, Texas. (Docket # 78 at 2). Debtors contemporaneously filed a Motion to Convert the case to Chapter 11. The Trustee opposed both motions.

On December 12, 2013, this court entered an order denying debtor's Motion to Transfer Venue. Although the debtors had moved to Texas, 28 U.S.C. § 1408(1) provides that the applicable district for filing a bankruptcy case is determined by the situs of their residence for the major part of the 180 days before the case was filed. Therefore, since debtors resided in Pismo Beach, California when they filed bankruptcy, venue was appropriate in the Northern Division of the U.S. Bankruptcy Court for the Central District of California.[1] By separate order entered December 12, 2013, this court also denied debtors' Motion to Convert the case from Chapter 7 to Chapter 11, noting that debtors had failed to pay the required filing fee of $922.00 for filing a Motion to Convert to Chapter 11.

On January 14, 2014, debtor, Loren Miller, filed a motion for extension of time in which to appeal the December 12, 2013, order denying debtors' Motion to Transfer Venue. In support of his request, Mr. Miller indicated that he did not receive a copy of the order denying the Motion to Transfer Venue until December 23, 2013.

---

[1] The debtors' Statement of Financial Affairs at ¶ 15 indicates no other address for the three years preceding the filing.

On January 28, 2014, the Trustee filed an opposition to Mr. Miller's motion to extend the time in which to appeal.

Motion for Extension of Time to File Appeal

Pursuant to Federal Rule of Bankruptcy Procedure 8002(a), a notice of appeal shall be filed with the clerk of the bankruptcy court within fourteen days of the date of entry of the bankruptcy court's judgment, order, or decree being appealed from. Fed. R. Bank. P. 8002(a). Upon a showing of "excusable neglect," a bankruptcy court may extend the time for a party to file a notice of appeal, so long as the moving party files a written motion to extend the time not later than 21 days after expiration of the initial 14-day period. Fed. R. Bank. P. 8002(c)(2).

Here, the court's order denying debtors' Motion to Transfer Venue was entered on December 12, 2014. Therefore, the time period within which debtors could file a timely notice of appeal expired on December 26, 2014. Fed. R. Bank. P. 8002(a). Debtors did not file a notice of appeal within that time period. However, debtor, Loren Miller, timely filed a motion for extension of time to file a notice of appeal on January 15, 2014.

In considering whether a party seeking an extension of time to file a notice of appeal has demonstrated "excusable neglect," a court must consider the following factors articulated in Pioneer Inv. Servs. Co. v. Brunswick Assocs. Ltd. P'ship, 507 U.S. 380 (1993): "(1) the danger of prejudice to the other party; (2) the length of the delay caused by the neglect, and its potential impact on judicial proceedings; (3) the reason for the delay, including whether it was within the movant's reasonable control; and (4) whether the movant acted in good faith." 507 U.S. at 395; see also In re Pincay, 389 F.3d 853, 855 (9th Cir. 2004) (noting that Pioneer is "the leading authority on the modern concept of excusable neglect"). Simultaneously, courts are to

"equitably consider all relevant circumstances surrounding a party's . . . errors or omissions."

Pincay, 389 F.3d at 856-60.

Mr. Miller argues that his motion for extension of time in which to appeal should be granted because he did not receive notice of the order denying the debtors' motion to transfer venue until December 23, 2013 – three days prior to the 14-day notice of appeal deadline under Fed. R. Bank. P. 8002(a). Mr. Miller contends that service of the notice on both him and his co-debtor at the Seabrook, Texas address was erroneous because he no longer resided at the Seabrook address, and service on him there "ignored my motion's additional contact information and its footnote 1" – which requested "Also please note our updated contact information." (Motion for Extension at page 6). Mr. Miller also claims that his co-debtor, Sarah Miller, did not provide him with the mailed notice until December 23, 2013.

Length of Delay

While Mr. Miller claims in his motion for extension that his notice of appeal is "accompanying [the] motion," there is no notice of appeal attached to the motion, and to date, debtor has not filed a notice of appeal from the December 12, 2013, order denying the venue transfer motion. However, the length of delay is measured from the time of the missed deadline to the time the motion for an extension is filed. In re Hoover WSCR Associates, Ltd., 2005 WL 6960225 (9th Cir. BAP) (unpublished memorandum decision). Here, Mr. Miller filed the motion to extend deadline on January 14, 2014, nineteen days after the expiration of the timely appeal deadline. Therefore, the length of delay is minimal.

