JS-6

**UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA**

**CIVIL MINUTES – GENERAL**

Case No. CV 14-1681-DOC                                        Date: February 18, 2015
        BK 13-10313-RR

Title: IN RE. LOREN MILLER AND SARAH MILLER

PRESENT:

THE HONORABLE DAVID O. CARTER, JUDGE

| Deborah Goltz | Not Present |
|---|---|
| Courtroom Clerk | Court Reporter |

| ATTORNEYS PRESENT FOR PLAINTIFF: | ATTORNEYS PRESENT FOR DEFENDANT: |
|---|---|
| None Present | None Present |

**PROCEEDINGS (IN CHAMBERS):    ORDER RE. FAILURE TO PROSECUTE**

      This action was appealed to this Court from the Bankruptcy Court on March 7, 2014 (Dkt. 1). A notice of discrepancy was filed on March 7, 2014 (Dkt. 5). It noted the Appeal was deficient for a variety of reasons, including failure to state the title of the Order or Judgment, failure to include copies of the same, and failure to state the opposing parties. *Id.* On March 25, 2014, Debtor/Appellant Loren Miller ("Miller") filed an amended notice of appeal (Dkt. 8). On April 7, 2014, the Clerk entered a notice of discrepancy related to the Notice of Appeal (Bk. Dkt. 135). It noted the failure to file the Statement of Issues, Designation of Record, and Notice of Transcript required by Federal Rule of Bankruptcy Procedure 8006. On April 10, 2014, Miller filed a Second Amended Notice of Appeal. Miller, however, failed to file a designation of records or a statement of issues (Dkt. 9). He has also failed to file an opening brief.

      On January 28, 2015, this Court issued an Order to Show Cause why not dismiss for a failure to prosecute because Appellant had not filed the documents required under Rule 8006 (now 8009) of the Bankruptcy Rules.  The Court ordered Appellant to file a written response on or before February 9, 2015.  *See* Order (Dkt. 11).

      Plaintiff filed a response to the OSC on February 10, 2015. Response (Dkt. 12). As noted in the Order, the Court's records indicate that he was mailed a notice of deficiency

**UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA**

**CIVIL MINUTES – GENERAL**

Case No. CV 14-1681-DOC                                                                                    Date: February 18, 2015
BK 13-10313-RR                                                                                                                    Page 2

regarding the failure to file a designation of the items to be included in the record on appeal and a statement of the issues to be presented (Bk. Dkt. 135). Miller states that he never received notice of his need to file the required documents in a timely manner. Response at 1.

In prosecuting appeals, Federal Rule of Bankruptcy Procedure 8006, effective in March 2014, provided:

> Within 14 days after filing the notice of appeal as provided by Rule 8001(a) [or] entry of an order granting leave to appeal… **the appellant shall file with the clerk and serve on the appellee a designation of the items to be included in the record on appeal and a statement of the issues to be presented**.

(emphasis added). Miller claims that his failure to file the required documents was due to inadvertence. Response at 1. Miller represents that he has since filed the designation of record and statement of issues. *Id.*; Designation of Contents (Bk. Dkt. 193).

The Court will ACCEPT the untimely filings, as it appears Miller's error was due to inadvertence and excusable neglect. Miller is advised to follow the Federal Rules of Bankruptcy Procedure and the deadlines set by the Bankruptcy Court and this Court. Failure to abide by the procedural rules in a timely manner will result in dismissal. As noted by the Bankruptcy Court, the transmission of designation is **due by March 11, 2015** (Bk. Dkt. 193). Miller shall file his opening brief thereafter, according to the briefing schedule set by the court.

The Court finds no grounds to reconsider the denial of the Motion to Transfer. The cited authority (Rule 1014, 28 USC § 1412) references the power of the district court to transfer cases. As noted in the Court's previous order, the Court in this instance is acting as an appeals court. Thus, its review will be limited to the appeal of the denial of Miller's previous motion to transfer in the bankruptcy court, and any other matters on appeal.

The Clerk shall serve this minute order on the parties.

MINUTES FORM 11
CIVIL-GEN                                                                                                      Initials of Deputy Clerk: djg