JS-6

# UNITED STATES DISTRICT COURT
# CENTRAL DISTRICT OF CALIFORNIA

## CIVIL MINUTES – GENERAL

Case No. CV 14-1681-DOC                                    Date:  April 9, 2015

Title: IN RE. LOREN MILLER AND SARAH MILLER

PRESENT:

### THE HONORABLE DAVID O. CARTER, JUDGE

| Julie Barrera | Not Present |
|---|---|
| Courtroom Clerk | Court Reporter |

| ATTORNEYS PRESENT FOR PLAINTIFF: | ATTORNEYS PRESENT FOR DEFENDANT: |
|---|---|
| None Present | None Present |

**PROCEEDINGS (IN CHAMBERS):   ORDER RE: DISMISSAL FOR FAILURE TO PROSECUTE**

This action was appealed to this Court from the Bankruptcy Court on March 7, 2014 (Dkt. 1). A notice of discrepancy was filed on March 7, 2014 (Dkt. 5). It noted the Appeal was deficient for a variety of reasons, including failure to state the title of the order or judgment, failure to include copies of the same, and failure to state the opposing parties. *Id.* On March 25, 2014, Debtor/Appellant Loren Miller ("Miller") filed an amended notice of appeal (Dkt. 8). On April 7, 2014, the Clerk entered a notice of discrepancy related to the Notice of Appeal (Bk. Dkt. 135). It noted the failure to file the statement of issues, designation of record, and notice of transcript required by Federal Rule of Bankruptcy Procedure 8006. On April 10, 2014, Miller filed a second amended notice of appeal. Miller again failed to file a designation of record or a statement of issues (Dkt. 9).

On January 28, 2015, this Court issued an Order to Show Cause why this appeal should not be dismissed for failure to prosecute because Appellant had not filed the documents required under Rule 8006 of the Bankruptcy Rules.  The Court ordered Appellant to file a written response on or before February 9, 2015.  *See* Order (Dkt. 11). Miller responded and filed the required documents. After receiving the Appellant's response, the Court wrote:

**UNITED STATES DISTRICT COURT**
**CENTRAL DISTRICT OF CALIFORNIA**

**CIVIL MINUTES – GENERAL**

Case No. CV 14-1681-DOC                                                                 Date: April 9, 2015

                                                                                                                    Page 2

> The Court will ACCEPT the untimely filings, as it appears Miller's error was due to inadvertence and excusable neglect. Miller is advised to follow the Federal Rules of Bankruptcy Procedure and the deadlines set by the Bankruptcy Court and this Court. Failure to abide by the procedural rules in a timely manner will result in dismissal. As noted by the Bankruptcy Court, the transmission of designation is **due by March 11, 2015** (Bk. Dkt. 193). **Miller shall file his opening brief thereafter, according to the briefing schedule set by the court.**

Order, Feb. 18, 2015 (Dkt. 13) (second emphasis added).

A certificate of readiness was issued on March 18, 2015, indicating that the record was complete (Dkt. 14). However, according to the Notice Re: Bankruptcy Record Complete, Briefing Schedule and Notice of Entry (Dkt. 15), Miller's opening brief was due on April 1, 2015. As of this date, Miller has not filed his opening Brief.

Considering the history of this appeal, and the fact that Miller was explicitly admonished to follow the briefing schedule, the delay is not excusable. Miller has been warned by this Court that failure to abide by deadlines in this matter would result in dismissal. *See Greco v. Stubenberg*, 859 F.2d 1401, 1404 (9th Cir. 1988) (district courts may impose sanctions, including dismissal, against appellants for failure to prosecute bankruptcy appeals).

As such, this appeal is DISMISSED for failure to prosecute.

The Clerk shall serve this minute order on the parties.

MINUTES FORM 11
CIVIL-GEN                                                                 Initials of Deputy Clerk: djg