# United States District Court
# Central District of California
# Western Division

---

Case No. CV 14-1681-DOC

C.D. Cal. Bankr. Case No. 9:13-bk-10313- PC

---

In re: Loren Miller and Sarah Miller

Debtors.

---

Loren Miller,

Appellant,

*-against-*

Jeremy W. Faith, Chapter 7 Trustee,

Appellees.

---

ON APPEAL FROM THE UNITED STATES BANKRUPTCY COURT
CENTRAL DISTRICT OF CALIFORNIA

---

## Opening Brief of Appellee
## Jeremy W. Faith, Chapter 7 Trustee

---

MARGULIES FAITH, LLP
Meghann Triplett, SBN 268005
16030 Ventura Blvd, Suite 470
Encino, California 91436
Telephone: (818) 705-2777
Facsimile: (818) 705-3777

Attorneys for Appellee Jeremy W. Faith, Chapter 7 Trustee

---

# TABLE OF CONTENTS

**PAGE**

I.   SUMMARY OF ARGUMENT ...........................................................................1

II.  FACTUAL AND PROCEDURAL BACKGROUND .......................................1

III. AGRUMENT ...............................................................................................7

   A. The Bankruptcy Court Did Not Err in Denying the Amended Motion to
      Convert..............................................................................................................7

   B. The Motion to Transfer Order Should be Affirmed .......................................9

     i.   Venue is Proper in the United States Bankruptcy Court, Central District
        of California, Northern Division ............................................................10

     ii.  Conversion of this Case or Change of Venue at this Stage of the
        Bankruptcy Would be Inequitable to All Parties Involved ....................11

IV.  CONCLUSION ...............................................................................................12

## TABLE OF AUTHORITIES

C<span>ASES</span>                                                                                     P<span>AGE</span>

*In re Frame,*
   120 B.R. 718, 722-723 (S. D. Bankr. Ct. 1990) ....................................................7

*Marrama v. Citizens Bank of Mass,*
   549 U.S. 365 (2007)..............................................................................................7

S<span>TATUTES</span>                                                                                P<span>AGE</span>

11 U.S.C. § 706(a) ...............................................................................................7

28 U.S.C. § 1408(1) ...........................................................................................10

Central District of California, Local Bankruptcy Rule 1071-1(a)(1) ....................10

Central District of California, Local Bankruptcy Rule 9013-1(o)...........................2

Central District of California, Local Bankruptcy Rule 9013-1(o)(4).......................3

# I.      SUMMARY OF ARGUMENT

Debtor Loren Miller's ("Debtor") opening appellate brief ("Opening Brief") does not cite any evidence or legal basis supporting a reversal of the Motion to Transfer Order or the Amended Motion to Convert Order (defined, *infra*).  Instead, Debtor's Opening Brief focuses on laws that are outdated or inapplicable to the facts at hand, and more importantly, ignores the reasoning provided by the Court in denying the Motion to Transfer Order and the Amended Motion to Convert Order. Debtor argues that his move to the Southern District of Texas automatically qualifies him and requires the Court to move this Case to a location most convenient for the Debtor. However, this is not correct and the Debtor has misinterpreted the applicable laws, and furthermore the Debtor's actions demonstrate that this appeal is simply another delay tactic.  Additionally, Debtor's form motion to convert was filed in bad faith. As evidenced below, the Debtor's conduct in this case makes him ineligible to serve as a debtor-in-possession, and there is no basis for conversion to a chapter 11. Finally, all of Debtor's arguments and legal arguments are inapplicable in the current context.  Therefore, Debtor has not asserted any appropriate grounds to appeal any of the underlying orders and the appeal should be denied.

# II.     FACTUAL AND PROCEDURAL BACKGROUND

Loren and Sarah Miller (together the "Debtors") commenced this bankruptcy

case by the filing of a voluntary petition under chapter 7 of Title 11 of the United States Code (the "Bankruptcy Code") on February 7, 2013 (the "Petition Date"), fashioned as Case No. 9:13-bk-10313-PC (the "Case") in the Central District of California, Northern Division. Appellee Jeremy W. Faith is the duly-appointed, qualified, and acting Chapter 7 Trustee in this Bankruptcy Case ("Trustee").

