# TAB 9

UNITED STATES BANKRUPTCY COURT

CENTRAL DISTRICT OF CALIFORNIA

NORTHERN DIVISION

**FILED & ENTERED**

**DEC 12 2013**

CLERK U.S. BANKRUPTCY COURT
Central District of California
BY lilek313 DEPUTY CLERK

| | |
|---|---|
| In re: | ) Case No.: 9:13-bk-10313-RR |
| | ) |
| Loren Miller and Sarah Miller, | ) Chapter 7 |
| | ) |
| Debtors. | ) ORDER DENYING MOTION |
| | ) TO CONVERT CASE TO |
| | ) CHAPTER 11 |
| | ) |
| | ) |
| | ) |
| | ) |
| | ) |
| | ) |

On November 26, 2013, the debtors filed a motion to convert this Chapter 7 case to Chapter 11.  They failed to pay the required filing fee of $922.00.  Accordingly,

**IT IS HEREBY ORDERED** that debtors' motion to convert the case is defective and is DENIED.

Date: December 12, 2013

*Robin Riblet*

Robin L. Riblet
United States Bankruptcy Judge

TAB 9                                    Page 153

**NOTE TO USERS OF THIS FORM:**
**1)** Attach this form to the last page of a proposed Order or Judgment.  Do not file as a separate document.
**2)** The title of the judgment or order and all service information must be filled in by the party lodging the order.
**3)** Category I. below:  The United States trustee and case trustee (if any) will always be in this category.
**4)** Category II. below:  List ONLY addresses for debtor (and attorney), movant (or attorney) and person/entity (or attorney) who filed an opposition to the requested relief.  <u>DO NOT</u> list an address if person/entity is listed in category I.

# NOTICE OF ENTERED ORDER AND SERVICE LIST

Notice is given by the court that a judgment or order entitled (specify)   ***ORDER  DENYING DEBTORS'
MOTION TO CONVERT CASE***  was entered on the date indicated as  "Entered"  on the first page of this judgment or order and will be served in the manner indicated below:

**I. SERVED BY THE COURT VIA NOTICE OF ELECTRONIC FILING ("NEF")** B Pursuant to controlling General Order(s) and Local Bankruptcy Rule(s), the foregoing document was served on the following person(s) by the court via NEF and hyperlink to the judgment or order. As of    **12/12/13**
, the following person(s) are currently on the Electronic Mail Notice List for this bankruptcy case or adversary proceeding to receive NEF transmission at the email address(es) indicated below.

- Howard Camhi    hcamhi@ecjlaw.com, kanthony@ecjlaw.com
- Howard Camhi    hcamhi@ecjlaw.com, kanthony@ecjlaw.com
- Mark D Estle    mark.estle@buckleymadole.com
- Jeremy W. Faith (TR)    jfaith@7trustee.net, C118@ecfcbis.com;Helen@MarguliesFaithLaw.com;leedowding@gmail.com
- Robert E Hurlbett    bob@hurlbettlaw.com, reed@hurlbettlaw.com
- Craig G Margulies    craig@marguliesfaithlaw.com, staci@marguliesfaithlaw.com;denisse@marguliesfaithlaw.com;fahim@marguliesfaithlaw.com
- Craig G Margulies    craig@marguliesfaithlaw.com, staci@marguliesfaithlaw.com;denisse@marguliesfaithlaw.com;fahim@marguliesfaithlaw.com
- Faye C Rasch    frasch@ecjlaw.com, kanthony@ecjlaw.com
- Vaughn C Taus    tauslawyer@gmail.com
- Meghann A Triplett    Meghann@MarguliesFaithlaw.com, Helen@MarguliesFaithlaw.com;MF_ecf@ecf.inforuptcy.com;Marta@MarguliesFaithLaw.com
- Meghann A Triplett    Meghann@MarguliesFaithlaw.com, Helen@MarguliesFaithlaw.com;MF_ecf@ecf.inforuptcy.com;Marta@MarguliesFaithLaw.com
- United States Trustee (ND)    ustpregion16.nd.ecf@usdoj.gov

TAB 9                                              Page 154

**II.  SERVED BY THE COURT VIA U.S. MAIL:** A copy of this notice and a true copy of this judgment or order was sent by United States Mail, first class, postage prepaid, to the following person(s) and/or entity(ies) at the address(es) indicated below:

Loren Miller
Sarah Miller
702 Whitecap Dr
Seabrook, TX 77586

This form is mandatory.  It has been approved for use by the United States Bankruptcy Court for the Central District of California.

*August 2010*                                                                      **F 9021-1.1.NOTICE.ENTERED.ORDER**

TAB 9                                                          Page 155

# TAB 10

Attorney or Party Name, Address, Telephone & FAX Nos., State Bar No. & Email Address
Loren Miller, Debtor pro se
600 E. Medical Center Blvd, #1509
Webster, TX 77598

FOR COURT USE ONLY

RECEIVED
JAN 1 4 2014

FILED
JAN 1 4 2014

[X] Debtor(s) appearing without an attorney
[ ] Attorney for

**UNITED STATES BANKRUPTCY COURT**
**CENTRAL DISTRICT OF CALIFORNIA - NORTHERN DIVISION**

| | |
|---|---|
| In re:<br>Loren Miller | CASE NO.: 9:13-bk-10313-RR<br>CHAPTER: 7 |
| | **NOTICE OF MOTION FOR ORDER<br>WITHOUT HEARING<br>PURSUANT TO LBR 9013-1(o)** |
| Debtor(s). | [No hearing unless requested in writing] |

**TO THE U.S. TRUSTEE AND ALL PARTIES IN INTEREST.  PLEASE TAKE NOTICE THAT:**

1.  Movant(s) Loren Miller _____ , has filed a motion entitled
    DEBTOR'S MOTION AND DECLARATION FOR EXTENSION OF TIME TO FILE APPEAL - RULE 8002(c)
    _____

2.  Movant(s) is requesting that the court grant the motion without a hearing, as provided for in LBR 9013-1(o).

3.  The motion is based upon the legal and factual grounds set forth in the motion and briefly described in the attached
    description of relief sought.  *(Check appropriate box below)*:
    [X] The full motion is attached hereto; or
    [ ] The full motion has been filed with the court, and a detailed description of the relief sought is attached hereto.

4.  **DEADLINE FOR FILING AND SERVING OPPOSITION PAPERS AND REQUEST FOR A HEARING:** Pursuant to
    LBR 9013-1(o), any party objecting to the motion may request a hearing on the motion.  The deadline for filing and
    serving a written opposition and request for a hearing is 14 days after the date of service of this notice, plus 3

_____

This form is optional. It has been approved for use in the United States Bankruptcy Court for the Central District of California.

December 2012                          Page 1                    **F 9013-1.2.NO.HEARING.NOTICE**

TAB 10                                                        Page 156

additional days if you were served by mail, electronically, or pursuant to F.R.Civ.P. 5(b)(2)(D), (E), or (F). If you fail to comply with this deadline, the court may treat such failure as a waiver of your right to oppose the motion and may grant the motion without further hearing and notice.

Date:   1/9/2014                                      Respectfully submitted,


                                                     _____
                                                     Signature of Movant or attorney for Movant


                                                     Loren Miller
                                                     Printed name of Movant or attorney for Movant

This form is optional. It has been approved for use in the United States Bankruptcy Court for the Central District of California.

December 2012                          Page 2               F 9013-1.2.NO.HEARING.NOTICE

                                       TAB 10                          Page 157

# PROOF OF SERVICE OF DOCUMENT

I am over the age of 18 and not a party to this bankruptcy case or adversary proceeding. My business address is:

600 E. Medical Center Blvd, #1509
Webster, TX 77598

A true and correct copy of the foregoing document entitled: **NOTICE OF MOTION FOR ORDER WITHOUT HEARING PURSUANT TO LBR 9013-1(o)** will be served or was served **(a)** on the judge in chambers in the form and manner required by LBR 5005-2(d); and **(b)** in the manner stated below:

**1.  TO BE SERVED BY THE COURT VIA NOTICE OF ELECTRONIC FILING (NEF)**: Pursuant to controlling General Orders and LBR, the foregoing document will be served by the court via NEF and hyperlink to the document. On (*date*) _____, I checked the CM/ECF docket for this bankruptcy case or adversary proceeding and determined that the following persons are on the Electronic Mail Notice List to receive NEF transmission at the email addresses stated below:

☐ Service information continued on attached page

**2. SERVED BY UNITED STATES MAIL**:
On (*date*) 01/09/2014 , I served the following persons and/or entities at the last known addresses in this bankruptcy case or adversary proceeding by placing a true and correct copy thereof in a sealed envelope in the United States mail, first class, postage prepaid, and addressed as follows. Listing the judge here constitutes a declaration that mailing to the judge <u>will be completed</u> no later than 24 hours after the document is filed.

☒ Service information continued on attached page

**3. SERVED BY PERSONAL DELIVERY, OVERNIGHT MAIL, FACSIMILE TRANSMISSION OR EMAIL** (state method for each person or entity served): Pursuant to F.R.Civ.P. 5 and/or controlling LBR, on (*date*) _____, I served the following persons and/or entities by personal delivery, overnight mail service, or (for those who consented in writing to such service method), by facsimile transmission and/or email as follows. Listing the judge here constitutes a declaration that personal delivery on, or overnight mail to, the judge <u>will be completed</u> no later than 24 hours after the document is filed.

☐ Service information continued on attached page

I declare under penalty of perjury under the laws of the United States that the foregoing is true and correct.

| 01/09/2014 | Loren Miller | |
|---|---|---|
| Date | Printed Name | Signature |

This form is optional. It has been approved for use in the United States Bankruptcy Court for the Central District of California.

*December 2012*                          Page 3            **F 9013-1.2.NO.HEARING.NOTICE**

TAB 10                                        Page 158

In re: Loren Miller                                        Chapter 7      Case No: 13-10313-RR

**SERVED BY US MAIL:**

Honorable Robin Riblet
United States Bankruptcy Court
1415 State Street – Courtroom 201
Santa Barbara, CA 93101

Jeremy W. Faith
Craig G. Margulies
Meghann Triplett
16030 Ventura Boulevard
Suite 470
Encino, CA 91346

Allen B. Cooper
Ervin Cohen & Jessup, LLP
9401 Wilshire Blvd, 9th Floor
Beverly Hills, CA 90212

Sarah Miller
702 Whitecap Drive
Seabrook, TX 77586

TAB 10                              Page 159

Loren Miller, Debtor *pro se*
**600 E. Medical Center Blvd. #1509**
**Webster, TX 77598**
281-467-8226

UNITED STATES BANKRUPTCY COURT
FOR THE CENTRAL DISTRICT OF CALIFORNIA
NORTHERN DIVISION

| | | |
|---|---|---|
| In re LOREN MILLER, <br><br>                   Debtor. | Case No.: 9:13-bk-10313-RR <br><br> Chapter 7 <br> *Conversion to Chapter 11 pending* <br><br> DEBTOR'S MOTION AND DECLARATION FOR EXTENSION OF TIME TO FILE APPEAL - RULE 8002(c) <br><br> *No Oral Argument Requested* |

I move this court to allow my late filing of a notice of appeal on its "ORDER DENYING MOTION TO TRANSFER VENUE."[1]  I base this motion on Rule 8002(c), the case record, my supporting Declaration, and:

    **1. This Motion Is Timely.** Rule 8002(c)(2) mandates this motion be made "not later than 21 days after the expiration of the time for filing a notice of appeal."  The Order I intend to appeal was entered December 12th.  The deadline to file a notice of appeal imposed by Rule 8002(a) was December 26th.  According to this Rule of Law, so long as I file and serve this no later than January 16th, this motion is timely.[2]

---

1 This Order as received bears the clerk's stamp "FILED & ENTERED DEC 12 2013"
2 **"rule of law. 1. A substantive legal principle. . .2. The supremacy of regular as**
  opposed to arbitrary power. . ." - Black's Law Dictionary 1359 (8th ed. 2004). Please
  note my added emphasis in all quoted text is in boldface

Page 1 of 6 - MOTION FOR EXTENSION OF TIME TO FILE APPEAL

TAB 10                                        Page 160

**2. Rule 8002(c)(1).** This part of the Rule expressly excludes certain types of orders eligible for this extension.  I do not see anything in that section which would disqualify this motion.

**3. Lack Of Due Notice.** As my supporting Declaration shows, I did not actually receive my copy of the Order until December 23rd.  Despite the arbitrary deadlines the court may impose on this matter, I did not receive notice of the Order I am due.[3]

**4. Excusable Neglect.** Rule 8002(c)(2) allows this court to grant this motion for extension "upon a showing of excusable neglect." This term is defined as "A failure- which the law will excuse - to take some proper step at the proper time. . ."[4] Excusable neglect encompasses situations where the failure to comply with a filing deadline is attributable to negligence and includes omissions caused by carelessness.[5]  In considering this matter, this court must consider at least four factors: (1) the danger of prejudice to the opposing party; (2) the length of the delay and its potential impact on the proceedings; (3) the reason for the delay; and (4) whether the movant acted in good faith.[6] My supporting Declarations covers these factors.

---

3  **"due notice.** Sufficient and proper notice that is intended to and likely to reach a particular person. . .notice that is legally adequate given the particular circumstance. — **Also termed adequate notice;** legal notice." - same Black's at 1090.  *See also* See *Nardi v. Stewart,* 354 F.3d 1134, 1141 (9th Cir. 2004); *Herbst v. Cook,* 260 F.3d 1039, 1042-43 (9th Cir. 2001) (courts *must* provide parties "with adequate notice and an opportunity to respond."
4  Same Black's at 1061
5  *Lemoge v. United States,* 587 F.3d 1188, 1192 (9th Cir. 2009)
6  *Pioneer Inv. Servs. Co. v. Brunswick Assocs. Ltd.,* 507 U.S. 380, 394 (1993)

Page 2 of 6 - MOTION FOR EXTENSION OF TIME TO FILE APPEAL

TAB 10                          Page 161

**5. This Court Has Acted Inequitably And Prejudicially Against Me![7]** I

suspect this on at least the points of both lack of due notice and excusable neglect. This

is something forbidden by the very fundamentals of why this court exists.[8] The

supporting facts are found in the Order's accompanying "NOTICE OF ENTERED

ORDER AND SERVICE LIST" (*see attached true copy*):

    A)    This NOTICE shows all the Bar members were served the Order

electronically the very same day it was entered;

    B)    This NOTICE also shows the court served Mr. Taus, whom my supporting

Declaration shows was terminated nearly three full weeks before the Order's date

(this seems to imply no one at the court actually read my motion which informed

everyone in its footnote 1 Taus had been "terminated as our attorney");

    C)    This NOTICE also shows the debtors, including me, were served our copies

by mail, with no date showing when they were actually mailed; *and*

    D)    This NOTICE also shows *both* debtors were served our copies by mail to

"702 Whitecap Dr Seabrook, TX 77586" which ignored my motion's additional

contact information *and* its footnote 1: "Also please note our updated contact

information."

---

7  **"inequity . . . *n.* 1.** Unfairness; a lack of equity. **2.** An instance of injustice." - Black's
    Law Dictionary 791 (8th ed. 2004); *see also* **"prejudice**. . .A preconceived judgment
    formed without a factual basis; a strong bias." - same Black's at 1218
8  *Bank of Marin v. England*, 385 U.S. 99, 103 (1966): "equitable principles govern the
    exercise of bankruptcy jurisdiction"

Page 3 of 6 - MOTION FOR EXTENSION OF TIME TO FILE APPEAL

### SUMMARY

As my point #5 above shows, it's evident any reasonable person would question whether *anybody* at the court actually read my motion for transfer motion! This leads me to fear these proceedings under Judge Riblet can lead only to an inequitable result, namely 1) giving the adversaries an unfair advantage of immediate notice while forcing the debtors to rely on predictable holiday mail delays for their copies, and 2) holding me to arbitrary deadlines under the Rules[9] while ignoring the delay caused by not only the mail but my soon-to-be-ex-wife to deliver my copies.

### RELIEF SOUGHT

This court's extension to allow the late filing of my Notice of Appeal accompanying this Motion.

I expressly reserve the right to amend or supplement this Motion if I believe it is necessary, including adequate notice to reply to all other parties' in interest responses to this motion.

I also expressly invoke FRBP 1001 to apply to this and all my written submissions to this court.

*Submitted with all rights reserved on January 9, 2014*

Loren Miller, Debtor *pro se*

---

9  *See also* 28 U. S. C. §2075: "[the Bankruptcy Rules] shall not abridge, enlarge, or modify any substantive right"

Page 4 of 6 - MOTION FOR EXTENSION OF TIME TO FILE APPEAL

TAB 10                    Page 163

## DECLARATION SUPPORTING MOTION FOR EXTENSION

STATE OF TEXAS, County of Harris } ss.

I am the Debtor for the purposes of this motion.  I declare according to the best of my knowledge and belief:

I terminated Mr. Taus as my attorney on November 22nd by email:  "Your services in conjunction to my Bankruptcy case has been terminated as of today at 2:00 PM PST." I have received *nothing* from him since then, including *any* documents which the Notice states was served to him electronically.

In accordance with the "Pioneer Factors" (see footnote 6):

"(1) the danger of prejudice to the opposing party":  I do not believe there could be *any* prejudice to *any* other real party in interest who have submitted lawful and equitable documents to this court.

"(2) the length of the delay and its potential impact on the proceedings":  the first factor is up to the higher court, not me.  The intended "potential impact" is justice by a reviewing court which will take seriously the hardship and prejudice against me caused by "forum non conveniens," as my motion for transfer explained and this court ignored.

"(3) the reason for the delay":  I did not receive a copy of Judge Riblet's Order until Sarah Miller handed it to me on December 23rd.  Recently my research discovered the due date for filing a notice of appeal to be three days later, *the day after Christmas*.  Although my new contact information was included in my motion that order disposed of, this court failed to send me a copy in time to meet that deadline.  Additionally, I work full time and

Page 5 of 6 - MOTION FOR EXTENSION OF TIME TO FILE APPEAL

TAB 10                                    Page 164

do not have the luxury of being able to afford the services of an actually competent

attorney, which it is evident from the record Mr. Taus is *not*.  This is partly due to the

trustee has extorted over $100,000 from my soon-to-be-ex-wife and I.  The learning curve

of what to do as a layperson in the law is far too steep to learn in such a short time.

*Again,* like the Sacketts, I'm feeling my way through this case.

    "(4) whether the movant acted in good faith":  I did not make this motion

dishonestly or for *any* improper purpose whatsoever, such as needless delay or

extraordinary expense for the other parties in interest.


    *I declare under penalty of perjury that the foregoing is true and correct. Executed*

*with all rights reserved on January 9, 2014.*

                                 Loren Miller, Debtor *pro se*


Page 6 of 6 - MOTION FOR EXTENSION OF TIME TO FILE APPEAL

TAB 10                                   Page 165

**NOTE TO USERS OF THIS FORM:**
1) Attach this form to the last page of a proposed Order or Judgment. Do not file as a separate document.
2) The title of the judgment or order and all service information must be filled in by the party lodging the order.
3) Category I. below: The United States trustee and case trustee (if any) will always be in this category.
4) Category II. below: List ONLY addresses for debtor (and attorney), movant (or attorney) and person/entity (or
attorney) who filed an opposition to the requested relief. DO NOT list an address if person/entity is listed in category I.

# NOTICE OF ENTERED ORDER AND SERVICE LIST

Notice is given by the court that a judgment or order entitled (specify)  **ORDER DENYING DEBTORS'
MOTION TO TRANSFER VENUE**  was entered on the date indicated as " Entered " on the first page
of this judgment or order and will be served in the manner indicated below:

**I. SERVED BY THE COURT VIA NOTICE OF ELECTRONIC FILING ("NEF")** ฿ Pursuant to controlling
General Order(s) and Local Bankruptcy Rule(s), the foregoing document was served on the following
person(s) by the court via NEF and hyperlink to the judgment or order. As of  **12/12/13**
, the following person(s) are currently on the Electronic Mail Notice List for this bankruptcy case or
adversary proceeding to receive NEF transmission at the email address(es) indicated below.

- Howard Camhi    hcamhi@ecjlaw.com, kanthony@ecjlaw.com
- Howard Camhi    hcamhi@ecjlaw.com, kanthony@ecjlaw.com
- Mark D Estle    mark.estle@buckleymadole.com
- Jeremy W. Faith (TR)    jfaith@7trustee.net,
  C118@ecfcbis.com;Helen@MarguliesFaithLaw.com;leedowding@gmail.com
- Robert E Hurlbett    bob@hurlbettlaw.com, reed@hurlbettlaw.com
- Craig G Margulies    craig@marguliesfaithlaw.com,
  staci@marguliesfaithlaw.com;denisse@marguliesfaithlaw.com;fahim@marguliesfaithla
  w.com
- Craig G Margulies    craig@marguliesfaithlaw.com,
  staci@marguliesfaithlaw.com;denisse@marguliesfaithlaw.com;fahim@marguliesfaithla
  w.com
- Faye C Rasch    frasch@ecjlaw.com, kanthony@ecjlaw.com
- Vaughn C Taus    tauslawyer@gmail.com
- Meghann A Triplett    Meghann@MarguliesFaithlaw.com,
  Helen@MarguliesFaithlaw.com;MF_ecf@ecf.inforuptcy.com;Marta@MarguliesFaithLa
  w.com
- Meghann A Triplett    Meghann@MarguliesFaithlaw.com,
  Helen@MarguliesFaithlaw.com;MF_ecf@ecf.inforuptcy.com;Marta@MarguliesFaithLa
  w.com
- United States Trustee (ND)    ustpregion16.nd.ecf@usdoj.gov

009109                                 84704009118026

TAB 10                                 Page 166



II. **SERVED BY THE COURT VIA U.S. MAIL:** A copy of this notice and a true copy of this judgment or order was sent by United States Mail, first class, postage prepaid, to the following person(s) and/or entity(ies) at the address(es) indicated below:

Loren Miller
Sarah Miller
702 Whitecap Dr
Seabrook, TX 77586

This form is mandatory. It has been approved for use by the United States Bankruptcy Court for the Central District of California.
*August 2010*

**F 9021-1.1.NOTICE.ENTERED.ORDER**

009109     84704009118026

TAB 10                                                    Page 167

# TAB 11

1    CRAIG MARGULIES (State Bar No. 185925)
     MEGHANN TRIPLETT (State Bar No. 268005)
2    **MARGULIES FAITH, LLP**
     16030 Ventura Blvd., Suite 470
3    Encino California 91436
     Telephone: (818) 705-2777
4    Facsimile: (818) 705-3777
     Email: Craig@MarguliesFaithLaw.com
5    Email: Meghann@MarguliesFaithLaw.com

6    Attorneys for Jeremy W. Faith, Chapter 7 Trustee

7

8                **UNITED STATES BANKRUPTCY COURT**
                **CENTRAL DISTRICT OF CALIFORNIA**
9                    **NORTHERN DIVISION**

10

11    In re                          Case No.: 9:13-bk-10313-RR

12    LOREN MILLER and SARAH MILLER,     Chapter: 7

13                     Debtors.

14                            **OPPOSITION OF JEREMY W. FATIH,
CHAPTER 7 TRUSTEE, TO DEBTOR**
15                            **LOREN MILLER'S MOTION TO EXTEND
TIME TO FILE A NOTICE OF APPEAL**
16                            **PURSUANT TO FED. R. BANK. P 8002(c);
DECLARATION IN SUPPORT**
17    JEREMY W. FAITH, Chapter 7 Trustee,

18                     Plaintiff,    Hearing
                                      Date:    TBD
19    vs.                                     Time:    TBD
                                    Place:    Courtroom 201
20    LOREN MILLER AND SARAH MILLER,                   1415 State Street
                                          Santa Barbara, CA 93101
21                     Defendants.

22

23

24

25

26

27

28

**TO THE HONORABLE ROBIN L. RIBLET, UNITED STATES BANKRUPTCY JUDGE,
THE OFFICE OF THE UNITED STATES TRUSTEE; THE DEBTORS; AND ALL
PARTIES IN INTEREST:**

Jeremy W. Faith, Chapter 7 Trustee herein (the "Trustee") hereby submits this opposition to the motion of Loren Miller, Chapter 7 debtor[1] (the "Debtor") in the above-captioned case (the "Case") for an extension of time to file an appeal of this Court's Order denying his motion transfer venue in this Case to the Southern District of Texas, Houston Division (the "Extension Motion," Dkt. No. 99).

Debtor's Motion for Extension to file an appeal of this Court's Order Denying his Motion to Transfer Venue to the Southern District of Texas was not timely filed and Debtor is ineligible for relief under Fed. R. Bank. P. 8002(a).

A notice of appeal shall be filed with the clerk of the bankruptcy court within fourteen days of the date of the entry of the bankruptcy court's judgment, order, or decree appealed from.  Fed. Rule Bank. P. 8002(a).  The provisions of Bankruptcy Rule 8002 are jurisdictional; the untimely filing of a notice of appeal deprives the appellate court of jurisdiction to review the bankruptcy court's order.  *In re Mauradick*, 13 F.3d 326,327 (9th Cir. 1994); *In re Slimick*, 928 F.2d 304,306 (9th Cir. 1990); *In re Souza*, 795 F.2d 855, 857 (9th Cir. 1986).  The Bankruptcy Court strictly enforces the time provisions contained in Rule 8002.  *In re Slimick*, 929 F.2d at 306.  Parties have an affirmative duty to "monitor the dockets to inform themselves of the entry of orders they may wish to appeal." *In re Sweet Transfer & Storage. Inc.*, 896 F.2d 1189, 1193 (9th Cir. 1990). Lack of notice of the entry of an order does not affect the time to appeal or relieve or authorize the court to relieve a party for failure to appeal within the time allowed, except as permitted in Rule 8002(c).  *See Fed. R. Bankr. P.* 9022; *Zurich Ins. Co. v. Wheeler*, 838 F.2d 338, 340 (9th Cir. 1988).

In this case, the Court's order denying Debtor's motion to transfer venue was entered on December 12, 2013 (Dkt. No. 88).  The Court's decision denying the Transfer

---

[1] Co-Debtor Sarah Miller is not a signatory to the Motion.

1  Motion is a final decision.  Thus, Debtor had fourteen days from December 12, 2013 to

2  file his Notice of Appeal pursuant to Rule 8002(a).  December 26, 2013 was the 14th

3  day, and to date, no timely Notice of Appeal has been filed by Debtor.

4      Instead, on January 14, 2014, Debtor filed the instant Extension Motion

5  requesting an order extending the time to file a Notice of Appeal of the Transfer Motion

6  pursuant to the exception clause set forth in Fed. R. Bank. P. 8002(c).  Subsection (c) of

7  Rule 8002 provides that notwithstanding the 14-day deadline, a bankruptcy court upon a

8  sufficient showing of "excusable neglect" by the moving party may extend the time for

9  filing the Notice of Appeal, so long as the moving party files a written motion not later

10  than 21 days after the initial 14–day period. Fed. R. Bankr. P. 8002(c).  Here, Debtor's

11  Extension Motion was filed on the 19th day after the expiration of the timely appeal

12  deadline (i.e., the entry of the Order denying Debtor's Motion to Transfer Venue), and

13  therefore the request for extension narrowly falls within the extension clause of Rule

14  8002(c) (i.e., by two only days).

15      Nonetheless, the Court must be convinced that there has been a showing of

16  "excusable neglect." Fed. R. Bankr. P. 8002(c).  In order to determine whether neglect

17  was excusable, a bankruptcy court must consider the following factors: (1) the danger of

18  prejudice to the non-moving party, (2) the length of delay and its potential impact on

19  judicial proceedings, (3) the reason for the delay, including whether it was within the

20  reasonable control of the movant, and (4) whether the moving party's conduct was in

21  good faith. *Pioneer Inv. Servs. Co. v. Brunswick Assocs. Ltd. P'ship*, 507 U.S. 380, 395

22  (2003).

23      Extension in this Case is not warranted on any grounds because not only has the

24  Debtor acted in extreme bad faith throughout this case[2], but the Debtor fails to meet any

25  [2] The Trustee has substantial evidence that the Debtors have concealed, depleted, and intentionally
undervalued assets of the Estate.  To date, among other things, the Debtors have failed to fully comply

26  with the Court's Order on the Trustee's Motion for Turnover (Dkt. No. 54). The Trustee was also forced to
obtain a court order compelling the Debtors to appear at their section 341(a) meeting of creditors and

27  recently Debtor improperly failed to appear for continued 341(a) meetings, failed to file complete and
accurate bankruptcy schedules, failed to provide the Trustee with certain requested documents, and

28  intentionally concealed property of the Estate.

1    of the factors required under the Supreme Court's test in *Pioneer*.

2    The Trustee submits that the Extension Motion is yet another unwarranted delay

3    tactic that will cause prejudice to the bankruptcy estate and its creditors. Debtors have

4    engaged in a pattern of abuse, interference, and delay throughout the pendency of this

5    Case and substantial work has been incurred by the Trustee and his counsel to recover

6    significant assets on behalf of the Estate against the total lack of cooperation of the

7    Debtors. The Debtor has not articulated any grounds for failing to timely file an appeal

8    other than stating that he did not receive a copy of the Order denying the transfer motion

9    until December 23, 2013 which was three days prior to the deadline to file a timely

10   appeal under Fed. R. Bakr. P. 8002(a). The Debtor's alleged lack of notice of entry of an

11   order alone is not a basis for finding an otherwise untimely appeal to be timely. *See*

12   *Delaney v. Alexander (In re Delaney)*, 29 F.3d 516, 518 (9th Cir.1994) (per curiam).

13   Similarly, in *Warrick v. Birdsell (In Re Warrick)* 278 B.R. 182 (9th Cir. BAP 2002), the

14   bankruptcy court denied the debtor's motion to extend time, stating that a party has an

15   affirmative duty to monitor the dockets and that "it is well settled that failure to receive

16   notice of entry of judgment or order is not an excuse for an untimely appeal." 278 B.R. at

17   187, *quoting Cahn*, 188 B.R. at 632.

18   Furthermore, the Trustee believes that granting the Extension Motion may

19   detrimentally affect the overall administration of this Case and the pending adversary

20   complaint against the Debtors for Denial of Discharge under 11 U.S.C. § 727 *et seq.*,

21   Adversary Proceeding No. 9:13-ap-01133-RR (the "Discharge Adversary Proceeding").

22   The Discharge Adversary Proceeding is set for a pre-trial conference on February 25,

23   2014 and the Trustee intends to file a Motion for Summary Judgment against Debtor

24   Loren Miller. The Trustee has also recently received information that Debtor Loren Miller

25   has concealed $27,173.38 in undisclosed gold and silver purchased from Kitco Metals,

26   Inc. during the period of 2011 through 2012 (the "Kitco Purchases") as well as failing to

27   turn over $6,716 from a California State 2012 income tax refund received by the Debtors

28   post-petition. The Trustee intends to pursuant a Motion for Turnover of the Kitco

1    Purchases and the tax return and believes that the Debtor's untimely appeal of the

2    Motion to Transfer Venue to Texas may cause delay in the recovery of these assets as

3    well as potentially delay the prosecution of the Discharge Adversary Proceeding to the

4    detriment of the estate's creditors.  The Trustee submits that the Debtor has not met his

5    burden to show "excusable neglect" and the Extension Motion should be denied.

6                                  **II.**

7                         **<u>CONCLUSION</u>**

8        Based upon the foregoing, the Trustee respectfully requests that this Court deny

9    the Extension Motion, and enter any other and further relief that the Court deems just

10   and proper.

11

12   DATED: January 28, 2014                 MARGULIES FAITH, LLP

13

14                              By:   <u>*/s/ Meghann Triplett*</u>

15                                   Craig G. Margulies
                                       Meghann Triplett
                                 Attorneys for Jeremy W. Faith, Chapter 7
                                 Trustee

16

17

18

19

20

21

22

23

24

25

26

27

28

### DECLARATION OF JEREMY W. FAITH

I, Jeremy W. Faith, declare as follows:

1.      I am the duly appointed, qualified and acting Chapter 7 trustee for the bankruptcy estate of Loren Miller and Sarah Miller (the "Debtors").  I have personal knowledge of the matters set forth herein and if called as a witness could and would testify competently thereto.  This declaration is submitted in support of the foregoing *Opposition to Debtor Loren Miller's Motion to Extend time to File a Notice of Appeal Pursuant to Fed. R. Bankr. P. 8002(c)* (the "Opposition").  Defined terms in the Opposition shall have the same meaning herein.

2.      I believe that Debtor's request for an extension to file a Notice of Appeal to this Court's Order Denying his Motion to Transfer Venue in this Case and the Discharge Adversary Proceeding to Texas is yet another bad faith tactic by the Debtor in a misguided attempt to avoid complying with his statutory duties under the bankruptcy code.

3.      I believe that granting the Extension Motion would prejudice the creditors of the Bankruptcy Estate and cause undue delay to the administration of this Case.

4.      Debtors have engaged in a pattern of abuse, interference, and delay throughout the pendency of this Case and substantial work has been incurred by me and my counsel to recover significant assets on behalf of the Estate against the total lack of cooperation of the Debtors.

5.      I believe that granting the Extension Motion may detrimentally affect the overall administration of this Case and the pending adversary complaint against the Debtors for Denial of Discharge under 11 U.S.C. § 727 *et seq.*, Adversary Proceeding No. 9:13-ap-01133-RR (the "Discharge Adversary Proceeding").

