# TAB 23



Loren Miller, Debtor-Appellant *pro se*
600 E. Medical Center Blvd. #1509
Webster, TX 77598
281-467-8226

## UNITED STATES DISTRICT COURT
### FOR THE CENTRAL DISTRICT OF CALIFORNIA
(Western Division - Los Angeles)

| | |
|---|---|
| In re LOREN MILLER,<br><br>                      Debtor. | Case No.: 9:13-bk-10313-RR<br><br>**Case 2:14-cv-01681-DOC**<br><br>Chapter 7 (conversion to Chapter 11 denied)<br><br>DEBTOR-APPELLANT'S MOTION TO TRANSFER VENUE - RULE 1014; 28 U.S.C.A. § 1412<br><br>No Oral Argument Requested |

     I move this court to transfer venue from this court to the United States District and Bankruptcy Court for the Southern District of Texas, Houston Division.  This motion is based on the case record and:

     **1.** Federal Rule of Bankruptcy Procedure ("FRBP") 1014(a) gives this court authority to "transfer the case to any other district **if the court determines that the transfer is in the interest of justice or for the convenience of the parties.**"[1]

---

1 The bankruptcy court "in the interests of justice" may even *sua sponte* transfer an action related to a bankruptcy proceeding. *See In re Donald*, 328 B.R. 192, 198 (B.A.P. 9th Cir. 2005); please note my added emphasis to quoted text is in boldface

Page 1 - MOTION TO TRANSFER VENUE

TAB 23                                                                    Page 319

**2.** 28 U.S.C.A. § 1412 provides "A district court may transfer a case or proceeding under title 11 to a district court for another district, **in the interest of justice or for the convenience of the parties.**" The Ninth Circuit has said:[2]

> ". . . **the ultimate § 1412 analysis, which entails a balancing of due process concerns** of assuring appropriate access to the court for all parties in interest against the economic and efficient administration of the case. While it may be economically efficient for those in control of a bankruptcy case to administer it in a location that handicaps parties in interest, **the integrity of the bankruptcy process requires that the natural enemies have reasonable access to the court.**"

**3.** I had previously informed the bankruptcy court and the other parties I had been forced by necessity to move to Seabrook, Texas, a distance of nearly 1,600 miles from this court, and that it is a substantial hardship every time I am required to personally attend any proceeding, including the creditors' meetings and hearings, in Los Angeles.[3] The case record shows numerous of hearings continued literally the day before the scheduled date, etc. I will provide the details of those events at the court's request.

**4.** The only qualification for the transfer seems to be this court's ruling this transfer is justified "in the interest of justice **or** for the convenience of the parties." I am not aware of any other party in interest with either domicile or principal place of business within this court's district. There is sure to be a U.S. Trustee in the United States Bankruptcy Court for the Southern District of Texas. All other parties are participating

---

2  *See In re Donald* at 204
3  *See* bankruptcy docket #41, notice of changed domicile; *see also* PACER, beginning @ *Case 9:13-bk-10313-RR Doc 65 Filed 08 / 15 / 13 Entered 08 / 15 / 13 13:17:52 Desc Main Document Page 25 of 65* through *Page 60 of 65*

Page 2 - MOTION TO TRANSFER VENUE

TAB 23                                        Page 320

by attorney, not in person. I'm certain there are competent Houston area attorneys just as eager for their business as Los Angeles area attorneys.

**5.** Because I seek transfer only to the district and its bankruptcy court in Texas, there sghould not be any law favoring any party over any other there.[4]

**6.** Another consideration for transferring venue "for the convenience of the parties" is the common-law doctrine of *forum non conveniens*.[5] The Ninth Circuit has said in considering a motion to transfer for *forum non conveniens*, courts have broad discretion to adjudicate "according to an individualized, **case-by-case consideration of convenience and fairness.**"[6] The U.S. Supreme Court described "the interests which bear on *forum non conveniens* decision" as "most notably the convenience to the parties **and the practical difficulties that can attend the adjudication of a dispute in a certain locality.**"[7]

*IN CONCLUSION*, I submit this court should transfer venue first "the practical difficulties that can attend the adjudication of a dispute in a certain locality," with "in the interest of justice" as the alternative basis for ordering this transfer.[8]

---

4  *See* our federal Constitution, Article I, § 8, clause 4, which provides that Congress shall have power "To establish . . . uniform Laws on the subject of Bankruptcies throughout the United States."

5  "[Latin "an unsuitable court"] *Civil procedure.* The doctrine that an appropriate forum — even though competent under the law — may divest itself of jurisdiction **if, for the convenience of the litigants and the witnesses, it appears that the action should proceed in another forum** in which the action might also have been properly brought in the first place." - Black's Law Dictionary 680 (8th ed. 2004)

6  *Jones v. GNC Franchising, Inc.*, 211 F.3d 495, 498 (9th Cir. 2000)

7  *Quackenbush v. Allstate Ins. Co.*, 517 US 706, 723 (1996)

8  Another authority for doing so is found in Rule 1001: "These rules shall be construed

Page 3 - MOTION TO TRANSFER VENUE

TAB 23                    Page 321

RELIEF SOUGHT

This court's finding the Debtors' domicile is in the vicinity of Houston, Texas, and the current venue is an inconvenient forum for the purposes of transfer, then an order transferring all cases to the Southern District of Texas, Houston Division.

I make this motion in good faith and not for any improper purposes, such as needless delay or extraordinary expense for the other parties in interest.

I expressly reserve the right to amend or supplement this Motion if I believe it is necessary, including adequate notice to reply to all other parties' in interest responses to this motion.  I also expressly invoke FRBP 1001 to apply to this and all our written submissions to this court.

I expressly reserve the right to amend or supplement this Motion if I believe it is necessary, including adequate notice to reply to all other parties' in interest responses.  I also expressly invoke FRBP 1001 to apply to this and all my written submissions to this court.

*Submitted with all rights reserved on January 15, 2015*

Loren Miller, Debtor-Appellant *pro se*

---

to secure the just, speedy, and inexpensive determination of every case and proceeding."

Page 4 - MOTION TO TRANSFER VENUE

TAB 23                          Page 322

Case 2:14-cv-01681-DOC   Document 10   Filed 01/22/15   Page 5 of 6   Page ID #:58

# PROOF OF SERVICE OF DOCUMENT

I am over the age of 18 and not a party to this bankruptcy case or adversary proceeding. My business address is:
600 E. Medical Center Blvd, #1509
Webster, TX 77598

A true and correct copy of the foregoing document entitled (*specify*): _____
__Debtor – Appellant's Motion To Transfer Venue – Rule 1014: 28 U.S.C.A. 1412_____
_____
_____

will be served or was served **(a)** on the judge in chambers in the form and manner required by LBR 5005-2(d); and **(b)** in the manner stated below:

1. **TO BE SERVED BY THE COURT VIA NOTICE OF ELECTRONIC FILING (NEF):** Pursuant to controlling General Orders and LBR, the foregoing document will be served by the court via NEF and hyperlink to the document. On (*date*) _____, I checked the CM/ECF docket for this bankruptcy case or adversary proceeding and determined that the following persons are on the Electronic Mail Notice List to receive NEF transmission at the email addresses stated below:

☐ Service information continued on attached page

2. **SERVED BY UNITED STATES MAIL:**
On (*date*) ____01/15/15_____, I served the following persons and/or entities at the last known addresses in this bankruptcy case or adversary proceeding by placing a true and correct copy thereof in a sealed envelope in the United States mail, first class, postage prepaid, and addressed as follows. Listing the judge here constitutes a declaration that mailing to the judge will be completed no later than 24 hours after the document is filed.