Prejudice to Nonmoving Party

In opposition to Mr. Miller's motion to extend time for appeal, the Trustee sets forth evidence demonstrating that Mr. Miller has been persistently recalcitrant in cooperating with the

Trustee in his attempts to administer the estate for the benefit of creditors.  Among other things,

Mr. Miller has failed to appear for several 341(a) meetings, has not provided any documentation

requested by the Trustee, and has failed to fully comply with the turnover orders entered by this

court.  Further, despite Mr. Miller's failure to cooperate, the Trustee continues to discover

undisclosed assets in this case.  Rather than cooperate with the Trustee in administering this case,

debtor has filed two motions to convert the case (to Chapter 13, and Chapter 11, respectively),

and a motion to transfer venue.

In opposition, the Trustee posits that if the extension motion is granted, the overall

administration of the case could be detrimentally affected, as well as the Trustee's pending § 727

complaint against the debtors.  In addition, the Trustee asserts he has recently received

information that Mr. Miller has concealed $27,173.38 in undisclosed gold and silver purchased

from Kitco Metals, as well as failing to turn over $6,716 from a California State Tax 2012

income tax refund.  The Trustee has filed a motion for turnover of the Kitco purchases and tax

return monies, which motion was heard and granted on March 19, 2014.  Administration of the

bankruptcy estate, and prosecution of the Trustee's § 727 proceeding will not be prejudiced or

delayed unless this or an appellate court enters an order staying the proceeding.  Absent such a

stay, the prejudice to the Trustee and estate is minimal.  Moreover, [p]rejudice to the opposing

party 'requires greater harm than simply that relief would delay resolution of the case.'"  In re

Hawaiian Airlines, Inc., 2011 WL 1483923 (D. Hawai'i) (citing Lemoge v U.S., 587 F.3d 1188,

1196 (9th Cir. 2009)).

<u>Reason for Delay</u>

　　　Debtor argues that the reason for his delay in filing the notice of appeal is due to the court's alleged error in serving him with the notice of the December 12, 2013, order at the wrong address.

　　　First, it is undisputed that Mr. Miller did ultimately receive the notice of entered order on December 23, 2013, yet he failed to file a notice of appeal by the deadline of December 26, 2013. Mr. Miller offers no explanation as to why he did not file the notice of appeal by December 26, 2013, stating only that he discovered through "recent research" that the due date for filing the notice of appeal was December 26, 2013. (Supporting Declaration of Mr. Miller at 5). Mr. Miller also adds that he "works full time and do[es] not have the luxury of being able to afford the services of an actually competent attorney . . ." Id. However, Mr. Miller's status as a *pro se* litigant does not excuse his failure to understand and follow court rules. See In re Warrick, 278 B.R. 182, 187 (9th Cir. BAP 2002). Therefore, Mr. Miller's ability to meet the notice of appeal deadline was within his "reasonable control," and he offers no adequate explanation as to why he failed to meet the December 26, 2013, deadline.

　　　Second, Mr. Miller makes much of the court's alleged "error" in serving both him and co-debtor, Sarah Miller at the Seabrook, Texas address with the notice of entered order, even though Mr. Miller's Webster, Texas address was on the motion to transfer venue. However, in the body of the motion itself, debtors stated that they had *both* moved to Seabrook, Texas. In fact, debtors' move to Seabrook, Texas was the basis of the motion to transfer venue. (Motion to Transfer Venue [Docket # 78] at 2). Moreover, on June 4, 2013, debtors had filed a notice of change of address with the court, indicating that their new mailing address was "Loren and Sarah Miller, 702 Whitecap Drive, Seabrook, TX 77586." This was the debtors' mailing address on the

bankruptcy docket both at the time the Motion to Transfer Venue was filed, and when the order

denying the Motion to Transfer Venue was entered. Mr. Miller did not file a change of address,

notifying the court of his Webster, Texas address until January 15, 2014. See In re Salomon,

2014 WL 904589 * 3 (9th Cir. BAP) (unpublished opinion) (finding no "excusable neglect"

where debtor, among other things, perpetuated the reasons for delay).

     Finally, even if the bankruptcy court had erred in serving the notice of entered order on

both debtors at the Seabrook, Texas address:

> It is well-settled that failure to receive notice of entry of judgment or order
> is not an excuse for an untimely appeal because it is the party's affirmative duty
> to monitor the dockets. Therefore, failure of a court clerk to give notice of entry
> of an order is not a ground, by itself, to warrant finding an otherwise untimely
> appeal timely.