On November 26, 2013, more than ten months after the Petition Date and following the Trustee's significant work to recover assets on behalf of the Estate, including the recovery of over $200,000 for the benefit of creditors, the Debtor filed a motion to change venue/intra-district venue (the "Motion to Transfer"), seeking to change venue because Debtor had recently moved from California to Texas (Appellant's Excerpts of Record ("ER"), Tab 1) and an unsupported, one page form Motion to Convert Case from a Chapter 7 to Chapter 11 (the "Motion to Convert") (ER, Tab 2).[1]  Both motions were filed on negative notice without a hearing pursuant to Local Bankruptcy Rule ("LBR") 9013-1(o). On December 10, 2013, the Trustee timely filed an opposition to both the Motion to Transfer (ER, Tab 3) and the Motion to Convert (ER, Tab 4). Creditor Andrew D. Geller and Andrew D. Geller and Eileen B. Geller, Trustees of the Geller Trust dated

---

[1] The Trustee is informed that following the Petition Date, the Debtors initiated divorce proceedings. Joint-Debtor Sarah Miller was not a party to either the Motion to Convert or the Motion to Transfer, and did not join or consent to either motion.

2

September 2, 1987 (together the "Gellers") filed an opposition to the Motion to Convert and the Motion to Transfer on December 9, 2013 (ER, Tab 5 and 6). Pursuant to LBR 9013-1(o)(4), the Debtor was required to set the Motion to Convert and the Motion to Transfer for hearing within fourteen (14) days and failure to do so may be deemed independent grounds for denial (ER, Tab 7). On December 12, 2013, the Honorable Robin Riblet (Ret.) ("Judge Riblet") entered an order denying the Motion to Transfer (the "Motion to Transfer Order") (ER, Tab 8) and an order denying the Motion to Convert (ER, Tab 9). The Motion to Convert was denied based on the Debtor's failure to pay the required conversion filing fee. The Motion to Transfer was denied because the Court found that the Case was appropriately filed in the Central District of California and venue was appropriate in the Northern Division of the U.S. Bankruptcy Court for the Central District of California.

On January 14, 2014, over one month after the December 12, 2013 order denying the Motion to Transfer, the Debtor filed a Notice and Motion to Extend Time to File an Appeal of the Motion to Transfer ("Motion to Extend Time") (ER, Tab 10). On January 28, 2014, the Trustee filed an opposition to Debtor's Motion to Extend Time (ER, Tab 11).

On January 15, 2014, the Debtor filed an amended motion to convert under 11 U.S.C. §§ 706(a) or 1112(a) (the "Amended Motion to Convert") (ER, Tab 12).

3

On January 29, 2014, the Trustee filed an opposition to the Amended Motion to Convert (ER, Tab 13).  The Geller's filed an opposition to the Amended Motion to Covert as well (ER, Tab 14).  The Debtor again failed to set the Amended Motion to Convert for hearing, after the Trustee filed his opposition, as required by Local Bankruptcy Rule 9013-1(o)(4).

On March 5, 2014, the Debtor filed a notice of the Appeal of the Motion to Extend Time and the Amended Motion to Convert (ER, Tab 15) although no final order on either motion had been entered. Debtor elected to have the Appeal heard by the United States District Court, Central District of California, Western Division (the "District Court"). While Debtor asserted that orders on the Amended Motion to Convert and the Motion to Extend Time were entered on February 18, 2015, an order on either motion had not been entered. The Appeal was in response to the Trustee's Notice of Lodgment of proposed orders for the Amended Motion to Convert and the Motion to Extend Time (ER, Tab 16 and 17) based on the Debtor's failure to comply with the LBR's and not an order of the Court.