6.      Moreover, I have recently received information that Debtor Loren Miller has concealed $27,173.38 in undisclosed gold and silver purchased from Kitco Metals, Inc. during the period of 2011 through 2012 (the "Kitco Purchases") as well as failing to turn over $6,716 from a California State 2012 income tax refund received by the Debtors

1   post-petition. I believe that granting the Motion for Extension may cause delay in the

2   recovery of these assets as well as potentially delay the prosecution of the Discharge

3   Adversary Proceeding to the detriment of the estate's creditors.

4       7.    Based upon the foregoing and as for the reasons detailed in the foregoing

5   Opposition, I submit that the Debtor has not met his burden to show "excusable neglect"

6   and the Extension Motion should be denied.

7       I declare under penalty of perjury under the laws of the United States of America

8   that the foregoing is true and correct and that this declaration was executed on January

9   28, 2014 at Encino, California.

10

11

12                 JEREMY W. FAITH

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28

6

# PROOF OF SERVICE OF DOCUMENT

I am over the age of 18 and not a party to this bankruptcy case or adversary proceeding. My business address is: 16030 Ventura Blvd., Suite 470, Encino, CA 91436

A true and correct copy of the foregoing document entitled **OPPOSITION OF JEREMY W. FATIH, CHAPTER 7 TRUSTEE, TO DEBTOR LOREN MILLER'S MOTION TO EXTEND TIME TO FILE A NOTICE OF APPEAL PURSUANT TO FED. R. BANK. P 8002(c); DECLARATION IN SUPPORT** will be served or was served **(a)** on the judge in chambers in the form and manner required by LBR 5005-2(d); and **(b)** in the manner stated below:

**1. TO BE SERVED BY THE COURT VIA NOTICE OF ELECTRONIC FILING (NEF):** Pursuant to controlling General Orders and LBR, the foregoing document will be served by the court via NEF and hyperlink to the document. On January 28, 2014, I checked the CM/ECF docket for this bankruptcy case or adversary proceeding and determined that the following persons are on the Electronic Mail Notice List to receive NEF transmission at the email addresses stated below:

Howard Camhi    hcamhi@ecjlaw.com, kanthony@ecjlaw.com
Mark D Estle    mark.estle@buckleymadole.com
Jeremy W. Faith (TR)    jfaith@7trustee.net, C118@ecfcbis.com;Helen@MarguliesFaithLaw.com;leedowding@gmail.com
Robert E Hurlbett    bob@hurlbettlaw.com, reed@hurlbettlaw.com
Craig G Margulies    craig@marguliesfaithlaw.com,
staci@marguliesfaithlaw.com;mhillel@marguliesfaithlaw.com;fahim@marguliesfaithlaw.com
Faye C Rasch    frasch@ecjlaw.com, kanthony@ecjlaw.com
Vaughn C Taus    tauslawyer@gmail.com
Meghann A Triplett    Meghann@MarguliesFaithlaw.com,
Helen@MarguliesFaithLaw.com;MF_ecf@ecf.inforuptcy.com;Marta@MarguliesFaithLaw.com
United States Trustee (ND)    ustpregion16.nd.ecf@usdoj.gov

☐ Service information continued on attached page

**2. SERVED BY UNITED STATES MAIL:**
On January 28, 2014, I served the following persons and/or entities at the last known addresses in this bankruptcy case or adversary proceeding by placing a true and correct copy thereof in a sealed envelope in the United States mail, first class, postage prepaid, and addressed as follows. Listing the judge here constitutes a declaration that mailing to the judge will be completed no later than 24 hours after the document is filed.

Honorable Robin L. Riblet, U.S. Bankruptcy Judge, 1415 State Street, Santa Barbara, CA 93101
Debtor: Loren Miller and Sarah Miller, 702 Whitecap Drive, Seabrook, TX 77586
Debtor: Loren Miller 600 E. Medical Center Blvd. #1509, Webster, TX 77598

☐ Service information continued on attached page

**3. SERVED BY PERSONAL DELIVERY, OVERNIGHT MAIL, FACSIMILE TRANSMISSION OR EMAIL** (state method for each person or entity served): Pursuant to F.R.Civ.P. 5 and/or controlling LBR, on _____, I served the following persons and/or entities by personal delivery, overnight mail service, or (for those who consented in writing to such service method), by facsimile transmission and/or email as follows. Listing the judge here constitutes a declaration that personal delivery on, or overnight mail to, the judge will be completed no later than 24 hours after the document is filed.

☐ Service information continued on attached page

I declare under penalty of perjury under the laws of the United States that the foregoing is true and correct.

| January 28, 2014 | Helen Cardoza | /s/ Helen Cardoza |
|---|---|---|
| Date | Printed Name | Signature |

This form is mandatory. It has been approved for use by the United States Bankruptcy Court for the Central District of California.

June 2012

**F 9013-3.1.PROOF.SERVICE**

TAB 11                                          Page 175

TAB 12

| Attorney or Party Name, Address, Telephone & FAX Nos., State Bar No. & Email Address | FOR COURT USE ONLY |
|---|---|
| Loren Miller, Debtor pro se<br>600 E. Medical Center Blvd., #1509<br>Webster, TX 77598<br>281-467-8226 | $ 9 00 paid<br>FILED<br>JAN 1 5 2014<br>CLERK U.S. BANKRUPTCY COURT<br>CENTRAL DISTRICT OF CALIF.<br>BY: T-L |
| ☒ Individual appearing without attorney<br>☐ Attorney for: | |

**UNITED STATES BANKRUPTCY COURT**
**CENTRAL DISTRICT OF CALIFORNIA - NORTHERN DIVISION**

| In re:<br>Loren Miller | CASE NO.: 9:13-bk-10313-RR |
|---|---|
| | CHAPTER: 7 |
| | AMENDED<br>**DEBTOR'S MOTION TO CONVERT CASE**<br>**UNDER 11 U.S.C. §§ 706(a) OR 1112(a)** |
| Debtor(s). | |

TO THE HONORABLE UNITED STATES BANKRUPTCY JUDGE:

1.  Debtor hereby moves this court for an Order converting the above chapter _7_ case to a case under chapter _11_ on the grounds set forth below:

2.  **Filing Information:**

    a.  ☒ A Voluntary Petition under chapter   ☒ 7   ☐ 11   ☐ 12   ☐ 13   was filed on: _02/07/2013_

    b.  ☐ An Involuntary Petition under chapter   ☐ 7   ☐ 11   was filed on: _____
        ☐ An Order of Relief under chapter   ☐ 7   ☐ 11   was entered on: _____

    c.  ☐ An Order of Conversion to chapter   ☐ 7   ☐ 11   ☐ 12   ☐ 13   was entered on: _____

    d.  ☒ Other (specify): _Special attached Declaration_ _____
        _____
        _____

This form is mandatory. It has been approved for use in the United States Bankruptcy Court for the Central District of California.

December 2012                                        Page 1            **F 1017-1.1.MOTION.DEBTOR.CONVERT**

TAB 12                                                                    Page 176

3. **Procedural Status**

    a.  Name of trustee appointed *(if any)*:  Jeremy W. Faith

    b.  Name of attorney of record for trustee *(if any)*:  The Margulies Faith Law Firm

4. Debtor alleges that this case has not been previously converted.

5. Debtor alleges that the motion is filed in good faith, and that Debtor is eligible for relief under the chapter for which conversion is requested.

WHEREFORE, Debtor prays that this court issue an Order (the form of which is submitted herewith and has been served) converting this case from one under chapter _7_ to a case under chapter _11_ .

Date:  01/02/2014

                                       Respectfully submitted,

                                       Printed name of law firm

                                       Signature

                                       Loren Miller
                                       Printed name of Debtor/trustee

This form is mandatory.  It has been approved for use in the United States Bankruptcy Court for the Central District of California.

December 2012                        Page 2         **F 1017-1.1.MOTION.DEBTOR.CONVERT**

TAB 12                                 Page 177

### DECLARATION SUPPORTING AMENDED MOTION TO CONVERT CASE TO CHAPTER 11

STATE OF TEXAS, County of Harris } ss.

I am the Debtor for the purposes of both the original and this amended motion. I submit this is an amended motion "To make right; to correct or rectify"[1] the original.

I submitted my original motion to convert this case from a Chapter 7 (liquidation) to a Chapter 11 (reorganization). Although captioned as a joint debtor, I submitted it with my signature only. The other joint debtor, my wife, has divorced me here in Texas and it is being finalized now. She would not sign that motion with me.

At the time I did not understand the Bankruptcy Code's meaning of joint debtors, and so on. I have since discovered the Code's §302 "(b) After the commencement of a joint case, the court shall determine the extent, if any, to which the debtors' estates shall be consolidated." I do not recall the court consolidating her estate and mine. §302(b) should leave me free to pursue my own course in these cases without her participation.

I have also discovered this case's docket #79 shows the court entered my motion for conversion on November 26th. On December 23rd I received a mailed copy of Judge Riblet's order denying the motion to convert as being "defective" for not paying "the required filing fee of $922.00." I did not receive a copy of that mailed order until December 23rd.

I do not see anything in that order showing being made on the merits. Like the Sacketts I'm only beginning to feel my way through these proceedings.[2] Accordingly I am submitting this amended motion individually, with a check for the filing fee, and the court should have no problem accepting and acting on it.

I declare under penalty of perjury that the foregoing is true and correct. Executed with all rights reserved on January 2, 2014.[3]

Loren Miller, Debtor *pro se*

---

1 *See* Black's Law Dictionary 89 (8th ed. 2004)

2 *Sackett v. Environmental Protection Agency,* 132 S.Ct. 1367 (2012): "The Sacketts are interested parties feeling their way."

3 According to 28 U.S.C.A. §1746 I may submit this in lieu of affidavit, with the same force and effect as if it were an actual affidavit

TAB 12                    Page 178

# PROOF OF SERVICE OF DOCUMENT

I am over the age of 18 and not a party to this bankruptcy case or adversary proceeding. My business address is:

600 E. Medical Center Blvd., #1509
Webster, TX 77598

A true and correct copy of the foregoing document entitled: **DEBTOR'S MOTION TO CONVERT CASE UNDER 11 U.S.C. §§ 706(a) OR 1112(a)** will be served or was served **(a)** on the judge in chambers in the form and manner required by LBR 5005-2(d); and **(b)** in the manner stated below:

**1. TO BE SERVED BY THE COURT VIA NOTICE OF ELECTRONIC FILING (NEF):** Pursuant to controlling General Orders and LBR, the foregoing document will be served by the court via NEF and hyperlink to the document. On (date) _____, I checked the CM/ECF docket for this bankruptcy case or adversary proceeding and determined that the following persons are on the Electronic Mail Notice List to receive NEF transmission at the email addresses stated below:

☐ Service information continued on attached page

**2. SERVED BY UNITED STATES MAIL:**
On (date) _01/02/2014_, I served the following persons and/or entities at the last known addresses in this bankruptcy case or adversary proceeding by placing a true and correct copy thereof in a sealed envelope in the United States mail, first class, postage prepaid, and addressed as follows. Listing the judge here constitutes a declaration that mailing to the judge will be completed no later than 24 hours after the document is filed.

Honorable Robin Riblet
United States Bankruptcy Court
1415 State Street - Courtroom 201
Santa Barbara, CA 93101

☒ Service information continued on attached page

**3. SERVED BY PERSONAL DELIVERY, OVERNIGHT MAIL, FACSIMILE TRANSMISSION OR EMAIL** (state method for each person or entity served): Pursuant to F.R.Civ.P. 5 and/or controlling LBR, on (date) _____, I served the following persons and/or entities by personal delivery, overnight mail service, or (for those who consented in writing to such service method), by facsimile transmission and/or email as follows. Listing the judge here constitutes a declaration that personal delivery on, or overnight mail to, the judge will be completed no later than 24 hours after the document is filed.

☐ Service information continued on attached page

I declare under penalty of perjury under the laws of the United States that the foregoing is true and correct.

| | | |
|---|---|---|
| 01/02/2014 | Loren Miller | |
| Date | Printed Name | Signature |

This form is mandatory. It has been approved for use in the United States Bankruptcy Court for the Central District of California.

December 2012                                Page 3            **F 1017-1.1.MOTION.DEBTOR.CONVERT**

TAB 12                                          Page 179

Main Document page 6 of 5

Allen B Cooper
Ervin Cohen & Jessup LLP
9401 Wilshire Blvd
9th Floor
Beverly Hills, CA 90212


Andrew D. Geller
3297 Woodbine Street
Los Angeles, CA 90060


Cam Farenbach, Ketan D Bhirod
Lionel, Sawyer and Collins
300 South Fourth Street, Ste 1700
Las Vegas, NV 89101


Eric R Olson, ESQ.
Kenneth E Hogan, ESQ.
3960 Howard Hughes Parkway
9th Floor
Las Vegas, NV 89109


GULF NATIONAL, 6 LLC,
A Louisiana Limited Liability Co.
300 South Fourth Street, Ste 1700
Las Vegas, NV 89101


HILLS CENTER OFFICE 1, LLC
MOLINOS Prop, LLC, Andrew D Geller
an Ind, Loren Miller, Geller Trust
1510 Higuerra
San Luis Obispo, CA 93401


IndyMac Mortgage
6900 Beatrice Drive
Kalamazoo, MI 49009


San Luis Ambulance
PO Box 954
San Luis Obispo, CA 93406


Sierra Vista Regional Med Ctr.
1010 Murray St.
San Luis Obispo, CA 93401


SLO County Sheriff
Civil Enforcement Division
1050 Monterey Street
Room 236
San Luis Obispo, CA 93408


TAB 12                                    Page 180

# TAB 13

1   CRAIG MARGULIES (State Bar No. 185925)
    MEGHANN TRIPLETT (State Bar No. 268005)
2   **MARGULIES FAITH, LLP**
    16030 Ventura Blvd., Suite 470
3   Encino California 91436
    Telephone: (818) 705-2777
4   Facsimile: (818) 705-3777
    Email: Craig@MarguliesFaithLaw.com
5   Email: Meghann@MarguliesFaithLaw.com

6   Attorneys for Jeremy W. Faith, Chapter 7 Trustee

7

8                    **UNITED STATES BANKRUPTCY COURT**
                        **CENTRAL DISTRICT OF CALIFORNIA**
9                            **NORTHERN DIVISION**

10

11  In re                              Case No.:  9:13-bk-10313-RR

12  LOREN MILLER and SARAH MILLER,      Chapter:  7

13                          Debtors.

14                                      **OPPOSITION OF JEREMY W. FAITH,
                                        CHAPTER 7 TRUSTEE, TO DEBTOR
15                                      LOREN MILLER'S** AMENDED **MOTION TO
                                        CONVERT CASE TO CHAPTER 11;
16                                      REQUEST FOR HEARING; AND
                                        DECLARATIONS IN SUPPORT THEREOF**

17                                      **Hearing**
                                        Date:    TBD
18                                      Time:    TBD
                                        Place:   Courtroom 201
19                                               1415 State Street
                                                 Santa Barbara, CA 93101
20

21

22

23

24

25

26

27

28

TAB 13                                      Page 181

1
2

**TABLE OF CONTENTS**                                    Page

3
4
5
6
7
8
9
10
11
12
13
14
15
16

I.    INTRODUCTION ...........................................................................................1

II.   BACKGROUND ...........................................................................................3

   A.   341(a) Meeting of Creditors................................................................4

   B.   Debtor's First Conversion Motion (Chapter 13) ...............................5

   C.   Trustee's Turn Over Motion ..............................................................5

   D.   Trustee's Complaint to Deny Debtor's Discharge............................7

   E.   Turnover of Undisclosed Stock..........................................................7

   F.   Debtors' Continued Concealment of Estate Property.......................8

   G.   Debtor Loren Millers' Conversion and Transfer Motions ...............10

III.  LEGAL ANALYSIS .....................................................................................11

   A.   The Motion Is Not Brought In Good Faith.......................................11

   B.   Conversion Would Constitute An Abuse Of Process .....................12

V.    CONCLUSION ...........................................................................................13

DECLARATION OF JEREMY W. FAITH...........................................................14

17
18
19
20
21
22
23
24
25
26
27
28

i

TAB 13                                                    Page 182

## TABLE OF AUTHORITIES

**CASES**                                                    **Page**

Levesque v. Shapiro (In re Levesque),
   473 B.R. 311, 339 (B.A.P. 9th Cir. 2012) .................................................................11

Marrama v. Citizens Bank,
   549 U.S. 365, 373-74 (2007)........................................................................11, 12


**STATUES**                                                  **Page**

11 U.S.C. § 101 *et seq.* ...............................................................................................3

11 U.S.C. § 105(a).....................................................................................................12

11 U.S.C. § 109(e)...............................................................................................5, 16

11 U.S.C. § 341(a).........................................................................................2, 4, 12, 15

11 U.S.C. § 706.........................................................................................................12

11 U.S.C. § 706(a)......................................................................................................11

11 U.S.C. § 706(d)......................................................................................................11

11 U.S.C. § 727 *et seq.* ......................................................................................1, 7, 18

11 U.S.C. § 1112(a).............................................................................................10, 20

28 U.S.C. § 1412..................................................................................................10, 21

Federal Rule of Bankruptcy Procedure 1014........................................................10, 21

1
2
3
4
5
6
7
8
9
10
11
12
13
14
15
16
17
18
19
20
21
22
23
24
25
26
27
28

ii

TAB 13                                                    Page 183

1   **TO THE HONORABLE ROBIN L. RIBLET, UNITED STATES BANKRUPTCY JUDGE;**

2   **THE OFFICE OF THE UNITED STATES TRUSTEE; THE DEBTORS; AND ALL**

3   **PARTIES IN INTEREST:**

4     Jeremy W. Faith, Chapter 7 Trustee (the "Trustee") hereby submits this opposition

5   to the amended motion of Loren Miller, Chapter 7 debtor[1] (the "Debtor") in the above-

6   captioned case (the "Case") to Convert the Debtors' Chapter 7 Case to a Case under

7   Chapter 11 (the "Amended Motion," Dkt. No. 102).

8   **I.**

9   **INTRODUCTION**

10    On January 15, 2014, approximately one month after his Original Motion to

11  Convert this Case to one under Chapter 11 ("Original Motion," Dkt. No 79) was denied

12  by this Court ("Order Denying Original Motion," Dkt. No. 87), and more than ten months

13  after his first unsuccessful attempt to convert this Case to one under Chapter 13,[2] Debtor

14  Loren Miller, filed yet another unsupported skeletal form motion seeking an order

15  converting this Case to one under Chapter 11 ("Amended Motion," Dkt. No. 102).

16    The Trustee has uncovered, among other things, the Debtors' ongoing bad faith,

17  failed disclosures and refusal to turnover assets in the Case despite Court orders to do

18  so, and the Trustee has a pending Complaint against Debtors seeking to deny their

19  discharge under 11 U.S.C. § 727 *et seq.*, Adv. No. 9:13-ap-01133-RR (the "Discharge

20  Adversary Proceeding"). The Court has seen through the Debtor's prior bad faith actions

21  and has denied the Debtor's unsuccessful attempts to wrestle this Case away from the

22  Trustee.

23    The Amended Motion is a further bad faith tactic by Debtor Loren Miller in this

24  Case. There is no evidence in support of the Amended Motion and there appears to be

25  ───────────────────

26  [1] Co-Debtor Sarah Miller is not a signatory to the Motion. Furthermore, Mr. Miller's Declaration in support of the Amended Motion at page 3 states that Mrs. Miller refused to sign the Amended Motion and the Trustee is informed that Mrs. Miller does not consent to the conversion of the Case to Chapter 11.

27  [2] *See* Debtor's Motion for Order Converting to Chapter 13 ("Chapter 13 Conversion Motion", Dkt. No.14), Trustee's Opposition to the Chapter 13 Conversion Motion (Dkt. No. 18), and the Notice of Withdrawal of

28  Motion to Convert Case from Chapter 7 to Chapter 13 (Dkt. No. 40).

1

TAB 13                                Page 184

1  no purpose to the request to convert other than Mr. Miller's desire to avoid cooperating

2  with the Trustee in the administration of this Case and his continued efforts to conceal

3  and deplete assets of the bankruptcy estate to the detriment of the Estate's creditors.

4       As fully briefed in the Trustee's opposition to the Original Motion to convert to

5  Chapter 11 (Dkt. No. 86), for more than eleven months, Debtors have engaged in a

6  pattern of delay, interference, and bad faith in this Case, including two unsuccessful prior

7  attempts at conversion as detailed above.  The Trustee has substantial evidence that the

8  Debtors have concealed, depleted, and intentionally undervalued assets of the Estate

9  and are not eligible to be debtors in possession.  To date, among other things, the

10  Debtors have failed to fully comply with the Court's Order on the Trustee's Motion for

11  Turnover ("Turnover Order," Dkt. No. 54). The Trustee was also forced to obtain a court

12  order compelling the Debtors to appear at their section 341(a) meeting of creditors and

13  over the past six months Debtor Loren Miller has simply refused and failed to appear at

14  any further continued 341(a) meetings.  The Debtors failed to file complete and accurate

15  bankruptcy schedules, failed to provide the Trustee with certain requested documents,

16  and intentionally concealed valuable property of the Estate.

17       The Trustee continues to uncover undisclosed assets and obtain assets of the

18  estate (despite constant obstruction from Debtor Loren Miller).  Specifically, within the

19  past month, the Trustee received information that Debtor Loren Miller has concealed

20  $27,173.38 in undisclosed gold and silver purchased from Kitco Metals, Inc. during the

21  period of 2011 through 2012 (the "Kitco Purchases") as well as failing to turn over

22  (despite the Trustee's demand) $6,716 received post-petition from Debtors' California

23  State 2012 income tax refund.  On December 19, 2013, the Trustee, through his

24  counsel, sent a formal demand to Debtor for turnover of the Kitco Purchases and the tax

25  refund.  To date, the Debtor has failed to respond or turnover these valuable estate

26  assets to the Trustee.  Accordingly, the Trustee intends to pursue a motion for turnover

27  of the Kitco Purchases and the tax refund and believes that the Debtor's Amended

28  Motion is a further bad faith tactic to avoid complying with his statutory duties under the

1    Bankruptcy Code so he can further conceal assets of the Estate.  Moreover, as stated in

2    Debtor Loren Miller's Declaration in alleged support of the Amended Motion, the Debtors

3    are in the process of divorcing and Co-Debtor Sarah Miller does not consent to the

4    conversion of the Case and refused to be a signatory to the Original Motion or this

5    Amended Motion.

6          Based upon the foregoing and as further detailed below, the Debtors (particularly

7    Loren Miller) have acted in extreme bad faith throughout this Case.  Conversion of this

8    Case to Chapter 11 would constitute an abuse of process and only reward Debtor for his

9    constant obstruction and bad faith acts.  The Amended Motion should be denied with

10    prejudice.

11          **II.**

12          **<u>BACKGROUND</u>**

13          The Debtors commenced their bankruptcy case by filing a voluntary petition for

14    relief under Chapter 7 of 11 U.S.C. § 101 *et seq.* of the United States Code (the

15    "Bankruptcy Code") on February 7, 2013 ("Petition Date").  Jeremy W. Faith was

16    subsequently appointed as the duly qualified and acting trustee of the Debtors'

17    bankruptcy estate in which capacity he continues to serve.

18          The Case has been pending for more than eleven months before this Court and

19    the Trustee has engaged in significant work to recover assets on behalf of the Estate

20    including the recovery of over $228,152.18[3] in cash for the benefit of creditors.

21          The Trustee continues, through the assistance of counsel, to recover additional

22    assets on behalf of the Estate, including but not limited to, the continued investigation of

23    undisclosed personal property assets, recovery of transferred cash, and the recovery of

24    the Kitco Purchases and the 2012 California State Income Tax return.

25    ///

---

26    [3] Notably in the past two months, since the denial of the Orignal Motion to Convert, the Trustee has
27    recovered an addiitonal $15,865.59 for the benefit of the Estate from the turnover by Debtor Sarah Miller
    of the Debtors' 2012 Federal Income Tax Return and the liquidation of the Debtors' non-exempt life
28    insurance policy in the name of their daughter Zoe Miller which was reached via Stipulation with Principal
    Life Ins. Co. (Dkt No. 96).

1    On the Petition Date, Debtors only filed a "Skeletal Petition" and failed to file any
2    schedules or other documents.  On February 21, 2013, Debtors filed their Summary of
3    Schedules, Statistical Summary of Certain Liabilities, Schedules A-J, Small Business
4    Monthly Operating Report for filing period, Declaration concerning debtors' schedules,
5    Statement of Financial Affairs, Disclosure of Compensation of Attorney for Debtor,
6    Declaration of attorneys limited scope of appearance, Debtor's Certification of
7    Employment Income, Chapter 7 Statement of Current Monthly Income and Means Test
8    Calculation - Form 22A, Statement of Intent, verification of creditor matrix and Statement
9    of related cases (Dkt. No. 11).

10    The Debtors' Original Schedule B disclosed $182,000 in cash on hand held by the
11    Debtors as of the Petition Date (the "Cash").  Debtors continuously refused to turnover
12    the Cash and the Trustee ultimately obtained an Order requiring turnover, as further
13    described below.

14    **A. 341(a) Meeting of Creditors**

15    Debtors' initial Section 341(a) meeting of creditors was held on March 18, 2013.
16    Debtors failed to appear for their examination.  Debtors failed to appear at four additional
17    continued Section 341(a) meetings on April 8, 2013, April 29, 2013, May 20, 2013, and
18    June 10, 2013.  In fact, Debtors have never voluntarily appeared for a single Section
19    341(a) meeting of creditors, or produced any documents to the Trustee.

20    Ultimately, the Court issued an Order requiring the appearances of the Debtors at
21    the July 20, 2013 meeting of creditors and all further continued meetings of creditors
22    (Dkt. No. 54).  Debtors appeared and were examined at the July 20, 2013 meeting ("July
23    20 Meeting").  However, Debtor Loren Miller has again failed to appear at a required
24    meeting of creditors on November 18, 2013, December 23, 2013 and January 13, 2014
25    in direct violation of this Court's Order.[4]

26    ///

27

28
---
[4] Co-Debtor Sarah Miller reached an agreement with the Trustee prior to the continued November,
December and January meetings and her appearance was excused by the Trustee.

**B. Debtor's First Conversion Motion (Chapter 13)**

On April 4, 2013, the Trustee sent Debtors a letter demanding turnover of the nonexempt Cash in the Debtors' possession. In response, and instead of complying with their turnover obligation, on April 5, 2013, the Debtors filed a Motion to Convert the Chapter 7 Case to a Chapter 13 Case ("Motion to Convert to Chapter 13"). On April 10, 2013, the Trustee filed his *Opposition and Request for Hearing on Debtors' Motion to Convert Case to Chapter 13; Declaration of Jeremy W. Faith in Support Thereof* ("Opposition," Dkt. No. 18). The Debtors were not ineligible for relief under Chapter 13 pursuant to 11 U.S.C. § 109(e). The Trustee also highlighted the fact that the Motion to Convert to Chapter 13 was filed in bad faith as a mere delay tactic. The Trustee was forced to file the Opposition, and on June 4, 2013, less than one week prior to the scheduled hearing date, the Debtors filed a Notice of Withdrawal of the Motion to Convert to Chapter 13 (Dkt. No. 40).

**C. Trustee's Turnover Motion**

On May 9, 2013, Trustee's counsel sent another letter requesting turnover of the Cash but again received no response. On May 15, 2013, the Trustee was forced to file a Motion for Turnover of the Cash; and Directing Debtors to Appear at the Meeting of Creditors (the "Turnover Motion," Dkt No. 31). A hearing on the Turnover Motion was held on June 11, 2013. On June 18, 2013, the Court entered an Order granting the Turnover Motion in its entirety (the "Turnover Order," Dkt No. 54). A true and correct copy of the Turnover Order is attached hereto as **Exhibit A** and incorporated herein by this reference.

The Turnover Order required that the Debtors on or before June 23, 2013, turn over to the Trustee the $182,000 in Cash as listed on Schedule B. Although specifically directed by the Court to comply with the Trustee's requests pursuant to the Turnover Order, Debtors refused for many months thereafter to comply with the Turnover Order.

///

///

1       On July 12, 2013, eighteen days after the deadline set forth in the Turnover Order

2   and numerous demands[5] for turnover by Trustee's counsel, the Trustee received a

3   cashier's check in the amount of $101,731.00 from the Debtors along with a one page

4   accounting (the "Accounting") of how they alleged they used up $68,000 of the Cash in

5   the approximate five months following the Petition Date, all the while knowing it was

6   required to be turned over to the Trustee.   A true and correct copy of the letter from Mr.

7   Taus on behalf of Debtors, dated July 11, 2013, and the attached one-page Accounting

8   are attached hereto as **Exhibit B** and incorporated herein by this reference.

9       The alleged Accounting reflects payments for the following during the period of

10  January 2013 through March 2013 (Petiton Date is February 7, 2013) from the $182,000

11  in Cash ordered to be turned over by the Court:

12  - $12,040 – Mortgage payments on Debtors' Las Vegas home
    - $7,200 – Rent for their home in California
13  - $5,025 – Rent and Deposit for Debtors' new home in Texas
    - $13,984.00 – Paid to Moving Company for move from California to Texas
14  - $3,000 – Moving travel expenses
    - $2,232 – Medical insurance premiums
15  - $2,000 – Food and gas
    - $145 – Car registration California
16  - $207 – Car registration Texas
    - $976 – Cell phones
17  - $949 – Replace water heater in Las Vegas Home
    - $440 – Replace refrigerator module
18  - $585 – Car insurance
    - $800 – Utilities (average $200 month)
19  - $5,800 – payments to Lawyer Taus
    - $3,800 – payments to Lawyer Sachs
20  - $10,000 – Car purchase (for daughter)

21      Subtotal: $68,863.00

22  See **Exhibit B**.  Other than the "Accounting," the Debtors failed (despite being requested

23  by the Trustee) to provide any bank records or documentary evidence to support these

24  unauthorized expenditures from the Cash.   These expenditures were unauthorized and

25  do not excuse the Debtors from complying with this Court's Turnover Order in its entirety

26  and returning the full $182,000 to the Estate.

27  _____

28  [5] True and correct copies of the demand letters relating to the turnover sent by Trustee's counsel to the Debtors are attached hereto as **Exhibit C** and incorporated herein by this reference.

6

TAB 13                                                     Page 189

1    On August 9, 2013, Debtors filed Amended Schedules B, C and Statement of

2    Financial Affairs ("Amended SOFA") (Dkt. No. 64).  The Amended SOFA at paragraph

3    18 listed the Debtors' interest in three previously undisclosed limited liability companies.

4    On August 26, 2013, counsel for the Trustee sent Debtors, through their counsel

5    Vaughn C. Taus, a renewed demand for full compliance with the Turnover Order and

6    requiring turnover of the remaining $80,269 from the Debtors.  A true and correct copy of

7    the August 26, 2013 letter is attached hereto as **Exhibit C** and incorporated herein by

8    this reference.

9    As detailed below, just recently in November 2013, co-Debtor Sarah Miller, by and

10   through communications with her new counsel, has sought to cooperate with the Trustee

11   and she has turned over certain cash items.   Co-Debtor Loren Miller still remains

12   recalcitrant and refusing to comply with Court orders, duties under the Bankruptcy Code,

13   or any requests by the Trustee and his counsel.

14   **D. Trustee's Complaint to Deny Debtors' Discharge**

15   On or about August 15, 2013, the Trustee filed a Complaint against Debtors for

16   Denial of Discharge under 11 U.S.C. § 727 *et seq.*, Adversary Proceeding No. 9:13-ap-

17   01133-RR (the "Discharge Adversary Proceeding").

18   On October 16, 2013, Debtors filed an Answer to the Discharge Adversary

19   Proceeding denying the allegations therein.  The Discharge Adversary Proceeding is set

20   for a pre-trial conference on February 25, 2014 at 11:00 a.m.

21   As provided above, on or about November 5, 2013, Co-Debtor Sarah Miller

22   retained new counsel in the Discharge Adversary Proceeding and entered into

23   discussions regarding cooperation with the Trustee in the administration of this Case and

24   possible settlement of outstanding issues in the Case and Discharge Adversary

25   Proceeding as to Sarah Miller.

26   **E. Turn Over of Undisclosed Stock**

27   On or about November 15, 2013, Co-Debtor Sarah Miller disclosed to the Trustee

28   (through her new counsel) a stock account not previously disclosed by the Debtors.  The

1   Trustee and Sarah Miller (by and through counsel) arranged for the liquidation and

2   turnover of this undisclosed stock holdings account at the Bank of Montreal, Quebec (the

3   "Stock Holdings"). The value of the Stock Holdings as of November 12, 2013 was

4   $31,269.35. Sarah Miller agreed to and has now liquidated and turned over the

5   liquidated balance of the Stock Holdings account to the Trustee.

6       Co-Debtor Sarah Miller also holds a joint bank account with Debtors' minor

7   daughter Zoe Miller at JSC Federal Credit Union, Account No. Ending in 5193 ("Zoe

8   Miller Bank Account"). The balance of the Zoe Miller Bank Account as of November 13,

9   2013 was $76,145.45. The funds in the Zoe Miller Bank Account were transferred from a

10   pre-petition bank account at Wells Fargo and were listed on Debtors Original Schedule

11   B. The funds in the Zoe Miller Bank Account were also ordered by the Court to be

12   turned over to the Trustee as part of the Cash pursuant to the Turnover Order. On or

13   about November 18, 2013, pursuant to the Trustee's communications with Sarah Miller

14   through her new counsel in the Discharge Adversary Proceeding, the Trustee received a

15   wire transfer of $76,145.45.[6]

16   **F. Debtors' Continued Concealment of Estate Property**

17       The Trustee's investigation has also revealed that the Debtors knowingly

18   significantly undervalued their personal property on their bankruptcy schedules in an

19   apparent attempt to "sneak by" in a Chapter 7 and discharge their debts while avoiding

20   the liquidation of their assets for the benefit of creditors. Notably, the Debtors failed to

21   disclose all entities in which they have an ownership interest in, including but not limited

22   to First Star Associates, Inc ("First Star").