☐ Service information continued on attached page

3. **SERVED BY PERSONAL DELIVERY, OVERNIGHT MAIL, FACSIMILE TRANSMISSION OR EMAIL (state method for each person or entity served):** Pursuant to F.R.Civ.P. 5 and/or controlling LBR, on (*date*) _____, I served the following persons and/or entities by personal delivery, overnight mail service, or (for those who consented in writing to such service method), by facsimile transmission and/or email as follows. Listing the judge here constitutes a declaration that personal delivery on, or overnight mail to, the judge will be completed no later than 24 hours after the document is filed.

☐ Service information continued on attached page

I declare under penalty of perjury under the laws of the United States that the foregoing is true and correct.

| 01/15/15 | Loren Miller | [signature] |
|----------|--------------|-------------|
| Date | Printed Name | Signature |

_This form is mandatory. It has been approved for use by the United States Bankruptcy Court for the Central District of California._

June 2012                                **F 9013-3.1.PROOF.SERVICE**

TAB 23                                Page 323

Main Document page 2 of 2
In RE: Loren Miller                                    Chapter 7        Case No: 13-10313-RR

**SERVED BY US MAIL:**

United States District Court
Western Division – Los Angeles
Court Clerk / 255 East Temple Street
Los Angeles, CA 90012-3332

Jeremy Faith
Craig Margulies
Meghann Triplett
16030 Ventura Boulevard
Suite 470
Encino, CA 91346

Allen Cooper
Ervin Cohen & Jessup, LLP
9401 Wilshire Blvd, 9th Floor
Beverly Hills, CA 90212

Robert Hurlbett
3324 State Street, Suite O
Santa Barbara, CA 93105

TAB 23                                           Page 324

TAB 24

## UNITED STATES DISTRICT COURT
## CENTRAL DISTRICT OF CALIFORNIA

### CIVIL MINUTES – GENERAL

Case No.  CV 14-1681-DOC                         Date:  January 28, 2015
        BK 13-10313

Title: IN RE. LOREN AND SARAH MILLER

PRESENT:

### THE HONORABLE DAVID O. CARTER, JUDGE

| Deborah Goltz | Not Present |
|---|---|
| Courtroom Clerk | Court Reporter |

| ATTORNEYS PRESENT FOR PLAINTIFF: | ATTORNEYS PRESENT FOR DEFENDANT: |
|---|---|
| None Present | None Present |

**PROCEEDINGS (IN CHAMBERS):   ORDER TO SHOW CAUSE WHY CASE SHOULD NOT BE DISMISSED FOR LACK OF PROSECUTION**

Appellant Loren Miller attempts to appeal two orders from the Bankruptcy Court: the Order Denying Amended Motion to Convert Case to Chapter 11, and the Order Denying Motion to Transfer Venue. Second Amended Notice of Appeal (Dkt. 9).

On April 7, 2014, Appellant was mailed a deficiency letter noting that appeal commencement documents including a statement of issues, designation of records and notice of transcripts have not been filed. Fed. R. Bankr. P. 8006.[1]

Appellant failed to file these documents, the record was never completed, and no briefing was filed. The record before the District Court therefore is not complete.

---

[1] The Rules have since been amended. The applicable Rule is now Fed. R. Bankr. P. 8009.

TAB 24                                      Page 325

**UNITED STATES DISTRICT COURT**
**CENTRAL DISTRICT OF CALIFORNIA**

**CIVIL MINUTES – GENERAL**

Case No. BK 13-10313                                             Date: January 28, 2015
     CV 14-1681-DOC

     Accordingly, Appellant is hereby ordered to show cause in writing, on or before **February 9, 2015**, why this appeal should not be dismissed for lack of prosecution. [2]

     The Clerk shall serve this minute order on the parties.

MINUTES FORM 11                                         Initials of Deputy Clerk:  djg
CIVIL-GEN

---

[2] Appellant has also filed a motion styled as a Motion to Transfer Venue. This topic is the subject of Miller's appeal. This Court is not acting as a district court in this instance. Fed. R. Bankruptcy P. 8001. Instead it is acting in its capacity as a court of appeals. Under 28 U.S.C. 158(a), a district court has jurisdiction to hear appeals from final judgments, orders, and decrees of bankruptcy judges. Apparently, the Appellant has included in his Motion arguments in support of his desire to transfer venue, but has not stated the basis for the Court's jurisdiction to hear this Motion. The Motion is DENIED.

TAB 24                                         Page 326

TAB 25

Loren Miller, Debtor-Appellant *pro se*
600 E. Medical Center Blvd. #1509
Webster, TX 77598
281-467-8226

FILED - SOUTHERN DIVISION
CLERK, U.S. DISTRICT COURT

FEB 1 0 2015

FILED - SOUTHERN DIVISION
CLERK, U.S. DISTRICT COURT

FEB 1 0 2015

CALIFORNIA
DEPUTY

## UNITED STATES DISTRICT COURT
## FOR THE CENTRAL DISTRICT OF CALIFORNIA
### (Western Division - Los Angeles)

| | |
|---|---|
| In re LOREN MILLER,<br><br>                    Debtor. | Case No.: 9:13-bk-10313-RR<br><br>**Case 2:14-cv-01681-DOC**<br><br>Chapter 7 (conversion to Chapter 11 denied)<br><br>DEBTOR-APPELLANT'S CAUSE SHOWN<br><br>*No Oral Argument Requested* |

        I recently received this court's "ORDER TO SHOW CAUSE WHY CASE SHOULD
NOT BE DISMISSED FOR LACK OF PROSECUTION."[1] That Minute Order instructed
me "to show cause in writing why, on or before **February 9, 2015**, why this appeal
should not be dismissed for lack of prosecution."[2] Accordingly:

        **1.** So long as I file and serve this no later than Monday, February 9th it should be
considered by this court to be timely.

        **2.** The court's reasoning for that Minute Order appears to be I "failed to file"
documents this court's "deficiency letter" mailed to me "On April 7, 2014." I received no
such letter, and my review of this case's docket shows the *only* April 2014 event was my
"SECOND AMENDED NOTICE OF APPEAL."[3]

---

1 Docket #11
2 Boldface emphasis in original
3 Docket #9

Page 1 - CAUSE SHOWN

TAB 25                                    Page 327

**3.** Because I cannot act on a deficiency letter from the court I did not receive and the docket shows was not sent, and because I am meeting this court's deadline, this appeal should be allowed.[4]

**4.** Regardless of what may have been sent and not received, as I understand the Minute Order, this court wishes me to cure a deficiency by filing "documents including a statement of issues, designation of records and notice of transcripts" in compliance with Rule 8006, which seems to have been renumbered 8009. Accordingly, at the same time I am filing and serving this Cause Shown, I am filing and serving that "statement of issues," etc., with the bankruptcy court.

**5.** I see the court also summarily denied my "motion styled as a Motion to Transfer Venue." The court then complained it was acting only as an appellate court, and my motion "has not stated the basis for the Court's jurisdiction to hear this Motion," If the court had actually read my motion it would have seen that basis was shown in the caption as "RULE 1014; 28 U.S.C.A. § 1412." Each was explained in my Motion's #1 and #2, with the following numbered points discussing supporting grounds and authorities, including Ninth Circuit case law.

**6.** I would also call the court's attention to the fact although I mailed the original *and* the service copies the same day, January 15th,[5] I have received no responses whatsoever from the other parties, nor do I see anything on the docket showing any have been filed as of the date I sign this. I must then assume the other parties, including the Trustee, do not oppose this court ordering the venue being transferred as I moved.

***IN CONCLUSION***, for cause shown here, I submit this court "should not be dismissed for lack of prosecution," I am curing the "deficiency," and the court should

---

4  *See Oliva v. Sullivan*, 958 F.2d 272, 274 (9th Cir. 1992): "dismissal is a harsh penalty, it should be imposed as a sanction only in extreme circumstances." Factors to be considered "are the failure to consider less drastic alternatives and the lack of warning of imminent dismissal of the case."