In re Warrick, 278 B.R. at 187.

Therefore, Mr. Miller's argument that he failed to receive the notice of entered order until

December 23, 2013, due to court error, does not constitute excusable neglect for his failure to

meet the notice of appeal deadline. Further, Mr. Miller acknowledges receiving the notice of

entered order on December 23, 2013, prior to the expiration of the notice of appeal deadline.

However, he offers no explanation or excuse for his failure to meet the deadline other than his

"later" discovery that the deadline was December 26, 2013. This court may consider Mr.

Miller's failure to meet the December 26, 2013, to be a result of Mr. Miller's negligence or

carelessness, and "excusable neglect" can be found when omissions to act are caused by a party's

carelessness. See Pioneer, 113 S.Ct. 1489, 1495. However, in his motion, Mr. Miller blames his

failure to meet the appeal deadline on the court's failure to provide him notice of entry of the

order denying the venue transfer motion, and on "the delay caused by not only the mail, but my

soon-to-be-ex-wife to deliver my copies." (Motion at 4). When a debtor has a change of mailing

address, it is the debtor's responsibility to promptly file a change of address form so that the

clerk's office, trustee, and creditors know where to mail documents to the debtor.  As noted

above, debtors complied with this requirement when they filed a notice of change of address on

June 4, 2013, notifying the court that they had moved to Seabrook, Texas.  However, Mr. Miller

did not file a notice of change of address regarding his Webster, Texas mailing address until

January 15, 2014, well after notice of the order denying the venue transfer motion was served by

the court.

Good Faith

As noted above, debtor, Mr. Miller, has not cooperated with the Trustee in administration

of the bankruptcy case.  Mr. Miller has chronically failed to appear at scheduled 341(a) hearings,

and his sole 341(a) appearance on July 20, 2013, was an appearance compelled by order of this

court.  Mr. Miller has not provided the Trustee with information necessary to administer the

estate, and the Trustee alleges he has discovered that Mr. Miller, and his co-debtor, Sarah Miller,

have failed to disclose certain assets in this case.  Mr. Miller has also failed to comply with this

court's turnover orders.  While there is substantial evidence suggesting that Mr. Miller has acted

in bad faith in his bankruptcy case, there is not sufficient evidence on the record to support a

finding that debtor acted in bad faith in missing the notice of appeal deadline.  See Bateman v.

U.S. Postal Service, 231 F.3d 1220, 1225 (9th Cir. 2000) (concluding that party acted in good

faith when he delayed in filing a Rule 60(b) motion where "[h]is errors resulted from negligence

and carelessness, not from deviousness or willfulness").

Based upon consideration of all of the foregoing factors, and the relevant circumstances

surrounding Mr. Miller's failure to meet the notice of appeal deadline, this court finds  that there

is "excusable neglect" on Mr. Miller's behalf warranting an extension of the appeal deadline

under Rule 8002(c).  See, Pincay, 339 F.3d at 860 (finding that in considering excusable neglect factors, courts should also "equitably consider all relevant circumstances surrounding a party's errors or omissions.")

Accordingly, it is ordered that Mr. Miller's motion to extend appeal deadline is GRANTED.

Date: March 26, 2014

Robin L. Riblet
United States Bankruptcy Judge

1

2                                                    ┌─────────────────────────────┐
3                                                    │   FILED & ENTERED           │
4                                                    │      DEC 12 2013            │
5                                                    │                             │
                                                     │ CLERK U.S. BANKRUPTCY COURT │
6              UNITED STATES BANKRUPTCY COURT        │ Central District of California │
                                                     │ BY zlck      DEPUTY CLERK   │
7              CENTRAL DISTRICT OF CALIFORNIA        └─────────────────────────────┘

8                    NORTHERN DIVISION

9
   In re:                        ) Case No.: 9:13-10313
10                               )
11 Loren Miller and Sarah Miller, ) Chapter 7
                                 )
12              Debtors.         ) ORDER DENYING MOTION
                                 ) TO TRANSFER VENUE
13                               )
14                               )
15                               )
16                               )
17                               )
18 _____)