On March 7, 2014, the District Court issued an Appeal Deficiency Notice, indicating that the Appeal is deficient, for the following reasons: (1) Appeal does not state the title of the order; (2) Appeal does not state entry date of order; (3) Appeal does not include entered stamped copy of Order; and (4) Appeal does not state opposing parties name, address, or telephone number (the "Appeal Deficiency

4

Notice") (ER, Tab 18). In addition, the District Court issued a Memorandum re: Lack of Jurisdiction because the orders being appealed was never entered on the Bankruptcy Court docket.

On March 21, 2014, the Debtor filed an Amended Notice of Appeal addressing the Appeal Deficiency Notice (ER, Tab 19). Debtor reasserts that he is appealing the Amended Motion to Convert and the Motion to Extend Time, although orders on such motions had not been entered.

On March 26, 2014, Judge Riblet entered an order denying the Amended Motion to Convert (the "Amended Motion to Convert Order") (ER, Tab 20) and granting the Motion to Extend Time (the "Motion to Extend Time Order") (ER, Tab 21).

On April 10, 2014, the Debtor filed a Second Amended Notice of Appeal (the "Second Notice of Appeal"), clarifying that the Debtor is appealing the Amended Motion to Convert Order and asserting, that Debtor is appealing the Motion to Transfer Order (ER, Tab 22). The Second Notice of Appeal does not address the Motion to Extend Time.

On May 9, 2014, by administrative order 14-05, the Case was assigned from Judge Riblet to the Honorable Peter Carroll.

On January 22, 2015, the Debtor filed a second Motion to Transfer Venue to the Southern District of Texas, Houston in the District Court (ER, Tab 23). On

January 28, 2015, the District Court issued an order to show cause why this case should not be dismissed for lack of prosecution (the "OSC") (ER, Tab 24). The Debtor filed a response to the OSC, asserting that cause has been shown (ER, Tab 25).

On March 18, 2015, the Bankruptcy Court issued a certificate of readiness and completion of record, and instructed Debtor to file an opening brief by April 1, 2015. Debtor failed to do so, and on April 9, 2015, the District Court entered an order dismissing the Appeal for failure to prosecute (the "Dismissal Order") (ER, Tab 26).

On April 24, 2015, the Debtor filed a Motion to Extend Time to File Brief, which the District Court granted by order entered on May 6, 2015 (ER, Tab 27). Debtor was instructed to file an opening brief by May 26, 2015.  On May 13, 2015, the Debtor filed a Motion for Relief pursuant to Rule 60(b) from the Dismissal Order (the "Motion for Relief") (ER, Tab 28). The District Court granted the Motion for Relief, and allowed the Debtor one final extension for filing his opening brief to June 16, 2015.

Debtor filed his Opening Brief in the Appeal without any accompanying Excerpts of Record or declaration on June 16, 2015.  Debtor's failure in his Opening Brief to provide any evidence or credible argument in support of this Appeal, supports the complete denial of the Appeal.

6

## III.   <u>ARGUMENT</u>

### A. <u>The Bankruptcy Court Did Not Err in Denying the Amended Motion to Convert Order</u>

Debtor argues that the Court improperly denied his Amended Motion to Convert because it misconstrued the laws governing motions to convert. (Opening Brief, page 5 at ¶5). Debtor's position is that there is an unequivocal right to convert a case from a Chapter 7 to a Chapter 11. (*Id.*).  However, the right to convert to Chapter 11 is not absolute and any party in interest may object to such conversion as evidenced by the laws governing conversion, which state: A debtor "<u>may</u> convert a case under this chapter to a case under chapter 11 . . . at any time, if the case has not been converted." 11 U.S.C. § 706(a) *(emphasis added)*. Furthermore, the Court may curtail the conversion of a case from a chapter 7 to a chapter 11, if there is fraudulent or 'bad faith' actions by a Debtor, and to prevent an abuse of power. *Marrama v. Citizens Bank of Mass,* 549 U.S. 365 (2007).