23       On July 29, 2013, in response to the Trustee's request for documents and

24   additional information on First Star which was brought to light at the July 20 Meeting, Mr.

25

26   [6] Although the recent turnover of the approximate $76,145.45 by co-debtor Sarah Miller from the Zoe
     Miller Bank Account technically provides the remaining Cash disclosed on Debtors' Original Schedule B
27   and required to be turned over by this Court's Turnover Order, there is no explanation for the additional
     $68,863.00 in pre-petition Cash spent by the Debtors as detailed above which was never turned over to
28   the Trustee. Furthermore, the Trustee is still in the process of obtaining all of Debtors' bank records to
     confirm all pre-petition cash and bank accounts were disclosed and accounted for.

1  Taus, on behalf of Debtors, sent a letter to the Trustee, detailing the Debtors' interest in

2  First Star among other allegedly defunct corporate entities of the Debtors.  A true and

3  correct copy of the July 29, 2013 letter is attached hereto as **Exhibit D** and is

4  incorporated herein by this reference.  The July 29th letter provides as follows:

5        d.  First Star Associates, Inc.  – Status Revoked – Owned
      50% -- Services only corporation that never owned anything.

6        Closed after Las Vegas real estate collapse.  No tax returns
      (more than 5 years old).

7      First Star is not listed as an asset on the Debtors' amended bankruptcy schedules

8  (Dkt. No. 64).

9        On or about October 17, 2013, the Trustee received copies of the First Star bank

10  statements and cancelled checks from Bank West of Nevada in response to a subpoena

11  issued by the Trustee after it was discovered that an active bank account existed for

12  First Star and that Debtor Loren Miller was writing checks from this account for his own

13  personal benefit.  True and correct copies of the First Star bank records received by the

14  Trustee pursuant to his subpoena are attached hereto as **Exhibit E** (the "First Star Bank

15  Records").

16        The First Star Bank Records reflect that Mr. Miller has been using a bank account

17  in the name of First Star solely for his own personal benefit for at least the two years

18  preceding the Petition Date.  Furthermore, the First Star Bank Records show that the

19  account had at least $24,612.63 in it as of the Petition Date and had as much as

20  $44,086.94 in September 2012.  The Trustee believes that these funds are additional

21  undisclosed monies, which are separate from the Cash disclosed on Schedule B and

22  ordered by the Court to be turned over to the Trustee.  The First Star Bank Records also

23  reflect that the Debtors changed the address on the bank account to their new personal

24  address in Texas.  This is directly at odds with the Debtors' testimony at the July 20

25  Meeting that Debtors did not have knowledge of any monies in the First Star Bank

26  Account and did not control the account.  Furthermore, the Nevada corporate records for

27  First Star do not show any other members or offices and reflect that the capital amount

28

1    for the corporation's 25,000 shares was $0.00.  A true and correct copy of the First Star

2    business entity detail from the Nevada Secretary of State Website is attached hereto as

3    **Exhibit F.**

4            Additionally, a review of the Debtor's Fist Star Bank Account records subpoenaed

5    by the Trustee revealed that the Debtor had made several large payments to an entity

6    named Kitco Metals, Inc. ("Kitco") which is known for buying and selling gold and silver.

7    The Trustee subsequently subpoenaed Debtor Loren Miller's Kitco account records and

8    discovered that Debtor had concealed $27,173.38 in undisclosed gold and silver

9    purchased from Kitco during the period of 2011 through 2012 (the "Kitco Purchases").

10   On December 19, 2013, the Trustee, through his counsel, sent a formal demand to

11   Debtor for turnover of the Kitco Purchases and the tax refund.  A true and correct copy of

12   the December 19 Letter is attached hereto as **Exhibit G**.  To date, the Debtor has failed

13   to respond or turnover these valuable estate assets to the Trustee.  Accordingly, the

14   Trustee intends to pursue a Motion for Turnover of the Kitco Purchases for the benefit of

15   the Estate.

16         **G. Debtor Loren Millers' Conversion and Transfer Motions**

17           On November 26, 2013, Debtor Loren Miller (pro se) filed the Original form Notice

18   of Motion and Motion to Convert Case to Chapter 11 pursuant to 11 U.S.C. § 1112(a)

19   ("Original Motion," Dkt. Nos. 79 and 80).  The Trustee and creditor Andrew Geller, *et al.*

20   both filed oppositions to the Original Motion (Dkt. Nos. 86 and 82, respectively).  On

21   December 12, 2014, prior to any hearing on the Original Motion, the Court entered its

22   Order denying the Original Motion as defective for failure to pay the $922 conversion-

23   filing fee (Dkt. No. 87).

24           Mr. Miller also filed Motions to Transfer Venue – Rule 1014; 28 U.S.C. § 1412 to

25   the Southern District of Texas, Houston Division in both the Case ("Transfer Motion,"

26   Dkt. No. 78) and a Motion to Transfer Venue to the Southern District of Texas, Houston

27   Division in the Discharge Adversary Proceeding ("Adv. Transfer Motion," Adv. Dkt. No.

28   16).  The Trustee and Creditor Geller opposed the Transfer Motions (Dkt. Nos. 81, 82,

1  85 and Adv. Dkt. Nos. 17) and the Court entered its order denying Debtor's Transfer

2  Motions on December 12, 2013 (Dkt. No. 88).  On January 14, 2014, one day prior to

3  filing the Amended Motion to Convert, Debtor filed a motion for an extension of time to

4  file an appeal of this Court's Order denying his motion transfer venue in this Case to the

5  Southern District of Texas, Houston Division (the "Extension Motion," Dkt. No. 99).  The

6  Trustee timely filed an Opposition to the Extension Motion (Dkt. No. 105).

7        Co-Debtor Sarah Miller is not a signatory to the instant Amended Motion to

8  convert the case or the Extension Motion.  The Trustee is further informed that Sarah

9  Miller does not consent to the conversion of the Case to Chapter 11.

10                                  III.

11                          **LEGAL ANALYSIS**

12     A.     **The Motion Is Not Brought In Good Faith**

13        The language of section 706(a) is qualified by "may" and thus, does not mandate

14  the conversion of Debtors' case to Chapter 11.  The Supreme Court has determined that

15  the right to covert is not absolute, and a motion to convert can be denied if it is found

16  that conversion is based on the debtor's fraudulent conduct, or if conversion would be an

17  abuse of process.  *Marrama v. Citizens Bank*, 549 U.S. 365, 373-74 (2007).[7]

18        In this Case, Mr. Miller's unilateral attempts to convert this Case to one under

19  Chapter 11 are made both in bad faith and constitute as an abuse of process.  As

20  outlined above, the Trustee has diligently worked for more than eleven months, against

21  the total lack of cooperation and deliberate interference by the Debtors to recover assets

22  in this Case for the benefit of creditors of the Estate.  The Supreme Court in *Marrama*

23  recognized that "[t]he text of § 706(d) . . . provides adequate authority for the denial of [a]

24  motion to convert [on the grounds of bad faith]." *Id.* at 374.  Given the lack of cooperation

25  with the Trustee, the evidence of undisclosed and concealed assets, the Debtors' failure

26

27  [7] While the Court in *Marrama* dealt with a request to convert from Chapter 7 to Chapter 13, rather than to
    Chapter 11, the language of Section 706(a) applies the same whether the chosen chapter for conversion
    is chapter 11 or chapter 13.  *See Levesque v. Shapiro (In re Levesque)*, 473 B.R. 311, 339 (B.A.P. 9th Cir.

28  2012).

1  to appear for multiple Section 341(a) meetings, the failure to timely comply with the

2  Court's Turnover Order and the Debtor Loren Miller's steadfast refusal to cooperate with

3  the Trustee in the administration of this Case, it is clear that the Motion was filed in bad

4  faith.  Accordingly, the Court should deny the Motion as there is substantial evidence

5  that the Motion was not brought in "good faith" – a required assertion under the form

6  motion.

7        Notwithstanding the Debtors' total lack of compliance in this Case and bad faith

8  as detailed above, the Amended Motion is yet again, an unsupported skeletal one-page

9  form motion.  The Debtor has provided no evidence in support of the Motion and there is

10  no explanation or evidence that the Debtors will (or are able to) perform any of the

11  required duties of a debtor-in-possession.  For all the reasons described above, it is

12  clear that these Debtors cannot be trusted as debtors-in-possession" ("DIP") and are

13  ineligible for relief under Chapter 11.

14        **B.     Conversion Would Constitute An Abuse of Process**

15        The Trustee also submits that conversion of the Case would constitute an abuse

16  of process and only serve to delay the administration of the Estate to the harm and

17  detriment of the unsecured creditors who stand to receive a dividend from the

18  administration of the Cash and liquidation of the personal property assets by the

19  Trustee.  The Court in Marrama also emphasized "the broad authority granted to

20  bankruptcy judges to take any action that is necessary or appropriate 'to prevent an

21  abuse of process' described in § 105(a) of the Code . . . is . . . adequate to authorize an

22  immediate denial of a motion to convert filed under § 706 in lieu of a conversion order

23  that merely postpones the allowance of equivalent relief and may provide a debtor with

24  an opportunity to take action prejudicial to creditors." Id. at 375.  As detailed above, the

25  Debtors admittedly concealed assets and failed to turnover personal property of the

26  Estate.

27        Because Debtors cannot be trusted to perform their duties as a DIP for the benefit

28  of creditors in a Chapter 11 case, conversion in this instance would constitute an abuse

1  of process and the creditors are better served with the current Trustee administering the

2  Estate.

3                                    IV.

4                              **CONCLUSION**

5         Based upon the foregoing, the Trustee respectfully requests that this Court deny

6  the Amended Motion to Convert the Debtors' Chapter 7 Case to a Case under Chapter

7  11 with prejudice, and enter any other and further relief that the Court deems just and

8  proper.

9

10  DATED: January 29, 2014                  MARGULIES FAITH, LLP

11

12                                 By:   _/s/ Meghann Triplett_____
                                         Craig G. Margulies
13                                       Meghann Triplett
                                   Attorneys for Jeremy W. Faith, Chapter 7
14                                 Trustee

15

16

17

18

19

20

21

22

23

24

25

26

27

28

### DECLARATION OF JEREMY W. FAITH

I, Jeremy W. Faith, declare as follows:

1.    I am the duly appointed, qualified and acting Chapter 7 trustee for the bankruptcy estate of Loren Miller and Sarah Miller (the "Debtors"). I have personal knowledge of the matters set forth herein and if called as a witness could and would testify competently thereto. This declaration is submitted in support of the foregoing *Opposition and Request for Hearing on Debtor Loren Miller's Amended Motion to Convert Case to Chapter 11* (the "Opposition"). Defined terms in the Opposition shall have the same meaning herein.

2.    I believe that the Motion and Debtor's most recent request to convert from Chapter 7 to 11 is yet another bad faith tactic by Mr. Miller in a misguided attempt to avoid complying with his statutory duties under the bankruptcy code.

3.    Since the February 7, 2013 Petition Date, the Debtors have engaged in a pattern of delay, interference, and bad faith in this Case and it is clear to me that the Debtors are utilizing the bankruptcy process in a fraudulent manner at the expense and harm to the unsecured creditors of this Estate. I have substantial evidence that the Debtors have concealed, depleted, and intentionally undervalued assets of the Estate.

4.    The Case has been pending for more than eleven months before this Court and my counsel and I have engaged in significant work to recover assets on behalf of the Estate including the recovery of over $228,152.18 in cash for the benefit of creditors.

5.    I continue, to investigate and recover additional assets on behalf of the Estate, including but not limited to, the continued investigation of undisclosed personal property assets, recovery of transferred cash, recovery of Debtors' 2012 State Income Tax refund which was received post-petition by the Debtors, and the recent discovery of $27,173.38 in undisclosed gold and silver purchased from Kitco Metals, Inc. during the period of 2011 through 2012 (the "Kitco Purchases").

6.    On the Petition Date, Debtors only filed a "Skeletal Petition" and failed to file any schedules or other documents. On February 21, 2013, Debtors filed their

1  Summary of Schedules, Statistical Summary of Certain Liabilities, Schedules A-J, Small

2  Business Monthly Operating Report for filing period, Declaration concerning debtors'

3  schedules, Statement of Financial Affairs, Disclosure of Compensation of Attorney for

4  Debtor, Declaration of attorneys limited scope of appearance, Debtor's Certification of

5  Employment Income, Chapter 7 Statement of Current Monthly Income and Means Test

6  Calculation - Form 22A, Statement of Intent, verification of creditor matrix and Statement

7  of related cases (Dkt. No. 11).

8       7.      The Debtors' Original Schedule B disclosed $182,000 in cash on hand held

9  by the Debtors as of the Petition Date (the "Cash").  Debtors continuously refused to

10 turnover the Cash and I ultimately obtained an Order requiring turnover, as further

11 described below.

12      8.      Debtors' initial Section 341(a) meeting of creditors was held on March 18,

13 2013.  Debtors failed to appear for their examination.  Debtors failed to appear at four

14 additional continued Section 341(a) meetings on April 8, 2013, April 29, 2013, May 20,

15 2013, and June 10, 2013.  In fact, Debtors have never voluntarily appeared for a single

16 Section 341(a) meeting of creditors, or produce any documents to my counsel or me.

17      9.      Ultimately, the Court issued an Order requiring the appearances of the

18 Debtors at the July 20, 2013 meeting of creditors and all further continued meetings of

19 creditors (Dkt. No. 54).  Debtors appeared and were examined at the July 20, 2013

20 meeting ("July 20 Meeting").  However, Debtor Loren Miller has again failed to appear at

21 a required meeting of creditors on November 18, 2013 in violation of this Court's Order.

22 Prior to the continued November 18 meeting, I reached an agreement with Co-Debtor

23 Sarah Miller in exchange for turnover of certain assets as detailed in the Opposition and

24 I excused her appearance.

25      10.     On April 4, 2013, I sent Debtors a letter demanding turnover of the

26 nonexempt Cash in their possession.  In response, on April 5, 2013, the Debtors filed a

27 Motion to Convert the Chapter 7 Case to a Chapter 13 Case ("Motion to Convert to

28 Chapter 13").  On April 10, 2013, through counsel, I filed an *Opposition and Request for*

1   *Hearing on Debtors' Motion to Convert Case to Chapter 13; Declaration of Jeremy W.*

2   *Faith in Support Thereof* ("Opposition," Dkt. No. 18). The Debtors were not ineligible for

3   relief under Chapter 13 pursuant to 11 U.S.C. § 109(e). The Opposition also highlighted

4   the fact that the Motion to Convert to Chapter 13 was filed in bad faith as a delay tactic. I

5   was forced to file the Opposition, and on June 4, 2013, less than one week prior to the

6   scheduled hearing date, the Debtors filed a Notice of Withdrawal of the Motion to

7   Convert to Chapter 13 (Dkt. No. 40).

8       11.   On May 9, 2013, my counsel sent another letter requesting turnover of the

9   Cash but again received no response. On May 15, 2013, I was forced to file a Motion for

10   Turnover of the Cash; and Directing Debtors to Appear at the Meeting of Creditors (the

11   "Turnover Motion," Dkt No. 31). A hearing on the Turnover Motion was held on June 11,

12   2013. On June 18, 2013, the Court entered an Order granting the Turnover Motion in its

13   entirety (the "Turnover Order," Dkt No. 54). A true and correct copy of the Turnover

14   Order is attached hereto as **Exhibit A** and incorporated herein by this reference.

15       12.   The Turnover Order required that the Debtors on or before June 23, 2013,

16   turn over to the Trustee the $182,000 in Cash as listed on Schedule B. Although

17   specifically directed by the Court to comply with my requests pursuant to the Turnover

18   Order, Debtors refused for many months to fully comply with the turnover.

19       13.   On July 12, 2013, eighteen days after the deadline set forth in the Turnover

20   Order and numerous demands for turnover by my counsel, I received a cashier's check

21   in the amount of $101,731.00 from the Debtors along with a one page accounting (the

22   "Accounting") of how they used up $68,000 of the Cash in the approximate five months

23   since the Petition Date. A true and correct copy of the letter from Mr. Taus on behalf of

24   Debtors dated July 11, 2013 and attached one-page Accounting is attached hereto as

25   **Exhibit B** and incorporated herein by this reference.

26       14.   The Accounting reflects payments for the following during the period of

27   January 2013 through March 2013 from the $182,000 in Cash ordered to be turned over

28   by the Court:

- $12,040 – Mortgage payments on Debtors' Las Vegas home
- $7,200 – Rent for their home in California
- $5,025 – Rent and Deposit for Debtors' new home in Texas
- $13,984.00 – Paid to Moving Company for move from California to Texas
- $3,000 – Moving travel expenses
- $2,232 – Medical insurance premiums
- $2,000 – Food and gas
- $145 – Car registration California
- $207 – Car registration Texas
- $976 – Cell phones
- $949 – Replace water heater in Las Vegas Home
- $440 – Replace refrigerator module
- $585 – Car insurance
- $800 – Utilities (average $200 month)
- $5,800 – payments to Lawyer Taus
- $3,800 – payments to Lawyer Sachs
- $10,000 – Car purchase (daughter)

Subtotal: $68,863.00

*See* Exhibit B.   Other than the "Accounting," the Debtors failed to provide any bank records or documentary evidence to support these unauthorized expenditures from the Cash.   These expenditures were unauthorized and do not excuse the Debtors from complying with this Court's Turnover Order in its entirety and returning the full $182,000 to the Estate.

15.     On August 9, 2013, Debtors filed Amended Schedules B, C and Statement of Financial Affairs ("Amended SOFA") (Dkt. No. 64).  The Amended SOFA at paragraph 18, listed the Debtors' interest in three previously undisclosed limited liability companies.

16.     On August 26, 2013, my counsel sent Debtors, through their counsel Vaughn C. Taus, a renewed demand for full compliance with the Turnover Order and requiring turnover of the remaining $80,269 from the Debtors.  A true and correct copy of the August 26, 2013 letter is attached hereto as **Exhibit C** and incorporated herein by this reference.

17.     As detailed below, just recently in November 2013, Co-Debtor Sarah Miller, by and through communications with her new counsel, has sought to cooperate with me and she has turned over certain cash items.   Co-Debtor Loren Miller still remains recalcitrant and refusing to comply with Court orders, duties under the Bankruptcy Code, or any requests by my counsel or me.

1        18.     On or about August 15, 2013, I filed a Complaint against Debtors for Denial
2 of Discharge under 11 U.S.C. § 727 *et seq.*, Adversary Proceeding No. 9:13-ap-01133-
3 RR (the "Discharge Adversary Proceeding").

4        19.     On October 16, 2013, Debtors filed an Answer to the Discharge Adversary
5 Proceeding denying the allegations therein.  The Discharge Adversary Proceeding is set
6 for a pre-trial conference on February 25, 2014 at 11:00 a.m.

7        20.     As provided above, on or about November 5, 2013, Co-Debtor Sarah Miller
8 retained new counsel in the Discharge Adversary Proceeding and entered into
9 discussions regarding cooperation with me in the administration of this Case and
10 possible settlement of outstanding issues in the Case and Discharge Adversary
11 Proceeding as to Sarah Miller.

12       21.     On or about November 15, 2013, Sarah Miller disclosed to me (through her
13 new counsel) a stock account not previously disclosed by the Debtors.  Sarah Miller and
14 I (by and through counsel) arranged for the liquidation and turnover of this undisclosed
15 stock holdings account at the Bank of Montreal, Quebec (the "Stock Holdings").   The
16 value of the Stock Holdings as of November 12, 2013 was $31,269.35.   Sarah Miller
17 agreed to and has now liquidated and turned over the liquidated balance of the Stock
18 Holdings account to me.

19       22.     Co-Debtor Sarah Miller also holds a joint bank account with Debtors' minor
20 daughter Zoe Miller at JSC Federal Credit Union, Account No. Ending in 5193 ("Zoe
21 Miller Bank Account").  The balance of the Zoe Miller Bank Account as of November 13,
22 2013 was $76,145.45. The funds in the Zoe Miller Bank Account were transferred from a
23 pre-petition bank account at Wells Fargo and were listed on Debtors Original Schedule
24 B.  The funds in the Zoe Miller Bank Account were also ordered by the Court to be
25 turned over to me as part of the Cash pursuant to the Turnover Order.  On or about
26 November 18, 2013, pursuant to my counsel's communications with Sarah Miller through
27 her new counsel in the Discharge Adversary Proceeding, I received a wire transfer of
28 $76,145.45.

23.    Although the recent turnover of the approximate $76,145.45 by co-debtor Sarah Miller from the Zoe Miller Bank Account technically provides the remaining Cash disclosed on Debtors' Original Schedule B and required to be turned over by this Court's Turnover Order, there is no explanation for the additional $68,863.00 in pre-petition Cash spent by the Debtors as detailed above which was never turned over to the Trustee. Furthermore, I am still in the process of obtaining all of Debtors bank records to confirm all pre-petition cash and bank accounts were disclosed and accounted for.

24.    My investigation has also revealed that the Debtors knowingly significantly undervalued their personal property on their bankruptcy schedules in an apparent attempt to "sneak by" in a Chapter 7 and discharge their debts while avoiding the liquidation of their assets for the benefit of creditors.  Notably, the Debtors failed to disclose all entities in which they have an ownership interest in, including but not limited to First Star Associates, Inc ("First Star").

25.    On July 29, 2013, in response to my request for documents and additional information on First Star which was brought to light at the July 20 Meeting, Mr. Taus, on behalf of Debtors, sent a letter to me, detailing the Debtors' interest in First Star among other allegedly defunct corporate entities of the Debtors.  A true and correct copy of the July 29, 2013 letter is attached hereto as **Exhibit D** and is incorporated herein by this reference.  The July 29th letter provides as follows:

> d.  First Star Associates, Inc. – Status Revoked – Owned
> 50% -- Services only corporation that never owned anything.
> Closed after Las Vegas real estate collapse.  No tax returns
> (more than 5 years old).

26.    First Star is not listed as an asset on the Debtors' amended bankruptcy schedules (Dkt. No. 64).

27.    On or about October 17, 2013, I received copies of the First Star bank statements and cancelled checks from Bank West of Nevada in response to a subpoena issued by my office after it was discovered that an active bank account existed for First Star and that Debtor Loren Miller was writing checks from this account for his own

1    personal benefit.  True and correct copies of the First Star bank records received by the

2    Trustee pursuant to his subpoena are attached hereto as **Exhibit E** (the "First Star Bank

3    Records").

4       28.    The First Star Bank Records reflect that Mr. Miller has been using a bank

5    account in the name of First Star solely for his own personal benefit for at least the two

6    years preceding the Petition Date.  Furthermore, the First Star Bank Records show that

7    the account had at least $24,612.63 in it as of the Petition Date and had as much as

8    $44,086.94 in September 2012.  I believe that these funds are additional undisclosed

9    monies, which are separate from the Cash disclosed on Schedule B and ordered by the

10   Court to be turned over to me.

11      29.    The First Star Bank Records also reflect that the Debtors changed the

12   address on the bank account to their new personal address in Texas.  This is directly at

13   odds with the Debtors' testimony at the July 20 Meeting that Debtors did not have

14   knowledge of any monies in the First Star Bank Account and did not control the account.

15   Furthermore, the Nevada corporate records for First Star do not show any other

16   members or offices and reflect that the capital amount for the corporation's 25,000

17   shares was $0.00.  A true and correct copy of the First Star business entity detail from

18   the Nevada Secretary of State Website is attached hereto as **Exhibit F.**

19      30.    I am also informed that Debtor Loren Miller has concealed $27,173.38 in

20   undisclosed gold and silver purchased from Kitco Metals, Inc. during the period of 2011

21   through 2012 (the "Kitco Purchases").  On December 19, 2013, through my counsel,

22   sent a formal demand to Debtor for turnover of the Kitco Purchases and the tax return.

23   A true and correct copy of the December 19 Letter to Debtor Loren Miller is attached

24   hereto as **Exhibit G**.

25      31.    On November 26, 2013, Debtor Loren Miller (pro se) filed the Original form

26   Notice of Motion and Motion to Convert Case to Chapter 11 pursuant to 11 U.S.C. §

27   1112(a) ("Orignal Motion," Dkt. Nos. 79 and 80).  My counsel and counsel for creditor

28   Andrew Geller, et al. both filed oppositions to the Original Motion (Dkt. Nos. 86 and 82,

1  respectively).  On December 12, 2014, prior to any hearing on the Original Motion, the

2  Court entered its Order denying the Original Motion as defective for failure to pay the

3  $922 conversion-filing fee (Dkt. No. 87).

4       32.     Mr. Miller also filed Motions to Transfer Venue – Rule 1014; 28 U.S.C. §

5  1412 to the Southern District of Texas, Houston Division in both the Case ("Transfer

6  Motion," Dkt. No. 78) and a Motion to Transfer Venue to the Southern District of Texas,

7  Houston Division in the Discharge Adversary Proceeding ("Adv. Transfer Motion," Adv.

8  Dkt. No. 16).  Both my counsel and counsel for Creditor Geller opposed the Transfer

9  Motions (Dkt. Nos. 81, 82, 85 and Adv. Dkt. Nos. 17) and the Court entered its order

10  denying Debtor's Transfer Motions on December 12, 2013 (Dkt. No. 88).  On January

11  14, 2014, one day prior to filing the Amended Motion to Convert, Debtor filed a motion

12  for an extension of time to file an appeal of this Court's Order denying his motion transfer

13  venue in this Case to the Southern District of Texas, Houston Division (the "Extension

14  Motion," Dkt. No. 99).  Through counsel, I timely filed an Opposition to the Extension

15  Motion (Dkt. No. 105).

16       33.     Co-Debtor Sarah Miller is not a signatory to the instant Amended Motion to

17  Convert the Case to one under Chapter 11 and I am informed and believe that Sara

18  Miller opposes the Amended Motion.

19       34.     Based on the foregoing Opposition, the Debtor Loren Miller's Amended

20  Motion to convert the Case to Chapter 11 should be denied with prejudice.

21       I declare under penalty of perjury under the laws of the United States of America

22  that the foregoing is true and correct and that this declaration was executed on January

23  29, 2014 at Encino, California.

24

25                        JEREMY W. FAITH

26

27

28

21

# Exhibit A

TAB 13                                    Page 205

1   CRAIG G. MARGULIES (State Bar No. 185925)
    MEGHANN TRIPLETT (State Bar No. 268005)
2   **MARGULIES FAITH, LLP**
    16030 Ventura Blvd., Suite 470
3   Encino, California 91436
    Telephone: (818) 705-2777
4   Facsimile: (818) 705-3777
    Email: Craig@MarguliesFaithLaw.com
5   Email: Meghann@MarguliesFaithlaw.com

6   Attorney for Jeremy W. Faith, Chapter 7 Trustee

```
FILED & ENTERED

        JUN 18 2013

CLERK U.S. BANKRUPTCY COURT
Central District of California
BY RUST      DEPUTY CLERK
```

7

8                  **UNITED STATES BANKRUPTCY COURT**
9                   **CENTRAL DISTRICT OF CALIFORNIA**
                          **NORTHERN DIVISION**
10

11   In re                          Case No.: 9:13-bk-10313-RR

12   LOREN MILLER AND SARAH MILLER,  Chapter: 7

13                        Debtor.    **ORDER GRANTING CHAPTER 7**
14                                   **TRUSTEE'S MOTION FOR TURNOVER**
                                     **OF PROPERTY OF THE ESTATE AND**
15                                   **ORDER DIRECTING DEBTORS TO**
                                     **APPEAR AT CONTINUED 11 U.S.C. §**
16                                   **341(a) MEETINGS OF CREDITORS**

17
                                     Hearing Date:
18                                   Date:    June 11, 2013
                                     Time:    10:00 am
19                                   Place:   Courtroom  201

20

21

22

23

24

25

26

27

28

1      At the above date and time, the hearing on the Trustee's Motion for order

2    compelling the above-captioned debtors Loren Miller And Sarah Miller (collectively, the

3    "Debtors") to turn over property of the Bankruptcy Estate pursuant to 11 U.S.C. §§ 521,

4    541, and 542, and for an order directing the Debtors to appear at their 11 U.S.C. §

5    341(a) Meetings of Creditors (the "Motion," Dkt. No. 31) was held before the Honorable

6    Robin L. Riblet, United States Bankruptcy Judge, in Courtroom 201of the United States

7    Bankruptcy Court, 1415 State Street, Santa Barbara, California.  Meghann Triplett, Esq.

8    of Margulies Faith, LLP appeared on behalf of the Trustee, and all other appearances

9    were as stated on the record at the hearing.

10      The Court, having read and considered the moving papers, no opposition having

11    been filed, and the Court finding that Notice of the Motion was proper, and for the

12    reasons stated on the record at the hearing on the Motion and good cause appearing,

13    **IT IS HEREBY ORDERED THAT:**

14    1.    The Motion is granted;

15    2.    The Debtors are directed to immediately, but no later than five (5) days

16    after entry of this Order, turn over to the Trustee, by and through his counsel Margulies

17    Faith, LLP ("MF"), $182,000, the amount listed in the Debtors' Schedule B filed on

18    February 21, 2013 (Dkt. No.11) by way of a Cashier's Check made payable to "Jeremy

19    W. Faith, Chapter 7 Trustee."

20    3.    The Debtors are directed to immediately, but no later than five (5) days

21    after entry of this Order, turn over to the Trustee by and through his counsel MF, copies

22    of all monthly bank statements and canceled checks (front and back sides), including

23    documentation for all bank records and financial statements, for the two years preceding

24    the Petition Date through the date of the hearing on the Motion (i.e., June 11, 2013) for

25    all bank accounts existing in the Debtors' name, including all individual and joint-

26    accounts.  Specifically, the Debtors are required to provide monthly bank statements and

27    cancelled checks (front and back sides) for the time period described in this paragraph

28    above.

1       4.    The Debtors are directed to immediately, but in no event later than five (5)

2    days after entry of this Order, turn over to the Trustee by and through his counsel MF,

3    copies of Debtors' 2010, 2011, and 2012 State and Federal Tax Returns.

4    **IT IS FURTHER ORDERED** that:

5       5.    The Debtors are ordered to appear and testify under oath at their 11 U.S.C.

6    § 341(a) Meeting of Creditors on July 15, 2013, at 2:30 p.m. at the Office of the United

7    States Trustee, 128 E. Carrillo Street, Santa Barbara, California and are also required to

8    appear at any and all additional continued § 341(a) Meeting of Creditors until the Trustee

9    has concluded the Section 341(a) Meeting of Creditors in this Case.

10

11

12

13    ###

14

15

16

17

18

19

20

21

22

23

24    Date: June 18, 2013

Robin L. Riblet
United States Bankruptcy Judge

25

26

27

28

2

Case 9:13-bk-10313-RR   Doc 54   Filed 06/18/13   Entered 06/18/13 15:10:23   Desc
Main Document   Page 4 of 4

## NOTICE OF ENTERED ORDER AND SERVICE LIST

Notice is given by the court that a judgment or order entitled **ORDER GRANTING CHAPTER 7 TRUSTEE'S MOTION FOR TURNOVER OF PROPERTY OF THE ESTATE AND ORDER DIRECTING DEBTORS TO APPEAR AT CONTINUED 11 U.S.C. § 341(A) MEETINGS OF CREDITORS** was entered on the date indicated as "Entered" on the first page of this judgment or order and will be served in the manner stated below:

**1.   SERVED BY THE COURT VIA NOTICE OF ELECTRONIC FILING (NEF)** Pursuant to controlling General Orders and LBRs, the foregoing document was served on the following persons by the court via NEF and hyperlink to the judgment or order. As of <u>June 13, 2013</u>, the following persons are currently on the Electronic Mail Notice List for this bankruptcy case or adversary proceeding to receive NEF transmission at the email addresses stated below.

Howard Camhi     hcamhi@ecjlaw.com, kanthony@ecjlaw.com
Jeremy W. Faith (TR)     jfaith@7trustee.net, C118@ecfcbis.com;Helen@MarguliesFaithLaw.com;leedowding@gmail.com
Craig G Margulies     craig@marguliesfaithlaw.com,
staci@marguliesfaithlaw.com;denisse@marguliesfaithlaw.com;fahim@marguliesfaithlaw.com
Faye C Rasch     frasch@ecjlaw.com, kanthony@ecjlaw.com
Vaughn C Taus     tauslawyer@gmail.com
Meghann A Triplett     Meghann@MarguliesFaithlaw.com, Helen@MarguliesFaithlaw.com;MF_ecf@ecf.inforuptcy.com
United States Trustee (ND)     ustpregion16.nd.ecf@usdoj.gov

☐ Service information continued on attached page

**2.   SERVED BY THE COURT VIA UNITED STATES MAIL:** A copy of this notice and a true copy of this judgment or order was sent by United States mail, first class, postage prepaid, to the following persons and/or entities at the addresses indicated below:

Debtors: Loren and Sarah Miller, 702 Whitecap Drive, Seabrook, TX 77586

☐ Service information continued on attached page

**3.   TO BE SERVED BY THE LODGING PARTY**: Within 72 hours after receipt of a copy of this judgment or order which bears an "Entered" stamp, the party lodging the judgment or order will serve a complete copy bearing an "Entered" stamp by United States mail, overnight mail, facsimile transmission or email and file a proof of service of the entered order on the following persons and/or entities at the addresses, facsimile transmission numbers, and/or email addresses stated below:

☐ Service information continued on attached page

---

This form is mandatory.  It has been approved for use by the United States Bankruptcy Court for the Central District of California.