5  I've attached a copy of the Post Office receipt of mailing for proof of this; please note the original itself is barely legible

Page 2 - CAUSE SHOWN

TAB 25                                    Page 328

reconsider my Motion for transfer.  Additionally, I have Shown Cause in good faith and not for any improper purposes, such as needless delay or extraordinary expense for the other parties.

      I expressly reserve the right to amend or supplement this Cause Shown if I believe it is necessary, including adequate notice to reply to all other parties' in interest responses.  I also expressly invoke FRBP 1001 to apply to this and all my written submissions to this court.

      I expressly reserve the right to amend or supplement this Cause Shown if I believe it is necessary.  I also expressly invoke FRBP 1001 to apply to this and all my written submissions to this court.

*Submitted with all rights reserved on February 5, 2015*

Loren Miller, Debtor-Appellant *pro se*

Page 3 - CAUSE SHOWN

TAB 25                                    Page 329

PRIORITY MAIL EXPRESS

EK 751285748 US

JAN 1 5 2015

UNITED STATES POSTAL SERVICE

**Sales Receipt**

WEBSTER
WEBSTER, Texas
7750099H
484140050B-C096
(800)275-8777 12:26:56 PM
01/15/2015

| Product Description | Sale Qty | Unit Price | Final Price |
|---|---|---|---|
| MISSION HILLS CA 91346 | | | $0.70 |
| Zone-6 | | | |
| First-Class Mail Letter | | | |
| 1.20 oz. | | | |
| Expected Delivery: Tue 01/20/15 | | | |
| Issue Postage: | | | $0.70 |
| BEVERLY HILLS CA 90212 | | | $0.70 |
| Zone-6 | | | |
| First-Class Mail Letter | | | |
| 1.20 oz. | | | |
| Expected Delivery: Tue 01/20/15 | | | |
| Issue Postage: | | | $0.70 |
| SANTA BARBARA CA 93105 | | | $0.70 |
| Zone-7 | | | |
| First-Class Mail Letter | | | |
| 1.20 oz. | | | |
| Expected Delivery: Tue 01/20/15 | | | |
| Issue Postage: | | | $0.70 |
| -- LOS ANGELES CA 90012-3332 | | | $19.99 |
| Zone-6 | | | |
| Priority Mail Express 1-Day | | | |
| Flat Rate Env | | | |
| 2.50 oz. | | | |
| USPS Tracking #: | | | |
| EK751285748US | | | |
| Scheduled Delivery Day: Fri 01/16/15 03:00PM - Money Back Guarantee | | | |

TAB 25                    Page 330

<u>Certificate of Service by Mail on "Opposing Party(ies)"</u>

I certify on this date I did serve these parties by mail:

Jeremy Faith, Trustee, represented by:    Meghann A Triplett
                                          Margulies Faith LLP
                                          16030 Ventura Blvd Ste 470
                                          Encino, CA 91436


Sarah Miller, Joint Debtor, represented by:    Reed H Olmstead
                                               Hurlbett & Olmstead
                                               3324 State St Ste O
                                               Santa Barbara, CA 93105


"Andrew D. Geller, an Individual, and Andrew D. Geller and Eileen B. Geller, Trustees of
the Geller Trust dated September 2, 1987," represented by:

                                          Howard Camhi
                                          Ervin Cohen & Jessup LLP
                                          9401 Wilshire Blvd 9th Floor
                                          Beverly Hills, CA 90212


*Submitted with all rights reserved on February 5, 2015*


Loren Miller, Debtor-Appellant *pro se*


Page 4 - CAUSE SHOWN


TAB 25                                              Page 331

# TAB 26

JS-6

# UNITED STATES DISTRICT COURT
## CENTRAL DISTRICT OF CALIFORNIA

## CIVIL MINUTES – GENERAL

Case No. CV 14-1681-DOC                              Date:  April 9, 2015

Title: IN RE. LOREN MILLER AND SARAH MILLER

PRESENT:

### THE HONORABLE DAVID O. CARTER, JUDGE

| Julie Barrera | Not Present |
|---|---|
| Courtroom Clerk | Court Reporter |

| ATTORNEYS PRESENT FOR PLAINTIFF: | ATTORNEYS PRESENT FOR DEFENDANT: |
|---|---|
| None Present | None Present |

**PROCEEDINGS (IN CHAMBERS):   ORDER RE: DISMISSAL FOR FAILURE TO PROSECUTE**

        This action was appealed to this Court from the Bankruptcy Court on March 7, 2014 (Dkt. 1). A notice of discrepancy was filed on March 7, 2014 (Dkt. 5). It noted the Appeal was deficient for a variety of reasons, including failure to state the title of the order or judgment, failure to include copies of the same, and failure to state the opposing parties. *Id.* On March 25, 2014, Debtor/Appellant Loren Miller ("Miller") filed an amended notice of appeal (Dkt. 8). On April 7, 2014, the Clerk entered a notice of discrepancy related to the Notice of Appeal (Bk. Dkt. 135). It noted the failure to file the statement of issues, designation of record, and notice of transcript required by Federal Rule of Bankruptcy Procedure 8006. On April 10, 2014, Miller filed a second amended notice of appeal. Miller again failed to file a designation of record or a statement of issues (Dkt. 9).

        On January 28, 2015, this Court issued an Order to Show Cause why this appeal should not be dismissed for failure to prosecute because Appellant had not filed the documents required under Rule 8006 of the Bankruptcy Rules.  The Court ordered Appellant to file a written response on or before February 9, 2015. *See* Order (Dkt. 11). Miller responded and filed the required documents. After receiving the Appellant's response, the Court wrote:

TAB 26                                              Page 332

**UNITED STATES DISTRICT COURT**
**CENTRAL DISTRICT OF CALIFORNIA**

**CIVIL MINUTES – GENERAL**

Case No. CV 14-1681-DOC                                           Date:  April 9, 2015
                                                                              Page 2

> The Court will ACCEPT the untimely filings, as it appears Miller's
> error was due to inadvertence and excusable neglect. Miller is
> advised to follow the Federal Rules of Bankruptcy Procedure and the
> deadlines set by the Bankruptcy Court and this Court. Failure to
> abide by the procedural rules in a timely manner will result in
> dismissal. As noted by the Bankruptcy Court, the transmission of
> designation is **due by March 11, 2015** (Bk. Dkt. 193). **Miller shall
> file his opening brief thereafter, according to the briefing
> schedule set by the court.**

Order, Feb. 18, 2015 (Dkt. 13) (second emphasis added).

A certificate of readiness was issued on March 18, 2015, indicating that the record
was complete (Dkt. 14). However, according to the Notice Re: Bankruptcy Record
Complete, Briefing Schedule and Notice of Entry (Dkt. 15), Miller's opening brief was
due on April 1, 2015. As of this date, Miller has not filed his opening Brief.

Considering the history of this appeal, and the fact that Miller was explicitly
admonished to follow the briefing schedule, the delay is not excusable. Miller has been
warned by this Court that failure to abide by deadlines in this matter would result in
dismissal. *See Greco v. Stubenberg*, 859 F.2d 1401, 1404 (9th Cir. 1988) (district courts
may impose sanctions, including dismissal, against appellants for failure to prosecute
bankruptcy appeals).

As such, this appeal is DISMISSED for failure to prosecute.

The Clerk shall serve this minute order on the parties.