19     The voluntary Chapter 7 petition in this case was filed on
20 February 7, 2013.  The debtors listed their address as 239
21 Esparto Avenue, Pismo Beach, CA 93449.
22
23     On June 4, 2013, the debtors filed a Notice of Change of
24 Address, listing a new address of 702 Whitecap Drive, Seabrook,
25 TX 77586.
26
27     Pursuant to 28 U.S.C. § 1408(1), venue of a bankruptcy case
28 is appropriate where "the domicile, residence, principal place

of business in the United States, or principal assets in the

United States, of the person or entity that is the subject of

the case have been located for the one hundred and eighty days

immediately preceding [case] commencement . . . ."  Further,

Local Bankruptcy Rule 1071-1(a)(1) provides that the applicable

division for filing a bankruptcy case is determined by "the

location of the debtor's residence" at the time the petition was

filed.  Accordingly, venue of this bankruptcy case is

appropriate in the Northern Division of the U.S. Bankruptcy

Court for the Central District of California.

   **IT IS HEREBY ORDERED** that debtors' motion to transfer venue

of this case to the United States Bankruptcy Court for the

Southern District of Texas, Houston Division, is DENIED.

###

###

###

###

Date: December 12, 2013

Robin L. Riblet
United States Bankruptcy Judge

**NOTE TO USERS OF THIS FORM:**
1) Attach this form to the last page of a proposed Order or Judgment. Do not file as a separate document.
2) The title of the judgment or order and all service information must be filled in by the party lodging the order.
3) **Category I. below:** The United States trustee and case trustee (if any) will always be in this category.
4) **Category II. below:** List ONLY addresses for debtor (and attorney), movant (or attorney) and person/entity (or attorney) who filed an opposition to the requested relief. <u>DO NOT</u> list an address if person/entity is listed in category I.

# NOTICE OF ENTERED ORDER AND SERVICE LIST

Notice is given by the court that a judgment or order entitled (*specify*) **_ORDER DENYING DEBTORS' MOTION TO TRANSFER VENUE_** was entered on the date indicated as "*Entered*" on the first page of this judgment or order and will be served in the manner indicated below:

**I. SERVED BY THE COURT VIA NOTICE OF ELECTRONIC FILING ("NEF")** в Pursuant to controlling General Order(s) and Local Bankruptcy Rule(s), the foregoing document was served on the following person(s) by the court via NEF and hyperlink to the judgment or order. As of ___ **12/12/13** , the following person(s) are currently on the Electronic Mail Notice List for this bankruptcy case or adversary proceeding to receive NEF transmission at the email address(es) indicated below.

- Howard Camhi    hcamhi@ecjlaw.com, kanthony@ecjlaw.com
- Howard Camhi    hcamhi@ecjlaw.com, kanthony@ecjlaw.com
- Mark D Estle    mark.estle@buckleymadole.com
- Jeremy W. Faith (TR)    jfaith@7trustee.net, C118@ecfcbis.com;Helen@MarguliesFaithLaw.com;leedowding@gmail.com
- Robert E Hurlbett    bob@hurlbettlaw.com, reed@hurlbettlaw.com
- Craig G Margulies    craig@marguliesfaithlaw.com, staci@marguliesfaithlaw.com;denisse@marguliesfaithlaw.com;fahim@marguliesfaithlaw.com
- Craig G Margulies    craig@marguliesfaithlaw.com, staci@marguliesfaithlaw.com;denisse@marguliesfaithlaw.com;fahim@marguliesfaithlaw.com
- Faye C Rasch    frasch@ecjlaw.com, kanthony@ecjlaw.com
- Vaughn C Taus    tauslawyer@gmail.com
- Meghann A Triplett    Meghann@MarguliesFaithlaw.com, Helen@MarguliesFaithlaw.com;MF_ecf@ecf.inforuptcy.com;Marta@MarguliesFaithLaw.com
- Meghann A Triplett    Meghann@MarguliesFaithlaw.com, Helen@MarguliesFaithlaw.com;MF_ecf@ecf.inforuptcy.com;Marta@MarguliesFaithLaw.com
- United States Trustee (ND)    ustpregion16.nd.ecf@usdoj.gov

1

II. **SERVED BY THE COURT VIA U.S. MAIL:** A copy of this notice and a true copy of this judgment or order was sent by United States Mail, first class, postage prepaid, to the following person(s) and/or entity(ies) at the address(es) indicated below:

2

3    Loren Miller
     Sarah Miller
     702 Whitecap Dr
4    Seabrook, TX 77586

5

6

7    This form is mandatory.  It has been approved for use by the United States Bankruptcy Court for the Central District of California.
     *August 2010*                                    **F 9021-1.1.NOTICE.ENTERED.ORDER**

8

9

10

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28

009109      84704009118026