Here, the Debtor's actions since the inception of this case have been to delay and interfere with the bankruptcy process. Debtor has not demonstrated that he can act as a debtor-in-possession, and further that he can be entrusted with preserving assets of the estate. The Trustee has had to engage in extensive work to recover assets on behalf of the estate, both before and after the Amended Motion to Convert Order. To date, the Trustee has recovered approximately $229,000 in cash,

most of which the Debtor failed to disclose on his schedules. Additionally, the above figure does not consider the more than $100,000 Debtor has failed to turn over, pursuant to the First and Second Turnover Orders (defined, *infra*).  Further, the Trustee's investigation has revealed significant undisclosed personal property assets including but not limited to gold coins, Debtors' 2014 federal and state income tax refunds received post-petition, undisclosed cash and an interest in at least four corporations, which had activity both pre- and post-petition.

In addition, the Court entered two turnover orders. The first turnover order, entered on June 18, 2013 required the Debtor to turn over to the Trustee $182,000 of cash on hand, and appear at the 341(a) meeting of creditors (the "First Turnover Order") (ER, Tab 29). The Debtors only partially complied with the First Turnover Order by turning over $101,731.00 and claiming that the remaining $68,000 was spent despite knowledge of the Trustee's collection efforts and turnover demands. On March 19, 2014, the Court entered a second motion for turnover against Debtor for (i) $6,716 received post-petition from the 2012 state tax refund and (ii) the undisclosed gold and silver coin purchases, or their cash value of $27,173.38 (the "Second Turnover Motion") (ER, Tab 30) . However, to date, and despite multiple demands from the Trustee and his counsel, Debtor has failed to fully comply with the First Turnover Order or respond to the Second Turnover Order.  Further, there is only one unsecured creditor in this case who vehemently opposes conversion

8

(*See* Geller Opposition, ER, Tab 14).

Finally, Debtor incorrectly asserts that the Court denied the Amended Motion to Convert for failure to set the matter for hearing within 14 days of service of the opposition, pursuant to Local Bankruptcy Rule 9013-1(o)(4). However, this is incorrect and the Court's order denying the Amended Motion to Convert does not address or reference such an issue. Rather, Judge Riblet provides a detailed analysis with respect to the history of this case and the Debtor's behavior in absconding Estate assets. Specifically, the Court found that the "Debtors have failed to file complete and accurate bankruptcy schedules[,] . . . have failed to provide the Trustee with certain requested documents" (ER, Tab 20, p. 4:12-13) and the Trustee "has continuously made efforts to uncover assets (disclosed and undisclosed) for the benefit of the estate in the face of the debtors' consistent failure and/or refusal to cooperate" (ER, Tab 20, p. 3:26-28). Further, the Debtor's bad acts have only continued since entry of the Amended Motion to Convert Order. Given the Debtor's actions over the course of this case, this Appeal is simply another tactic to delay this Case and the Court's Amended Motion to Convert order should be affirmed.

### B. <u>The Motion to Transfer Order Should be Affirmed</u>

Debtor's Opening Brief provides no grounds in support of his request to transfer venue, beyond Debtor's assertion that his personal circumstances have

changed and he has moved to the Southern District of Texas, Houston Division. The circumstances of this case and the applicable law do not support a transfer of this Case.

### i.     Venue is Proper in the United States Bankruptcy Court, Central District of California, Northern Division

Venue for cases filed in the Bankruptcy Court is governed by 28 U.S.C. §1408(1), which provides:

> [T]he domicile, residence, . . . or principal assets in the United States, of the person or entity that is the subject of such case have been located for the one hundred and eight days immediately proceeding such commencement, or for a longer portion of such one-hundred-and-eighty-day period . . .

For individuals, "domicile" is generally defined as "residence" in fact along with the intent to remain there or to return when absent." A person can have only one domicile at a time  … so that, once established, domicile remains until a new one is acquired. *In re Frame*, 120 B.R. 718, 722-723 (S. D. Bankr. Ct. 1990). Additionally, for bankruptcy venue purposes, "residence" means "a permanent residence, one's home, as distinguished from a mere stopping place for the transaction of either business or pleasure." *Id*. at 723.

Further, Local Bankruptcy Rule 1071-1(a)(1) provides that the applicable division for filing a bankruptcy case is determined by "the location of the debtor's residence at the time the petition was filed."