# Exhibit B

TAB 13                                                    Page 210

# VAUGHN C. TAUS
### ATTORNEY AT LAW

Telephone 805-542-0155

1042 Pacific Street, Suite D
San Luis Obispo, CA 93401
tauslawyer@gmail.com

Facsimile 805-542-0234

July 11, 2013

Craig Margulies
Margulies Faith LLP
16030 Ventura Boulevard, Suite 470
Encino, CA 91436

Re: Loren and Sarah Miller 9:13-bk-10313-RR

Dear Mr. Margulies:

I attach a variety of documents responsive to Mr. Faith's request. My clients have purchased airplane tickets from their home in Texas to appear at the §341a meeting in Santa Barbara on July 15, 2013.

I attach my clients' cashier's check in the sum of $101,731.00, which is the balance of money in my clients' accounts. I also attach an accounting created by my clients reflecting their expenditures since the filing of the bankruptcy case. Mr. Miller was unemployed and had no income through April, 2013. The Millers had to move to Texas for Mr. Miller to start his new job.

The accounting reflects initial balances totaling $170,594. These were the actual balances at the time the emergency petition was filed in this case. I am having my clients obtain documentation evidencing the accurate balance in accounts at the time the case was filed. Once I have that evidence I will provide it to you and I will file amended schedules on my clients' behalf.

My clients' banking was conducted exclusively on line for the two years preceding the filing of the bankruptcy case. They do not have statements. However, they are attempting to obtain information concerning the accounts that is responsive to the court's order and the trustee's inquiry.

I also include complete state and federal tax returns for Mr. and Mrs. Miller, for the years 2010, 2011 and 2012.

If additional responsive information becomes available before the hearing, I will provide that information, either in advance or at the hearing, itself.

Craig Margulies
Re: Loren and Sarah Miller
July 11, 2013
Page 2 of 2

If you have any questions or comments, please do not hesitate to communicate with
me.

Yours Very Truly,

Vaughn C. Taus

Enclosures
CC: Clients

| Date | Description | Amount | |
|------|-------------|--------|---|
| Jan-13 | Sarah Account | $ 100,000.00 | |
| Jan-13 | Zoe Account | $ 70,594.00 | |
| | Subtotal | $ 170,594.00 | |
| | | | |
| Jan - Apr | Mortgage - LV Home | $ 12,040.00 | |
| Jan - Apr | Rent - CA | $ 7,200.00 | |
| Mar - Apr | Rent & Deposit - TX | $ 5,025.00 | |
| Mar | Moving - CA to TX | $ 13,984.00 | Moving company |
| Mar | Moving - Travel | $ 3,000.00 | Personal Moving Costs |
| Jan - Apr | Medical Insurance Premiums | $ 2,332.00 | |
| Jan - Apr | Food & Gas | $ 2,000.00 | |
| Feb | Car Registration - CA | $ 145.00 | |
| Mar | Car Registration - TX | $ 207.00 | |
| Jan - Apr | Cell Phones | $ 976.00 | |
| Mar | Replace Water Heater - LV | $ 949.00 | |
| Mar | Replace Refrigerator Module | $ 440.00 | |
| Jan - Apr | Car Insurance | $ 585.00 | |
| Jan - Apr | Utilities (Average $200 Month) | $ 800.00 | |
| Feb | Lawyer (Taus) | $ 2,880.00 | |
| Mar | Lawyer (Taus) | $ 2,500.00 | |
| Mar | Lawyer (Sachs) | $ 3,800.00 | |
| Mar | Car Purchase (Daughter) | $ 10,000.00 | |
| | Subtotal | $ 68,863.00 | |
| | Total | $ 101,731.00 | Balance |

**NOTE: Unemployed from September 2012
through April 2013.  No income during this period.**

# Exhibit C

TAB 13                                    Page 214



MARGULIES FAITH LLP

AUGUST 26, 2013

Meghann@MarguliesFaithlaw.com

**Sent VIA U.S. Mail & Email**
Vaughn C. Taus
Law Offices of Vaughn C. Taus
1042 Pacific Street, Suite D
San Luis Obispo, CA 93401
Email: tauslawyer@gmail.com
Fax: (805) 542-0234

Re:   In re Loren Miller and Sarah Miller, Case No. 9:13-bk-10313-RR

Dear Mr. Taus:

As you know, this firm is counsel to Jeremy W. Faith, Chapter 7 Trustee ("Trustee"), in regard to the above-referenced bankruptcy case (the "Case") of Loren and Sarah Miller ("Debtors").

This letter constitutes a demand for turnover of the remaining $68,863 from the Debtors pursuant to the Turnover Order entered by the Court on June 18, 2013. As you are aware, the Debtors were required to turn over to my office on behalf of the Trustee $182,000 in cash, the amount listed on original Schedule B no later than five (5) days after entry of the Turnover Order or on or before June 23, 2013.

On July 11, 2013, we received a cashier's check from your office on behalf of the Debtors in the amount of $101,731 along with a one page accounting prepared by the Debtors for their improper use of pre-petition Cash ordered to be turned over to the Trustee. The accounting includes various unauthorized expenditures from Estate funds including payments to your office in the total amount of $5,300, which were specifically ordered to be returned to the Trustee as set forth in a separate letter sent concurrently with this correspondence; $3,800 to an attorney "Sachs"; $10,000 for the purchase of a vehicle as well as other purported living and moving expenses totaling $68,863. These funds are assets of the Bankruptcy Estate and were required to be returned to the Trustee pursuant to the Court's Turnover Order.

To date, your clients have failed to make any effort and/or arrangements to turnover the remaining $68,863 pursuant to the Court's Turnover Order. Debtors must return the $68,863 immediately to the bankruptcy estate pursuant to their obligations under the Turnover Order or the Trustee will be left with no alternative but to move the Court to hold the Debtors in contempt.

Please contact me immediately in response to the above compliance. Thank you.

Very truly yours,

*Meghann Triplett*

Meghann Triplett

cc: Jeremy W. Faith, Chapter 7 Trustee

Exhibit C                    Page 29
TAB 13                       Page 215

# Exhibit D

TAB 13                                    Page 216

# VAUGHN C. TAUS
### ATTORNEY AT LAW

Telephone 805-542-0155          1042 Pacific Street, Suite D          Facsimile 805-542-0234
San Luis Obispo, CA 93401
tauslawyer@gmail.com

July 29, 2013

Jeremy Faith
21550 Oxnard Street
Woodland Hills, Ca 91367

Re: Loren and Sarah Miller: Case No. 13-10313

Dear Mr. Faith:

At the Miller's §341 meeting of creditors you requested substantial additional
information from the debtors.  This letter responds to those requests.  Mr. Miller has
diligently attempted to gather whatever responsive documents he could.  The
documents you requested often had to do with entities that have been out of business
for quite a while.  For example, Mr. Miller testified about his involvment with a number
of corporate entities.  These companies have, in many cases, been defunct for many
years.

Additionally, the debtors testified about their recent move to Texas so that Mr. Miller
could be re-employed, after many months of un-employment.  As necessitated by such
a move, documents were either packed or if the documents were old, thrown out.

With respect to the corporate entities, Mr. Miller performed a search for information at
the office of the Nevada Secretary of State and was able to obtain the information for
each company reflected on the first attachment to this letter.  In addition, Mr. Miller
provides the following narrative with respect the various entities:

a. Molinos Properties, LLC – Status Default – Owned 100% by debtor-Entity owned a
portion of Hills Center Office 1, LLC that was bankrupted by Andrew Geller in 2008.
The final tax return is attached;

b. Winmill Development, Inc. –Status Revoked – Owned 100% by debtor-Services only
corporation that never owned anything.  Closed after Las Vegas real estate collapse.
The final tax return is attached;

c. Hills Center Office 1, LLC – Status Dissolved – Molinos Properties owned 21% - Hills
Center Office 1, LLC was bankrupted by Andrew Geller in 2008.  Geller would have tax
returns;

Jeremy Faith
Re: Loren and Sarah Miller
July 29, 2013
Page 2 of 3

d. First Star Associates, Inc. – Status Revoked – Owned 50% - Services only corporation that never owned anything.  Closed after Las Vegas real estate collapse. No Tax returns (more than 5 years old);

e. Mohave Minerals & Mining, LLC – Status Permanently Revoked – Mining company closed over 9 years ago.  No Tax returns (more than 5 years old);

F. Flamingo Cambridge, LLC – Status Permanently Revoked – Owned 33% - Sold real estate back in 2004 and closed permanently – No Tax returns (more than 5 years old)

g. Luxin Limited – Status Revoked – Resident Agent only – Did not own any position.

Next, I forward documents from Mr. Miller that refer to six Wells Fargo accounts and three Bank of America accounts.  The statement for Mr. Miller's Nevada Wells Fargo Bank account ending in 0403 is separated out.

Next, I attach, as a group, statements for: Mrs. Miller's Wells Fargo Bank accounts ending in 4710 and 8753; and Zoe Miller's Wells Fargo Bank account ending in 2685. Next in the group, Mr. Miller only had correspondence from Wells Fargo Bank that I attach, for the California accounts in his name ending in 9591 and 8548.  In addition, I provide correspondence for Mr. Miller's Bank of America accounts ending in 5983, 3794 and 0765.  As indicated on the letters, these accounts were drained by Mr. Geller and were closed after the levy.

I next attach as a packet the complete application by debtors for re-imbursement for damages caused by Mayflower Moving Company.

I next attach policy summaries for three Principal Life Insurance Policies insuring the lives of Mr. Miller, Mrs. Miller and Zoe Miller.

The information in this letter and the attachments provide the most complete response the Millers are able to provide to your inquiries, at this time.  Mr. Miller will continue to search for additional responsive material, as they continue to unpack.

In the mean time, now that I have this additional information, I am preparing amended schedules, statement of financial affairs and a business income and expense statement for the Nevada house rented out by the Millers.

As Mrs. Miller made emotionally clear, it is a very substantial hardship both financially and in their lives, for the Millers to come out to California.  This is particularly so on relatively short notice.  Therefore, it is my hope that once you have reviewed this

Jeremy Faith
Re: Loren and Sarah Miller
July 29, 2013
Page 3 of 3

response, you will be able to excuse the Millers from a further appearance.  If this is not possible, I urge you to continue the next scheduled meeting for more than thirty days, to at least allow the Millers to purchase airplane tickets at a reasonable price.

Thank you in advance for your consideration in this matter.

If you have any questions or comments please do not hesitate to communicate with me.

Yours Very Truly,

Vaughn C. Taus

Enclosures

CC: Clients.

# Exhibit E

TAB 13                    Page 220

```
                                              PAGE:      1
                          ACCOUNT:        120061872   09/30/2013
                          DOCUMENTS:              0
```

```
        FIRST STAR ASSOCIATES INC                      30
        702 WHITECAP DR                                 0
        EL LAGO TX  77586-5918                          0
```

==================================================================
Effective December 2, 2013, the Wire Transfer fee for outbound
international wires will decrease to $40.00 per transaction.
For questions, please contact your customer service representative.
==================================================================

BUSINESS MONEY MARKET ACCOUNT 120061872
==================================================================

| DESCRIPTION | DEBITS | CREDITS | DATE | BALANCE |
|---|---|---|---|---|
| BALANCE LAST STATEMENT ............................. | | | 08/30/13 | 3,010.96 |
| INTEREST | | .13 | 09/30/13 | 3,011.09 |
| BALANCE THIS STATEMENT ............................. | | | 09/30/13 | 3,011.09 |

```
TOTAL CREDITS       (1)          .13
TOTAL DEBITS        (0)          .00
```

- - - - - - - - - I N T E R E S T - - - - - - - - - -

| | | | |
|---|---|---|---|
| AVERAGE LEDGER BALANCE: | 3,010.96 | INTEREST EARNED: | .13 |
| AVERAGE AVAILABLE BALANCE: | 3,010.96 | DAYS IN PERIOD: | 31 |
| INTEREST PAID THIS PERIOD: | .13 | ANNUAL PERCENTAGE YIELD EARNED: | .05% |
| INTEREST PAID 2013: | 6.49 | | |

- - - ITEMIZATION OF OVERDRAFT AND RETURNED ITEM FEES - - -

```
***********************************************************************
*                         |  TOTAL FOR   |      TOTAL        *
*                         |  THIS PERIOD |  YEAR TO DATE      *
*-------------------------------------------------------------*
* TOTAL OVERDRAFT FEES:   |     $.00     |      $.00          *
*-------------------------------------------------------------*
* TOTAL RETURNED ITEM FEES: |   $.00     |      $.00          *
***********************************************************************
```

```
                                                        PAGE:        1
                              ACCOUNT:        120061872  08/30/2013
                              DOCUMENTS:              1
```

```
    FIRST STAR ASSOCIATES INC                          30
    702 WHITECAP DR                                     0
    EL LAGO TX  77586-5918                              1
```

```
===============================================================================
                BUSINESS MONEY MARKET ACCOUNT 120061872
===============================================================================
        DESCRIPTION          DEBITS       CREDITS    DATE        BALANCE

BALANCE LAST STATEMENT ............................ 07/31/13   18,010.53
CHECK # 350                    15,000.00            08/16/13    3,010.53
INTEREST                                      .43   08/30/13    3,010.96
BALANCE THIS STATEMENT ............................ 08/30/13    3,010.96

TOTAL CREDITS      (1)            .43
TOTAL DEBITS       (1)      15,000.00
```

```
===============================================================================
                      YOUR CHECKS SEQUENCED
===============================================================================
DATE...CHECK #......AMOUNT DATE...CHECK #......AMOUNT DATE...CHECK #......AMOUNT

08/16    350  15,000.00
```

```
          - - - - - - - - - - I N T E R E S T - - - - - - - - - -

AVERAGE LEDGER BALANCE:         10,510.53  INTEREST EARNED:              .43
AVERAGE AVAILABLE BALANCE:      10,510.53  DAYS IN PERIOD:                30
INTEREST PAID THIS PERIOD:            .43  ANNUAL PERCENTAGE YIELD EARNED:  .05%
INTEREST PAID 2013:                  6.36
```

```
        - - - ITEMIZATION OF OVERDRAFT AND RETURNED ITEM FEES - - -

    *******************************************************************
    *                          |    TOTAL FOR   |     TOTAL        *
    *                          |  THIS PERIOD   |  YEAR TO DATE    *
    *------------------------------------------------------------------*
    * TOTAL OVERDRAFT FEES:     |     $.00       |     $.00         *
    *------------------------------------------------------------------*
    * TOTAL RETURNED ITEM FEES: |     $.00       |     $.00         *
    *******************************************************************
```

```
                                          000            PAGE:     1
                            ACCOUNT:      120061872  07/31/2013
                            DOCUMENTS:         0
```

```
        FIRST STAR ASSOCIATES INC                    30
        702 WHITECAP DR                               0
        EL LAGO TX  77586-5918                        0
```

```
=============================================================
              BUSINESS MONEY MARKET ACCOUNT 120061872
=============================================================
       DESCRIPTION          DEBITS       CREDITS   DATE          BALANCE

BALANCE LAST STATEMENT ............................ 06/28/13     18,009.72
INTEREST                                    .81 07/31/13         18,010.53
BALANCE THIS STATEMENT ............................ 07/31/13     18,010.53

TOTAL CREDITS      (1)          .81
TOTAL DEBITS       (0)          .00

        - - - - - - - - - I N T E R E S T - - - - - - - - -

AVERAGE LEDGER BALANCE:       18,009.72  INTEREST EARNED:              .81
AVERAGE AVAILABLE BALANCE:    18,009.72  DAYS IN PERIOD:                33
INTEREST PAID THIS PERIOD:         .81  ANNUAL PERCENTAGE YIELD EARNED:  .05%
INTEREST PAID 2013:               5.93

        - - - ITEMIZATION OF OVERDRAFT AND RETURNED ITEM FEES - - -

        *********************************************************************
        *                          |    TOTAL FOR    |       TOTAL        *
        *                          |   THIS PERIOD   |   YEAR TO DATE     *
        *--------------------------------------------------------------------*
        * TOTAL OVERDRAFT FEES:     |      $.00       |       $.00        *
        *--------------------------------------------------------------------*
        * TOTAL RETURNED ITEM FEES: |      $.00       |       $.00        *
        *********************************************************************
```

```
                                                        PAGE:    1
                         ACCOUNT:        120061872  06/28/2013
                         DOCUMENTS:              0
```

```
        FIRST STAR ASSOCIATES INC                      30
        702 WHITECAP DR                                 0
        EL LAGO TX  77586-5918                          0
```

```
===========================================================================
                 BUSINESS MONEY MARKET ACCOUNT 120061872
===========================================================================
         DESCRIPTION          DEBITS      CREDITS    DATE          BALANCE

BALANCE LAST STATEMENT ............................. 05/31/13    18,009.03
INTEREST                               .69 06/28/13             18,009.72
BALANCE THIS STATEMENT ............................. 06/28/13    18,009.72

TOTAL CREDITS      (1)          .69
TOTAL DEBITS       (0)          .00

        - - - - - - - - - - I N T E R E S T - - - - - - - - - -

AVERAGE LEDGER BALANCE:      18,009.03  INTEREST EARNED:               .69
AVERAGE AVAILABLE BALANCE:   18,009.03  DAYS IN PERIOD:                 28
INTEREST PAID THIS PERIOD:         .69  ANNUAL PERCENTAGE YIELD EARNED: .05%
INTEREST PAID 2013:               5.12

        - - - ITEMIZATION OF OVERDRAFT AND RETURNED ITEM FEES - - -

        **************************************************************
        *                    |   TOTAL FOR    |      TOTAL        *
        *                    |  THIS PERIOD   |   YEAR TO DATE    *
        *--------------------------------------------------------------
        * TOTAL OVERDRAFT FEES:    |     $.00     |      $.00       *
        *--------------------------------------------------------------
        * TOTAL RETURNED ITEM FEES:  |   $.00     |      $.00       *
        **************************************************************
```

```
                                             PAGE:      1
                           ACCOUNT:    120061872   05/31/2013
                           DOCUMENTS:         1
```

```
FIRST STAR ASSOCIATES INC                              30
702 WHITECAP DR                                         1
EL LAGO TX  77586-5918                                  0
```

Effective June 1, 2013, the following fee change will apply to
Business Accounts: The Non-Sufficient Funds (NSF) paid/returned
item fee will increase to $35 from $32.50. Also the daily overdraft
fee will apply only on business days (weekends and state/federal
holidays are not considered business days).

### BUSINESS MONEY MARKET ACCOUNT 120061872

| DESCRIPTION | DEBITS | CREDITS | DATE | BALANCE |
|---|---|---|---|---|
| BALANCE LAST STATEMENT ......................... | | | 04/30/13 | 17,615.03 |
| DEPOSIT | | 393.25 | 05/20/13 | 18,008.28 |
| INTEREST | | .75 | 05/31/13 | 18,009.03 |
| BALANCE THIS STATEMENT ......................... | | | 05/31/13 | 18,009.03 |

```
TOTAL CREDITS      (2)       394.00
TOTAL DEBITS       (0)          .00
```

- - - - - - - - - I N T E R E S T - - - - - - - - - -

```
AVERAGE LEDGER BALANCE:        17,767.25  INTEREST EARNED:                     .75
AVERAGE AVAILABLE BALANCE:     17,767.25  DAYS IN PERIOD:                       31
INTEREST PAID THIS PERIOD:           .75  ANNUAL PERCENTAGE YIELD EARNED:   .05%
INTEREST PAID 2013:                 4.43
```

- - - ITEMIZATION OF OVERDRAFT AND RETURNED ITEM FEES - - -

```
***************************************************************
*                     |    TOTAL FOR    |       TOTAL       *
*                     |   THIS PERIOD   |    YEAR TO DATE    *
*---------------------------------------------------------------*
* TOTAL OVERDRAFT FEES:  |     $.00     |      $.00        *
*---------------------------------------------------------------*
* TOTAL RETURNED ITEM FEES: |  $.00     |      $.00        *
***************************************************************
```

```
                                                           PAGE:    1
                                 ACCOUNT:     120061872  04/30/2013
                                 DOCUMENTS:          0
```

```
     FIRST STAR ASSOCIATES INC                            30
     702 WHITECAP DR                                       0
     EL LAGO TX  77586-5918                                0
```

===========================================================================
     Effective June 1, 2013, the following fee change will apply to
     Business Accounts: The Non-Sufficient Funds (NSF) paid/returned
     item fee will increase to $35 from $32.50. Also the daily overdraft
     fee will apply only on business days (weekends and state/federal
     holidays are not considered business days).

===========================================================================
              BUSINESS MONEY MARKET ACCOUNT 120061872
===========================================================================

```
       DESCRIPTION             DEBITS      CREDITS    DATE         BALANCE

BALANCE LAST STATEMENT .............................. 03/29/13    17,614.26
INTEREST                                    .77 04/30/13          17,615.03
BALANCE THIS STATEMENT .............................. 04/30/13    17,615.03

TOTAL CREDITS      (1)              .77
TOTAL DEBITS       (0)              .00
```

         - - - - - - - - - - I N T E R E S T - - - - - - - - - - -

```
AVERAGE LEDGER BALANCE:       17,614.26  INTEREST EARNED:                .77
AVERAGE AVAILABLE BALANCE:    17,614.26  DAYS IN PERIOD:                  32
INTEREST PAID THIS PERIOD:          .77  ANNUAL PERCENTAGE YIELD EARNED: .05%
INTEREST PAID 2013:                3.68
```

          - - - ITEMIZATION OF OVERDRAFT AND RETURNED ITEM FEES - - -

```
     **************************************************************
     *                       |   TOTAL FOR   |      TOTAL        *
     *                       |  THIS PERIOD  |   YEAR TO DATE    *
     *-----------------------------------------------------------*
     * TOTAL OVERDRAFT FEES: |      $.00     |      $.00         *
     *-----------------------------------------------------------*
     * TOTAL RETURNED ITEM FEES: |  $.00     |      $.00         *
     **************************************************************
```

```
                                                     PAGE:       1
                          ACCOUNT:        120061872  03/29/2013
                          DOCUMENTS:              1
```

```
    FIRST STAR ASSOCIATES INC                        30
    702 WHITECAP DR                                   0
    EL LAGO TX  77586-5918                            1
```

NOTICE: By federal law, as of 1/1/2013, funds in a noninterest-bearing
transaction account ( including an IOLTA/IOLA ) will no longer receive
unlimited deposit insurance coverage, but will be FDIC-insured to the
legal maximum of $250,000 for each ownership category.
For more information, visit:
    http://www.fdic.gov/deposit/deposits/unlimited/expiration.html
                            BANK OF NEVADA
Effective 3/28/11, our funds availability policy has changed. Our policy
to make funds from deposits available to you generally on the first
business day after the date we receive your deposit has not changed.
However, if we must postpone availability of funds you deposit by check,
we have increased the amount that may be made available to you on the
first business day after your deposit date from $100 to $200.

```
              BUSINESS MONEY MARKET ACCOUNT 120061872
========================================================================
     DESCRIPTION           DEBITS      CREDITS   DATE       BALANCE
========================================================================
BALANCE LAST STATEMENT ..........................  02/28/13   20,113.51
CHECK # 349                  2,500.00             03/15/13   17,613.51
INTEREST                                    .75  03/29/13   17,614.26
BALANCE THIS STATEMENT ..........................  03/29/13   17,614.26

TOTAL CREDITS      (1)           .75
TOTAL DEBITS       (1)      2,500.00
```

```
                       YOUR CHECKS SEQUENCED
========================================================================
DATE...CHECK #......AMOUNT DATE...CHECK #......AMOUNT DATE...CHECK #......AMOUNT

03/15    349    2,500.00
                    * * * C O N T I N U E D * * *
```

```
                                                              PAGE:        2
                                       ACCOUNT:       120061872  03/29/2013
                                       DOCUMENTS:              1
```

FIRST STAR ASSOCIATES INC

```
=================================================================
              BUSINESS MONEY MARKET ACCOUNT 120061872
=================================================================
```

- - - - - - - - - - I N T E R E S T - - - - - - - - - -

```
AVERAGE LEDGER BALANCE:      18,820.40  INTEREST EARNED:                .75
AVERAGE AVAILABLE BALANCE:   18,820.40  DAYS IN PERIOD:                  29
INTEREST PAID THIS PERIOD:         .75  ANNUAL PERCENTAGE YIELD EARNED: .05%
INTEREST PAID 2013:               2.91
```

- - - ITEMIZATION OF OVERDRAFT AND RETURNED ITEM FEES - - -

```
***********************************************************************
*                      |      TOTAL FOR   |      TOTAL         *
*                      |    THIS PERIOD   |   YEAR TO DATE      *
*----------------------------------------------------------------------*
* TOTAL OVERDRAFT FEES:    |       $.00   |        $.00         *
*----------------------------------------------------------------------*
* TOTAL RETURNED ITEM FEES:    |    $.00   |        $.00         *
***********************************************************************
```

```
                                                                PAGE:     1
                                    ACCOUNT:        120061872   02/28/2013
                                    DOCUMENTS:              4
```

```
FIRST STAR ASSOCIATES INC                               30
239 ESPARTO AVE                                          0
PISMO BEACH CA  93449-1916                               4
```

NOTICE: By federal law, as of 1/1/2013, funds in a noninterest-bearing
transaction account ( including an IOLTA/IOLA ) will no longer receive
unlimited deposit insurance coverage, but will be FDIC-insured to the
legal maximum of $250,000 for each ownership category.
For more information, visit:
     http://www.fdic.gov/deposit/deposits/unlimited/expiration.html
                         BANK OF NEVADA
Effective 3/28/11, our funds availability policy has changed. Our policy
to make funds from deposits available to you generally on the first
business day after the date we receive your deposit has not changed.
However, if we must postpone availability of funds you deposit by check,
we have increased the amount that may be made available to you on the
first business day after your deposit date from $100 to $200.

BUSINESS MONEY MARKET ACCOUNT 120061872

| DESCRIPTION | DEBITS | CREDITS | DATE | BALANCE |
|---|---|---|---|---|
| BALANCE LAST STATEMENT .......................... | | | 01/31/13 | 29,012.63 |
| CHECK # 345 | 2,400.00 | | 02/05/13 | 26,612.63 |
| CHECK # 346 | 2,000.00 | | 02/07/13 | 24,612.63 |
| CHECK # 347 | 3,000.00 | | 02/07/13 | 21,612.63 |
| CHECK # 348 | 1,500.00 | | 02/26/13 | 20,112.63 |
| INTEREST | | .88 | 02/28/13 | 20,113.51 |
| BALANCE THIS STATEMENT .......................... | | | 02/28/13 | 20,113.51 |

```
TOTAL CREDITS      (1)        .88
TOTAL DEBITS       (4)   8,900.00
```

YOUR CHECKS SEQUENCED

```
DATE...CHECK #......AMOUNT DATE...CHECK #......AMOUNT DATE...CHECK #......AMOUNT

02/05     345   2,400.00 02/07     347   3,000.00
02/07     346   2,000.00 02/26     348   1,500.00
                * * *  C O N T I N U E D  * * *
```

```
                                                         00 00 03       PAGE:    2
                                              ACCOUNT:     120061872  02/28/2013
                                              DOCUMENTS:         4



        FIRST STAR ASSOCIATES INC

    =================================================================
                 BUSINESS MONEY MARKET ACCOUNT 120061872
    =================================================================

           - - - - - - - - - - - I N T E R E S T - - - - - - - - - - -

    AVERAGE LEDGER BALANCE:      22,866.20  INTEREST EARNED:                .88
    AVERAGE AVAILABLE BALANCE:   22,866.20  DAYS IN PERIOD:                  28
    INTEREST PAID THIS PERIOD:        .88   ANNUAL PERCENTAGE YIELD EARNED: .05%
    INTEREST PAID 2013:              2.16
    INTEREST PAID 2012:             17.71

         - - - ITEMIZATION OF OVERDRAFT AND RETURNED ITEM FEES - - -

      **********************************************************************
      *                      |      TOTAL FOR   |       TOTAL            *
      *                      |     THIS PERIOD  |    YEAR TO DATE        *
      *----------------------|------------------|------------------------*
      * TOTAL OVERDRAFT FEES: |        $.00      |        $.00           *
      *----------------------|------------------|------------------------*
      * TOTAL RETURNED ITEM FEES: |    $.00      |        $.00           *
      **********************************************************************
```

```
                                  000                    PAGE:       1
                          ACCOUNT:         120061872  01/31/2013
                          DOCUMENTS:              1
```

```
FIRST STAR ASSOCIATES INC                        30
239 ESPARTO AVE                                   0
PISMO BEACH CA  93449-1916                        1
```

=================================================================

NOTICE: By federal law, as of 1/1/2013, funds in a noninterest-bearing
transaction account ( including an IOLTA/IOLA ) will no longer receive
unlimited deposit insurance coverage, but will be FDIC-insured to the
legal maximum of $250,000 for each ownership category.
For more information, visit:
       http://www.fdic.gov/deposit/deposits/unlimited/expiration.html
                          BANK OF NEVADA
Effective 3/28/11, our funds availability policy has changed. Our policy
to make funds from deposits available to you generally on the first
business day after the date we receive your deposit has not changed.
However, if we must postpone availability of funds you deposit by check,
we have increased the amount that may be made available to you on the
first business day after your deposit date from $100 to $200.

=================================================================

BUSINESS MONEY MARKET ACCOUNT 120061872
=================================================================

| DESCRIPTION | DEBITS | CREDITS | DATE | BALANCE |
|---|---|---|---|---|
| BALANCE LAST STATEMENT ........................... | | | 12/31/12 | 30,511.35 |
| CHECK # 344 | 1,500.00 | | 01/25/13 | 29,011.35 |
| INTEREST | | 1.28 | 01/31/13 | 29,012.63 |
| BALANCE THIS STATEMENT ........................... | | | 01/31/13 | 29,012.63 |

| | | | |
|---|---|---|---|
| TOTAL CREDITS | (1) | 1.28 | |
| TOTAL DEBITS | (1) | 1,500.00 | |

=================================================================

YOUR CHECKS SEQUENCED
=================================================================

DATE...CHECK #......AMOUNT DATE...CHECK #......AMOUNT DATE...CHECK #......AMOUNT

01/25     344     1,500.00
                  * * *  C O N T I N U E D  * * *

```
                                        000056         PAGE:      2
                            ACCOUNT:        120061872  01/31/2013
                            DOCUMENTS:             1
```

FIRST STAR ASSOCIATES INC

```
==========================================================================
            BUSINESS MONEY MARKET ACCOUNT 120061872
==========================================================================

          - - - - - - - - - I N T E R E S T - - - - - - - - -

AVERAGE LEDGER BALANCE:      30,172.64  INTEREST EARNED:              1.28
AVERAGE AVAILABLE BALANCE:   30,172.64  DAYS IN PERIOD:                 31
INTEREST PAID THIS PERIOD:        1.28  ANNUAL PERCENTAGE YIELD EARNED: .05%
INTEREST PAID 2013:               1.28
INTEREST PAID 2012:              17.71

        - - - ITEMIZATION OF OVERDRAFT AND RETURNED ITEM FEES - - -

************************************************************************
*                         |  TOTAL FOR  |   TOTAL    |  PREVIOUS   *
*                         | THIS PERIOD | YEAR TO DATE | YEAR TOTAL *
*------------------------------------------------------------------*
* TOTAL OVERDRAFT FEES:    |    $.00  |      $.00  |      $.00  *
*------------------------------------------------------------------*
* TOTAL RETURNED ITEM FEES: |    $.00  |      $.00  |      $.00  *
************************************************************************
```

```
                                                           PAGE:    1
                              ACCOUNT:      120061872   12/31/2012
                              DOCUMENTS:            0
```

```
     FIRST STAR ASSOCIATES INC                              30
     239 ESPARTO AVE                                         0
     PISMO BEACH CA  93449-1916                              0
```

======================================================================

NOTICE: By federal law, as of 1/1/2013, funds in a noninterest-bearing
transaction account ( including an IOLTA/IOLA ) will no longer receive
unlimited deposit insurance coverage, but will be FDIC-insured to the
legal maximum of $250,000 for each ownership category.
For more information, visit:
     http://www.fdic.gov/deposit/deposits/unlimited/expiration.html
                          BANK OF NEVADA
Effective 3/28/11, our funds availability policy has changed. Our policy
to make funds from deposits available to you generally on the first
business day after the date we receive your deposit has not changed.
However, if we must postpone availability of funds you deposit by check,
we have increased the amount that may be made available to you on the
first business day after your deposit date from $100 to $200.