MINUTES FORM 11
CIVIL-GEN                                     Initials of Deputy Clerk:  djg

TAB 26                                                    Page 333

TAB 27

Loren Miller, Debtor-Appellant *pro se*
600 E. Medical Center Blvd. #1509
Webster, TX 77598
281-467-8226

FILED - SOUTHERN DIVISION
CLERK, U.S. DISTRICT COURT

APR 2 4 2015

CENTRAL DISTRICT OF CALIFORNIA
BY                              DEPUTY

UNITED STATES DISTRICT COURT FOR
THE CENTRAL DISTRICT OF CALIFORNIA
(Western Division - Los Angeles)

| | |
|---|---|
| In re LOREN MILLER,<br><br>                                    Debtor. | Case No.: 9:13-bk-10313-RR<br><br>**Case 2:14-cv-01681-DOC**<br><br>Chapter 7 (conversion to Chapter 11 denied)<br><br>DEBTOR-APPELLANT'S MOTION TO EXTEND TIMES TO FILE BRIEF – FRBP 8011(a)<br><br>*No Oral Argument Requested* |

        I move this court in good faith to extend the deadline to file and serve my opening

brief to May 18, 2015.  I base this motion on the case records and:

        As my supporting Declaration proves, I recently received this court's

"PROCEEDINGS (IN CHAMBERS): ORDER RE: DISMISSAL FOR FAILURE TO

PROSECUTE" by regular mail.  That Order said on its page 2:[1]

                "As noted by the Bankruptcy Court, the transmission of designation is
                due by **March 11, 2015** (Bk. Dkt. 193). **Miller shall file his
                opening brief thereafter, according to the briefing schedule
                set by the court.**

        "Order, Feb. 18, 2015 (Dkt. 13) (second emphasis added).

_____

1  All emphasis original

Page 1 - MOTION TO EXTEND TIMES TO FILE BRIEF

TAB 27                                                    Page 334

"A certificate of readiness was issued on March 18, 2015, indicating that the record was complete (Dkt. 14). However, according to the Notice Re: Bankruptcy Record Complete, Briefing Schedule and Notice of Entry (Dkt. 15), Miller's opening brief was due on April 1, 2015. As of this date, Miller has not filed his opening Brief.

"Considering the history of this appeal, and the fact that Miller was explicitly admonished to follow the briefing schedule, the delay is not excusable. Miller has been warned by this Court that failure to abide by deadlines in this matter would result in dismissal. *See Greco v. Stubenberg*, 859 F.2d 1401, 1404 (9th Cir. 1988) (district courts may impose sanctions, including dismissal, against appellants for failure to prosecute bankruptcy appeals).

"As such, this appeal is DISMISSED for failure to prosecute.

"The Clerk shall serve this minute order on the parties."

<u>Why this Order is presumptive and violates substantive due process</u>

As my supporting Declaration makes evident, I did receive the bankruptcy court's "certificate of readiness" this Order.  I did *not* receive your "Notice Re: Bankruptcy Record Complete, Briefing Schedule and Notice of Entry (Dkt. 15)," nor anything else resembling a "briefing schedule set by the court."  As is also evident from my supporting Declaration, that would be because until this Order arrived last Wednesday, I have received *nothing else* from either this or the lower court regarding this since the "certificate of readiness."

The Order went on to say:

**"Considering the history of this appeal, and the fact that Miller was explicitly admonished to follow the briefing schedule, the delay is not excusable.** Miller has been warned by this Court that failure to abide by deadlines in this matter would result in dismissal. *__Greco v. Stubenberg__*, 859 F.2d 1401, 1404 (9th Cir. 1988) (district courts may impose sanctions, including dismissal, against appellants for failure to prosecute bankruptcy appeals)." (my emphasis added)

Page 2 - MOTION TO EXTEND TIMES TO FILE BRIEF

TAB 27                                    Page 335

Judge Carter evidently failed to heed this part of *Greco* found on the same page (my

emphasis added):

> "In determining whether to dismiss an appeal on such grounds, **a district**
> **court must consider (1) alternative measures in lieu of dismissal,**
> **and (2) whether the conduct giving rise to the dismissal was caused**
> **entirely by the party's attorney.** *See Myers v. Shekter (In Re Hill), 775*
> F.2d 1385, 1386 (9th Cir. 1985). We review the district court's determination
> for an abuse of discretion. . . . ."

Since I obviously have no attorney, I submit "(2)" has only the limited application

offered by what "caused" "the dismissal." As my supporting Declaration proves,

assuming that briefing schedule includes proof of mailing to me, unless it was lost in the

mail to me, it's obvious this dismissal's *true* "cause" would be *this court's own* failure to

provide me with due notice of its briefing schedule.[2]

Back to "(1)," I don't believe this court has adequately considered alternatives, such

as this motion for extension, my first.

I see the court has also cited page 1386 of "*Myers v. Shekter (In Re Hill).*" I was

able to find it on Google Scholar.[3] On the *next* page *Hill v. Shekter (In re Hill)*, 775 F.2d

1387 says (my emphasis again):

---

2  **due notice.** Sufficient and proper notice that is intended to and likely to reach a
   particular person. . .notice that is legally adequate given the particular circumstance.
   — **Also termed adequate notice**; legal notice." - Black's Law Dictionary 1090 (8th ed.
   2004). *See also Nardi v. Stewart*, 354 F.3d 1134, 1141 (9th Cir. 2004); *Herbst v. Cook*,
   260 F.3d 1039, 1042-43 (9th Cir. 2001): courts *must* provide parties "with adequate
   notice and an opportunity to respond." *See also Mathews v. Eldridge*, 424 U.S. 319,
   333 (1976) (the essence of fundamental fairness is the opportunity to be heard at a
   meaningful time and in a meaningful manner)
3  @ *http://scholar.google.com/scholar_case?case=616012650734519982&q=In+re+Hill,
   +775+F.2d+1385&hl=en&as_sdt=6,29*

Page 3 - MOTION TO EXTEND TIMES TO FILE BRIEF

TAB 27                    Page 336

> "We do, however, believe that **when any court is considering the imposition of sanctions for non-jurisdictional, procedural defaults and deficiencies in the management of litigation, the selection of the sanction to be imposed must take into consideration the impact of the sanction and the alternatives available to achieve assessment of the penalties in conformity with fault. Absent such consideration, there is an abuse of discretion."**

If you *truly* consider "the history of this appeal," I have demonstrated my good faith previously with my Shown Cause. This being the very first extension I have requested, and it should be ordered or allowed.

*IN CONCLUSION*, Judge Carter, you have made assumptions not supported by fact, and the only thing "not excusable" here is your hostile attitude towards me! As my Declaration also makes evident, this court offers no free access to this case docket. I must rely on the U.S. Postal Service for case communication. Evidently you expect me to live by your absurdly short and arbitrary deadline *whether you give me actual notice of it or not, and whether or not it appears in my mailbox!!*

All of which *again* puts a spotlight on my original *motions* for changing venue to here, where the parties actually are and have been for the past two years.

### REQUEST FOR RELIEF

This court's order or other allowance to extend the deadline to file and serve my opening brief to May 18, 2015. If I receive nothing contrary from the court I intend to so file and serve.

I expressly reserve the right to amend or supplement this Cause Shown if I believe it is necessary. I also expressly invoke FRBP 1001 to apply to this and all my written

Page 4 - MOTION TO EXTEND TIMES TO FILE BRIEF

TAB 27                                                    Page 337

submissions to this court.


*Submitted with all rights reserved on April 21, 2015*


Loren Miller, Debtor-Appellant *pro se*


Page 5 - MOTION TO EXTEND TIMES TO FILE BRIEF

TAB 27                              Page 338

DECLARATION SUPPORTING MOTION FOR EXTENSION[4]

STATE OF TEXAS, County of Harris  } ss.

  I am the Debtor and Appellant for the purposes of this motion.  I declare according to the best of my personal knowledge and belief:

  **1.**  I work Mondays to Fridays every week in a demanding job as a project manager in an economically-fragile industry.  This leaves me little time to devote to anything else, such as the demands of this and the *three* bankruptcy court cases.

  **2.**  I received my copy of this court's "PROCEEDINGS (IN CHAMBERS): ORDER RE: DISMISSAL FOR FAILURE TO PROSECUTE" by regular mail last Wednesday, April 15th.