Here, at the time of the Case filing, the Debtor, along with his former wife, were residents of Pismo Beach, California, an address that falls within the jurisdiction of the United States Bankruptcy Court, Central District of California, Northern Division. Further, the only creditor in this Case is located in California, making any conversion inequitable.

### ii.   Conversion of this Case or Change of Venue at this Stage of the Bankruptcy Would be Inequitable to All Parties Involved

Debtor is incorrect in assuming the convenience of the parties is the only relevant analysis in determining proper venue. The Court must examine the totality of the circumstances, including the interest of justice. Here, as evidenced above, the Debtor has engaged in a pattern of behavior that does not warrant a transfer of venue. Debtor is merely trying to forum shop, by filing the Motion to Transfer Venue. Throughout the entire bankruptcy process, the Debtor has been defiant and refuses to comply with Court orders and duties under the Bankruptcy Code, or any requests by the Trustee, and has in turn caused the Trustee to expend significant funds in order to trace and recover Debtor's undisclosed assets for the benefit of creditors.

Moreover, conversion of this case or transfer of venue would cause significant inequitable results. As a preliminary matter, this Case has been pending for over two (2) years. With the exception of executing the Second Turnover

11

Order, the Trustee is ready to finalize administration of this Case. Furthermore, the Trustee has obtained an order denying the Debtor's discharge (ER, Tab 31).  To unwind the clock, and more than two years of work by the Trustee and his counsel in this Case, would cause significant delays to the administration of this Estate and additional unnecessary expense for the Estate at the expense of the creditors. Finally, the only unsecured creditor in this action, is domiciled in the Central District of California, and strongly opposes a change of venue or conversion to chapter 11.

As such, Debtor's arguments as to the Motion to Transfer Venue are meritless and do not warrant a change of venue at this late stage.

## IV.   <u>CONCLUSION</u>

There is little question that the Court should deny the entirety of Debtor's Appeal, as Debtor fails to present any factual or legal grounds to appeal the Amended Motion to Convert Order or the Motion to Change Venue Order. Instead, without any accountability for his own conduct in this Case, the Debtor has used the Opening Brief to rant about his perceived inequities of the legal system, and the wrongdoings of the Court and the Trustee, all of which are unsupported by any evidence.  Finally, addressing the issues that are actually on Appeal, and a review of the laws governing the Motion to Transfer Venue and the Amended Motion to Convert, the Appeal should be denied in its entirety.

### CERTIFICATE OF SERVICE
### CASE NO. CV 14-1681-DOC
### DEBTOR: LOREN MILLER AND SARAH MILLER

I hereby certify that I electronically filed the foregoing with the Clerk of the Court for the United States District Court for the Ninth Circuit by using the appellate CM/ECF system on June 29, 2015.

The following are participants in the case who are registered CM/ECF users and will be served by the appellate CM/ECF system:

- Craig G. Margulies, Attorney for Appellee, Jeremy W. Faith, Chapter 7 Trustee
- Meghann Triplett, Attorney for Appellee, Jeremy W. Faith, Chapter 7 Trustee

I further certify that I have mailed the foregoing documents by First-Class Mail, postage prepaid for delivery to the following non-CM/ECF participants:

Loren Miller
600 E. Medical Center Blvd., #1509
Webster, TX 77598
**Appellant/Debtor**

Howard I. Camhi, Esq.
Ervin, Cohen & Jessup, LLP
9401 Wilshire Blvd., 9th Floor
Beverly Hills, CA 90212
**Attorneys for Interested Party, Andrew D. Geller and Andrew D. Geller and Eileen B. Geller, Trustees of the Geller Trust dated September 2, 1987**

Helen Cardoza

## CERTIFICATE OF COMPLIANCE, STATEMENT OF RELATED CASES

## AND PARTIES IN INTEREST

## CASE NO. CV 14-1681-DOC

## DEBTOR: LOREN MILLER AND SARAH MILLER

The undersigned certifies under Rule 32(a)(7)(C) of the Federal Rules of Appellate Procedure and Ninth Circuit Rule 32-1, that the attached Opening Brief is proportionally spaced, has a type face of 14 points or more and, pursuant to the word-count feature of the word processing program used to prepare this brief, contains 2,918 words, exclusive of the matters that may be omitted under Rule 32(a)(7)(B)(iii).