======================================================================
              BUSINESS MONEY MARKET ACCOUNT 120061872
======================================================================

| DESCRIPTION | DEBITS | CREDITS | DATE | BALANCE |
|---|---|---|---|---|
| BALANCE LAST STATEMENT ............................ | | | 11/30/12 | 31,510.02 |
| TELEPHONE TRANSFER REQUEST C/S | 1,000.00 | | 12/28/12 | 30,510.02 |
| INTEREST | | 1.33 | 12/31/12 | 30,511.35 |
| BALANCE THIS STATEMENT ............................ | | | 12/31/12 | 30,511.35 |

```
TOTAL CREDITS      (1)        1.33
TOTAL DEBITS       (1)    1,000.00
```

- - - - - - - - - - I N T E R E S T - - - - - - - - - -

```
AVERAGE LEDGER BALANCE:       31,380.98  INTEREST EARNED:                 1.33
AVERAGE AVAILABLE BALANCE:    31,380.98  DAYS IN PERIOD:                    31
INTEREST PAID THIS PERIOD:         1.33  ANNUAL PERCENTAGE YIELD EARNED:  .05%
INTEREST PAID 2012:               17.71
                   * * *  C O N T I N U E D  * * *
```

```
                                              PAGE:       2
                      ACCOUNT:       120061872   12/31/2012
                      DOCUMENTS:              0
```

```
         FIRST STAR ASSOCIATES INC

==================================================================
                 BUSINESS MONEY MARKET ACCOUNT 120061872
==================================================================

      - - - ITEMIZATION OF OVERDRAFT AND RETURNED ITEM FEES - - -

 ******************************************************************
 *                          |   TOTAL FOR   |      TOTAL       *
 *                          |  THIS PERIOD  |   YEAR TO DATE    *
 *-----------------------------------------------------------------*
 * TOTAL OVERDRAFT FEES:     |     $.00      |      $.00         *
 *-----------------------------------------------------------------*
 * TOTAL RETURNED ITEM FEES: |     $.00      |      $.00         *
 ******************************************************************
```

```
                                      010 000000           PAGE:        1
                               ACCOUNT:        120061872   11/30/2012
                               DOCUMENTS:             1
```

```
     FIRST STAR ASSOCIATES INC                          30
     239 ESPARTO AVE                                     0
     PISMO BEACH CA  93449-1916                          1
```

NOTICE: By federal law, as of 1/1/2013, funds in a noninterest-bearing
transaction account ( including an IOLTA/IOLA ) will no longer receive
unlimited deposit insurance coverage, but will be FDIC-insured to the
legal maximum of $250,000 for each ownership category.
For more information, visit:
     http://www.fdic.gov/deposit/deposits/unlimited/expiration.html
                         BANK OF NEVADA
Effective 3/28/11, our funds availability policy has changed. Our policy
to make funds from deposits available to you generally on the first
business day after the date we receive your deposit has not changed.
However, if we must postpone availability of funds you deposit by check,
we have increased the amount that may be made available to you on the
first business day after your deposit date from $100 to $200.

```
               BUSINESS MONEY MARKET ACCOUNT 120061872

     DESCRIPTION              DEBITS      CREDITS   DATE          BALANCE

BALANCE LAST STATEMENT ..............................  10/31/12    32,008.72
CHECK # 343                      500.00                11/02/12    31,508.72
INTEREST                                       1.30    11/30/12    31,510.02
BALANCE THIS STATEMENT ..............................  11/30/12    31,510.02

TOTAL CREDITS       (1)            1.30
TOTAL DEBITS        (1)          500.00
```

```
                       YOUR CHECKS SEQUENCED

DATE...CHECK #......AMOUNT DATE...CHECK #......AMOUNT DATE...CHECK #......AMOUNT

11/02     343      500.00
               * * *  C O N T I N U E D  * * *
```

```
                                                                PAGE:        2
                                               ACCOUNT:      120061872   11/30/2012
                                               DOCUMENTS:           1



          FIRST STAR ASSOCIATES INC

     ===========================================================================
                     BUSINESS MONEY MARKET ACCOUNT 120061872
     ===========================================================================

          - - - - - - - - - I N T E R E S T - - - - - - - - -

    AVERAGE LEDGER BALANCE:        31,525.38  INTEREST EARNED:                1.30
    AVERAGE AVAILABLE BALANCE:     31,525.38  DAYS IN PERIOD:                   30
    INTEREST PAID THIS PERIOD:          1.30  ANNUAL PERCENTAGE YIELD EARNED:  .05%
    INTEREST PAID 2012:                16.38

        - - - ITEMIZATION OF OVERDRAFT AND RETURNED ITEM FEES - - -

    *******************************************************************
    *                       |      TOTAL FOR  |       TOTAL         *
    *                       |    THIS PERIOD  |    YEAR TO DATE      *
    *-----------------------------------------------------------------*
    * TOTAL OVERDRAFT FEES:  |          $.00  |           $.00       *
    *-----------------------------------------------------------------*
    * TOTAL RETURNED ITEM FEES: |       $.00  |           $.00       *
    *******************************************************************
```

```
                                    000  ge           PAGE:         1
                                    ACCOUNT:       120061872  10/31/2012
                                    DOCUMENTS:            1
```

```
FIRST STAR ASSOCIATES INC                              30
239 ESPARTO AVE                                         0
PISMO BEACH CA  93449-1916                              1
```

```
=================================================================
                         BANK OF NEVADA
   Effective 3/28/11, our funds availability policy has changed. Our policy
   to make funds from deposits available to you generally on the first
   business day after the date we receive your deposit has not changed.
   However, if we must postpone availability of funds you deposit by check,
   we have increased the amount that may be made available to you on the
   first business day after your deposit date from $100 to $200.

=================================================================
            BUSINESS MONEY MARKET ACCOUNT 120061872
=================================================================
      DESCRIPTION          DEBITS     CREDITS    DATE         BALANCE

BALANCE LAST STATEMENT ..........................  09/28/12    44,086.94
TELEPHONE TRANSFER REQUEST C/S 4,000.00            10/09/12    40,086.94
CHECK # 342                   8,080.00             10/24/12    32,006.94
INTEREST                                  1.78     10/31/12    32,008.72
BALANCE THIS STATEMENT ..........................  10/31/12    32,008.72

TOTAL CREDITS      (1)        1.78
TOTAL DEBITS       (2)    12,080.00

=================================================================
                    YOUR CHECKS SEQUENCED
=================================================================
DATE...CHECK #......AMOUNT DATE...CHECK #......AMOUNT DATE...CHECK #......AMOUNT

10/24    342    8,080.00

           - - - - - - - - - I N T E R E S T - - - - - - - - - -

AVERAGE LEDGER BALANCE:        39,340.27  INTEREST EARNED:              1.78
AVERAGE AVAILABLE BALANCE:     39,340.27  DAYS IN PERIOD:                 33
INTEREST PAID THIS PERIOD:          1.78  ANNUAL PERCENTAGE YIELD EARNED:  .05%
INTEREST PAID 2012:                15.08
               * * *  C O N T I N U E D  * * *
```

```
                              000584            PAGE:    2
                       ACCOUNT:        120061872  10/31/2012
                       DOCUMENTS:             1



        FIRST STAR ASSOCIATES INC

     ========================================================================
                   BUSINESS MONEY MARKET ACCOUNT 120061872
     ========================================================================

         - - - ITEMIZATION OF OVERDRAFT AND RETURNED ITEM FEES - - -

     ****************************************************************
     *                         |   TOTAL FOR   |     TOTAL        *
     *                         |  THIS PERIOD  |  YEAR TO DATE    *
     *------------------------------------------------------------*
     * TOTAL OVERDRAFT FEES:    |     $.00      |      $.00        *
     *------------------------------------------------------------*
     * TOTAL RETURNED ITEM FEES:|     $.00      |      $.00        *
     ****************************************************************
```

```
                                                                    PAGE:     1
                                      ACCOUNT:     120061872  09/28/2012
                                      DOCUMENTS:            1




       FIRST STAR ASSOCIATES INC                              30
       239 ESPARTO AVE                                         0
       PISMO BEACH CA  93449-1916                              1


=================================================================================
                                BANK OF NEVADA
        Effective 3/28/11, our funds availability policy has changed. Our policy
        to make funds from deposits available to you generally on the first
        business day after the date we receive your deposit has not changed.
        However, if we must postpone availability of funds you deposit by check,
        we have increased the amount that may be made available to you on the
        first business day after your deposit date from $100 to $200.

=================================================================================
                  BUSINESS MONEY MARKET ACCOUNT 120061872
=================================================================================
            DESCRIPTION           DEBITS      CREDITS    DATE           BALANCE

BALANCE LAST STATEMENT ............................ 08/31/12        45,075.21
CHECK # 341                        990.00            09/27/12        44,085.21
INTEREST                                      1.73  09/28/12        44,086.94
BALANCE THIS STATEMENT ............................ 09/28/12        44,086.94

TOTAL CREDITS       (1)            1.73
TOTAL DEBITS        (1)          990.00

=================================================================================
                         YOUR CHECKS SEQUENCED
=================================================================================
DATE...CHECK #......AMOUNT DATE...CHECK #......AMOUNT DATE...CHECK #......AMOUNT

09/27    341    990.00

              - - - - - - - - - - I N T E R E S T - - - - - - - - - -

AVERAGE LEDGER BALANCE:          45,004.49  INTEREST EARNED:              1.73
AVERAGE AVAILABLE BALANCE:       45,004.49  DAYS IN PERIOD:                 28
INTEREST PAID THIS PERIOD:            1.73  ANNUAL PERCENTAGE YIELD EARNED: .05%
INTEREST PAID 2012:                  13.30
                        * * *  C O N T I N U E D  * * *
```

```
                                                          PAGE:     2
                               ACCOUNT:       120061872  09/28/2012
                               DOCUMENTS:             1
```

FIRST STAR ASSOCIATES INC

```
=================================================================
              BUSINESS MONEY MARKET ACCOUNT 120061872
=================================================================
```

- - - ITEMIZATION OF OVERDRAFT AND RETURNED ITEM FEES - - -

```
*****************************************************************
*                         |     TOTAL FOR  |     TOTAL       *
*                         |   THIS PERIOD  |  YEAR TO DATE   *
*------------------------------------------------------------*
* TOTAL OVERDRAFT FEES:   |       $.00     |       $.00      *
*------------------------------------------------------------*
* TOTAL RETURNED ITEM FEES:|      $.00     |       $.00      *
*****************************************************************
```

# Exhibit F

TAB 13                                    Page 241

Entity Details - Secretary of State, Nevada                                           Page 1 of 2

Home  |  About Ross  |  Calendar  |  News  |  FAQ  |  Forms  |  Contact Us

Search...

| Home | Information Center | Election Center | Business Center | Licensing Center | Securities Center | Online Services |
|------|------|------|------|------|------|------|

My Data Reports  Commercial Recordings  Licensing

## FIRST STAR ASSOCIATES, INC.

| New Search | | Printer Friendly | | Calculate Reinstatement Fees |
|---|---|---|---|---|

**Business Entity Information**

| | | | |
|---|---|---|---|
| Status: | Revoked | File Date: | 3/10/1997 |
| Type: | Domestic Corporation | Entity Number: | C4844-1997 |
| Qualifying State: | NV | List of Officers Due: | 3/31/2010 |
| Managed By: | | Expiration Date: | |
| NV Business ID: | NV19971121930 | Business License Exp: | |

**Registered Agent Information**

| | | | |
|---|---|---|---|
| Name: | LOREN MILLER | Address 1: | 11356 MERCADO PEAK DRIVE |
| Address 2: | | City: | LAS VEGAS |
| State: | NV | Zip Code: | 89135 |
| Phone: | | Fax: | |
| Mailing Address 1: | | Mailing Address 2: | |
| Mailing City: | | Mailing State: | |
| Mailing Zip Code: | | | |
| Agent Type: | Noncommercial Registered Agent | | |

View all business entities under this registered agent

**Financial Information**

| | | | |
|---|---|---|---|
| No Par Share Count: | 25,000.00 | Capital Amount: | $ 0 |

No stock records found for this company

**Officers**                                               ☐ Include Inactive Officers

**President - LOREN C MILLER**

| | | | |
|---|---|---|---|
| Address 1: | 11356 MERADO PEAK DRIVE | Address 2: | |
| City: | LAS VEGAS | State: | NV |
| Zip Code: | 89135 | Country: | |
| Status: | Active | Email: | |

**Secretary - LOREN C MILLER**

| | | | |
|---|---|---|---|
| Address 1: | 11356 MERADO PEAK DRIVE | Address 2: | |
| City: | LAS VEGAS | State: | NV |
| Zip Code: | 89135 | Country: | |
| Status: | Active | Email: | |

Exhibit F                                                    Page 53
TAB 13                                                       Page 242

# Exhibit G

TAB 13                                          Page 243



MARGULIES FAITH LLP

DECEMBER 19, 2013
Craig@MarguliesFaithlaw.com

**Sent Via U.S. Mail & Email (_winmill@cox.net_)**
Loren Miller, Chapter 7 Debtor
600 E. Medical Center Blvd., #1509
Webster, TX 77598

702 Whitecap Drive
Seabrook, TX 77586

   Re:   In re Loren Miller and Sarah Miller ("Debtors"), Case No. 9:13-bk-10313-RR

Dear Mr. Miller:

As you are aware, this firm represents Jeremy W. Faith, Chapter 7 Trustee in the above-referenced case. This letter
will serve as a formal demand for **immediate** turnover of the below items purchased by you from Kitco Metals, Inc.
("Kitco") as well as the $6,716 received by you for the 2012 state income tax refund. You failed to disclose these
items to the Trustee and our firm; however, we have uncovered their existence through our discovery processes.

We have in our possession information that you purchased a total of $27,173.38 in undisclosed gold and silver from
Kitco during the period of 2011 through 2012. The below is a chart outlining the transactions, which are hereinafter
referred to as the "Kitco Purchases." Itemized invoices of the Kitco Purchases are also attached as Exhibit 1 for your
reference.

| Item Purchased | Transaction Date | Quantity | Total Amount |
|---|---|---|---|
| Silver – 1 oz. American Eagle Coin | 1/23/2011 | 50 | $  1,540.00 |
| Silver – 1 oz. Maple Leaf Coin | 1/23/2011 | 50 | $  1,515.00 |
| Gold – 1 oz. American Eagle Coin | 2/17/2011 | 1 | $  1,461.07 |
| Gold – 1 oz. Maple Leaf Coin | 2/17/2011 | 1 | $  1,443.76 |
| Silver – 1 oz. Kitco Round Wafer 2010 | 3/11/2011 | 25 | $     931.50 |
| Gold – ½ oz. American Eagle Coin | 4/18/2011 | 1 | $     808.49 |
| Silver – 1 oz. American Eagle Coin | 4/18/2011 | 20 | $     948.60 |
| Silver – 1 oz. Maple Leaf Coin | 4/18/2011 | 25 | $  1,182.00 |
| Silver - $100 Bag of Coins | 4/27/2011 | 1 | $  3,497.78 |
| Gold – 1 oz. Perth Mint Bar | 8/4/2011 | 1 | $  1,680.90 |
| Gold – 1 oz. Bar | 8/4/2011 | 1 | $  1,673.80 |
| Gold – 1 oz. Maple Leaf Coin | 11/18/2011 | 1 | $  1,780.97 |
| Silver – 1 oz. Maple Leaf Coin | 11/18/2011 | 20 | $     707.80 |
| Silver - 1 oz. Mexican Libertad Coin | 11/6/2012 | 5 | $     172.15 |
| Gold – 1 oz. American Eagle Coin | 11/6/2012 | 4 | $  7,135.96 |
| Silver – 1 oz. American Eagle Coin | 11/6/2012 | 20 | $     693.60 |
|  | **TOTAL** |  | **$27,173.38** |

Debtor Loren Miller
December 19, 2013
Page 2


The Kitco Purchases are assets of the bankruptcy estate and must be immediately turned over to the Trustee. *See
Fontaine v. Conn (In re Fontaine),* 472 Fed. Appx. 738, 739 (9th Cir. 2012)(Pursuant to 11 U.S.C. § 541(a)(1),
'property of the estate' includes all legal and equitable interests that the debtor has in property as of the
commencement of the bankruptcy). Moreover, to the extent that some or all of the Kitco Purchases are not in your
possession, the Trustee requires documents and information detailing the location of the individual items listed in the
chart above. The Trustee is concurrently sending a turnover demand to Debtor Sarah Miller for any of the Kitco
Purchases that may be in her possession.

Secondly, we are informed that you recently received $6,716 from a California State 2012 income tax refund. These
funds are also property of the bankruptcy estate and must be immediately turned over to the Trustee. Please
immediately turnover the $6,716 by way of cashier's check made payable to: "Jeremy W. Faith, Chapter 7 Trustee,"
and sent to my attention at Margulies Faith LLP, 16030 Ventura Blvd., Ste. 470, Encino, CA 91436.

Finally, a continued mandatory 11 U.S.C. § 341(a) Meeting of Creditors is scheduled for December 23, 2013 at 11:00
a.m. Please be advised that this hearing has not been continued and you are under a Court Order to appear at the
meeting and to cooperate with the Trustee in the administration of this case. You have failed to appear at the prior §
341(a) Meetings of Creditors on August 26, 2013, September 16, 2013, October 28, 2013 and November 18, 2013, all
of which you were required to appear and your appearance was not excused by the Trustee. Please immediately
confirm to me whether you will appear at the December 23, 2013 Meeting of Creditors at the email listed on the first
page of this letter.

Your failure to comply with the above obligations will cause the Trustee to be forced to file a further Motion to Compel
your attendance as you are already in direct violation of the Bankruptcy Court's *Order Granting Chapter 7 Trustee's
Motion for Turnover of Property of the Estate and Order Directing Debtors to Appear at a Continued 11 U.S.C. §
341(a) Meeting of Creditors,* entered on June 18, 2013 as Dkt. No. 54 ("Turnover Order") for your failure to appear at
the continued meeting on November 18, 2013. A copy of the Turnover Order is attached as Exhibit 2 for your
reference.

The Kitco Purchases and a certified cashier's check $6,716 for the 2012 state tax refund must be received by the
Trustee no later than **Monday, December 23, 2013** at the continued meeting of creditors at the Office of the United
States Trustee, 128 E. Carrillo Street, Santa Barbara, California. If you fail to appear at this scheduled Meeting of
Creditors and comply with the foregoing turnover demands, the Trustee will bring a Motion for Turnover with the
bankruptcy court, and seek to hold you in contempt of the Turnover Order, including among other things, a request for
sanctions and to compel your attendance and cooperation.

Please immediately contact me and respond regarding your continued obligations, and the request for turnover and
compliance provided above. Please be informed that nothing stated or omitted hereinabove constitutes a waiver of
any of the Trustee's rights, remedies and/or claims. Thank you for your anticipated cooperation.

Very truly yours,

Craig G. Margulies

Enclosures
cc: Jeremy W. Faith, Chapter 7 Trustee
      Meghann Triplett, Esq.

**EXHIBIT 1**



| | |
|---|---|
| Phone: | 514-875-4820 |
| Toll Free: | 1-877-775-1826 |
| Internet: | www.kitco.com |
| Email: | info@kitco.com |
| Fax: | 514-875-6484 |

620 Cathcart #900, Montreal, Quebec CANADA  H3B 1M1

Thursday, December 5, 2013

## *Invoice*

**Loren Miller**
702 Whitecap Drive
Seabrook, TX  77586
USA

Phone:   ( 281 ) 4678226
Fax:
**Transaction #:**        20110123T60823
**Transaction Date:**    January 23, 2011 - 16:13

| Products | Unit Price | Quantity | Total |
|---|---|---|---|
| 3004 - Silver - 1 oz American Eagle Coin .999 | 30.80 | 50 | $ 1,540.00 |
| 3104 - Silver - 1 oz Maple Leaf Coin .9999 | 30.30 | 50 | $ 1,515.00 |
| Shipping | 30.00 | 1 | $ 30.00 |
| Insurance | 73.32 | 1 | $ 73.32 |

| | |
|---|---|
| Subtotal (before taxes) | $ 3,158.32 |
| **Total in $US Dollars** | **$ 3,158.32** |
| *Bank Wire* | *$ 3,158.32* |
| **Total Payments Received in $US Dollars** | **$ 3,158.32** |

| | |
|---|---|
| Total Amount Due in $US Dollars | $ 0.00 |

RS - SP

Thank you for ordering from Kitco. Please keep your customer ID (300170228) accessible for faster service on your next order.
Check your account status at http://www.kitco.com/service.



| | Phone: | 514-875-4820 |
| | Toll Free: | 1-877-775-4826 |
| | Internet: | www.kitco.com |
| | Email: | info@kitco.com |
| | Fax: | 514-875-6484 |

620 Cathcart #900, Montreal, Quebec  CANADA  H3B 1M1

Thursday, December 5, 2013

## Invoice

Loren Miller
702 Whitecap Drive
Seabrook, TX  77586
USA

Phone:    ( 281 ) 4678226
Fax:
**Transaction #:**        20110217T02173
**Transaction Date:**    February 17, 2011 - 18:07

| Products | Unit Price | Quantity | Total |
|---|---|---|---|
| 3000 - Gold - 1 oz American Eagle Coin .9167 | 1,461.07 | 1 | $ 1,461.07 |
| 3110 - Gold - 1 oz Maple Leaf Coin .9999 | 1,443.76 | 1 | $ 1,443.76 |
| Shipping | 30.00 | 1 | $ 30.00 |
| Insurance | 11.62 | 1 | $ 11.62 |

| | |
|---|---|
| Subtotal (before taxes) | $ 2,946.45 |

| | |
|---|---|
| Total in $US Dollars | $ 2,946.45 |
| *Bank Wire* | $ 2,946.45 |
| Total Payments Received in $US Dollars | $ 2,946.45 |

**Total Amount Due in $US Dollars**                                                $ 0.00

RS - RM

Thank you for ordering from Kitco. Please keep your customer ID (300170228) accessible for faster service on your next order.
Check your account status at http://www.kitco.com/service.



| | | |
|---|---|---|
| Phone: | 514-875-4820 |
| Toll Free: | 1-877-775-4826 |
| Internet: | www.kitco.com |
| Email: | info@kitco.com |
| Fax: | 514-875-6484 |

620 Cathcart #900, Montreal, Quebec  CANADA  H3B 1M1

Thursday, December 5, 2013

*Invoice*

Loren Miller
702 Whitecap Drive
Seabrook, TX  77586
USA

Phone:  ( 281 ) 4678226
Fax:
Transaction #:      20110311T02413
Transaction Date:   March 11, 2011 – 16:44

| Products | Unit Price | Quantity | Total |
|---|---|---|---|
| 1117 - Silver - 1 oz Kitco Round Wafer 2010 .9999 | 37.26 | 25 | $ 931.50 |
| Shipping | 30.00 | 1 | $ 30.00 |
| Insurance | 22.36 | 1 | $ 22.36 |

| | |
|---|---|
| Subtotal (before taxes) | $ 983.86 |
| Total in $US Dollars | $ 983.86 |
| Bank Wire | $ 983.86 |
| Total Payments Received in $US Dollars | $ 983.86 |

| | |
|---|---|
| Total Amount Due in $US Dollars | $ 0.00 |

AO - CD

Thank you for ordering from Kitco. Please keep your customer ID (300170228) accessible for faster service on your next order.
Check your account status at http://www.kitco.com/service.



| | |
|---|---|
| Phone: | 514-875-4820 |
| Toll Free: | 1-877-775-4826 |
| Internet: | www.kitco.com |
| Email: | info@kitco.com |
| Fax: | 514-875-6484 |

620 Cathcart #900, Montreal, Quebec  CANADA  H3B 1M1

Thursday, December 5, 2013

## *Invoice*

Loren Miller
702 Whitecap Drive
Seabrook, TX  77586
USA

Phone:   ( 281 ) 4678226
Fax:
**Transaction #:**      20110418T02760
**Transaction Date:**   April 18, 2011 - 14:50

| Products | Unit Price | Quantity | Total |
|---|---|---|---|
| 3001 - Gold - 1/2 oz American Eagle Coin .9167 | 808.49 | 1 | $ 808.49 |
| 3004 - Silver - 1 oz American Eagle Coin .999 | 47.43 | 20 | $ 948.60 |
| 3104 - Silver - 1 oz Maple Leaf Coin .9999 | 47.28 | 25 | $ 1,182.00 |
| Shipping | 30.00 | 1 | $ 30.00 |
| Insurance | 19.21 | 1 | $ 19.21 |

|  |  |
|---|---|
| **Subtotal (before taxes)** | **$ 2,988.30** |
| **Total In $US Dollars** | **$ 2,988.30** |
| *Cashier's Check* | *$ 2,988.30* |
| **Total Payments Received in $US Dollars** | **$ 2,988.30** |
| Total Amount Due in $US Dollars | $ 0.00 |

TV - SP

Thank you for ordering from Kitco. Please keep your customer ID (300170228) accessible for faster service on your next order.
Check your account status at http://www.kitco.com/service.



| | Phone: | 514-875-4820 |
| | Toll Free: | 1-877-775-4826 |
| | Internet: | www.kitco.com |
| | Email: | info@kitco.com |
| | Fax: | 514-875-6484 |

620 Cathcart #900, Montreal, Quebec, CANADA  H3B 1M1

Thursday, December 5, 2013

*Invoice*

Loren Miller
702 Whitecap Drive
Seabrook, TX  77586
USA

Phone:    ( 281 ) 4678226
Fax:
**Transaction #:**     20110427T05565
**Transaction Date:**  April 27, 2011 - 20:44

| Products | Unit Price | Quantity | Total |
|---|---|---|---|
| 881 - Silver - $100 Bag of Coins .900 | 3,497.78 | 1 | $ 3,497.78 |
| Shipping | 30.00 | 1 | $ 30.00 |
| Insurance | 26.23 | 1 | $ 26.23 |

| | |
|---|---|
| Subtotal (before taxes) | $ 3,554.01 |
| Total in $US Dollars | $ 3,554.01 |
| *Cashier's Check* | *$ 3,554.01* |
| Total Payments Received in $US Dollars | $ 3,554.01 |

| Total Amount Due in $US Dollars | $ 0.00 |
|---|---|

TV - SP

Thank you for ordering from Kitco. Please keep your customer ID (300170228) accessible for faster service on your next order.
Check your account status at http://www.kitco.com/service.



| | |
|---|---|
| Phone: | 514-875-4820 |
| Toll Free: | 1-877-775-4826 |
| Internet: | www.kitco.com |
| Email: | info@kitco.com |
| Fax: | 514-875-6484 |

620 Cathcart #900, Montreal, Quebec  CANADA  H3B 1M1

Thursday, December 5, 2013

### *Invoice*

Loren Miller
702 Whitecap Drive
Seabrook, TX  77586
USA

Phone:    ( 281 ) 4678226
Fax:
**Transaction #:**      20110804T02994
**Transaction Date:**   August 4, 2011 - 13:14

| Products | Unit Price | Quantity | Total |
|---|---|---|---|
| 101202 - Gold - 1 oz Perth Mint Bar .9999 | 1,680.90 | 1 | $ 1,680.90 |
| Shipping | 30.00 | 1 | $ 30.00 |
| Insurance | 6.72 | 1 | $ 6.72 |

| | |
|---|---|
| Subtotal (before taxes) | $ 1,717.62 |

| | |
|---|---|
| Total in $US Dollars | $ 1,717.62 |
| *Cashier's Check* | *$ 1,717.62* |
| **Total Payments Received in $US Dollars** | **$ 1,717.62** |

**Total Amount Due in $US Dollars**                             $ 0.00

TV - SP

Thank you for ordering from Kitco. Please keep your customer ID (300170228) accessible for faster service on your next order.
Check your account status at http://www.kitco.com/service



| | |
|---|---|
| | Phone: 514-875-4820 |
| | Toll Free: 1-877-775-4826 |
| | Internet: www.kitco.com |
| | Email: info@kitco.com |
| | Fax: 514-875-6484 |

620 Cathcart #900, Montreal, Quebec  CANADA  H3B 1M1

Thursday, December 5, 2013

## *Invoice*

Loren Miller
702 Whitecap Drive
Seabrook, TX  77586
USA

Phone:   ( 281 ) 4678226
Fax:
Transaction #:      20110804T05569
Transaction Date:   August 4, 2011 - 16:44

| Products | Unit Price | Quantity | Total |
|---|---|---|---|
| 1009 - Gold - 1 oz Bar .9999 | 1,673.80 | 1 | $ 1,673.80 |
| Shipping | 30.00 | 1 | $ 30.00 |
| Insurance | 6.70 | 1 | $ 6.70 |

| | |
|---|---|
| Subtotal (before taxes) | $ 1,710.50 |
| **Total in $US Dollars** | **$ 1,710.50** |
| *Cashier's Check* | *$ 1,710.50* |
| **Total Payments Received in $US Dollars** | **$ 1,710.50** |

Total Amount Due in $US Dollars            $ 0.00

TV - RM

Thank you for ordering from Kitco. Please keep your customer ID (300170228) accessible for faster service on your next order.
Check your account status at http://www.kitco.com/service.



| | |
|---|---|
| Phone: | 514-875-4820 |
| Toll Free: | 1-877-775-4826 |
| Internet: | www.kitco.com |
| Email: | info@kitco.com |
| Fax: | 514-875-6484 |

620 Cathcart #900, Montreal, Quebec CANADA  H3B 1M1

Thursday, December 5, 2013

## *Invoice*

Loren Miller
702 Whitecap Drive
Seabrook, TX  77586
USA

Phone:    ( 281 ) 4678226
Fax:
Transaction #:    20111118T01477
Transaction Date:    November 18, 2011 - 13:12

| Products | Unit Price | Quantity | Total |
|---|---|---|---|
| 3110 - Gold - 1 oz Maple Leaf Coin .9999 | 1,780.97 | 1 | $ 1,780.97 |
| 3104 - Silver - 1 oz Maple Leaf Coin .9999 | 35.39 | 20 | $ 707.80 |
| Shipping | 30.00 | 1 | $ 30.00 |
| Insurance | 12.43 | 1 | $ 12.43 |

| | |
|---|---|
| Subtotal (before taxes) | $ 2,531.20 |
| Total in $US Dollars | $ 2,531.20 |
| Personal Check | $ 2,531.20 |
| Total Payments Received in $US Dollars | $ 2,531.20 |

Total Amount Due in $US Dollars          $ 0.00

AO - AL

Thank you for ordering from Kitco. Please keep your customer ID (300170228) accessible for faster service on your next order.
Check your account status at http://www.kitco.com/service.



| | | Phone: | 514-875-4620 |
| | | Toll Free: | 1-877-775-4826 |
| | | Internet: | www.kitco.com |
| | | Email: | info@kitco.com |
| | | Fax: | 514-875-6484 |

620 Cathcart #900, Montreal, Quebec  CANADA  H3B 1M1

Thursday, December 5, 2013

## *Invoice*

Loren Miller
702 Whitecap Drive
Seabrook, TX  77586
USA

Phone:   ( 281 ) 4678226
Fax:
**Transaction #:**      20121106T00982
**Transaction Date:**   November 6, 2012 - 14:12

| Products | Unit Price | Quantity | Total |
|---|---|---|---|
| 813 - 1 oz Silver Mexican Libertad Coin .999 (>=1996) | 34.43 | 5 | $ 172.15 |
| 3000 - 1 oz Gold American Eagle Coin .9167 | 1,783.98989 | 4 | $ 7,135.96 |
| 3004 - 1 oz Silver American Eagle Coin .999 | 34.68 | 20 | $ 693.60 |
| Shipping | 30.00 | 1 | $ 30.00 |
| Insurance | 35.04 | 1 | $ 35.04 |

| | |
|---|---|
| Subtotal (before taxes) | $ 8,066.75 |
| Total in $US Dollars | $ 8,066.75 |
| *Funds on Account* | $ 8,066.75 |
| Total Payments Received in $US Dollars | $ 8,066.75 |
| Total Amount Due in $US Dollars | $ 0.00 |

CI - FS

Thank you for ordering from Kitco. Please keep your customer ID (300170228) accessible for faster service on your next order.
Check your account status at http://www.kitco.com/service.