  **3.**  I had received, by regular mail, the bankruptcy court's "certificate of readiness" this court's "PROCEEDINGS (IN CHAMBERS): ORDER RE: DISMISSAL FOR FAILURE TO PROSECUTE" referred to.  A true copy of what I received is attached.  However, I have *not* received the "Notice Re: Bankruptcy Record Complete, Briefing Schedule and Notice of Entry (Dkt. 15)," nor anything else resembling a "briefing schedule set by the court," by mail nor any other delivery.  It is my sworn fact I have received *nothing* between that "certificate of readiness" and the Order.

  **4.**  It is also a sworn fact I have received nothing from the other parties to this appeal at any time under this appellate case.

  **5.**  It seems to me this court is not interested in giving "pro se" parties like me free access to the case record.  According to this court's website, I have found nothing offering free access to even this case docket equal to attorneys.  Your "E-Filing"/"CM/ECF" features expressly says "**Currently, only attorneys are authorized to file documents electronically.  If you are not represented by a lawyer, please continue to file documents in paper.**"  See @ *http://www.cacd.uscourts.gov/e-filing*  It is evident, then, those without attorney representation are expressly and unfairly

---

4  *See generally* 28 U.S.C. §1746

Page 6 - MOTION TO EXTEND TIMES TO FILE BRIEF

barred from equal access to their own cases, giving lawyers an unfair advantage. Because I live and work nearly 1,600 miles from this court, I must rely on the U.S. Postal Service (or its private competitors – I prefer the USPS because its tracking becomes part of the federal record) for case communication.

6. I also see the court's website offers "People without Lawyers (Pro Se) may request CM/ECF Accounts." The message is "Pro Se Litigants, or people without lawyers, are now eligible to receive a CM/ECF login and password which will enable them to receive notification by e-mail when documents are filed in their case." But when I attempted to register and clicked on the link below this message @ *http://www.cacd.uscourts.gov/e-filing/pro-se-litigants-can-now-request-cmecf-accounts* your website started to load but would not give me the actual request form for non-attorneys.

*I declare under penalty of perjury that the foregoing is true and correct. Executed with all rights reserved on April 21, 2015.*

Loren Miller, Debtor-Appellant *pro se*

Page 7 - MOTION TO EXTEND TIMES TO FILE BRIEF

TAB 27                                                                   Page 340

Case: 2.14cv1681   Doc: 16

Loren Miller
600 E. Medical Center Blvd. &N035;1509
Webster, TX 77598

1 / 5 - 10020386

TAB 27                                                    Page 341

MIME-Version:1.0 From:cacd_ecfmail@cacd.uscourts.gov To:ecfnef@cacd.uscourts.gov Bcc: Loren
Miller
600 E. Medical Center Blvd. #1509
Webster TX 77598
--Case Participants: Craig G Margulies (craig@marguliesfaithlaw.com,
helen@marguliesfaithlaw.com, victoria@marguliesfaithlaw.com), Judge David O. Carter
(crd_carter@cacd.uscourts.gov)
--Non Case Participants: Meghann A Triplett (helen@marguliesfaithlaw.com,
meghann@marguliesfaithlaw.com), ADR Coordinator (adr_coordinator@cacd.uscourts.gov)
--No Notice Sent:
Message-Id:<19266731@cacd.uscourts.gov>Subject:Activity in Case 2:14-cv-01681-DOC In re:
Loren Miller and Sarah Miller Minutes of In Chambers Order/Directive - no proceeding held
Content-Type: text/html

**This is an automatic e-mail message generated by the CM/ECF system. Please DO NOT
RESPOND to this e-mail because the mail box is unattended.
\*\*\*NOTE TO PUBLIC ACCESS USERS\*\*\* Judicial Conference of the United States policy
permits attorneys of record and parties in a case (including pro se litigants) to receive one free
electronic copy of all documents filed electronically, if receipt is required by law or directed by
the filer. PACER access fees apply to all other users. To avoid later charges, download a copy of
each document during this first viewing. However, if the referenced document is a transcript, the
free copy and 30 page limit do not apply.**

### UNITED STATES DISTRICT COURT for the CENTRAL DISTRICT OF CALIFORNIA

**Notice of Electronic Filing**

The following transaction was entered on 4/9/2015 at 1:37 PM PDT and filed on 4/9/2015

| | |
|---|---|
| **Case Name:** | In re: Loren Miller and Sarah Miller |
| **Case Number:** | 2:14-cv-01681-DOC |
| **Filer:** | |
| **WARNING: CASE CLOSED on 04/09/2015** | |
| **Document Number:** | 16 |

**Docket Text:**
**MINUTE (IN CHAMBERS) ORDER Re: Dismissal for Failure to Prosecute by Judge David O.
Carter: This action was appealed to this Court from the Bankruptcy Court on March 7, 2014
(Dkt. 1). Considering the history of this appeal, and the fact that Miller was explicitly
admonished to follow the briefing schedule, the delay is not excusable. Miller has been warned
by this Court that failure to abide by deadlines in this matter would result in dismissal. See
Greco v. Stubenberg, 859 F.2d 1401, 1404 (9th Cir. 1988)(district courts may impose sanctions,
including dismissal, against appellants for failure to prosecute bankruptcy appeals). As such,
this appeal is DISMISSED for failure to prosecute. The Clerk shall serve this minute order on
the parties. (Made JS-6. Case Terminated.)(lwag)**

**2:14-cv-01681-DOC Notice has been electronically mailed to:**
Craig G Margulies    victoria@marguliesfaithlaw.com, craig@marguliesfaithlaw.com,
helen@marguliesfaithlaw.com

TAB 27                                                                      Page 342

**2:14-cv-01681-DOC** Notice has been delivered by First Class U. S. Mail or by other means **BY THE FILER** to :
Loren Miller
600 E. Medical Center Blvd. #1509
Webster TX 77598

TAB 27                                    Page 343

JS-6

# UNITED STATES DISTRICT COURT
## CENTRAL DISTRICT OF CALIFORNIA

### CIVIL MINUTES – GENERAL

Case No. CV 14-1681-DOC                                        Date:  April 9, 2015

Title: IN RE. LOREN MILLER AND SARAH MILLER

PRESENT:

### THE HONORABLE DAVID O. CARTER, JUDGE

|  Julie Barrera  |  Not Present  |
| Courtroom Clerk | Court Reporter |

| ATTORNEYS PRESENT FOR PLAINTIFF: | ATTORNEYS PRESENT FOR DEFENDANT: |
| None Present | None Present |

**PROCEEDINGS (IN CHAMBERS):   ORDER RE: DISMISSAL FOR FAILURE TO PROSECUTE**

    This action was appealed to this Court from the Bankruptcy Court on March 7, 2014 (Dkt. 1). A notice of discrepancy was filed on March 7, 2014 (Dkt. 5). It noted the Appeal was deficient for a variety of reasons, including failure to state the title of the order or judgment, failure to include copies of the same, and failure to state the opposing parties. *Id.* On March 25, 2014, Debtor/Appellant Loren Miller ("Miller") filed an amended notice of appeal (Dkt. 8). On April 7, 2014, the Clerk entered a notice of discrepancy related to the Notice of Appeal (Bk. Dkt. 135). It noted the failure to file the statement of issues, designation of record, and notice of transcript required by Federal Rule of Bankruptcy Procedure 8006. On April 10, 2014, Miller filed a second amended notice of appeal. Miller again failed to file a designation of record or a statement of issues (Dkt. 9).

    On January 28, 2015, this Court issued an Order to Show Cause why this appeal should not be dismissed for failure to prosecute because Appellant had not filed the documents required under Rule 8006 of the Bankruptcy Rules.  The Court ordered Appellant to file a written response on or before February 9, 2015. *See* Order (Dkt. 11). Miller responded and filed the required documents. After receiving the Appellant's response, the Court wrote:



TAB 27                                                        Page 344

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

CIVIL MINUTES – GENERAL

Case No. CV 14-1681-DOC                                     Date:  April 9, 2015
                                                                            Page 2

> The Court will ACCEPT the untimely filings, as it appears Miller's error was due to inadvertence and excusable neglect. Miller is advised to follow the Federal Rules of Bankruptcy Procedure and the deadlines set by the Bankruptcy Court and this Court. Failure to abide by the procedural rules in a timely manner will result in dismissal. As noted by the Bankruptcy Court, the transmission of designation is **due by March 11, 2015** (Bk. Dkt. 193). **Miller shall file his opening brief thereafter, according to the briefing schedule set by the court.**

Order, Feb. 18, 2015 (Dkt. 13) (second emphasis added).