Furthermore, the undersigned certifies that the following parties have an interest in the outcome of this appeal. These representations are made to enable Judge to evaluate possible disqualification or recusal.

| Parties | Interest |
|---|---|
| Loren Miller | Debtor/Appellant |
| Jeremy W. Faith | Chapter 7 Trustee/Appellee |
| Andrew W. Geller and Andrew D. Geller and Eileen B. Geller, Trustees of the Geller Trust dated September 2, 1987 | Interested Party |

Furthermore, the undersigned certifies that the following are known related cases and appeals:

| BAP Appeal No. Unknown (Notice of Appeal filed 6/26/2015) | Loren Miller vs. Jeremy W. Faith, Chapter 7 Trustee |
|---|---|
| Bankruptcy Case No. 9:13-bk-10313-PC | Debtors: Loren Miller and Sarah Miller |
| Adversary Case No. 9:13-ap-01133-PC | Jeremy W. Faith, Chapter 7 Trustee vs. Loren Miller and Sarah Miller |

DATED:  June 29, 2015                    MARGULIES FAITH, LLP


                                         _____/s/ Meghann Triplett_____
                                         Meghann Triplett, Esq.
                                         Attorneys for Jeremy W. Faith,
                                         Chapter 7 Trustee

# United States District Court
# Central District of California
# Western Division

Case No. CV 14-1681-DOC
C.D. Cal. Bankr. Case No. 9:13-bk-10313-PC

In re: Loren Miller and Sarah Miller

Debtors.

Loren Miller,

Appellant,

*-against-*

Jeremy W. Faith, Chapter 7 Trustee,

Appellees.

ON APPEAL FROM THE UNITED STATES BANKRUPTCY COURT
CENTRAL DISTRICT OF CALIFORNIA

## Addendum to Opening Brief of Appellee
## Jeremy W. Faith, Chapter 7 Trustee

MARGULIES FAITH, LLP
Meghann Triplett, SBN 268005
16030 Ventura Blvd, Suite 470
Encino, California 91436
Telephone: (818) 705-2777
Facsimile: (818) 705-3777

Attorneys for Appellee Jeremy W. Faith, Chapter 7 Trustee

# TABLE OF CONTENTS

**PAGE**

**Relevant Bankruptcy Code Sections** ....................................................................1

    11 U.S.C. § 706(a) ............................................................................................1

    28 U.S.C. § 1408(1) ..........................................................................................1

**Relevant Central District Of California Local Bankruptcy Rules** ....................1

    Local Bankruptcy Rule 1071-1(a)(1) ................................................................1

    Local Bankruptcy Rule 9013-1(o) ....................................................................2

    Local Bankruptcy Rule 9013-1(o)(4) ...............................................................2

## RELEVANT BANKRUPTCY CODE SECTIONS

**11 U.S.C. § 706. Conversion**

(a)     The debtor may convert a case under this chapter to a case under chapter 11, 12, or 13 of this title at any time, if the case has not been converted under section 1112, 1208, or 1307 of this title. Any waiver of the right to convert a case under this subsection is unenforceable

11 U.S.C. § 706(a).

**28 U.S.C. §1408. Venue of Cases Under Title 11**

Except as provided in section 1410 of this title, a case under title 11 may be commenced in the district court for the district –

(1)     in which the domicile, residence, principal place of business in the United States, or principal assets in the United States, of the person or entity that is the subject of such case have been located for the one hundred and eighty days immediately preceding such commencement, or for a longer portion of such one-hundred-and-eighty-day period than the domicile, residence, or principal place of business, in the United States, or principal assets in the United States, of such person were located in any other district

28 U.S.C. § 1408(1).

## RELEVANT CENTRAL DISTRICT OF CALIFORNIA LOCAL BANKRUPTCY RULES

**Rule 1071-1. Divisions – Place of Filing**

(a)     Filing of Petition. Unless otherwise ordered by the court, a petition commencing a case under the Bankruptcy Code must be filed with the Clerk of the United States Bankruptcy Court for the Central District of California in the "applicable division."