Exhibit G                                    Page 65
TAB 13                                       Page 255



KITCO ACCOUNT:
300170228

Date: December 6, 2013

**Loren Miller**

| Transaction Date | KITCO Transaction Number | Transaction Description | Customer Payment Method | Kitco Payment Method | Transaction Currency | Transaction Amount | UPS Tracking Number(s) | FEDEX Tracking Number(s) |
|---|---|---|---|---|---|---|---|---|
| 23-Jan-11 | 20110123T60823 | Purchase | Bank Wire | | USD | $ 3,158.32 | 1ZE6F8993594462728 | |
| 17-Feb-11 | 20110217T02173 | Purchase | Bank Wire | | USD | $ 2,946.45 | 1ZE6F8993592128647 | |
| 11-Mar-11 | 20110311T02413 | Purchase | Bank Wire | | USD | $ 983.86 | 1ZE6F8093995239654 | |
| 18-Apr-11 | 20110418T02760 | Purchase | Cashier's Check | | USD | $ 2,988.90 | 1ZE6F8995991804026 1ZE6F8993996242517 | |
| 27-Apr-11 | 20110427T05565 | Purchase | Cashier's Check | | USD | $ 3,554.01 | 1ZE6F8993593716394 | |
| 4-Aug-11 | 20110804T02994 | Purchase | Cashier's Check | | USD | $ 1,717.62 | | 7950 9280 6310 |
| 4-Aug-11 | 20110804T05569 | | | | USD | $ 1,710.50 | | |
| 16-Aug-11 | G10011628 | Shipping Credit | | | USD | $ 30.00 | N/A | |
| 18-Nov-11 | 20111118T02477 | Purchase | Company Business Check | | USD | $ 2,531.20 | | 7954 8859 5517 |
| 23-Oct-12 | FOA140109 | Funds on Account | Company Business Check | | USD | $ 8,080.00 | N/A | |
| 6-Nov-12 | 20121106T00582 | Purchase | Company Business Check | | USD | $ 8,066.75 | 1Z72864BA746714531 | |
| 6-May-13 | FOA153835 | Check Refund | | Company Business Check | USD | $ 43.25 | N/A | |

# PROOF OF SERVICE OF DOCUMENT

I am over the age of 18 and not a party to this bankruptcy case or adversary proceeding.  My business address is: 16030 Ventura Blvd., Suite 470, Encino, CA 91436

A true and correct copy of the foregoing document entitled **OPPOSITION OF JEREMY W. FAITH, CHAPTER 7 TRUSTEE, TO DEBTOR LOREN MILLER'S AMENDED MOTION TO CONVERT CASE TO CHAPTER 11; REQUEST FOR HEARING; AND DECLARATIONS IN SUPPORT THEREOF** will be served or was served **(a)** on the judge in chambers in the form and manner required by LBR 5005-2(d); and **(b)** in the manner stated below:

**1. TO BE SERVED BY THE COURT VIA NOTICE OF ELECTRONIC FILING (NEF):** Pursuant to controlling General Orders and LBR, the foregoing document will be served by the court via NEF and hyperlink to the document. On January 29, 2014, I checked the CM/ECF docket for this bankruptcy case or adversary proceeding and determined that the following persons are on the Electronic Mail Notice List to receive NEF transmission at the email addresses stated below:

Howard Camhi    hcamhi@ecjlaw.com, kanthony@ecjlaw.com
Mark D Estle    mark.estle@buckleymadole.com
Jeremy W. Faith (TR)    jfaith@7trustee.net, C118@ecfcbis.com;Helen@MarguliesFaithLaw.com;leedowding@gmail.com
Robert E Hurlbett    bob@hurlbettlaw.com, reed@hurlbettlaw.com
Craig G Margulies    craig@marguliesfaithlaw.com,
staci@marguliesfaithlaw.com;mhillel@marguliesfaithlaw.com;fahim@marguliesfaithlaw.com
Faye C Rasch    frasch@ecjlaw.com, kanthony@ecjlaw.com
Vaughn C Taus    tauslawyer@gmail.com
Meghann A Triplett    Meghann@MarguliesFaithlaw.com,
Helen@MarguliesFaithlaw.com;MF_ecf@ecf.inforuptcy.com;Marta@MarguliesFaithLaw.com
United States Trustee (ND)    ustpregion16.nd.ecf@usdoj.gov

☐ Service information continued on attached page

**2. SERVED BY UNITED STATES MAIL:**
On January 29, 2014, I served the following persons and/or entities at the last known addresses in this bankruptcy case or adversary proceeding by placing a true and correct copy thereof in a sealed envelope in the United States mail, first class, postage prepaid, and addressed as follows. Listing the judge here constitutes a declaration that mailing to the judge will be completed no later than 24 hours after the document is filed.

Honorable Robin L. Riblet, U.S. Bankruptcy Judge, 1415 State Street, Santa Barbara, CA 93101
Debtor: Loren Miller and Sarah Miller, 702 Whitecap Drive, Seabrook, TX 77586
Debtor: Loren Miller 600 E. Medical Center Blvd. #1509, Webster, TX 77598
Office of the United States Trustee, 915 Wilshire blvd., Suite 1850, Los Angeles CA

☐ Service information continued on attached page

**3. SERVED BY PERSONAL DELIVERY, OVERNIGHT MAIL, FACSIMILE TRANSMISSION OR EMAIL (state method for each person or entity served):**  Pursuant to F.R.Civ.P. 5 and/or controlling LBR, on _____, I served the following persons and/or entities by personal delivery, overnight mail service, or (for those who consented in writing to such service method), by facsimile transmission and/or email as follows.  Listing the judge here constitutes a declaration that personal delivery on, or overnight mail to, the judge will be completed no later than 24 hours after the document is filed.

☐ Service information continued on attached page

I declare under penalty of perjury under the laws of the United States that the foregoing is true and correct.

| January 29, 2014 | Helen Cardoza | /s/ Helen Cardoza |
|---|---|---|
| Date | Printed Name | Signature |

This form is mandatory.  It has been approved for use by the United States Bankruptcy Court for the Central District of California.

*June 2012*

**F 9013-3.1.PROOF.SERVICE**

TAB 13

**Page 257**

# TAB 14

1  Howard I. Camhi (SBN 149194)
   **ERVIN, COHEN & JESSUP LLP**
2  9401 Wilshire Boulevard, Ninth Floor
   Beverly Hills, California 90212-2974
3  Telephone  (310) 273-6333
   Facsimile  (310) 859-2325
4  hcamhi@ecjlaw.com

5  Attorneys for Andrew D. Geller and
   Andrew D. Geller and Eileen B. Geller,
6  Trustees of the Geller Trust dated September 2, 1987

7

8                    **UNITED STATES BANKRUPTCY COURT**

9                     **CENTRAL DISTRICT OF CALIFORNIA**

10                         **NORTHERN DIVISION**

11  In re                                ) Case No. 9:13-bk-10313-RR
                                         )
12  LOREN MILLER AND SARAH MILLER,       ) Chapter 7
                                         )
13          Debtors.                     ) **PRELIMINARY OPPOSITION TO**
                                         ) **DEBTOR'S AMENDED MOTION TO**
14                                       ) **CONVERT CASE**
                                         )
15                                       ) **HEARING REQUESTED PURSUANT TO**
                                         ) **LOCAL BANKRUPTCY RULE 9013-1(o)**
16                                       )
                                         ) **Date:**
17                                       ) **Time:**
                                         ) **Place:** Courtroom 201
18  _____ )           1415 State Street
                                                     Santa Barbara, California
19

20       **TO THE HONORABLE ROBIN RIBLET, UNITED STATES BANKRUPTCY**

21  **JUDGE; DEBTORS LOREN AND SARAH MILLER, JEREMY FAITH, CHAPTER 7**

22  **TRUSTEE, AND ALL OTHER PARTIES IN INTEREST:**

23       Creditors Andrew D. Geller and Andrew D. Geller and Eileen B. Geller, Trustees of the

24  Geller Trust dated September 2, 1987 (collectively referred to herein as "the Gellers") hereby file

25

26

27

28

Ervin, Cohen
& Jessup LLP     13954.10:1944931.1
                 _____
                         OPPOSITION TO AMENDED MOTION TO CONVERT CASE

TAB 14                                          Page 258

1   their Preliminary Opposition to the Debtor Loren Miller's Amended Motion to Convert Case[1]

2   (hereinafter, the "Motion") and request a hearing on the Motion pursuant to Local Bankruptcy

3   Rule 9013-1(o).  In support of this Preliminary Opposition, the Gellers respectfully submit as

4   follows:

5

6           Once again, Debtor Loren Miller has submitted a "check the box" motion which fails to

7   provide any basis or admissible evidence regarding the Debtors' ability to operate in a Chapter 11

8   much less how they can confirm a Plan of Reorganization.

9           The Gellers are aware of the general policy of allowing honest Chapter 7 debtors to

10  convert to Chapter 11 in a good faith effort to repay debts.  Here, however, as the record in the

11  main case and the two pending adversaries[2] demonstrate, these are not honest debtors.  These

12  Debtors are not acting in good faith.  For example, these Debtors were ordered by this Court to

13  appear at their 341(a) meeting (which they did after numerous non-appearances) and to turn over

14  to the Trustee $182,000.00 scheduled as property of the estate.  See Docket #54  The Debtors have

15  failed to do so.  The debtors have testified under oath at their 341(a) meeting that they did not, and

16  cannot, comply with this Court's Order because they used much of that estate money for their own

17  post-petition personal purposes, such as moving to Texas.

18          In addition, the Debtors have filed documents in this Court indicating they are in dire

19

20  financial straits and even a single appearance at their 341(a) meeting caused a great financial

21  hardship on them.  Based on their admitted financial situation, it appears that the Debtors will

22

23

24  [1] The Gellers' counsel received a copy of the Debtor's Amended Notice of Motion and Amended Motion to Convert
      Case. The Amended Notice and Motion are not listed on the Court's Docket and may never have actually be

25    filed by the Debtors. Therefore, counsel will be linking this Opposition to the Debtor's original Motion to
      Convert, listed as Docket #79.  Upon request, the Gellers will submit a copy of the Amended Notice and

26    Amended Motion their counsel received.

27  [2] The Trustee has sued the Debtors objecting to their discharge and the Gellers have filed an adversary proceeding
        pursuant to 11 U.S.C. 523 and 727.

28

Ervin, Cohen
& Jessup LLP     13954.10:1944931.1                                    2
                                     OPPOSITION TO AMENDED MOTION TO CONVERT CASE

TAB 14                                    Page 259

1    never be able to fund a Chapter 11 case and cannot confirm any plan of reorganization.

2         **A.    This Court Has The Power To Deny The Motion**

3         Section 706 authorizes a Chapter 7 debtor to convert a case to another chapter so long as

4    he is eligible for relief and the case has not previously been converted.  Courts have held that

5    Section 706 does not confer upon the debtor an absolute right to convert even if those two

6    conditions are met.  Bankruptcy Courts are permitted to deny a debtor's motion to convert where

7

8    the Court determines the debtor engaged in bad faith conduct.  See, i.e., *In re: Marrama*, 430 F.3d

9    474 (1st Cir. 2005), *aff'd*, 549 U.S. 365, 127 S.Ct. 1105.  In addition, a Bankruptcy Court does not

10   abuse its discretion in denying a debtor's motion to convert their case to Chapter 11 where the

11   record shows that the Debtor did not tell the truth and signed things under oath and penalty of

12   perjury that were not true.  *In re Levesque*, 2012 WL 2400886 (9th Cir. B.A.P. 2012).

13        Based on the foregoing authorities, it is clear this Court has the power to deny the Motion.

14   Based on the Debtors' bad faith conduct including their failure to comply with direct Orders of

15   this Court, coupled with the clear intent of the Debtors to attempt to convert in an effort to avoid

16   the adversary proceedings against them, the Court should exercise its discretion to deny the

17   Motion.  Denial of the Motion is additionally supported due to the utter lack of any admissible

18   evidence suggesting that Debtors can sustain a Chapter 11 or eventually confirm a Plan of

19   Reorganization.

20   \ \ \

21   \ \ \

22   \ \ \

23   \ \ \

24   \ \ \

25   \ \ \

26   \ \ \

27

28

Ervin, Cohen
& Jessup LLP

13954.10:1944931.1                                3
                              OPPOSITION TO AMENDED MOTION TO CONVERT CASE

TAB 14                                Page 260

1    Alternatively, if this Court is not inclined to deny the Motion without a hearing, the Gellers

2    respectfully request this Court set a hearing on the Motion along with a briefing schedule to enable

3    the Gellers to more fully apprise the Court of the facts and circumstances that militate against

4    conversion of this case to Chapter 11.

5    DATED: January 14, 2014             ERVIN COHEN & JESSUP LLP

6

7

8    By: _____
                                          Howard I. Camhi
9                                          Attorneys for Andrew D. Geller and
                                          Andrew D. Geller and Eileen B. Geller,
10                                         Trustees of the Geller Trust dated September 2,
                                          1987
11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28

Ervin, Cohen
& Jessup LLP     13954.10:1944931.1                          4
                                      OPPOSITION TO AMENDED MOTION TO CONVERT CASE

TAB 14                                    Page 261

# PROOF OF SERVICE OF DOCUMENT

I am over the age of 18 and not a party to this bankruptcy case or adversary proceeding.  My business address is:

9401 Wilshire Blvd., 9th Floor, Beverly Hills, CA 90212

A true and correct copy of the foregoing document entitled (*specify*):

PRELIMINARY OPPOSITION TO DEBTOR'S AMENDED MOTION TO CONVERT CASE

HEARING REQUESTED PURSUANT TO LOCAL BANKRUPTCY RULE 9013-1(o)

will be served or was served **(a)** on the judge in chambers in the form and manner required by LBR 5005-2(d); and **(b)** in the manner stated below:

**1.  TO BE SERVED BY THE COURT VIA NOTICE OF ELECTRONIC FILING (NEF)**:  Pursuant to controlling General Orders and LBR, the foregoing document will be served by the court via NEF and hyperlink to the document. On January 14, 2014, I checked the CM/ECF docket for this bankruptcy case or adversary proceeding and determined that the following persons are on the Electronic Mail Notice List to receive NEF transmission at the email addresses stated below:

☒ Service information continued on attached page

**2.  SERVED BY UNITED STATES MAIL**:
On January 14, 2014, I served the following persons and/or entities at the last known addresses in this bankruptcy case or adversary proceeding by placing a true and correct copy thereof in a sealed envelope in the United States mail, first class, postage prepaid, and addressed as follows. Listing the judge here constitutes a declaration that mailing to the judge <u>will be completed</u> no later than 24 hours after the document is filed.

☒ Service information continued on attached page

**3.  SERVED BY PERSONAL DELIVERY, OVERNIGHT MAIL, FACSIMILE TRANSMISSION OR EMAIL** (state method for each person or entity served): Pursuant to F.R.Civ.P. 5 and/or controlling LBR, on _____, I served the following persons and/or entities by personal delivery, overnight mail service, or (for those who consented in writing to such service method), by facsimile transmission and/or email as follows. Listing the judge here constitutes a declaration that personal delivery on, or overnight mail to, the judge <u>will be completed</u> no later than 24 hours after the document is filed.

☐ Service information continued on attached page

I declare under penalty of perjury under the laws of the United States that the foregoing is true and correct.

| January 14, 2014 | KIMBERLY ANTHONY | /s/Kimberly Anthony |
|---|---|---|
| Date | Printed Name | Signature |

---

13954.10:1781102.1This form is mandatory.  It has been approved for use by the United States Bankruptcy Court for the Central District of California.

June 2012

**F 9013-3.1.PROOF.SERVICE**

TAB 14                                              Page 262

# SERVICE LIST

1. **TO BE SERVED BY THE COURT VIA NOTICE OF ELECTRONIC FILING (NEF)**:

- Mark D Estle  -  mark.estle@buckleymadole.com
- Jeremy W. Faith (TR)  -  jfaith@7trustee.net,
  C118@ecfcbis.com;Helen@MarguliesFaithLaw.com;leedowding@gmail.com
- Robert E Hurlbett  -  bob@hurlbettlaw.com, reed@hurlbettlaw.com
- Craig G Margulies  -  craig@marguliesfaithlaw.com,
  staci@marguliesfaithlaw.com;denisse@marguliesfaithlaw.com;fahim@marguliesfaithlaw.com
- Craig G Margulies  -  craig@marguliesfaithlaw.com,
  staci@marguliesfaithlaw.com;denisse@marguliesfaithlaw.com;fahim@marguliesfaithlaw.com
- Vaughn C Taus  -  tauslawyer@gmail.com
- Meghann A Triplett  -  Meghann@MarguliesFaithlaw.com,
  Helen@MarguliesFaithlaw.com;MF_ecf@ecf.inforuptcy.com;Marta@MarguliesFaithLaw.com
- Meghann A Triplett  -  Meghann@MarguliesFaithlaw.com,
  Helen@MarguliesFaithlaw.com;MF_ecf@ecf.inforuptcy.com;Marta@MarguliesFaithLaw.com
- United States Trustee (ND)  -  ustpregion16.nd.ecf@usdoj.gov

2. **SERVED BY UNITED STATES MAIL**:

Hon. Robin L. Riblet
U.S. Bankruptcy Court
1415 State St., 2nd Floor
Santa Barbara, CA 93101

Debtor
Loren Miller
600 E. Medical Center Blvd. #1509
Webster, TX 77598

Debtor
Sarah Miller
702 Whitecap Dr.
Seabrook, TX 77586

13954.10:1781102.1This form is mandatory.  It has been approved for use by the United States Bankruptcy Court for the Central District of California.

June 2012

**F 9013-3.1.PROOF.SERVICE**

TAB 14                                    Page 263

TAB 15

Loren Miller, Debtor *pro se*
600 E. Medical Center Blvd. #1509
Webster, TX 77598
281-467-8226



**FILED**

MAR 0 5 2014

CLERK U.S. BANKRUPTCY COURT
CENTRAL DISTRICT OF CALIFORNIA
BY: ____ Deputy Clerk

UNITED STATES BANKRUPTCY COURT
FOR THE CENTRAL DISTRICT OF CALIFORNIA
NORTHERN DIVISION

In re LOREN MILLER,

                Debtor.

Case No.: 9:13-bk-10313-RR

Chapter 7

DEBTOR'S NOTICE OF APPEAL - 28
U.S.C.A. § 158; FRBP 8001

        I recently received my service copies of this court's "ORDER DENYING DEBTOR

LOREN MILLER'S AMENDED MOTION TO CONVERT CASE UNDER 11 U.S.C. § 706(a)" and

"ORDER DENYING DEBTOR LOREN MILLER'S MOTION TO EXTEND TIME TO FILE A

NOTICE OF APPEAL PURSUANT TO FED. R. BANK. P 8002(c)." I have been informed both

were entered on February 18th. I therefore give this notice I am timely appealing both.

        I expressly reserve the right to amend or supplement this Notice if I believe it is

necessary, including adequate notice to reply to all other parties' in interest responses to

this motion. I also expressly invoke FRBP 1001 to apply to this and all my written

submissions to this court.

       *Submitted with all rights reserved on February* 26, 2014

                                    Loren Miller, Debtor *pro se*

TAB 16

| | |
|---|---|
| Attorney or Party Name, Address, Telephone & FAX Nos., State Bar No. & Email Address<br><br>CRAIG MARGULIES (State Bar No. 185925)<br>MEGHANN TRIPLETT (State Bar No. 268005)<br>**MARGULIES FAITH, LLP**<br>16030 Ventura Blvd., Suite 470<br>Encino California 91436<br>Telephone: (818) 705-2777<br>Facsimile:  (818) 705-3777<br>Email:  Craig@MarguliesFaithLaw.com<br>Email:  Meghann@MarguliesFaithLaw.com | FOR COURT USE ONLY |
| ☐   Individual *appearing without an attorney*<br>☒   Attorney for: Jeremy W. Faith, Chapter 7 Trustee | |

**UNITED STATES BANKRUPTCY COURT**
**CENTRAL DISTRICT OF CALIFORNIA - NORTHERN DIVISION**

| | |
|---|---|
| In re:<br><br>LOREN MILLER and SARAH MILLER | CASE NO.: 9:13-bk-10313-RR<br>CHAPTER: 7 |
| | **NOTICE OF LODGMENT OF ORDER DENYING DEBTOR LOREN MILLER'S AMENDED MOTION TO CONVERT CASE UNDER 11 U.S.C. § 706(a)** |
| Debtor(s) | |

PLEASE TAKE NOTE that the order titled **ORDER DENYING DEBTOR LOREN MILLER'S AMENDED MOTION TO CONVERT CASE UNDER 11 U.S.C. § 706(a)** was lodged on <u>February 18, 2014</u> and is attached.  This order relates to the motion which is docket number 102.

This form is mandatory.  It has been approved for use by the United States Bankruptcy Court for the Central District of California.

TAB 16    Page 265

**EXHIBIT A**

TAB 16                                                     Page 266

1    CRAIG MARGULIES (State Bar No. 185925)
     MEGHANN TRIPLETT (State Bar No. 268005)
2    **MARGULIES FAITH, LLP**
     16030 Ventura Blvd., Suite 470
3    Encino California 91436
     Telephone: (818) 705-2777
4    Facsimile:  (818) 705-3777
     Email:  Craig@MarguliesFaithLaw.com
5    Email:  Meghann@MarguliesFaithLaw.com
     Attorneys for Jeremy W. Faith, Chapter 7 Trustee
6

7                **UNITED STATES BANKRUPTCY COURT**
                 **CENTRAL DISTRICT OF CALIFORNIA**
8                        **NORTHERN DIVISION**

9

10    In re                            Case No.:  9:13-bk-10313-RR

11    LOREN MILLER and SARAH MILLER,      Chapter:  7

12                     Debtors.    **ORDER DENYING DEBTOR LOREN
MILLER'S** <u>AMENDED</u> **MOTION TO**
13                                  **CONVERT CASE UNDER 11 U.S.C. §
706(a)**
14

15                                   [No Hearing Required]

16

17

18

19

20

21

22

23

24

25

26

27

28

1  The court having read and considered debtor Loren Miller's[1] "Amended Motion to

2  Convert Case Under 11 U.S.C. §§ 706(a) or 1112(a)" (the "Amended Motion," Dkt. No.

3  102), the Opposition to the Amended Motion filed by Jeremy W. faith, Chapter 7 Trustee

4  (Dkt. No. 106), the Preliminary Opposition to Debtor's Amended Motion to Convert Case

5  (Dkt. No. 98) filed by creditor Andrew D. Geller, the evidentiary record in this case,

6  Debtor's failure to comply with Local Bankruptcy Rule 9013-1(o)(4) and obtain a hearing

7  date within 14 days of service of the Trustee and Geller Oppositions, and for good cause

8  appearing,

9  **IT IS HEREBY ORDERED** that the Debtor's Motion Amended Motion is denied.

10  ###

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28  <sub>[1] Co-Debtor Sarah Miller is not a signatory to the Motion.</sub>

1

TAB 16                                    Page 268

# PROOF OF SERVICE OF DOCUMENT

I am over the age of 18 and not a party to this bankruptcy case or adversary proceeding.  My business address is:
16030 Ventura Blvd., Suite 470, Encino California 91436

A true and correct copy of the foregoing document entitled: **NOTICE OF LODGMENT OF ORDER IN BANKRUPTCY CASE** will be served or was served **(a)** on the judge in chambers in the form and manner required by LBR 5005-2(d); and **(b)** in the manner stated below:

**1.   TO BE SERVED BY THE COURT VIA NOTICE OF ELECTRONIC FILING (NEF):**  Pursuant to controlling General Orders and LBR, the foregoing document will be served by the court via NEF and hyperlink to the document. On  2/18/2014, I checked the CM/ECF docket for this bankruptcy case or adversary proceeding and determined that the following persons are on the Electronic Mail Notice List to receive NEF transmission at the email addresses stated below:

Howard Camhi hcamhi@ecjlaw.com, kanthony@ecjlaw.com
Mark D Estle mark.estle@buckleymadole.com
Jeremy W. Faith (TR) jfaith@7trustee.net, C118@ecfcbis.com;Helen@MarguliesFaithLaw.com;leedowding@gmail.com
Robert E Hurlbett bob@hurlbettlaw.com, reed@hurlbettlaw.com
Craig G Margulies craig@marguliesfaithlaw.com,
staci@marguliesfaithlaw.com;mhillel@marguliesfaithlaw.com;fahim@marguliesfaithlaw.com
Faye C Rasch frasch@ecjlaw.com, kanthony@ecjlaw.com
Vaughn C Taus tauslawyer@gmail.com
Meghann A Triplett Meghann@MarguliesFaithlaw.com,
Helen@MarguliesFaithLaw.com;MF_ecf@ecf.inforuptcy.com;Marta@MarguliesFaithLaw.com
United States Trustee (ND) ustpregion16.nd.ecf@usdoj.gov

☐  Service information continued on attached page

**2.  SERVED BY UNITED STATES MAIL:**  On 2/18/2014, I served the following persons and/or entities at the last known addresses in this bankruptcy case or adversary proceeding by placing a true and correct copy thereof in a sealed envelope in the United States mail, first class, postage prepaid, and addressed as follows. Listing the judge here constitutes a declaration that mailing to the judge <u>will be completed</u> no later than 24 hours after the document is filed.

Honorable Robin L. Riblet, U.S. Bankruptcy Judge, 1415 State Street, Santa Barbara, CA 93101
Debtor: Loren Miller and Sarah Miller, 702 Whitecap Drive, Seabrook, TX 77586
Debtor: Loren Miller 600 E. Medical Center Blvd. #1509, Webster, TX 77598

☐  Service information continued on attached page

**3.  SERVED BY PERSONAL DELIVERY, OVERNIGHT MAIL, FACSIMILE TRANSMISSION OR EMAIL** (state method for each person or entity served):  Pursuant to F.R.Civ.P. 5 and/or controlling LBR, on (date) _____, I served the following persons and/or entities by personal delivery, overnight mail service, or (for those who consented in writing to such service method), by facsimile transmission and/or email as follows. Listing the judge here constitutes a declaration that personal delivery on, or overnight mail to, the judge <u>will be completed</u> no later than 24 hours after the document is filed.

☐  Service information continued on attached page

I declare under penalty of perjury under the laws of the United States that the foregoing is true and correct.

| 2/18/2014 | Staci McFadden | /s/ Staci McFadden |
|---|---|---|
| Date | Printed Name | Signature |

This form is mandatory.  It has been approved for use by the United States Bankruptcy Court for the Central District of California.

December 2012                                   Page 2                          **F 9021-1.2.BK.NOTICE.LODGMENT**

TAB 16                                                   Page 269

TAB 17

| Attorney or Party Name, Address, Telephone & FAX Nos., State Bar No. & Email Address | FOR COURT USE ONLY |
|---|---|
| CRAIG MARGULIES (State Bar No. 185925)<br>MEGHANN TRIPLETT (State Bar No. 268005)<br>**MARGULIES FAITH, LLP**<br>16030 Ventura Blvd., Suite 470<br>Encino California 91436<br>Telephone: (818) 705-2777<br>Facsimile: (818) 705-3777<br>Email: Craig@MarguliesFaithLaw.com<br>Email: Meghann@MarguliesFaithLaw.com | |

☐  Individual *appearing without an attorney*
☒  *Attorney for: Jeremy W. Faith, Chapter 7 Trustee*

**UNITED STATES BANKRUPTCY COURT
CENTRAL DISTRICT OF CALIFORNIA - NORTHERN DIVISION**

| In re:<br><br>LOREN MILLER and SARAH MILLER | CASE NO.: 9:13-bk-10313-RR<br>CHAPTER: 7 |
|---|---|
| | **NOTICE OF LODGMENT OF ORDER DENYING DEBTOR LOREN MILLER'S MOTION TO EXTEND TIME TO FILE A NOTICE OF APPEAL PURSUANT TO FED. R. BANK. P 8002(c)** |
| Debtor(s) | |

PLEASE TAKE NOTE that the order titled **ORDER DENYING DEBTOR LOREN MILLER'S MOTION TO EXTEND TIME TO FILE A NOTICE OF APPEAL PURSUANT TO FED. R. BANK. P 8002(c)** was lodged on <u>February 18, 2014</u> and is attached.  This order relates to the motion which is docket number <u>99</u>.

---

This form is mandatory.  It has been approved for use by the United States Bankruptcy Court for the Central District of California.

*December 2012*                                   Page 1                          **F 9021-1.2.BK.NOTICE.LODGMENT**

TAB 17                                                     Page 270

**EXHIBIT A**

TAB 17                                    Page 271

1  CRAIG MARGULIES (State Bar No. 185925)
   MEGHANN TRIPLETT (State Bar No. 268005)
2  **MARGULIES FAITH, LLP**
   16030 Ventura Blvd., Suite 470
3  Encino California 91436
   Telephone: (818) 705-2777
4  Facsimile: (818) 705-3777
   Email: Craig@MarguliesFaithLaw.com
5  Email: Meghann@MarguliesFaithLaw.com
   Attorneys for Jeremy W. Faith, Chapter 7 Trustee
6

7            **UNITED STATES BANKRUPTCY COURT**
              **CENTRAL DISTRICT OF CALIFORNIA**
8                  **NORTHERN DIVISION**

9

10 In re                          Case No.:  9:13-bk-10313-RR

11 LOREN MILLER and SARAH MILLER,  Chapter:  7

12                    Debtors.    **ORDER DENYING DEBTOR LOREN
                                  MILLER'S MOTION TO EXTEND TIME TO**
13                                **FILE A NOTICE OF APPEAL PURSUANT
                                  TO FED. R. BANK. P 8002(c)**
14
                                  [No Hearing Required]
15

16       The court having read and considered debtor Loren Miller's "Motion and

17 Declaration for Extension of Time to File Appeal – rule 8002(c)" (the "Extension Motion,"

18 Dkt. No. 99), the Opposition to the Extension Motion filed by Jeremy W. faith, Chapter 7

19 Trustee (Dkt. No. 105), the evidentiary record in this case, Debtor's failure to comply with

20 Local Bankruptcy Rule 9013-1(o)(4) and obtain a hearing date within 14 days of service

21 of the Trustee's Opposition, and for good cause appearing,

22       **IT IS HEREBY ORDERED** that the Extension Motion is denied.

23 ###

24

25

26

27

28

TAB 17                                    Page 272

# PROOF OF SERVICE OF DOCUMENT

I am over the age of 18 and not a party to this bankruptcy case or adversary proceeding. My business address is:
16030 Ventura Blvd., Suite 470, Encino California 91436

A true and correct copy of the foregoing document entitled: **NOTICE OF LODGMENT OF ORDER IN BANKRUPTCY CASE** will be served or was served **(a)** on the judge in chambers in the form and manner required by LBR 5005-2(d); and **(b)** in the manner stated below:

**1.  TO BE SERVED BY THE COURT VIA NOTICE OF ELECTRONIC FILING (NEF)**:  Pursuant to controlling General Orders and LBR, the foregoing document will be served by the court via NEF and hyperlink to the document. On  2/18/2014, I checked the CM/ECF docket for this bankruptcy case or adversary proceeding and determined that the following persons are on the Electronic Mail Notice List to receive NEF transmission at the email addresses stated below:

Howard Camhi hcamhi@ecjlaw.com, kanthony@ecjlaw.com
Mark D Estle mark.estle@buckleymadole.com
Jeremy W. Faith (TR) jfaith@7trustee.net, C118@ecfcbis.com;Helen@MarguliesFaithLaw.com;leedowding@gmail.com
Robert E Hurlbett bob@hurlbettlaw.com, reed@hurlbettlaw.com
Craig G Margulies craig@marguliesfaithlaw.com,
staci@marguliesfaithlaw.com;mhillel@marguliesfaithlaw.com;fahim@marguliesfaithlaw.com
Faye C Rasch frasch@ecjlaw.com, kanthony@ecjlaw.com
Vaughn C Taus tauslawyer@gmail.com
Meghann A Triplett Meghann@MarguliesFaithlaw.com,
Helen@MarguliesFaithLaw.com;MF_ecf@ecf.inforuptcy.com;Marta@MarguliesFaithLaw.com
United States Trustee (ND) ustpregion16.nd.ecf@usdoj.gov

☐  Service information continued on attached page

**2.  SERVED BY UNITED STATES MAIL**:  On 2/18/2014, I served the following persons and/or entities at the last known addresses in this bankruptcy case or adversary proceeding by placing a true and correct copy thereof in a sealed envelope in the United States mail, first class, postage prepaid, and addressed as follows. Listing the judge here constitutes a declaration that mailing to the judge will be completed no later than 24 hours after the document is filed.

Honorable Robin L. Riblet, U.S. Bankruptcy Judge, 1415 State Street, Santa Barbara, CA 93101
Debtor: Loren Miller and Sarah Miller, 702 Whitecap Drive, Seabrook, TX 77586
Debtor: Loren Miller 600 E. Medical Center Blvd. #1509, Webster, TX 775

☐  Service information continued on attached page

**3.  SERVED BY PERSONAL DELIVERY, OVERNIGHT MAIL, FACSIMILE TRANSMISSION OR EMAIL** (state method for each person or entity served):  Pursuant to F.R.Civ.P. 5 and/or controlling LBR, on (date) _____ , I served the following persons and/or entities by personal delivery, overnight mail service, or (for those who consented in writing to such service method), by facsimile transmission and/or email as follows.  Listing the judge here constitutes a declaration that personal delivery on, or overnight mail to, the judge will be completed no later than 24 hours after the document is filed.

☐  Service information continued on attached page

I declare under penalty of perjury under the laws of the United States that the foregoing is true and correct.

| 2/18/2014 | Staci McFadden | /s/ Staci McFadden |
|---|---|---|
| Date | Printed Name | Signature |

This form is mandatory.  It has been approved for use by the United States Bankruptcy Court for the Central District of California.

TAB 17                               Page 273

TAB 18

Case 9:13-bk-10313-RR   Doc 121   Filed 03/07/14   Entered 03/07/14 08:07:15   Desc
Main Document   Page 1 of 1

# UNITED STATES BANKRUPTCY COURT

## CENTRAL DISTRICT OF CALIFORNIA

## APPEAL DEFICIENCY NOTICE



FILED

MAR 0 7 2014

CLERK U.S. BANKRUPTCY COURT
CENTRAL DISTRICT OF CALIFORNIA
BY:_____ Deputy Clerk

**TO: APPELLANT**

> **Case Name:** Loren Miller and Sarah Miller
>
> **Case Number:** 9:13-bk-10313-RR
>
> **Adversary Number:**
>
> **Notice of Appeal Filed:** 03/05/14

The Notice of Appeal is being transmitted to either the Bankruptcy Appellate Panel of the Ninth Circuit or the U. S. District Court, as required by paragraph 2(a) of the Amended Order Establishing and Continuing the Bankruptcy Appellate Panel of the Ninth Circuit and paragraph 3.a) of the Order Continuing Bankruptcy Appellate Panels of the Ninth Circuit, as appropriate.

However, please be advised that the Appeal is "deficient" for the following reason(s):

| | |
|---|---|
| [ ] | $298.00 Filing Fee for Appeal was not included |
| [ ] | $298.00 Filing Fee for Cross-Appeal was not included |
| [ ] | Does not comply with Official Form Number 17* |
| [✓] | Does not state title of Order, Judgment, or Decree* |
| [✓] | Does not state entry date of Order, Judgment, or Decree* |
| [✓] | Does not include entered stamped copy of Order, Judgment, or Decree* |
| [✓] | Does not state Opposing Party(ies):* [✓] Name [✓] Address [✓] Telephone Number |
| [ ] | Not signed* |

•An Amended Notice of Appeal is required to correct those items marked with an asterisk and must be submitted to the Bankruptcy Court within 14 days from the date of this Notice, together with all other items required to cure the indicated deficiency(ies). Please submit original plus 3 copies for the Court of the Amended Notice of Appeal, plus 1 additional copy for each party listed in the Amended Notice of Appeal, including the U. S. Trustee. There is no filing fee for an Amended Notice of Appeal.