A certificate of readiness was issued on March 18, 2015, indicating that the record was complete (Dkt. 14). However, according to the Notice Re: Bankruptcy Record Complete, Briefing Schedule and Notice of Entry (Dkt. 15), Miller's opening brief was due on April 1, 2015. As of this date, Miller has not filed his opening Brief.

Considering the history of this appeal, and the fact that Miller was explicitly admonished to follow the briefing schedule, the delay is not excusable. Miller has been warned by this Court that failure to abide by deadlines in this matter would result in dismissal. *See Greco v. Stubenberg*, 859 F.2d 1401, 1404 (9th Cir. 1988) (district courts may impose sanctions, including dismissal, against appellants for failure to prosecute bankruptcy appeals).

As such, this appeal is DISMISSED for failure to prosecute.

The Clerk shall serve this minute order on the parties.

MINUTES FORM 11
CIVIL-GEN                                            Initials of Deputy Clerk:  djg

TAB 27                                     Page 345

<u>Certificate of Service by Mail on "Opposing Party(ies)"</u>

I certify on this date I did serve these parties by mail:

Jeremy Faith, Trustee, represented by:       Meghann A Triplett
                                              Margulies Faith LLP
                                              16030 Ventura Blvd Ste 470
                                              Encino, CA 91436


Sarah Miller, Joint Debtor, represented by:   Reed H Olmstead
                                              Hurlbett & Olmstead
                                              3324 State St Ste O
                                              Santa Barbara, CA 93105


"Andrew D. Geller, an Individual, and Andrew D. Geller and Eileen B. Geller, Trustees of
the Geller Trust dated September 2, 1987," represented by:

                                              Howard Camhi
                                              Ervin Cohen & Jessup LLP
                                              9401 Wilshire Blvd 9th Floor
                                              Beverly Hills, CA 90212


*Submitted with all rights reserved on April 21, 2015*

Loren Miller, Debtor-Appellant *pro se*

Page 8 - MOTION TO EXTEND TIMES TO FILE BRIEF

TAB 27                                    Page 346

TAB 28

Loren Miller, Debtor-Appellant *pro se*
600 E. Medical Center Blvd. #1509
Webster, TX 77598
281-467-8226



FILED - SOUTHERN DIVISION
CLERK, U.S. DISTRICT COURT

MAY 1 3 2015

CENTRAL DISTRICT OF CALIFORNIA
BY _____ DEPUTY

### UNITED STATES DISTRICT COURT FOR
### THE CENTRAL DISTRICT OF CALIFORNIA
(Western Division - Los Angeles)

| | | |
|---|---|---|
| In re LOREN MILLER, | | Case No.: 9:13-bk-10313-RR |
| | Debtor. | **Case 2:14-cv-01681-DOC** |
| | | Chapter 7 (conversion to Chapter 11 denied) |
| | | **DEBTOR-APPELLANT'S MOTION FOR RELIEF FROM ORDER – FRCP 60** |
| | | *No Oral Argument Requested* |

I move this court for relief from its "ORDER RE: DISMISSAL FOR FAILURE TO

PROSECUTE." I base this motion on FRCP 60(b),[1] the case record and:

<u>This Motion is Timely</u>

This Motion is timely filed according to FRCP 60 *and* FRAP 4(a)(4)(A)(vi).

According to this Appellate Rule, to preserve my right of appeal I must file this Motion

for Relief within 28 days of the date the Orders were entered. Because Judge Carter's

order was entered April 9th, so long as this motion is delivered to this court for filing no

later than May 7th that right is preserved.

---

1   Or if the court insists, it can base its authority on FRBP 9024, which expressly
    provides "Rule 60 F.R.Civ.P. applies in cases under the Code. . ."

Page 1 - MOTION FOR RELIEF FROM ORDER

TAB 28                                    Page 347

<u>Why this Motion should be sufficient for the relief requested</u>

FRCP 60(b) provides "**On motion and just terms, the court may relieve a party** . . . from a final judgment, order, or proceeding for the following reasons. . ." I make this motion according to this Rule's 60(b)(4), (5) and (6).

Black's Law Dictionary defines a void judgment as:

> "**A judgment that has no legal force or effect, the invalidity of which may be asserted by any party whose rights are affected at any time and any place, whether directly or collaterally.** • From its inception, a void judgment continues to be absolutely null. It is incapable of being confirmed, ratified, or enforced in any manner or to any degree."[2]

I recently moved this court in good faith to extend the deadline to file and serve my opening brief. Much of that motion applies here, and I expressly incorporate that motion into this with this reference. I believe I adequately explained a sound basis for that motion, including authorities reminding this court of its duty to ensure this proceeding complies with due process.

As that motion and my supporting declaration provided, not only did I *not* receive any schedule for briefing, this court provides no adequate access to its docket and documents to non-attorneys, even to parties like myself. Therefore I'm at the mercy of what the mail man delivers to me and what I send through the USPS.

Since sending that motion I recently obtained a copy of that "NOTICE RE: BANKRUPTCY RECORD COMPLETE, BRIEFING SCHEDULE AND NOTICE OF ENTRY"[3] through an acquaintance *and not from this court*. Not being clairvoyant, this is

---

2  Page 861 (8th ed. 2004); please note my emphasis on any quoted text is in boldface
3  The copy I was provided shows across the top "Case 2:14-cv-01681-DOC Document 15

Page 2 - MOTION FOR RELIEF FROM ORDER

TAB 28                                    Page 348

the first time I've seen it.  Judge Carter's Order dismissing this appeal seems to have

insisted I had somehow received or been made aware of the Order.  He said:

> "Considering the history of this appeal, and the fact that Miller was explicitly
> admonished to follow the briefing schedule, **the delay is not excusable**.  Miller
> has been warned by this Court that failure to abide by deadlines in this matter
> would result in dismissal."

Now that I've read the actual "Notice Re: Bankruptcy Record Complete, Briefing

Schedule and Notice of Entry (Dkt. 15)," *again,* what is inexcusable is Judge Carter's

attitude.  Grounds are plain on that Schedule's face:

> *FIRST*, it said "Appellant's opening brief must be e-filed in the District

Court and served on other parties not later than __4/1/15__ ."  As my recent

supporting #5 proved, this court itself has locked me out of "e-filing" and in fact

instructs me as a non-attorney to "please continue to file documents in paper."

> *SECOND, nothing* of "Notice Re: Bankruptcy Record Complete, Briefing

Schedule and Notice of Entry (Dkt. 15)" shows *anybody* there even attempted to

provide a copy to me.

> *IN CONCLUSION*, obviously, this court and Judge Carter himself have set me up

to fail by not serving me with the Schedule its dismissal was based on, *and* ensuring I do

*not* have free access to its dockets and documents on par with attorneys.  What a blatant

and manifest miscarriage of justice.

> I remind the court it has the obligation to accept my submissions "however

---

Filed 03/18/15 Page 1 of 1 Page ID #:70"

Page 3 - MOTION FOR RELIEF FROM ORDER

TAB 28                                              Page 349

inartfully pleaded."[4] Like the Sacketts I'm just feeling my way through this case as best as I am able.[5]

All of which *again* puts a spotlight on my original *motions* for changing venue to here, where the parties actually are and have been for the past two years.