1

(1)     The "applicable division" is determined by the location of the debtor's residence, principal offices, officers, and books and records, or where the majority of the debtor's assets are located based on a book value determination as set forth on the debtor's most current balance sheet.

Central District of California Local Bankruptcy Rule 1071-1(a)(1)


**Rule 9013-1. Motion Practice and Contested Matters**

(o)     <u>Motions and Matters Determined After Notice of Opportunity to Request Hearing</u>

(1) <u>Matters That May Be Determined Upon Notice of Opportunity to Request Hearing</u>. Except as to matters specifically noted in subsection (o)(2) below, and as otherwise ordered by the court, any matter that may be set for hearing in accordance with LBR 9013-1(d) may be determined upon notice of opportunity to request a hearing.

(A) <u>Notice</u>. When the notice of opportunity for hearing procedure is used, the notice must:

(i)     Succinctly and sufficiently describe the nature of the relief sought and set forth the essential facts necessary for a party in interest to determine whether to file a response and request a hearing;

(ii)    State that LBR 9013-1(o)(1) requires that any response and request for hearing must be filed with the court and served on the movant and the United States trustee within 14 days after the date of service of the notice; and

(iii)   Be filed with the court and served by the moving party on all creditors and other parties in interest who are entitled to notice of the particular matter.

(B) <u>Motion</u>. The motion and supporting documents must be filed with the notice, but must be served only on the United States trustee and those parties who are directly affected by the requested relief.

2

(2) <u>Matters that May Not be Determined Upon Notice of Opportunity to Request Hearing</u>. Unless otherwise ordered by the court, the following matters may <u>not</u> be determined by the procedure set forth in subsection (o)(1) above:

(A) Objections to claims;

(B) Motions regarding the stay of 11 U.S.C. § 362;

(C) Motions for summary judgment and partial summary adjudication;

(D) Motions for approval of cash collateral stipulations;

(E) Motions for approval of postpetition financing;

(F) Motions for continuance;

(G) Adequacy of chapter 11 disclosure statements; 117 1/15 LBR 9013-1

(H) Confirmation of plans in chapter 9, chapter 11, chapter 12, and chapter 13 cases;

(I) Motions for orders establishing procedures for the sale of the estate's assets under LBR 6004-1(b);

(J) Motions for recognition of a foreign proceeding as either a main or a nonmain proceeding;

(K) Motions for the adoption of a chapter 15 administrative order;

(L) Motions for the adoption of a cross-border protocol;

(M) Motions to value collateral and avoid liens under 11 U.S.C. § 506 in chapter 11, 12, and 13 cases; and

(N) Motions for issuance of a TRO or preliminary injunction.

(3) No Response and Request for Hearing. If the response period expires without the filing and service of any response and request for hearing, the moving party must do all of the following:

    (A) <u>File Declaration of Service and Non-response</u>. Promptly file a declaration attesting that no timely response and request for hearing was served upon the moving party. A copy of the motion, notice, and proof of service of the notice and motion must be attached as exhibits to the declaration. No service is required prior to filing the declaration.

    (B) <u>Lodge Proposed Order</u>. Lodge a proposed order in accordance with LBR 9021-1 and the Court Manual, except that the proposed order need not be served prior to lodging, except as otherwise required in these rules.

    (C) Deliver Copies to Court. Promptly deliver a judge's copy of the declaration as required by LBR 5005-2(d).

(4) <u>Response and Request for Hearing Filed</u>. If a timely response and request for hearing is filed and served, within 14 days from the date of service of the response and request for hearing the moving party must schedule and give not less than 14 days notice of a hearing to those responding and to the United States trustee. If movant fails to obtain a hearing date, the court may deny the motion without prejudice, without further notice or hearing.

Central District of California Local Bankruptcy Rule 9013-1(o).
Central District of California Local Bankruptcy Rule 9013-1(o)(4).