DATED: 3-7-14

KATHLEEN J. CAMPBELL
Clerk of Court

By: _____
Deputy Clerk

cc: [ ] Bankruptcy Appellate Panel of the Ninth Circuit   [ ] San Fernando   [ ] Santa Barbara
    [✓] U.S. District Court:   [✓] Los Angeles   [ ] Riverside   [ ] Santa Ana

If you have any questions regarding this Deficiency Notice, please call:

Deputy Clerk Ryan Zivk   at telephone number 805-884-4883

## APPEAL DEFICIENCY NOTICE TO APPELLANT

*Revised 2/2010*

TAB 18   Page 274

TAB 19

Loren Miller, Debtor *pro se*
600 E. Medical Center Blvd. #1509
Webster, TX 77598
281-467-8226



FILED

MAR 2 1 2014

CLERK U.S. BANKRUPTCY COURT
CENTRAL DISTRICT OF CALIFORNIA
BY:                        Deputy Clerk

UNITED STATES BANKRUPTCY COURT
FOR THE CENTRAL DISTRICT OF CALIFORNIA
NORTHERN DIVISION

In re LOREN MILLER,

                          Debtor.

Case No.: 9:13-bk-10313-RR

**Case 2:14-cv-01681-DOC**

Chapter 7

DEBTOR'S *AMENDED* NOTICE OF
APPEAL

I recently received my service copy of this court's "Appeal Deficiency Notice." A true copy of what I received is attached for everyone's convenience. In accordance with that notice I amend my Notice of Appeal:

    **1. "Does not state title of Order, Judgment or Decree\*:** *This is a falsehood!* My Notice of Appeal said in its very first sentence:

        "I recently received my service copies of this court's **"ORDER DENYING DEBTOR LOREN MILLER'S AMENDED MOTION TO CONVERT CASE UNDER 11 U.S.C. § 706(a)"** and **"ORDER DENYING DEBTOR LOREN MILLER'S MOTION TO EXTEND TIME TO FILE A NOTICE OF APPEAL PURSUANT TO FED. R. BANK. P 8002(c)."**

    I took these titles directly from my copy of those Orders I had received. *See attached.* Or does this court have a secret code it doesn't share with the lawyerless??

    **2. "Does not state entry date of Order, Judgment or Decree\*"** and **"Does not include entered stamped copy of Order, Judgment or Decree\*:** As all can see from the attached I have not received any such copies of "Order, Judgment or Decree."

    This is part where this court's inconvenient forum and its prejudice against

Page 1 - DEBTOR'S *AMENDED* NOTICE OF APPEAL

TAB 19                                    Page 275

unrepresented parties like me restricts access to this court.[1] As I have repeatedly and previously informed this court,[2] and the other parties, by necessity I moved to the greater Houston, Texas, area last year, nearly 1,600 miles from this court. Yet this court has limited access to the file by offering only three choice for file copies – "by Phone," in person, by mail, or by your "PACER" system.[3] The first is inadequate for your requirements, the next is impractical to the point of being nearly impossible, the last takes too long for your arbitrary deadline, and I do not have a PACER account.

**3. "Does not state Opposing Party(ies):*":** Attached. I do not have all other parties' telephone numbers.

*IN CONCLUSION,* this court's deficiency notice cited no rule of law whatsoever to support its claim my Notice of Appeal was in any way deficient. Along with its pointless and blatantly prejudicial rejection of my earlier motion for conversion because I paid for it with my personal check instead of certified funds, and failure to refund the nearly a thousand dollars of my hard-earned personal funds when it so casually denied my motion for conversion, I find it hard to give this court the benefit of the doubt it is interested in either impartiality or justice. "There is no more cruel tyranny than that which is exercised under cover of law, and with the colors of justice."[4]

*AGAIN,* according to 28 U.S.C.A. § 158 and FRBP 8001, I give this notice I am timely appealing this court's "ORDER DENYING DEBTOR LOREN MILLER'S AMENDED MOTION TO CONVERT CASE UNDER 11 U.S.C. § 706(a)" and "ORDER DENYING DEBTOR LOREN MILLER'S MOTION TO EXTEND TIME TO FILE A NOTICE OF APPEAL PURSUANT TO FED. R. BANK. P 8002(c)."

---

1 *See In re Donald,* 328 B.R. 192, 204 (B.A.P. 9th Cir. 2005) (in cases such as this the court is required to balance "due process concerns of assuring appropriate access to the court for all parties in interest against the economic and efficient administration of the case.")

2 *See generally* my "Motion To Transfer Venue" filed and served *nearly four months ago!*

3 Online @ http://www.cacb.uscourts.gov/how-obtain-case-information

4 *United States v. Jannotti,* 673 F.2d 578 (3rd Cir. 1982), quoting baron de Montesquieu "The Spirit of the Laws" (1748)

Page 2 - DEBTOR'S *AMENDED* NOTICE OF APPEAL

TAB 19                    Page 276

As I understand your "Appeal Deficiency Notice" you will be serving the extra copies to the Opposing Parties listed on the next page, so I won't include a certificate of service this time.

I expressly reserve the right to amend or supplement this Amended Notice if I believe it is necessary, including adequate notice to reply to all other parties' in interest responses.  I also expressly invoke FRBP 1001 to apply to this and all my written submissions to this court.

*Submitted with all rights reserved on March 19, 2014*

Loren Miller, Debtor *pro se*

Page 3 - DEBTOR'S *AMENDED* NOTICE OF APPEAL

TAB 19                                Page 277

<u>"Opposing Party(ies)"</u>

Jeremy Faith, Trustee
16030 Ventura Blvd., Suite 470, Encino, CA 91436
(818) 705-2777

        represented by:    Margulies Faith LLP
                          16030 Ventura Blvd Ste 470, Encino, CA 91436
                          818-705-2777

Andrew and Eileen Geller

        represented by:    Howard Camhi
                          9401 Wilshire Blvd 9th Floor, Beverly Hills, CA 90212

OneWest Bank, FSB
P O Box 829009, Dallas, TX 75382-9009

        represented by:    The Estle Law Firm
                          12520 High Bluff Dr Ste 265, San Diego, CA 92130
                          858-720-0890

Sarah Miller
702 Whitecap Dr., Seabrook, TX 77586
281-339-7244

Page 4 - DEBTOR'S *AMENDED* NOTICE OF APPEAL

TAB 19                                Page 278

Case 9:13-bk-10313-RR   Doc 129   Filed 03/21/14   Entered 03/21/14 11:05:09   Desc
Main Document   Page 5 of 7

Case 9:13-bk-10313-RR   Doc 121   Filed 03/07/14   Entered 03/07/14 08:07:15   Desc
Main Document   Page 1 of 1

## UNITED STATES BANKRUPTCY COURT
### CENTRAL DISTRICT OF CALIFORNIA
### APPEAL DEFICIENCY NOTICE



FILED

MAR 0 7 2014

CLERK U.S. BANKRUPTCY COURT
CENTRAL DISTRICT OF CALIFORNIA
BY: _____ Deputy Clerk

**TO: APPELLANT**

Case Name: Loren Miller  and Sarah Miller

Case Number: 9:13-bk-10313-RR

Adversary Number:

Notice of Appeal Filed: 03/05/14

The Notice of Appeal is being transmitted to either the Bankruptcy Appellate Panel of the Ninth Circuit or the U. S. District Court, as required by paragraph 2(a) of the Amended Order Establishing  and Continuing the Bankruptcy Appellate Panel of the Ninth Circuit and paragraph 3.a) of the Order  Continuing Bankruptcy Appellate Panels of the Ninth Circuit, as appropriate.

However, please be advised that the Appeal is "deficient" for the following reason(s):

| | |
|---|---|
| [  ] | $298.00 Filing Fee for Appeal was not included |
| [  ] | $298.00 Filing Fee for Cross-Appeal was not included |
| [  ] | Does not comply with Official Form Number 17* |
| [✓] | Does not state title of Order, Judgment, or Decree* |
| [✓] | Does not state entry date of Order, Judgment, or Decree* |
| [✓] | Does not include entered stamped copy of Order, Judgment, or Decree* |
| [✓] | Does not state Opposing Party(ies):* [✓] Name [✓] Address [✓] Telephone Number |
| [  ] | Not signed* |

•An Amended Notice of Appeal is required to correct those items marked with an asterisk and  must be submitted to the Bankruptcy Court within 14 days from the date of this Notice, together with all other items required to cure the indicated deficiency(ies).  Please submit original plus 3 copies for the Court of the Amended Notice of Appeal, plus 1 additional copy for each party listed in the Amended Notice of Appeal, including the U. S. Trustee. There is no filing fee for an  Amended Notice of Appeal.

DATED:  3-7-14

KATHLEEN J. CAMPBELL
Clerk of Court

By: _____
Deputy Clerk

cc: [  ] Bankruptcy Appellate Panel of the Ninth Circuit   [  ] San Fernando   [  ] Santa Barbara
    [✓] U.S. District Court:   [✓] Los Angeles   [  ] Riverside   [  ] Santa Ana

If you have any questions regarding this Deficiency Notice, please call:

Deputy Clerk  Ryan  Zick  at telephone number  805- 884- 4883

### APPEAL DEFICIENCY NOTICE TO APPELLANT

*Revised 2/2010*

TAB 19                    Page 279

1  CRAIG MARGULIES (State Bar No. 185925)
   MEGHANN TRIPLETT (State Bar No. 268005)
2  **MARGULIES FAITH, LLP**
   16030 Ventura Blvd., Suite 470
3  Encino California 91436
   Telephone: (818) 705-2777
4  Facsimile:  (818) 705-3777
   Email: Craig@MarguliesFaithLaw.com
5  Email: Meghann@MarguliesFaithLaw.com
   Attorneys for Jeremy W. Faith, Chapter 7 Trustee
6

7              UNITED STATES BANKRUPTCY COURT
8              CENTRAL DISTRICT OF CALIFORNIA
                   NORTHERN DIVISION
9

| 10 | In re | Case No.: 9:13-bk-10313-RR |
|----|-------|----------------------------|
| 11 | LOREN MILLER and SARAH MILLER, | Chapter: 7 |
| 12 | Debtors. | **ORDER DENYING DEBTOR LOREN MILLER'S _AMENDED_ MOTION TO CONVERT CASE UNDER 11 U.S.C. § 706(a)** |
| 13 | | |
| 14 | | [No Hearing Required] |
| 15 | | |

16

17

18

19

20

21

22

23

24

25

26

27

28

TAB 19                                    Page 280

1       The court having read and considered debtor Loren Miller's[1] "Amended Motion to

2   Convert Case Under 11 U.S.C. §§ 706(a) or 1112(a)" (the "Amended Motion," Dkt. No.

3   102), the Opposition to the Amended Motion filed by Jeremy W. faith, Chapter 7 Trustee

4   (Dkt. No. 106), the Preliminary Opposition to Debtor's Amended Motion to Convert Case

5   (Dkt. No. 98) filed by creditor Andrew D. Geller, the evidentiary record in this case,

6   Debtor's failure to comply with Local Bankruptcy Rule 9013-1(o)(4) and obtain a hearing

7   date within 14 days of service of the Trustee and Geller Oppositions, and for good cause

8   appearing,

9       **IT IS HEREBY ORDERED** that the Debtor's Motion Amended Motion is denied.

10  ###

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28     [1] Co-Debtor Sarah Miller is not a signatory to the Motion.

1

TAB 19                                    Page 281

TAB 20

FILED & ENTERED

MAR 26 2014

CLERK U.S. BANKRUPTCY COURT
Central District of California
BY zick          DEPUTY CLERK

# UNITED STATES BANKRUPTCY COURT

## CENTRAL DISTRICT OF CALIFORNIA

### NORTHERN DIVISION

| | |
|---|---|
| In re: | ) Case No.: 9:13-10313 |
| | ) |
| Loren Miller and Sarah Miller, | ) Chapter 7 |
| | ) |
| Debtors. | ) ORDER DENYING AMENDED |
| | ) MOTION TO CONVERT CASE |
| | ) TO CHAPTER 11 |
| | ) |
| | ) |
| | ) |
| | ) |
| | ) |
| | ) |

Debtors, Loren and Sarah Miller, filed a Chapter 7 bankruptcy petition on February 7, 2013, and filed a Motion to Convert the case to Chapter 13 on April 5, 2013. The Motion to Convert was opposed by the Chapter 7 Trustee, Jeremy Faith, and debtors subsequently withdrew the motion on June 4, 2013.

On June 11, 2013, an order was entered extending the time within which the Trustee could file a 11 U.S.C. § 727 complaint against debtors to August 15, 2013. On July 22, 2013, the Trustee filed a notification of asset case and request for setting of a claims bar date, and on August 15, 2013, the Trustee filed a § 727 action against debtors (AP 9:13-01133).

TAB 20                                   Page 282

On November 26, 2013, debtors filed a Motion to Change Venue/Inter-district Transfer, requesting that this court transfer the bankruptcy case to the United States Bankruptcy Court for the Southern District of Texas, Houston Division, on the basis that they had moved to Seabrook, Texas.  (Docket # 78 at 2).  Debtors contemporaneously filed a Motion to Convert the case to Chapter 11.  The Trustee opposed both motions.

On December 12, 2013, this court entered an order denying debtor's motion to transfer venue.  Although the debtors had moved to Texas,  28 U.S.C. § 1408(1) provides that the applicable district for filing a bankruptcy case is determined by the situs of their residence for the major part of the 180 days before the case was filed.  Therefore, since debtors resided in Pismo Beach, California when they filed bankruptcy, venue was appropriate in the Northern Division of the U.S. Bankruptcy Court for the Central District of California.[1]  By separate order entered December 12, 2013, this court also denied debtors' motion to convert the case from Chapter 7 to Chapter 11, noting that debtors had failed to pay the required filing fee of $922.00 for filing a Motion to Convert to Chapter 11.

On January 14, 2014, debtor, Loren Miller, filed a motion for extension of time in which to appeal the December 12, 2013, order denying debtor's motion to transfer venue.  In support of his request, debtor indicated that he did not receive a copy of the order denying the motion to transfer venue until December 23, 2013.

On January 15, 2014, Mr. Miller filed an Amended Motion to Convert the Case to Chapter 11.  Mr. Miller's co-debtor, Sarah Miller, did not join in this amended motion to

---

[1] The debtors' Statement of Financial Affairs at ¶ 15 indicates no other address for the three years preceding the filing.

TAB 20                                    Page 283

1  convert.  The Trustee opposed both the motion for extension of time to file an appeal, and the

2  amended motion to convert the case to Chapter 11.

3  <u>Amended Motion to Convert</u>

4       Under 11 U.S.C. § 706(a), a "debtor may convert a case under this chapter to a case

5  under chapter 11, 12, or 13 of this title at any time, if the case has not been converted under

6  section 1112, 1208, or 1307 of this title."  However, in the case of <u>Marrama v Citizens Bank of</u>

7  <u>Mass.</u> ("<u>Marrama</u>"), 549 U.S. 365 (2007), the United States Supreme Court held that "the

8  apparently absolute right of [a] debtor to convert a chapter 7 case to chapter 13 could be curtailed

9  in an 'atypical' case of a fraudulent or 'bad faith' debtor, in order 'to prevent an abuse of

10  process.'" <u>Marrama</u>, 549 U.S. at 375.  The Ninth Circuit Bankruptcy Appellate Panel has

11  recognized that the <u>Marrama</u> restriction on the § 706(a) conversion right applies when a debtor

12  seeks to convert a case from Chapter 7 to any other chapter under the Bankruptcy Code, not just

13  when a debtor seeks conversion to Chapter 13.  See <u>In re Levesque</u>, 473 B.R. 331, 339 (9th Cir.

14  BAP 2012) (noting that the Marrama interpretation of "the language of § 706(a) applies the same

15  whether the chosen chapter for conversion is chapter 11 or chapter 13").

16       In opposition to Mr. Miller's amended motion to convert to chapter 11 the Trustee has

17  presented evidence that supports a finding that Mr. Miller has not filed the conversion motion in

18  "good faith."

19       First, the Trustee notes that, among other things, Mr. Miller has filed a skeletal motion to

20  convert the case that is unsupported by any evidence that debtors are, or will be, capable of

21  performing the duties required of a debtor-in-possession.  Further, the Trustee offers evidence

22  that, for almost a year, he has continuously made efforts to uncover assets (disclosed and

23  undisclosed) for the benefit of the estate in the face of the debtors' consistent failure and/or

TAB 20                                   Page 284

refusal to cooperate. For example, the Trustee states that he ultimately had to obtain a court order compelling debtors to appear at their 341(a) meeting of creditors because of continued non-appearance at the scheduled meeting of creditors. The initial 341(a) meeting was held on March 18, 2013, and debtors failed to appear. Debtors also failed to appear at four additional continued 341(a) meetings on April 8, April 29, May 20, and June 10, 2013. After the Trustee obtained the order compelling debtors to appear at the meeting of creditors, debtors did appear and were examined on July 20, 2013. However, debtor, Loren Miller, has refused and failed to appear at several continued 341(a) meetings on November 18, December 23, and January 13, 2014, in direct violation of the court order.

Further, debtors have failed to file complete and accurate bankruptcy schedules, and have failed to provide the Trustee with certain requested documents. The Trustee also contends that he "continues to uncover undisclosed assets and obtain assets of the estate (despite constant obstruction from Mr. Miller)." (Opp. at 2). Part of this "obstruction" involves the debtors' tactical filing of a motion to convert. Specifically, on April 4, 2013, the Trustee sent debtors a letter demanding turnover of nonexempt cash in debtors' possession. Instead of complying with this turnover request, on April 15, 2013, debtors filed a Motion to Convert the Case to Chapter 13. The Trustee opposed the motion, noting that debtors were ineligible for Chapter 13 pursuant to 11 U.S.C. § 109(e). On June 4, 2013, less than one week prior to the scheduled hearing date on the motion to convert to Chapter 13, debtors filed a notice of withdrawal of the motion.

On May 9, 2013, Trustee's counsel sent another letter requesting turnover of the nonexempt cash in debtors' possession, and again, received no response. Thereafter, on May 15, 2013, the Trustee filed a Motion for Turnover of the Cash and Directing Debtors to Appear at the Meeting of Creditors. After hearing on the motion, the court entered an order granting the

TAB 20                              Page 285

turnover motion on June 18, 2013.  The turnover order required that before June 23, 2013,

debtors turn over $182,000 in cash to the Trustee.  However, debtors refused for many months

after the turnover order was entered to comply with the order.  On July 12, 2013, after the

deadline set forth in the turnover order had expired, and after numerous requests by Trustee's

counsel, the Trustee received a cashier's check in the amount of $101,731.00 from debtors along

with a one-page accounting of how debtors alleged they used up to $68,000 of the exempt cash

in the five months after the filing of the bankruptcy petition.  Other than this one-page

"accounting," debtors failed to provide any bank records or other documentary evidence to

support these unauthorized expenditures of the cash.

On August 26, 2013, Trustee's counsel sent debtors a renewed demand for compliance

with the Turnover Order and requiring turnover of the remaining $80,269 from debtors.  Debtor,

Sarah Miller, has sought to cooperate with the Trustee and has turned over certain cash items.

Debtor, Loren Miller, remains recalcitrant and refuses to comply with court orders, and any

requests by the Trustee and the Trustee's counsel.

Further, the Trustee continues to uncover additional undisclosed assets on behalf of the

estate.  For example, the Trustee states that within the month of December 2013, he "received

information [indicating] that Debtor Loren Miller has concealed $27,173.38 in undisclosed gold

and silver purchased from Kitco Metals, Inc., during the period of 2011 and 2012, as well as

failing to turn over $6,716 that debtor received post-petition from debtors' California State 2012

income tax refund."  (Opp. at 2).  The Trustee also contends that his investigation has revealed

that debtors failed to disclose in their petition all entities in which they have an ownership

interest, including, but not limited to, their interest in First Star Associates.  The Trustee obtained

information that Mr. Miller has been using a bank account in the name of First Star for his own

TAB 20                                              Page 286

personal benefit for the two years preceding the petition date, and that further funds remain in the

account.  Further, debtors changed the address on the First Star Bank account to their Texas

address, contrary to debtors' testimony at the July 20th meeting of creditors that they did not

control the account, and that the account was devoid of funds.

Consideration of the evidence presented by the Trustee, and review of the case docket

indicate that debtor, Loren Miller's, amended Motion to Convert this case to Chapter 11 is

simply another tactic to avoid complying with his duties under the Bankruptcy Code.  Moreover,

Mr. Miller's co-debtor, Sarah Miller, did not join in, and has not filed any document indicating

her consent to, the amended Motion to Convert this case to Chapter 11.

Accordingly, IT IS HEREBY ORDERED that debtor, Loren Miller's, amended motion to

convert this case to Chapter 11 is DENIED.

Date: March 26, 2014

*Robin Riblet*

Robin L. Riblet
United States Bankruptcy Judge

TAB 20                    Page 287

TAB 21

FILED & ENTERED

MAR 26 2014

CLERK U.S. BANKRUPTCY COURT
Central District of California
BY zick        DEPUTY CLERK

UNITED STATES BANKRUPTCY COURT

CENTRAL DISTRICT OF CALIFORNIA

NORTHERN DIVISION

In re:                              ) Case No.: 9:13-10313
                                    )
Loren Miller and Sarah Miller,      ) Chapter 7
                                    )
            Debtors.                ) ORDER GRANTING MOTION
                                    ) FOR EXTENSION OF TIME
                                    ) TO FILE APPEAL
                                    )
                                    )
                                    )
                                    )
                                    )
                                    )
_____ )

    Debtors, Loren and Sarah Miller, filed a Chapter 7 bankruptcy petition on February 7,

2013, and filed a motion to convert the case to Chapter 13 on April 5, 2013.  The motion to

convert was opposed by the Chapter 7 Trustee, Jeremy Faith, and debtors subsequently withdrew

the motion on June 4, 2013.

    On June 11, 2013, an order was entered extending the time within which the Trustee

could file a 11 U.S.C. § 727 complaint against debtors to August 15, 2013.

TAB 21                                          Page 288

On July 22, 2013, the Trustee filed a notification of asset case and request for setting of a claims bar date, and on August 15, 2013, the Trustee filed a § 727 action against debtors (AP 9:13-01133).

On November 26, 2013, debtors filed a Motion to Change Venue/Inter-district Transfer, requesting that this court transfer the bankruptcy case to the United States Bankruptcy Court for the Southern District of Texas, Houston Division, on the basis that they had moved to Seabrook, Texas. (Docket # 78 at 2). Debtors contemporaneously filed a Motion to Convert the case to Chapter 11. The Trustee opposed both motions.

On December 12, 2013, this court entered an order denying debtor's Motion to Transfer Venue. Although the debtors had moved to Texas, 28 U.S.C. § 1408(1) provides that the applicable district for filing a bankruptcy case is determined by the situs of their residence for the major part of the 180 days before the case was filed. Therefore, since debtors resided in Pismo Beach, California when they filed bankruptcy, venue was appropriate in the Northern Division of the U.S. Bankruptcy Court for the Central District of California.[1] By separate order entered December 12, 2013, this court also denied debtors' Motion to Convert the case from Chapter 7 to Chapter 11, noting that debtors had failed to pay the required filing fee of $922.00 for filing a Motion to Convert to Chapter 11.

On January 14, 2014, debtor, Loren Miller, filed a motion for extension of time in which to appeal the December 12, 2013, order denying debtors' Motion to Transfer Venue. In support of his request, Mr. Miller indicated that he did not receive a copy of the order denying the Motion to Transfer Venue until December 23, 2013.

---

[1] The debtors' Statement of Financial Affairs at ¶ 15 indicates no other address for the three years preceding the filing.

TAB 21                                        Page 289

On January 28, 2014, the Trustee filed an opposition to Mr. Miller's motion to extend the time in which to appeal.

<u>Motion for Extension of Time to File Appeal</u>

Pursuant to Federal Rule of Bankruptcy Procedure 8002(a), a notice of appeal shall be filed with the clerk of the bankruptcy court within fourteen days of the date of entry of the bankruptcy court's judgment, order, or decree being appealed from. Fed. R. Bank. P. 8002(a). Upon a showing of "excusable neglect," a bankruptcy court may extend the time for a party to file a notice of appeal, so long as the moving party files a written motion to extend the time not later than 21 days after expiration of the initial 14-day period. Fed. R. Bank. P. 8002(c)(2).

Here, the court's order denying debtors' Motion to Transfer Venue was entered on December 12, 2014. Therefore, the time period within which debtors could file a timely notice of appeal expired on December 26, 2014. Fed. R. Bank. P. 8002(a). Debtors did not file a notice of appeal within that time period. However, debtor, Loren Miller, timely filed a motion for extension of time to file a notice of appeal on January 15, 2014.

In considering whether a party seeking an extension of time to file a notice of appeal has demonstrated "excusable neglect," a court must consider the following factors articulated in <u>Pioneer Inv. Servs. Co. v. Brunswick Assocs. Ltd. P'ship</u>, 507 U.S. 380 (1993): "(1) the danger of prejudice to the other party; (2) the length of the delay caused by the neglect, and its potential impact on judicial proceedings; (3) the reason for the delay, including whether it was within the movant's reasonable control; and (4) whether the movant acted in good faith." 507 U.S. at 395; see also <u>In re Pincay</u>, 389 F.3d 853, 855 (9th Cir. 2004) (noting that *Pioneer* is "the leading authority on the modern concept of excusable neglect"). Simultaneously, courts are to

TAB 21                                    Page 290

"equitably consider all relevant circumstances surrounding a party's . . . errors or omissions."

Pincay, 389 F.3d at 856-60.

Mr. Miller argues that his motion for extension of time in which to appeal should be granted because he did not receive notice of the order denying the debtors' motion to transfer venue until December 23, 2013 – three days prior to the 14-day notice of appeal deadline under Fed. R. Bank. P. 8002(a). Mr. Miller contends that service of the notice on both him and his co-debtor at the Seabrook, Texas address was erroneous because he no longer resided at the Seabrook address, and service on him there "ignored my motion's additional contact information and its footnote 1" – which requested "Also please note our updated contact information." (Motion for Extension at page 6). Mr. Miller also claims that his co-debtor, Sarah Miller, did not provide him with the mailed notice until December 23, 2013.

<u>Length of Delay</u>

While Mr. Miller claims in his motion for extension that his notice of appeal is "accompanying [the] motion," there is no notice of appeal attached to the motion, and to date, debtor has not filed a notice of appeal from the December 12, 2013, order denying the venue transfer motion. However, the length of delay is measured from the time of the missed deadline to the time the motion for an extension is filed. <u>In re Hoover WSCR Associates, Ltd.</u>, 2005 WL 6960225 (9th Cir. BAP) (unpublished memorandum decision). Here, Mr. Miller filed the motion to extend deadline on January 14, 2014, nineteen days after the expiration of the timely appeal deadline. Therefore, the length of delay is minimal.

<u>Prejudice to Nonmoving Party</u>

In opposition to Mr. Miller's motion to extend time for appeal, the Trustee sets forth evidence demonstrating that Mr. Miller has been persistently recalcitrant in cooperating with the

TAB 21                          Page 291

Trustee in his attempts to administer the estate for the benefit of creditors.  Among other things, Mr. Miller has failed to appear for several 341(a) meetings, has not provided any documentation requested by the Trustee, and has failed to fully comply with the turnover orders entered by this court.  Further, despite Mr. Miller's failure to cooperate, the Trustee continues to discover undisclosed assets in this case.  Rather than cooperate with the Trustee in administering this case, debtor has filed two motions to convert the case (to Chapter 13, and Chapter 11, respectively), and a motion to transfer venue.

In opposition, the Trustee posits that if the extension motion is granted, the overall administration of the case could be detrimentally affected, as well as the Trustee's pending § 727 complaint against the debtors.  In addition, the Trustee asserts he has recently received information that Mr. Miller has concealed $27,173.38 in undisclosed gold and silver purchased from Kitco Metals, as well as failing to turn over $6,716 from a California State Tax 2012 income tax refund.  The Trustee has filed a motion for turnover of the Kitco purchases and tax return monies, which motion was heard and granted on March 19, 2014.  Administration of the bankruptcy estate, and prosecution of the Trustee's § 727 proceeding will not be prejudiced or delayed unless this or an appellate court enters an order staying the proceeding.  Absent such a stay, the prejudice to the Trustee and estate is minimal.  Moreover, [p]rejudice to the opposing party 'requires greater harm than simply that relief would delay resolution of the case.'"  In re Hawaiian Airlines, Inc., 2011 WL 1483923 (D. Hawai'i) (citing Lemoge v U.S., 587 F.3d 1188, 1196 (9th Cir. 2009)).

TAB 21                                        Page 292

Reason for Delay

Debtor argues that the reason for his delay in filing the notice of appeal is due to the court's alleged error in serving him with the notice of the December 12, 2013, order at the wrong address.

First, it is undisputed that Mr. Miller did ultimately receive the notice of entered order on December 23, 2013, yet he failed to file a notice of appeal by the deadline of December 26, 2013. Mr. Miller offers no explanation as to why he did not file the notice of appeal by December 26, 2013, stating only that he discovered through "recent research" that the due date for filing the notice of appeal was December 26, 2013. (Supporting Declaration of Mr. Miller at 5). Mr. Miller also adds that he "works full time and do[es] not have the luxury of being able to afford the services of an actually competent attorney . . ." Id. However, Mr. Miller's status as a *pro se* litigant does not excuse his failure to understand and follow court rules. See In re Warrick, 278 B.R. 182, 187 (9th Cir. BAP 2002). Therefore, Mr. Miller's ability to meet the notice of appeal deadline was within his "reasonable control," and he offers no adequate explanation as to why he failed to meet the December 26, 2013, deadline.

Second, Mr. Miller makes much of the court's alleged "error" in serving both him and co-debtor, Sarah Miller at the Seabrook, Texas address with the notice of entered order, even though Mr. Miller's Webster, Texas address was on the motion to transfer venue. However, in the body of the motion itself, debtors stated that they had *both* moved to Seabrook, Texas. In fact, debtors' move to Seabrook, Texas was the basis of the motion to transfer venue. (Motion to Transfer Venue [Docket # 78] at 2). Moreover, on June 4, 2013, debtors had filed a notice of change of address with the court, indicating that their new mailing address was "Loren and Sarah Miller, 702 Whitecap Drive, Seabrook, TX 77586." This was the debtors' mailing address on the

TAB 21                                        Page 293

bankruptcy docket both at the time the Motion to Transfer Venue was filed, and when the order

denying the Motion to Transfer Venue was entered.  Mr. Miller did not file a change of address,

notifying the court of his Webster, Texas address until January 15, 2014.  See In re Salomon,

2014 WL 904589 * 3 (9th Cir. BAP) (unpublished opinion) (finding no "excusable neglect"

where debtor, among other things, perpetuated the reasons for delay).

> Finally, even if the bankruptcy court had erred in serving the notice of entered order on

both debtors at the Seabrook, Texas address:

> It is well-settled that failure to receive notice of entry of judgment or order
> is not an excuse for an untimely appeal because it is the party's affirmative duty
> to monitor the dockets.  Therefore, failure of a court clerk to give notice of entry
> of an order is not a ground, by itself, to warrant finding an otherwise untimely
> appeal timely.

In re Warrick, 278 B.R. at 187.

Therefore, Mr. Miller's argument that he failed to receive the notice of entered order until

December 23, 2013, due to court error, does not constitute excusable neglect for his failure to

meet the notice of appeal deadline.  Further, Mr. Miller acknowledges receiving the notice of

entered order on December 23, 2013, prior to the expiration of the notice of appeal deadline.

However, he offers no explanation or excuse for his failure to meet the deadline other than his

"later" discovery that the deadline was December 26, 2013.  This court may consider Mr.

Miller's failure to meet the December 26, 2013, to be a result of Mr. Miller's negligence or

carelessness, and "excusable neglect" can be found when omissions to act are caused by a party's

carelessness.  See Pioneer, 113 S.Ct. 1489, 1495.  However, in his motion, Mr. Miller blames his

failure to meet the appeal deadline on the court's failure to provide him notice of entry of the

order denying the venue transfer motion, and on "the delay caused by not only the mail, but my

soon-to-be-ex-wife to deliver my copies." (Motion at 4).  When a debtor has a change of mailing

TAB 21                                                            Page 294

address, it is the debtor's responsibility to promptly file a change of address form so that the

clerk's office, trustee, and creditors know where to mail documents to the debtor. As noted

above, debtors complied with this requirement when they filed a notice of change of address on

June 4, 2013, notifying the court that they had moved to Seabrook, Texas. However, Mr. Miller

did not file a notice of change of address regarding his Webster, Texas mailing address until

January 15, 2014, well after notice of the order denying the venue transfer motion was served by

the court.

Good Faith

As noted above, debtor, Mr. Miller, has not cooperated with the Trustee in administration

of the bankruptcy case. Mr. Miller has chronically failed to appear at scheduled 341(a) hearings,

and his sole 341(a) appearance on July 20, 2013, was an appearance compelled by order of this

court. Mr. Miller has not provided the Trustee with information necessary to administer the

estate, and the Trustee alleges he has discovered that Mr. Miller, and his co-debtor, Sarah Miller,

have failed to disclose certain assets in this case. Mr. Miller has also failed to comply with this

court's turnover orders. While there is substantial evidence suggesting that Mr. Miller has acted

in bad faith in his bankruptcy case, there is not sufficient evidence on the record to support a

finding that debtor acted in bad faith in missing the notice of appeal deadline. See Bateman v.