REQUEST FOR RELIEF

This court's order relieving me of its "ORDER RE: DISMISSAL FOR FAILURE TO PROSECUTE" *then* serving me with a copy of its Order with a new and fair briefing schedule allowing at least thirty days from that Order for the filing of my Opening Brief.

I expressly reserve the right to amend or supplement this Motion if I believe it is necessary.  I also expressly invoke FRBP 1001/FRCP 1 to apply to this and all my written submissions to this court.

*Submitted with all rights reserved on May 5, 2015*

Loren Miller, Debtor-Appellant *pro se*

---

4 The Supreme Court has "instructed the federal courts to liberally construe the 'inartful pleading' of pro se litigants," *Eldridge v. Block*, 832 F.2d 1132, 1137 (9th Cir. 1987); *see also Hughes v. Rowe*, 449 U.S. 5, 9 (1980): "It is settled law that the allegations of [a pro se litigant's complaint] 'however inartfully pleaded' are held 'to less stringent standards than formal pleadings drafted by lawyers . . . .'"
5 *Sackett v. Environmental Protection Agency,* 132 S.Ct. 1367 (U.S. 03/21/2012)

Page 4 - MOTION FOR RELIEF FROM ORDER

TAB 28                    Page 350

<u>Certificate of Service by Mail on "Opposing Party(ies)"</u>

I certify on this date I did serve these parties by mail:

Jeremy Faith, Trustee, represented by:      Meghann A Triplett
Margulies Faith LLP
16030 Ventura Blvd Ste 470
Encino, CA 91436

Sarah Miller, Joint Debtor, represented by:    Reed H Olmstead
Hurlbett & Olmstead
3324 State St Ste O
Santa Barbara, CA 93105

"Andrew D. Geller, an Individual, and Andrew D. Geller and Eileen B. Geller, Trustees of the Geller Trust dated September 2, 1987," represented by:

Howard Camhi
Ervin Cohen & Jessup LLP
9401 Wilshire Blvd 9th Floor
Beverly Hills, CA 90212

*Submitted with all rights reserved on May 5, 2015*

Loren Miller, Debtor-Appellant *pro se*

Page 5 - MOTION FOR RELIEF FROM ORDER

TAB 28                                              Page 351

TAB 29

1  CRAIG G. MARGULIES (State Bar No. 185925)
   MEGHANN TRIPLETT (State Bar No. 268005)
2  **MARGULIES FAITH, LLP**
   16030 Ventura Blvd., Suite 470
3  Encino, California 91436
   Telephone: (818) 705-2777
4  Facsimile:  (818) 705-3777
   Email:  Craig@MarguliesFaithLaw.com
5  Email:  Meghann@MarguliesFaithlaw.com

6  Attorney for Jeremy W. Faith, Chapter 7 Trustee

7

**FILED & ENTERED**

**JUN 18 2013**

CLERK U.S. BANKRUPTCY COURT
Central District of California
BY RUST      DEPUTY CLERK

8            **UNITED STATES BANKRUPTCY COURT**
9              **CENTRAL DISTRICT OF CALIFORNIA**
                    **NORTHERN DIVISION**
10

11  In re                              Case No.: 9:13-bk-10313-RR

12  LOREN MILLER AND SARAH MILLER,     Chapter: 7

13                          Debtor.    **ORDER GRANTING CHAPTER 7
14                                     TRUSTEE'S MOTION FOR TURNOVER
                                       OF PROPERTY OF THE ESTATE AND
15                                     ORDER DIRECTING DEBTORS TO
                                       APPEAR AT CONTINUED 11 U.S.C. §
16                                     341(a) MEETINGS OF CREDITORS**

17                                     Hearing Date:
18                                     Date:      June 11, 2013
                                       Time:      10:00 am
19                                     Place:    Courtroom  201

20

21

22

23

24

25

26

27

28

TAB 29                                    Page 352

1   At the above date and time, the hearing on the Trustee's Motion for order

2   compelling the above-captioned debtors Loren Miller And Sarah Miller (collectively, the

3   "Debtors") to turn over property of the Bankruptcy Estate pursuant to 11 U.S.C. §§ 521,

4   541, and 542, and for an order directing the Debtors to appear at their 11 U.S.C. §

5   341(a) Meetings of Creditors (the "Motion," Dkt. No. 31) was held before the Honorable

6   Robin L. Riblet, United States Bankruptcy Judge, in Courtroom 201of the United States

7   Bankruptcy Court, 1415 State Street, Santa Barbara, California.  Meghann Triplett, Esq.

8   of Margulies Faith, LLP appeared on behalf of the Trustee, and all other appearances

9   were as stated on the record at the hearing.

10   The Court, having read and considered the moving papers, no opposition having

11   been filed, and the Court finding that Notice of the Motion was proper, and for the

12   reasons stated on the record at the hearing on the Motion and good cause appearing,

13   **IT IS HEREBY ORDERED THAT:**

14   1.   The Motion is granted;

15   2.   The Debtors are directed to immediately, but no later than five (5) days

16   after entry of this Order, turn over to the Trustee, by and through his counsel Margulies

17   Faith, LLP ("MF"), $182,000, the amount listed in the Debtors' Schedule B filed on

18   February 21, 2013 (Dkt. No.11) by way of a Cashier's Check made payable to "Jeremy

19   W. Faith, Chapter 7 Trustee."

20   3.   The Debtors are directed to immediately, but no later than five (5) days

21   after entry of this Order, turn over to the Trustee by and through his counsel MF, copies

22   of all monthly bank statements and canceled checks (front and back sides), including

23   documentation for all bank records and financial statements, for the two years preceding

24   the Petition Date through the date of the hearing on the Motion (i.e., June 11, 2013) for

25   all bank accounts existing in the Debtors' name, including all individual and joint-

26   accounts.  Specifically, the Debtors are required to provide monthly bank statements and

27   cancelled checks (front and back sides) for the time period described in this paragraph

28   above.

1      4.    The Debtors are directed to immediately, but in no event later than five (5)

2  days after entry of this Order, turn over to the Trustee by and through his counsel MF,

3  copies of·Debtors' 2010, 2011, and 2012 State and Federal Tax Returns.

4      **IT IS FURTHER ORDERED** that:

5      5.    The Debtors are ordered to appear and testify under oath at their 11 U.S.C.

6  § 341(a) Meeting of Creditors on July 15, 2013, at 2:30 p.m. at the Office of the United

7  States Trustee, 128 E. Carrillo Street, Santa Barbara, California and are also required to

8  appear at any and all additional continued § 341(a) Meeting of Creditors until the Trustee

9  has concluded the Section 341(a) Meeting of Creditors in this Case.

10

11

12

13  ###

14

15

16

17

18

19

20

21

22

23

24  Date: June 18, 2013

                      *Robin Riblet*

                      Robin L. Riblet

                      United States Bankruptcy Judge

25

26

27

28

# NOTICE OF ENTERED ORDER AND SERVICE LIST

Notice is given by the court that a judgment or order entitled **ORDER GRANTING CHAPTER 7 TRUSTEE'S MOTION FOR TURNOVER OF PROPERTY OF THE ESTATE AND ORDER DIRECTING DEBTORS TO APPEAR AT CONTINUED 11 U.S.C. § 341(A) MEETINGS OF CREDITORS** was entered on the date indicated as "Entered" on the first page of this judgment or order and will be served in the manner stated below:

**1.   SERVED BY THE COURT VIA NOTICE OF ELECTRONIC FILING (NEF)** Pursuant to controlling General Orders and LBRs, the foregoing document was served on the following persons by the court via NEF and hyperlink to the judgment or order. As of June 13, 2013, the following persons are currently on the Electronic Mail Notice List for this bankruptcy case or adversary proceeding to receive NEF transmission at the email addresses stated below.