U.S. Postal Service, 231 F.3d 1220, 1225 (9th Cir. 2000) (concluding that party acted in good

faith when he delayed in filing a Rule 60(b) motion where "[h]is errors resulted from negligence

and carelessness, not from deviousness or willfulness").

Based upon consideration of all of the foregoing factors, and the relevant circumstances

surrounding Mr. Miller's failure to meet the notice of appeal deadline, this court finds that there

is "excusable neglect" on Mr. Miller's behalf warranting an extension of the appeal deadline

TAB 21                    Page 295

under Rule 8002(c).   See, Pincay, 339 F.3d at 860 (finding that in considering excusable neglect factors, courts should also "equitably consider all relevant circumstances surrounding a party's errors or omissions.")

        Accordingly, it is ordered that Mr. Miller's motion to extend appeal deadline is GRANTED.

Date: March 26, 2014

*Robin Riblet*

Robin L. Riblet
United States Bankruptcy Judge

TAB 21                                        Page 296

TAB 22

Loren Miller, Debtor-Appellant *pro se*
600 E. Medical Center Blvd. #1509
Webster, TX 77598
281-467-8226



FILED

APR 1 0 2014

CLERK U.S. ...
CENTRAL DISTRICT OF ...

UNITED STATES BANKRUPTCY COURT
FOR THE CENTRAL DISTRICT OF CALIFORNIA
NORTHERN DIVISION

In re LOREN MILLER,
                              Debtor.

Case No.: 9:13-bk-10313-RR

**Case 2:14-cv-01681-DOC**

Chapter 7 (conversion to Chapter 11 denied)

DEBTOR-APPELLANT'S SECOND AMENDED NOTICE OF APPEAL

I again amend my Notice of Appeal to include the bankruptcy court's "ORDER DENYING AMENDED MOTION TO CONVERT CASE TO CHAPTER 11" and "ORDER DENYING MOTION TO TRANSFER VENUE."

A true copy of what I have received by mail is attached. I have been able to learn the Order denying my motion to convert to chapter 11 was docketed as item #131 and it was entered on March 26th. Therefore, so long as this court receives it no later than April 9th it is timely filed.

The Order denying my motion to transfer the case to the bankruptcy court in Houston was filed and entered on December 12th (I have since learned that Order was docketed as item #88). A true copy of what I received by mail is attached. This late appeal was finally granted by the court in its "ORDER GRANTING MOTION FOR EXTENSION OF TIME TO FILE APPEAL" docketed as item #132. Because that Order was also filed and entered on March 26th, this notice of appeal should be accepted as timely filed.

Page 1 - DEBTOR'S SECOND AMENDED NOTICE OF APPEAL

TAB 22                                    Page 297

Again, according to 28 U.S.C.A. § 158 and FRBP 8001, I give this notice I am timely appealing this court's orders designated above.

I expressly reserve the right to amend or supplement this Amended Notice if I believe it is necessary, including adequate notice to reply to all other parties' in interest responses.  I also expressly invoke FRBP 1001 to apply to this and all my written submissions to this court.

*Submitted with all rights reserved on April 7, 2014*

Loren Miller, Debtor *pro se*

Page 2 - DEBTOR'S SECOND AMENDED NOTICE OF APPEAL

TAB 22                                              Page 298

<u>Certificate of Service by Mail on "Opposing Party(ies)"</u>

I certify on this date I did serve these parties by mail:

Jeremy Faith, Trustee
16030 Ventura Blvd., Suite 470, Encino, CA 91436
(818) 705-2777

      represented by:     Margulies Faith LLP
                         16030 Ventura Blvd Ste 470, Encino, CA 91436
                         818-705-2777

Andrew and Eileen Geller

      represented by:     Howard Camhi
                         9401 Wilshire Blvd 9th Floor, Beverly Hills, CA 90212

OneWest Bank, FSB
P O Box 829009, Dallas, TX 75382-9009

      represented by:     The Estle Law Firm
                         12520 High Bluff Dr Ste 265, San Diego, CA 92130
                         858-720-0890

Sarah Miller
702 Whitecap Dr., Seabrook, TX 77586
281-339-7244

*Submitted with all rights reserved on April 7, 2014*

                                          Loren Miller, Debtor *pro se*

Page 3 - DEBTOR'S SECOND AMENDED NOTICE OF APPEAL



1

2

3                 **FILED & ENTERED**

4                     MAR 26 2014

5

6                 CLERK U.S. BANKRUPTCY COURT
                Central District of California
                BY zick     DEPUTY CLERK

           **UNITED STATES BANKRUPTCY COURT**

7            **CENTRAL DISTRICT OF CALIFORNIA**

8              **NORTHERN DIVISION**

9

10 In re:                ) Case No.: 9:13-10313
                    )

11 Loren Miller and Sarah Miller, ) Chapter 7
                    )

12         Debtors.      ) ORDER DENYING AMENDED
                    ) MOTION TO CONVERT CASE

13                     ) TO CHAPTER 11
                    )

14                     )

15                     )

16                     )

17                     )

18

19     Debtors, Loren and Sarah Miller, filed a Chapter 7 bankruptcy petition on February 7,

20 2013, and filed a Motion to Convert the case to Chapter 13 on April 5, 2013. The Motion to

21 Convert was opposed by the Chapter 7 Trustee, Jeremy Faith, and debtors subsequently

22 withdrew the motion on June 4, 2013.

23     On June 11, 2013, an order was entered extending the time within which the Trustee

24 could file a 11 U.S.C. § 727 complaint against debtors to August 15, 2013. On July 22, 2013, the

25 Trustee filed a notification of asset case and request for setting of a claims bar date, and on

26 August 15, 2013, the Trustee filed a § 727 action against debtors (AP 9:13-01133).

27

28

On November 26, 2013, debtors filed a Motion to Change Venue/Inter-district Transfer, requesting that this court transfer the bankruptcy case to the United States Bankruptcy Court for the Southern District of Texas, Houston Division, on the basis that they had moved to Seabrook, Texas. (Docket # 78 at 2). Debtors contemporaneously filed a Motion to Convert the case to Chapter 11. The Trustee opposed both motions.

On December 12, 2013, this court entered an order denying debtor's motion to transfer venue. Although the debtors had moved to Texas, 28 U.S.C. § 1408(1) provides that the applicable district for filing a bankruptcy case is determined by the situs of their residence for the major part of the 180 days before the case was filed. Therefore, since debtors resided in Pismo Beach, California when they filed bankruptcy, venue was appropriate in the Northern Division of the U.S. Bankruptcy Court for the Central District of California.[1] By separate order entered December 12, 2013, this court also denied debtors' motion to convert the case from Chapter 7 to Chapter 11, noting that debtors had failed to pay the required filing fee of $922.00 for filing a Motion to Convert to Chapter 11.

On January 14, 2014, debtor, Loren Miller, filed a motion for extension of time in which to appeal the December 12, 2013, order denying debtor's motion to transfer venue. In support of his request, debtor indicated that he did not receive a copy of the order denying the motion to transfer venue until December 23, 2013.

On January 15, 2014, Mr. Miller filed an Amended Motion to Convert the Case to Chapter 11. Mr. Miller's co-debtor, Sarah Miller, did not join in this amended motion to

---

[1] The debtors' Statement of Financial Affairs at ¶ 15 indicates no other address for the three years preceding the filing.

TAB 22                                    Page 301

1  convert.  The Trustee opposed both the motion for extension of time to file an appeal, and the

2  amended motion to convert the case to Chapter 11.

3  Amended Motion to Convert

4      Under 11 U.S.C. § 706(a), a "debtor may convert a case under this chapter to a case

5  under chapter 11, 12, or 13 of this title at any time, if the case has not been converted under

6  section 1112, 1208, or 1307 of this title."  However, in the case of Marrama v Citizens Bank of

7  Mass. ("Marrama"), 549 U.S. 365 (2007), the United States Supreme Court held that "the

8  apparently absolute right of [a] debtor to convert a chapter 7 case to chapter 13 could be curtailed

9  in an 'atypical' case of a fraudulent or 'bad faith' debtor, in order 'to prevent an abuse of

10 process.'"  Marrama, 549 U.S. at 375.  The Ninth Circuit Bankruptcy Appellate Panel has

11 recognized that the Marrama restriction on the § 706(a) conversion right applies when a debtor

12 seeks to convert a case from Chapter 7 to any other chapter under the Bankruptcy Code, not just

13 when a debtor seeks conversion to Chapter 13.  See In re Levesque, 473 B.R. 331, 339 (9th Cir.

14 BAP 2012) (noting that the Marrama interpretation of "the language of § 706(a) applies the same

15 whether the chosen chapter for conversion is chapter 11 or chapter 13").

16     In opposition to Mr. Miller's amended motion to convert to chapter 11 the Trustee has

17 presented evidence that supports a finding that Mr. Miller has not filed the conversion motion in

18 "good faith."

19     First, the Trustee notes that, among other things, Mr. Miller has filed a skeletal motion to

20 convert the case that is unsupported by any evidence that debtors are, or will be, capable of

21 performing the duties required of a debtor-in-possession.  Further, the Trustee offers evidence

22 that, for almost a year, he has continuously made efforts to uncover assets (disclosed and

23 undisclosed) for the benefit of the estate in the face of the debtors' consistent failure and/or

TAB 22                                                  Page 302

refusal to cooperate. For example, the Trustee states that he ultimately had to obtain a court order compelling debtors to appear at their 341(a) meeting of creditors because of continued non-appearance at the scheduled meeting of creditors. The initial 341(a) meeting was held on March 18, 2013, and debtors failed to appear. Debtors also failed to appear at four additional continued 341(a) meetings on April 8, April 29, May 20, and June 10, 2013. After the Trustee obtained the order compelling debtors to appear at the meeting of creditors, debtors did appear and were examined on July 20, 2013. However, debtor, Loren Miller, has refused and failed to appear at several continued 341(a) meetings on November 18, December 23, and January 13, 2014, in direct violation of the court order.

Further, debtors have failed to file complete and accurate bankruptcy schedules, and have failed to provide the Trustee with certain requested documents. The Trustee also contends that he "continues to uncover undisclosed assets and obtain assets of the estate (despite constant obstruction from Mr. Miller)." (Opp. at 2). Part of this "obstruction" involves the debtors' tactical filing of a motion to convert. Specifically, on April 4, 2013, the Trustee sent debtors a letter demanding turnover of nonexempt cash in debtors' possession. Instead of complying with this turnover request, on April 15, 2013, debtors filed a Motion to Convert the Case to Chapter 13. The Trustee opposed the motion, noting that debtors were ineligible for Chapter 13 pursuant to 11 U.S.C. § 109(e). On June 4, 2013, less than one week prior to the scheduled hearing date on the motion to convert to Chapter 13, debtors filed a notice of withdrawal of the motion.

On May 9, 2013, Trustee's counsel sent another letter requesting turnover of the nonexempt cash in debtors' possession, and again, received no response. Thereafter, on May 15, 2013, the Trustee filed a Motion for Turnover of the Cash and Directing Debtors to Appear at the Meeting of Creditors. After hearing on the motion, the court entered an order granting the

001518      58603001521027

TAB 22                                    Page 303

1   turnover motion on June 18, 2013. The turnover order required that before June 23, 2013,

2   debtors turn over $182,000 in cash to the Trustee. However, debtors refused for many months

3   after the turnover order was entered to comply with the order. On July 12, 2013, after the

4   deadline set forth in the turnover order had expired, and after numerous requests by Trustee's

5   counsel, the Trustee received a cashier's check in the amount of $101,731.00 from debtors along

6   with a one-page accounting of how debtors alleged they used up to $68,000 of the exempt cash

7   in the five months after the filing of the bankruptcy petition. Other than this one-page

8   "accounting," debtors failed to provide any bank records or other documentary evidence to

9   support these unauthorized expenditures of the cash.

10

11       On August 26, 2013, Trustee's counsel sent debtors a renewed demand for compliance

12   with the Turnover Order and requiring turnover of the remaining $80,269 from debtors. Debtor,

13   Sarah Miller, has sought to cooperate with the Trustee and has turned over certain cash items.

14   Debtor, Loren Miller, remains recalcitrant and refuses to comply with court orders, and any

15   requests by the Trustee and the Trustee's counsel.

16

17       Further, the Trustee continues to uncover additional undisclosed assets on behalf of the

18   estate. For example, the Trustee states that within the month of December 2013, he "received

19   information [indicating] that Debtor Loren Miller has concealed $27,173.38 in undisclosed gold

20   and silver purchased from Kitco Metals, Inc., during the period of 2011 and 2012, as well as

21   failing to turn over $6,716 that debtor received post-petition from debtors' California State 2012

22   income tax refund." (Opp. at 2). The Trustee also contends that his investigation has revealed

23   that debtors failed to disclose in their petition all entities in which they have an ownership

24   interest, including, but not limited to, their interest in First Star Associates. The Trustee obtained

25   information that Mr. Miller has been using a bank account in the name of First Star for his own

personal benefit for the two years preceding the petition date, and that further funds remain in the account.  Further, debtors changed the address on the First Star Bank account to their Texas address, contrary to debtors' testimony at the July 20th meeting of creditors that they did not control the account, and that the account was devoid of funds.

Consideration of the evidence presented by the Trustee, and review of the case docket indicate that debtor, Loren Miller's, amended Motion to Convert this case to Chapter 11 is simply another tactic to avoid complying with his duties under the Bankruptcy Code.  Moreover, Mr. Miller's co-debtor, Sarah Miller, did not join in, and has not filed any document indicating her consent to, the amended Motion to Convert this case to Chapter 11.

Accordingly, IT IS HEREBY ORDERED that debtor, Loren Miller's, amended motion to convert this case to Chapter 11 is DENIED.

Date: March 26, 2014

Robin L. Riblet
United States Bankruptcy Judge

TAB 22                                    Page 305

```
FILED & ENTERED

        MAR 26 2014

CLERK U.S. BANKRUPTCY COURT
Central District of California
BY zick        DEPUTY CLERK
```

UNITED STATES BANKRUPTCY COURT

CENTRAL DISTRICT OF CALIFORNIA

NORTHERN DIVISION

| | |
|---|---|
| In re: | ) Case No.: 9:13-10313 |
| | ) |
| Loren Miller and Sarah Miller, | ) Chapter 7 |
| | ) |
| Debtors. | ) ORDER GRANTING MOTION |
| | ) FOR EXTENSION OF TIME |
| | ) TO FILE APPEAL |
| | ) |
| | ) |
| | ) |
| | ) |
| | ) |
| | ) |

Debtors, Loren and Sarah Miller, filed a Chapter 7 bankruptcy petition on February 7,

2013, and filed a motion to convert the case to Chapter 13 on April 5, 2013. The motion to

convert was opposed by the Chapter 7 Trustee, Jeremy Faith, and debtors subsequently withdrew

the motion on June 4, 2013.

On June 11, 2013, an order was entered extending the time within which the Trustee

could file a 11 U.S.C. § 727 complaint against debtors to August 15, 2013.

001518

58603001521045

TAB 22                                        Page 306

On July 22, 2013, the Trustee filed a notification of asset case and request for setting of a claims bar date, and on August 15, 2013, the Trustee filed a § 727 action against debtors (AP 9:13-01133).

On November 26, 2013, debtors filed a Motion to Change Venue/Inter-district Transfer, requesting that this court transfer the bankruptcy case to the United States Bankruptcy Court for the Southern District of Texas, Houston Division, on the basis that they had moved to Seabrook, Texas. (Docket # 78 at 2). Debtors contemporaneously filed a Motion to Convert the case to Chapter 11. The Trustee opposed both motions.

On December 12, 2013, this court entered an order denying debtor's Motion to Transfer Venue. Although the debtors had moved to Texas, 28 U.S.C. § 1408(1) provides that the applicable district for filing a bankruptcy case is determined by the situs of their residence for the major part of the 180 days before the case was filed. Therefore, since debtors resided in Pismo Beach, California when they filed bankruptcy, venue was appropriate in the Northern Division of the U.S. Bankruptcy Court for the Central District of California.[1] By separate order entered December 12, 2013, this court also denied debtors' Motion to Convert the case from Chapter 7 to Chapter 11, noting that debtors had failed to pay the required filing fee of $922.00 for filing a Motion to Convert to Chapter 11.

On January 14, 2014, debtor, Loren Miller, filed a motion for extension of time in which to appeal the December 12, 2013, order denying debtors' Motion to Transfer Venue. In support of his request, Mr. Miller indicated that he did not receive a copy of the order denying the Motion to Transfer Venue until December 23, 2013.

---

[1] The debtors' Statement of Financial Affairs at ¶ 15 indicates no other address for the three years preceding the filing.

On January 28, 2014, the Trustee filed an opposition to Mr. Miller's motion to extend the time in which to appeal.

Motion for Extension of Time to File Appeal

Pursuant to Federal Rule of Bankruptcy Procedure 8002(a), a notice of appeal shall be filed with the clerk of the bankruptcy court within fourteen days of the date of entry of the bankruptcy court's judgment, order, or decree being appealed from. Fed. R. Bank. P. 8002(a). Upon a showing of "excusable neglect," a bankruptcy court may extend the time for a party to file a notice of appeal, so long as the moving party files a written motion to extend the time not later than 21 days after expiration of the initial 14-day period. Fed. R. Bank. P. 8002(c)(2).

Here, the court's order denying debtors' Motion to Transfer Venue was entered on December 12, 2014. Therefore, the time period within which debtors could file a timely notice of appeal expired on December 26, 2014. Fed. R. Bank. P. 8002(a). Debtors did not file a notice of appeal within that time period. However, debtor, Loren Miller, timely filed a motion for extension of time to file a notice of appeal on January 15, 2014.

In considering whether a party seeking an extension of time to file a notice of appeal has demonstrated "excusable neglect," a court must consider the following factors articulated in Pioneer Inv. Servs. Co. v. Brunswick Assocs. Ltd. P'ship, 507 U.S. 380 (1993): "(1) the danger of prejudice to the other party; (2) the length of the delay caused by the neglect, and its potential impact on judicial proceedings; (3) the reason for the delay, including whether it was within the movant's reasonable control; and (4) whether the movant acted in good faith." 507 U.S. at 395; see also In re Pincay, 389 F.3d 853, 855 (9th Cir. 2004) (noting that Pioneer is "the leading authority on the modern concept of excusable neglect"). Simultaneously, courts are to

58603001521054

TAB 22                                      Page 308

"equitably consider all relevant circumstances surrounding a party's . . . errors or omissions." Pincay, 389 F.3d at 856-60.

Mr. Miller argues that his motion for extension of time in which to appeal should be granted because he did not receive notice of the order denying the debtors' motion to transfer venue until December 23, 2013 – three days prior to the 14-day notice of appeal deadline under Fed. R. Bank. P. 8002(a). Mr. Miller contends that service of the notice on both him and his co-debtor at the Seabrook, Texas address was erroneous because he no longer resided at the Seabrook address, and service on him there "ignored my motion's additional contact information and its footnote 1" – which requested "Also please note our updated contact information." (Motion for Extension at page 6). Mr. Miller also claims that his co-debtor, Sarah Miller, did not provide him with the mailed notice until December 23, 2013.

Length of Delay

While Mr. Miller claims in his motion for extension that his notice of appeal is "accompanying [the] motion," there is no notice of appeal attached to the motion, and to date, debtor has not filed a notice of appeal from the December 12, 2013, order denying the venue transfer motion. However, the length of delay is measured from the time of the missed deadline to the time the motion for an extension is filed. In re Hoover WSCR Associates, Ltd., 2005 WL 6960225 (9th Cir. BAP) (unpublished memorandum decision). Here, Mr. Miller filed the motion to extend deadline on January 14, 2014, nineteen days after the expiration of the timely appeal deadline. Therefore, the length of delay is minimal.

Prejudice to Nonmoving Party

In opposition to Mr. Miller's motion to extend time for appeal, the Trustee sets forth evidence demonstrating that Mr. Miller has been persistently recalcitrant in cooperating with the

TAB 22                                          Page 309

1  Trustee in his attempts to administer the estate for the benefit of creditors. Among other things,

2  Mr. Miller has failed to appear for several 341(a) meetings, has not provided any documentation

3  requested by the Trustee, and has failed to fully comply with the turnover orders entered by this

4  court. Further, despite Mr. Miller's failure to cooperate, the Trustee continues to discover

5  undisclosed assets in this case. Rather than cooperate with the Trustee in administering this case,

6  debtor has filed two motions to convert the case (to Chapter 13, and Chapter 11, respectively),

7  and a motion to transfer venue.

8

9      In opposition, the Trustee posits that if the extension motion is granted, the overall

10  administration of the case could be detrimentally affected, as well as the Trustee's pending § 727

11  complaint against the debtors. In addition, the Trustee asserts he has recently received

12  information that Mr. Miller has concealed $27,173.38 in undisclosed gold and silver purchased

13  from Kitco Metals, as well as failing to turn over $6,716 from a California State Tax 2012

14  income tax refund. The Trustee has filed a motion for turnover of the Kitco purchases and tax

15  return monies, which motion was heard and granted on March 19, 2014. Administration of the

16  bankruptcy estate, and prosecution of the Trustee's § 727 proceeding will not be prejudiced or

17  delayed unless this or an appellate court enters an order staying the proceeding. Absent such a

18  stay, the prejudice to the Trustee and estate is minimal. Moreover, [p]rejudice to the opposing

19  party 'requires greater harm than simply that relief would delay resolution of the case.'" In re

20  Hawaiian Airlines, Inc., 2011 WL 1483923 (D. Hawai'i) (citing Lemoge v U.S., 587 F.3d 1188,

21  1196 (9th Cir. 2009)).

22

23

24

25

26

27

28

<u>Reason for Delay</u>

Debtor argues that the reason for his delay in filing the notice of appeal is due to the court's alleged error in serving him with the notice of the December 12, 2013, order at the wrong address.

First, it is undisputed that Mr. Miller did ultimately receive the notice of entered order on December 23, 2013, yet he failed to file a notice of appeal by the deadline of December 26, 2013. Mr. Miller offers no explanation as to why he did not file the notice of appeal by December 26, 2013, stating only that he discovered through "recent research" that the due date for filing the notice of appeal was December 26, 2013. (Supporting Declaration of Mr. Miller at 5). Mr. Miller also adds that he "works full time and do[es] not have the luxury of being able to afford the services of an actually competent attorney . . ." Id. However, Mr. Miller's status as a *pro se* litigant does not excuse his failure to understand and follow court rules. See In re Warrick, 278 B.R. 182, 187 (9th Cir. BAP 2002). Therefore, Mr. Miller's ability to meet the notice of appeal deadline was within his "reasonable control," and he offers no adequate explanation as to why he failed to meet the December 26, 2013, deadline.

Second, Mr. Miller makes much of the court's alleged "error" in serving both him and co-debtor, Sarah Miller at the Seabrook, Texas address with the notice of entered order, even though Mr. Miller's Webster, Texas address was on the motion to transfer venue. However, in the body of the motion itself, debtors stated that they had *both* moved to Seabrook, Texas. In fact, debtors' move to Seabrook, Texas was the basis of the motion to transfer venue. (Motion to Transfer Venue [Docket # 78] at 2). Moreover, on June 4, 2013, debtors had filed a notice of change of address with the court, indicating that their new mailing address was "Loren and Sarah Miller, 702 Whitecap Drive, Seabrook, TX 77586." This was the debtors' mailing address on the

001518      58603001521063

TAB 22                                    Page 311

1    bankruptcy docket both at the time the Motion to Transfer Venue was filed, and when the order

2    denying the Motion to Transfer Venue was entered. Mr. Miller did not file a change of address,

3    notifying the court of his Webster, Texas address until January 15, 2014. See In re Salomon,

4    2014 WL 904589 * 3 (9th Cir. BAP) (unpublished opinion) (finding no "excusable neglect"

5    where debtor, among other things, perpetuated the reasons for delay).

6

7        Finally, even if the bankruptcy court had erred in serving the notice of entered order on

8    both debtors at the Seabrook, Texas address:

9          It is well-settled that failure to receive notice of entry of judgment or order
10         is not an excuse for an untimely appeal because it is the party's affirmative duty
           to monitor the dockets. Therefore, failure of a court clerk to give notice of entry
11         of an order is not a ground, by itself, to warrant finding an otherwise untimely
           appeal timely.
12

13   In re Warrick, 278 B.R. at 187.

14   Therefore, Mr. Miller's argument that he failed to receive the notice of entered order until

15   December 23, 2013, due to court error, does not constitute excusable neglect for his failure to

16   meet the notice of appeal deadline. Further, Mr. Miller acknowledges receiving the notice of

17   entered order on December 23, 2013, prior to the expiration of the notice of appeal deadline.

18   However, he offers no explanation or excuse for his failure to meet the deadline other than his

19   "later" discovery that the deadline was December 26, 2013. This court may consider Mr.

20   Miller's failure to meet the December 26, 2013, to be a result of Mr. Miller's negligence or

21   carelessness, and "excusable neglect" can be found when omissions to act are caused by a party's

22   carelessness. See Pioneer, 113 S.Ct. 1489, 1495. However, in his motion, Mr. Miller blames his

23   failure to meet the appeal deadline on the court's failure to provide him notice of entry of the

24   order denying the venue transfer motion, and on "the delay caused by not only the mail, but my

25   soon-to-be-ex-wife to deliver my copies." (Motion at 4). When a debtor has a change of mailing

26

27

28

address, it is the debtor's responsibility to promptly file a change of address form so that the

clerk's office, trustee, and creditors know where to mail documents to the debtor. As noted

above, debtors complied with this requirement when they filed a notice of change of address on

June 4, 2013, notifying the court that they had moved to Seabrook, Texas. However, Mr. Miller

did not file a notice of change of address regarding his Webster, Texas mailing address until

January 15, 2014, well after notice of the order denying the venue transfer motion was served by

the court.

Good Faith

     As noted above, debtor, Mr. Miller, has not cooperated with the Trustee in administration

of the bankruptcy case. Mr. Miller has chronically failed to appear at scheduled 341(a) hearings,

and his sole 341(a) appearance on July 20, 2013, was an appearance compelled by order of this

court. Mr. Miller has not provided the Trustee with information necessary to administer the

estate, and the Trustee alleges he has discovered that Mr. Miller, and his co-debtor, Sarah Miller,

have failed to disclose certain assets in this case. Mr. Miller has also failed to comply with this

court's turnover orders. While there is substantial evidence suggesting that Mr. Miller has acted

in bad faith in his bankruptcy case, there is not sufficient evidence on the record to support a

finding that debtor acted in bad faith in missing the notice of appeal deadline. See Bateman v.

U.S. Postal Service, 231 F.3d 1220, 1225 (9th Cir. 2000) (concluding that party acted in good

faith when he delayed in filing a Rule 60(b) motion where "[h]is errors resulted from negligence

and carelessness, not from deviousness or willfulness").

     Based upon consideration of all of the foregoing factors, and the relevant circumstances

surrounding Mr. Miller's failure to meet the notice of appeal deadline, this court finds that there

is "excusable neglect" on Mr. Miller's behalf warranting an extension of the appeal deadline

TAB 22                                    Page 313

1   under Rule 8002(c).   See, Pincay, 339 F.3d at 860 (finding that in considering excusable neglect

2   factors, courts should also "equitably consider all relevant circumstances surrounding a party's

3   errors or omissions.")

4           Accordingly, it is ordered that Mr. Miller's motion to extend appeal deadline is

5   GRANTED.

6

7

8

9

10

11

12

13

14

15

16

17

18

19

20

21

22

23

24   Date: March 26, 2014                    *Robin Riblet*
                                             Robin L. Riblet
25                                           United States Bankruptcy Judge

26

27

28

TAB 22                                Page 314



FILED & ENTERED

DEC 12 2013

CLERK U.S. BANKRUPTCY COURT
Central District of California
BY zick        DEPUTY CLERK

UNITED STATES BANKRUPTCY COURT

CENTRAL DISTRICT OF CALIFORNIA

NORTHERN DIVISION

In re:                          ) Case No.: 9:13-10313
                                )
Loren Miller and Sarah Miller,  ) Chapter 7
                                )
              Debtors.          ) ORDER DENYING MOTION
                                ) TO TRANSFER VENUE
                                )
                                )
                                )
                                )
                                )
                                )
                                )

    The voluntary Chapter 7 petition in this case was filed on

February 7, 2013.  The debtors listed their address as 239

Esparto Avenue, Pismo Beach, CA 93449.

    On June 4, 2013, the debtors filed a Notice of Change of

Address, listing a new address of 702 Whitecap Drive, Seabrook,

TX 77586.

    Pursuant to 28 U.S.C. § 1408(1), venue of a bankruptcy case

is appropriate where "the domicile, residence, principal place

009109                          84704009118017

TAB 22                                    Page 315

1  of business in the United States, or principal assets in the

2  United States, of the person or entity that is the subject of

3  the case have been located for the one hundred and eighty days

4  immediately preceding [case] commencement . . . ."  Further,

5  Local Bankruptcy Rule 1071-1(a)(1) provides that the applicable

6
7  division for filing a bankruptcy case is determined by "the

8  location of the debtor's residence" at the time the petition was

9  filed.  Accordingly, venue of this bankruptcy case is

10 appropriate in the Northern Division of the U.S. Bankruptcy

11 Court for the Central District of California.

12
13     **IT IS HEREBY ORDERED** that debtors' motion to transfer venue

14 of this case to the United States Bankruptcy Court for the

15 Southern District of Texas, Houston Division, is DENIED.

16 ###

17 ###

18 ###

19 ###

20

21

22

23

24   Date: December 12, 2013

_Robin Riblet_
Robin L. Riblet
United States Bankruptcy Judge

25

26

27

28

009109     84704009118017

TAB 22                                    Page 316

1

NOTE TO USERS OF THIS FORM:

2   1) Attach this form to the last page of a proposed Order or Judgment.  Do not file as a separate document.
    2) The title of the judgment or order and all service information must be filed in by the party lodging the order.
3   3) Category I. below:  The United States trustee and case trustee (if any) will always be in this category.
    4) Category II. below:  List ONLY addresses for debtor (and attorney), movant (or attorney) and person/entity (or
4   attorney) who filed an opposition to the requested relief. DO NOT list an address if person/entity is listed in category I.

5

## NOTICE OF ENTERED ORDER AND SERVICE LIST

6

Notice is given by the court that a judgment or order entitled (*specify*)  **_ORDER DENYING DEBTORS'_**
7   **_MOTION TO TRANSFER VENUE_** was entered on the date indicated as "Entered" on the first page
of this judgment or order and will be served in the manner indicated below:

8

**I. SERVED BY THE COURT VIA NOTICE OF ELECTRONIC FILING ("NEF")** ᴮ Pursuant to controlling
9   General Order(s) and Local Bankruptcy Rule(s), the foregoing document was served on the following
person(s) by the court via NEF and hyperlink to the judgment or order. As of ____12/12/13____
10   , the following person(s) are currently on the Electronic Mail Notice List for this bankruptcy case or
adversary proceeding to receive NEF transmission at the email address(es) indicated below.

11

12
    • Howard Camhi    hcamhi@ecjlaw.com, kanthony@ecjlaw.com
13   • Howard Camhi    hcamhi@ecjlaw.com, kanthony@ecjlaw.com
    • Mark D Estle    mark.estle@buckleymadole.com
14   • Jeremy W. Faith (TR)    jfaith@7trustee.net,
      C118@ecfcbis.com;Helen@MarguliesFaithLaw.com;leedowding@gmail.com
15   • Robert E Hurlbett    bob@hurlbettlaw.com, reed@hurlbettlaw.com
    • Craig G Margulies    craig@marguliesfaithlaw.com,
16      staci@marguliesfaithlaw.com;denisse@marguliesfaithlaw.com;fahim@marguliesfaithla
17      w.com
    • Craig G Margulies    craig@marguliesfaithlaw.com,
18      staci@marguliesfaithlaw.com;denisse@marguliesfaithlaw.com;fahim@marguliesfaithla
19      w.com
    • Faye C Rasch    frasch@ecjlaw.com, kanthony@ecjlaw.com
20   • Vaughn C Taus    tauslawyer@gmail.com
    • Meghann A Triplett    Meghann@MarguliesFaithlaw.com,
21      Helen@MarguliesFaithlaw.com;MF_ecf@ecf.inforuptcy.com;Marta@MarguliesFaithLa
22      w.com
    • Meghann A Triplett    Meghann@MarguliesFaithlaw.com,
23      Helen@MarguliesFaithlaw.com;MF_ecf@ecf.inforuptcy.com;Marta@MarguliesFaithLa
24      w.com
    • United States Trustee (ND)    ustpregion16.nd.ecf@usdoj.gov

25

26

27

28

009109                          84704009118026

TAB 22                                    Page 317

1   II. **SERVED BY THE COURT VIA U.S. MAIL:** A copy of this notice and a true copy of this judgment or order was sent by United States Mail, first class, postage prepaid, to the following person(s) and/or

2   entity(ies) at the address(es) indicated below:

3   Loren Miller
   Sarah Miller
   702 Whitecap Dr

4   Seabrook, TX 77586

5

6

7   This form is mandatory. It has been approved for use by the United States Bankruptcy Court for the Central District of California.
   *August 2010*           **F 9021-1.1.NOTICE.ENTERED.ORDER**

8

9

10

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28

009109    84704009118026