Howard Camhi    hcamhi@ecjlaw.com, kanthony@ecjlaw.com
Jeremy W. Faith (TR)    jfaith@7trustee.net, C118@ecfcbis.com;Helen@MarguliesFaithLaw.com;leedowding@gmail.com
Craig G Margulies    craig@marguliesfaithlaw.com,
staci@marguliesfaithlaw.com;denisse@marguliesfaithlaw.com;fahim@marguliesfaithlaw.com
Faye C Rasch    frasch@ecjlaw.com, kanthony@ecjlaw.com
Vaughn C Taus    tauslawyer@gmail.com
Meghann A Triplett    Meghann@MarguliesFaithLaw.com, Helen@MarguliesFaithLaw.com;MF_ecf@ecf.inforuptcy.com
United States Trustee (ND)    ustpregion16.nd.ecf@usdoj.gov

☐ Service information continued on attached page

**2.   SERVED BY THE COURT VIA UNITED STATES MAIL:** A copy of this notice and a true copy of this judgment or order was sent by United States mail, first class, postage prepaid, to the following persons and/or entities at the addresses indicated below:

Debtors: Loren and Sarah Miller, 702 Whitecap Drive, Seabrook, TX 77586

☐ Service information continued on attached page

**3.   TO BE SERVED BY THE LODGING PARTY:** Within 72 hours after receipt of a copy of this judgment or order which bears an "Entered" stamp, the party lodging the judgment or order will serve a complete copy bearing an "Entered" stamp by United States mail, overnight mail, facsimile transmission or email and file a proof of service of the entered order on the following persons and/or entities at the addresses, facsimile transmission numbers, and/or email addresses stated below:

☐ Service information continued on attached page

---

This form is mandatory. It has been approved for use by the United States Bankruptcy Court for the Central District of California.

**F 9021-1.1.NOTICE.ENTERED.ORDER**

TAB 29                                        Page 355

# TAB 30

1  CRAIG G. MARGULIES (State Bar No. 185925)
   MEGHANN TRIPLETT (State Bar No. 268005)
2  **MARGULIES FAITH, LLP**
   16030 Ventura Blvd., Suite 470
3  Encino, California 91436
   Telephone: (818) 705-2777
4  Facsimile:  (818) 705-3777
   Email:  Craig@MarguliesFaithLaw.com
5  Email:  Meghann@MarguliesFaithlaw.com

6  Attorneys for Jeremy W. Faith, Chapter 7 Trustee

```
FILED & ENTERED

        MAR 19 2014

CLERK U.S. BANKRUPTCY COURT
Central District of California
BY zick      DEPUTY CLERK
```

7

8              **UNITED STATES BANKRUPTCY COURT**
9               **CENTRAL DISTRICT OF CALIFORNIA**
                      **NORTHERN DIVISION**
10

11  In re                              Case No.:  9:13-bk-10313-RR

12  LOREN MILLER AND SARAH MILLER,     Chapter:  7

13                                      **ORDER GRANTING CHAPTER 7**
                         Debtor.        **TRUSTEE'S MOTION FOR TURNOVER**
14                                      **OF PROPERTY OF THE ESTATE**

15

16                                      Hearing Date:
                                        Date:      March 19, 2014
17                                      Time:      10:00 am
                                        Place:     Courtroom  201
18

19

20

21       At the above date and time, the hearing on the Trustee's Motion for order

22  compelling debtor Loren Miller ("Debtor") to turn over undisclosed property of the

23  Bankruptcy Estate pursuant to 11 U.S.C. §§ 541, and 542, (the "Motion," Dkt. No. 114)

24  was held before the Honorable Robin L. Riblet, United States Bankruptcy Judge, in

25  Courtroom 201 of the United States Bankruptcy Court, 1415 State Street, Santa

26  Barbara, California.  Meghann Triplett, Esq. of Margulies Faith, LLP appeared on behalf

27  of the Trustee.  There were no other appearances

28  ///

TAB 30                                    Page 356

1        The Court, having read and considered the moving papers, no opposition having

2    been filed, and the Court finding that Notice of the Motion was proper, and for the

3    reasons stated on the record at the hearing on the Motion and good cause appearing,

4    **IT IS HEREBY ORDERED** that:

5        1.    The Motion is granted;

6        2.    The Debtor is directed to immediately, but no later than ten (10) days after

7    entry of this Order, turn over to the Trustee, by and through his counsel Margulies Faith,

8    LLP, (i) $6,716 received post-petition from the 2012 State Refund; and (ii) the Kitco

9    Purchases (as detailed in Exhibit A to the Motion), or their cash value of $27,173.38; and

10       3.    All monetary funds to be turned over (as described in paragraph 2 above)

11   must be made by Cashier's Check made payable to "Jeremy W. Faith, Chapter 7

12   Trustee" and delivered to Margulies Faith, LLP, 16030 Ventura Blvd., Suite 470, Encino,

13   CA  91436.

14                            ###

Date: March 19, 2014

*Robin Riblet*

Robin L. Riblet
United States Bankruptcy Judge

TAB 31

**NOT FOR PUBLICATION**

FILED & ENTERED

JUN 12 2015

CLERK U.S. BANKRUPTCY COURT
Central District of California
BY RUST   DEPUTY CLERK

### UNITED STATES BANKRUPTCY COURT
### CENTRAL DISTRICT OF CALIFORNIA
### NORTHERN DIVISION

| | |
|---|---|
| In re:<br><br>LOREN MILLER AND<br>SARAH MILLER,<br><br>                  Debtors.<br><br>JEREMY W. FAITH,<br>CHAPTER 7 TRUSTEE,<br><br>                  Plaintiff,<br><br>v.<br><br>LOREN MILLER AND<br>SARAH MILLER,<br><br>                  Defendants. | Case. No. 9:13-bk-10313-PC<br>Chapter 7<br><br>Adversary No. 9:13-ap-01133-PC<br><br>**ORDER GRANTING<br>PLAINTIFF'S MOTION FOR<br>SUMMARY JUDGMENT AGAINST<br>DEFENDANT LOREN MILLER<br>UNDER 11 U.S.C. § 727(a)(2)(A),<br>(a)(2)(B), (a)(4)(A), AND (a)(6)(A)**<br><br>Date:  June 11, 2015<br>Time:  10:00 a.m.<br>Place:  United States Bankruptcy Court<br>         Courtroom # 201<br>         1415 State Street<br>         Santa Barbara, CA 93101 |

Based on the memorandum of even date herewith, it is

ORDERED that Plaintiff's Motion for Summary Judgment Against Defendant Loren

Miller Under 11 U.S.C. § 727(a)(2)(A), (a)(2)(B), (a)(4)(A), and (a)(6)(A) is granted.

###

Date: June 12, 2015

Peter H. Carroll
United States Bankruptcy Judge

TAB 31                                                                                        Page 358

CERTIFICATE OF SERVICE

CASE NO. CV 14-1681-DOC

DEBTOR: LOREN MILLER AND SARAH MILLER

I hereby certify that I electronically filed the foregoing with the Clerk of the Court for the United States District Court for the Ninth Circuit by using the appellate CM/ECF system on June 29, 2015.

The following are participants in the case who are registered CM/ECF users and will be served by the appellate CM/ECF system:

- Craig G. Margulies, Attorney for Appellee, Jeremy W. Faith, Chapter 7 Trustee
- Meghann Triplett, Attorney for Appellee, Jeremy W. Faith, Chapter 7 Trustee

I further certify that I have mailed the foregoing documents by First-Class Mail, postage prepaid for delivery to the following non-CM/ECF participants:

Loren Miller
600 E. Medical Center Blvd., #1509
Webster, TX 77598
**Appellant/Debtor**

Howard I. Camhi, Esq.
Ervin, Cohen & Jessup, LLP
9401 Wilshire Blvd., 9th Floor
Beverly Hills, CA 90212
**Attorneys for Interested Party, Andrew D. Geller and Andrew D. Geller and Eileen B. Geller, Trustees of the Geller Trust dated September 2, 1987**

Helen Cardoza