MEGHANN TRIPLETT (State Bar No. 268005)
**MARGULIES FAITH, LLP**
16030 Ventura Blvd., Suite 470
Encino, California 91436
Telephone: (818) 705-2777
Facsimile:  (818) 705-3777
E-mail: Meghann@MarguliesFaithLaw.com

Attorneys for Appellee, Jeremy W. Faith, Chapter 7 Trustee

# UNITED STATES DISTRICT COURT

## CENTRAL DISTRICT OF CALIFORNIA

### WESTERN DISTRICT

| | |
|---|---|
| In re | Case No. CV 14-1681-DOC |
| LOREN MILLER AND SARAH MILLER, | C.D. Cal. Bankr. Case No. 9:13-10313-PC |
| Debtors. | |
| | **RESPONSE TO DEBTOR-APPELLANT'S:** |
| | **(1) MOTION TO WITHDRAW REFERENCE FOR CAUSE AND** |
| | **(2) THIRD AMENDED NOTICE OF APPEAL** |

**TO THE HONORABLE DAVID O. CARTER, UNITED STATES DISTRICT JUDGE:**

Appellee Jeremy W. Faith, Chapter 7 Trustee for the bankruptcy estate of Loren and Sarah Miller ("Appellee" or "Trustee") hereby submits his response to debtor Loren Miller's ("Debtor" or "Appellant") (1) Motion to Withdraw Reference for Cause – 28 U.S.C.A. §157(d) (the "Motion"); and (2) Debtor-Appellant's Third Amended Notice of Appeal (the "3rd Notice of Appeal").

Although the Trustee believes that both the Motion and the 3rd Notice of Appeal are not properly before the Court, out of an abundance of caution, the Trustee submits

the following response in and requests that the Motion and 3rd Notice of Appeal be denied in their entirety.

**I.**

**Debtor's Motion to Withdraw Reference Should be Denied As It is Untimely, Procedurally Improper, and Debtor Has Failed to Show Cause**

On June 16, 2015, more than two years after the Trustee filed adversary case no. 9:13-ap-00133-PC seeking to deny the Debtor's discharge under 11 U.S.C. § 727, et seq. (the "727 Adversary") in the above-referenced bankruptcy case, Debtor Loren Miller filed an unnoticed Motion purportedly seeking to Withdraw Reference and remove the 727 Adversary to this Court.  This request is without cause as it is both untimely and procedurally improper.  As a preliminary matter, the Bankruptcy Court entered a final ruling on the merits in the 727 Adversary on June 12, 2015, granting the Trustee's Motion for Summary Judgment and denying the Debtor's discharge (the "MSJ Order").  A true and correct copy of the Memorandum of Decision and MSJ Order are attached hereto as Exhibit 1.  Second, following the entry of the MSJ Order, the Debtor filed a Notice of Appeal of the MSJ Order to the Bankruptcy Appellate Panel ("BAP") which appeal is currently pending as Case No. CC-15-1208 (the "727 Appeal").  Attached hereto as Exhibit 2 is a true and correct copy of Debtor's Notice of Appeal of the MSJ Order.  Moreover, the Bankruptcy Court has now issued a Certificate of Readiness and the BAP has issued a Briefing Order in the 727 Appeal and Appellant's Opening Brief and Appendix must be filed on or before August 24, 2015.  Attached hereto as Exhibit 3 is a true and correct copy of the BAP Briefing Order.  Therefore, there are no grounds to remove the 727 Adversary as the Bankruptcy Court has already entered a final ruling denying the Debtor's discharge which the Debtor subsequently appealed and is now pending before the BAP.

Finally, Debtor's request is nothing more than another bad faith delay tactic and attempt by the Debtor to further hinder the Trustee from finalizing his administration of this case.  Debtor has not presented any evidence in support of his Motion.  Debtor's

primary contention in support of removal is that the Trustee is unilaterally continuing hearings without prior notice; however, this is completely false as all hearings in the 727 Adversary were continued by the Court, not by the Trustee, and the Debtor has received notice of all continued hearings.  Debtor's argument is not credible and is unsupported by the evidence in the 727 Adversary.

**II.**

**Debtor's Third Amended Notice of Appeal Seeks to Appeal a Notice and Not an Order of the Court**

Debtor's 3rd Amended Notice of Appeal, seeks to appeal the Bankruptcy Court's form "Notice of Order Denying Discharge" entered in the Bankruptcy Case following the Court's entry of the MSJ Order denying the Debtor's discharge in the 727 Adversary.  As discussed above, the Debtor has appealed the MSJ Order and the matter is currently pending before the BAP.  Debtor's attempt to appeal the Notice is improper as it is not an appeal of a final order.

For all the foregoing reasons, Appellee respectfully requests that the Motion and the 3rd Amended Notice of Appeal be denied with prejudice.


DATED:  August 13, 2015                    **MARGULIES FAITH, LLP**


                                                      By:_____/s/ Meghann Triplett_____
                                                              Meghann Triplett
                                                           Attorneys for Appellee,
                                                  Jeremy W. Faith, Chapter 7 Trustee

Exhibit 1

FILED & ENTERED

JUN 12 2015

CLERK U.S. BANKRUPTCY COURT
Central District of California
BY **RUST**      DEPUTY CLERK

# NOT FOR PUBLICATION

**UNITED STATES BANKRUPTCY COURT**

**CENTRAL DISTRICT OF CALIFORNIA**

**NORTHERN DIVISION**

| | |
|---|---|
| In re:<br><br>LOREN MILLER AND<br>SARAH MILLER,<br><br>      Debtors.<br>_____<br>JEREMY W. FAITH,<br>CHAPTER 7 TRUSTEE,<br><br>      Plaintiff,<br>v.<br><br>LOREN MILLER AND<br>SARAH MILLER,<br><br>      Defendants. | Case. No. 9:13-bk-10313-PC<br><br>Adversary No. 9:13-ap-01133-PC<br><br>Chapter 7<br><br>**MEMORANDUM REGARDING PLAINTIFF'S MOTION FOR SUMMARY JUDGMENT AGAINST DEFENDANT LOREN MILLER UNDER 11 U.S.C. § 727(a)(2)(A), (a)(2)(B), (a)(4)(A), AND (a)(6)(A)**<br><br>Date: June 11, 2015<br>Time: 10:00 a.m.<br>Place: United States Bankruptcy Court<br>   Courtroom # 201<br>   1415 State Street<br>   Santa Barbara, CA  93101 |

   At the above captioned date and time, the court considered the Plaintiff's Motion for Summary Judgment Against Defendant Loren Miller Under 11 U.S.C. § 727(a)(2)(A), (a)(2)(B), (a)(4)(A), and (a)(6)(A) ("Motion").  Appearances were stated on the record.  Having considered Plaintiff's Motion, the response of Defendant, Loren Miller ("Miller") in opposition thereto, the summary judgment evidence and argument of counsel, the court will grant Plaintiff's Motion and

1

deny Miller's discharge pursuant to 11 U.S.C. § 727(a)(2)(A), (a)(2)(B), (a)(4)(A), and (a)(6)(A) based on the following findings pursuant to F.R.Civ.P. 56,[1] as incorporated into FRBP 7056 and applied to contested matters by FRBP 9014(c).

A.   Standard for Summary Judgment.

  1.   Rule 56(a) authorizes a party to "move for summary judgment, identifying each claim or defense – or the part of each claim or defense – on which summary judgment is sought." F.R.Civ.P. 56(a). Summary judgment must be granted "if the movant shows that there is no genuine dispute as to any material fact and the movant is entitled to judgment as a matter of law." Id.

  2.   In determining whether a genuine factual issue exists, "a trial judge must bear in mind the actual quantum and quality of proof necessary to support liability . . . ." Anderson v. Liberty Lobby, Inc., 477 U.S. 242, 254 (1986). "[T]he judge's function is not himself to weigh the evidence and determine the truth of the matter but to determine whether there is a genuine issue for trial . . . . If the evidence is merely colorable, or is not significantly probative, . . . summary judgment may be granted. Id. at 249–250. However, the court's function on a motion for summary judgment is "issue-finding, not issue-resolution." United States v. One Tintoretto Painting Entitled "The Holy Catholic Family With Saint Catherine and Honored Donor, 691 F.2d 603, 606 (2d Cir. 1982).

  3.   Rule 56 does not permit "trial on affidavits. Credibility determinations, the weighing of the evidence, and the drawing of legitimate inferences from the facts are [fact finder] functions . . . ." Anderson, 477 U.S. at 255.

  4.   Rule 56(c), which identifies the procedures the court and parties must follow in

---

[1]  Unless otherwise indicated, all "Code," "chapter" and "section" references are to the Bankruptcy Code, 11 U.S.C. §§ 101-1330 after its amendment by the Bankruptcy Abuse Prevention and Consumer Protection Act of 2005, Pub. L. 109-8, 119 Stat. 23 (2005).  "Rule" references are to the Federal Rules of Bankruptcy Procedure ("FRBP"), which make applicable certain Federal Rules of Civil Procedure ("F.R.Civ.P.").  "LBR" references are to the Local Bankruptcy Rules of the United States Bankruptcy Court for the Central District of California ("LBR").

Exhibit 1                                                    Page 5

conjunction with motions for summary judgment, states:

> (1) **Supporting Factual Positions**. A party asserting that a fact cannot be or is genuinely disputed must support the assertion by:
>
>> (A) citing to particular parts of materials in the record, including depositions, documents, electronically stored information, affidavits or declarations, stipulations (including those made for purposes of the motion only), admissions, interrogatory answers, or other materials; or
>>
>> (B) showing that the materials cited do not establish the absence or presence of a genuine dispute, or that an adverse party cannot produce admissible evidence to support the fact.
>
> (2) **Objection That a Fact Is Not Supported by Admissible Evidence**. A party may object that the material cited to support or dispute a fact cannot be presented in a form that would be admissible in evidence.
>
> (3) **Materials Not Cited**. The court need consider only the cited materials, but it may consider other materials in the record.
>
> (4) **Affidavits or Declarations**. An affidavit or declaration used to support or oppose a motion must be made on personal knowledge, set out facts that would be admissible in evidence, and show that the affiant or declarant is competent to testify on the matters stated.

F.R.Civ.P. 56(c).  The court may grant summary judgment "[i]f a party fails to properly support an assertion of fact or fails to properly address another party's assertion of fact as required by Rule 56(c)."  See F.R.Civ.P. 56(e)(3).

5.  The court may, after notice and a reasonable opportunity to respond, grant summary judgment on  its own after identifying for the parties material facts that may not be genuinely in dispute.  F.R.Civ.P. 56(f)(3).

B.  Undisputed Facts.

The court adopts and incorporates herein by reference Uncontroverted Fact Nos. 1 through 95 set forth in Plaintiff's Statement of Uncontroverted Facts and Conclusions of Law in Support of Motion for Summary Judgment Against Defendant Loren Miller Denying Debtor's

Discharge Under 11 U.S.C. § 727(a)(2)(A), (a)(2)(B), (a)(4)(A), and (a)(6)(A) filed on March 11,

2015,[2] as though fully set forth herein.

C.  Conclusions of Law:

     1.  This court has jurisdiction over this adversary proceeding pursuant to 28 U.S.C. §§

157(b) and 1334(b).  This matter is a core proceeding under 28 U.S.C. § 157(b)(2)(A), (J) and

(O).  Venue is appropriate in this court.  28 U.S.C. § 1409(a).

     2.  Objections to discharge are to be literally and strictly construed against the objector

and liberally construed in favor of the debtor.  Lansdowne v. Cox (In re Cox), 41 F.3d 1294,

1297 (9th Cir. 1986).  "Courts should deny discharge only for very specific and serious

infractions."  Martin Marietta Materials Southwest, Inc. v. Lee (In re Lee), 309 B.R. 468, 476

(Bankr. W.D. Tex. 2004).

     3.  To deny discharge under § 727(a)(2)(A), the plaintiff must establish by a

preponderance of the evidence (1) a disposition of property (i.e., transfer or concealment); (2)

with subjective intent to hinder, delay or defraud a creditor; and (3) it must occur within one year

prior to filing bankruptcy.  See Fogal Legware of Switzerland, Inc. v. Wills (In re Wills), 243

B.R. 58, 65 (9th Cir. BAP 1999).  Because the statute is written in the disjunctive, an intent to

hinder or delay is sufficient to deny discharge under § 727(a)(2).  See Bernard v. Sheaffer (In re

Bernard), 96 F.3d 1279, 1281 (9th Cir. 1996).  Proof of fraud is not necessary nor is injury to

creditors relevant for purposes of § 727(a)(2).  See Id. at 1281-82.

     Miller's Discharge Will Be Denied Pursuant to 11 U.S.C. §§ 727(a)(2)(A) & (B)

     4.  The standard for denial of discharge under § 727(a)(2)(B) is the same as §

727(a)(2)(A), but the disposition must be of estate property occurring after the petition date.  See

11 U.S.C. § 727(a)(2)(B).

---

[2] Notice of Lodgment of Order or Judgment in Adversary Proceeding Re: Motion for Summary
Judgment Against Defendant Loren Miller Denying Debtor's Discharge Under 11 U.S.C. §
727(a)(2)(A), (a)(2)(B), (a)(4)(A), and (a)(6)(A) [Dkt. # 48], Exhibit A.

4

Exhibit 1                                                                     Page 7

5.  Intent "may be established by circumstantial evidence, or by inferences drawn from a course of conduct."  First Beverly Bank v. Adeeb (In re Adeeb), 787 F.2d 1339, 1343 (9th Cir. 1986) (citation omitted).

6.  "Whether a debtor harbors intent to hinder, or delay, or defraud a creditor is a question of fact reviewed for clear error.  Intent may be inferred from surrounding circumstances. The surrounding circumstances include the various 'badges of fraud' that constitute circumstantial evidence of intent."  Wolkowitz v. Beverly (In re Beverly), 374 B.R. 221, 243 (9th Cir. BAP 2007) (citations omitted).

7.  "Certain 'badges of fraud' strongly suggest that a transaction's purpose is to defraud creditors unless some other convincing explanation appears. These factors, not all of which need be present, include 1) a close relationship between the transferor and the transferee; 2) that the transfer was in anticipation of a pending suit; 3) that the transferor Debtor was insolvent or in poor financial condition at the time; 4) that all or substantially all of the Debtor's property was transferred; 5) that the transfer so completely depleted the Debtor's assets that the creditor has been hindered or delayed in recovering any part of the judgment; and 6) that the Debtor received inadequate consideration for the transfer."  Emmett Valley Assocs v. Woodfield (In re Woodfield), 978 F.2d 516, 518 (9th Cir. 1992).

8.  A non-exclusive list of "badges of fraud" has been codified by California's Uniform Fraudulent Transfer Act ("UFTA").[3] The UFTA factors are intended "to provide guidance to the

---

[3] (1) Whether the transfer or obligation was to an insider; (2) whether the debtor retained possession or control of the property transferred after the transfer; (3) whether the transfer or obligation was disclosed or concealed; (4) whether before the transfer was made or obligation was incurred, the debtor had been sued or threatened with suit; (5) whether the transfer was of substantially all the debtor's assets; (6) whether the debtor absconded; (7) whether the debtor removed or concealed assets; (8) whether the value of the consideration received by the debtor was reasonably equivalent to the value of the asset transferred or the amount of the obligation incurred; (9) whether the debtor was insolvent or became insolvent shortly after the transfer was made or the obligation was incurred; (10) whether the transfer occurred shortly before or shortly after a substantial debt was incurred; (11) whether the debtor transferred the essential assets of the business to a lienholder who transferred the assets to an insider of the debtor.  Cal. Civ. Code § 3439.04(b).

5

Exhibit 1                                                                          Page 8

trial court, not compel a finding one way or another." <u>Filip v. Bucurenciu</u>, 129 Cal.App.4th 825, 834 (2005).

9. "The UFTA list of 'badges of fraud' provides neither a counting rule, nor a mathematical formula. No minimum number of factors tips the scales toward actual intent. A trier of fact is entitled to find actual intent based on the evidence in the case, even if no "badges of fraud" are present. Conversely, specific evidence may negate an inference of fraud notwithstanding the presence of a number of 'badges of fraud.'" <u>Beverly</u>, 374 B.R. at 236.

10. Miller transferred or concealed property within one year prior to the petition date, and transferred or concealed property of the estate within one year after the petition date.

11. Miller disposed of $27,173.38 through the Kitco Purchases of silver coins and gold bars in the months preceding the bankruptcy filing, and Defendant's Schedule B and SOFA failed to disclose these assets/transactions.

12. Miller also concealed his interest in the 2012 State Refund and 2012 Federal Refund.

13. Miller's Accounting admits to spending $68,000.00 of the Cash in the month prior to bankruptcy and during the three months following the petition date. Evidence recovered by Plaintiff shows that Miller was holding approximately $76,000.00 in additional undisclosed cash as of the petition date.

14. Miller concealed the Corporate Accounts and disposed of funds in the undisclosed Corporate Accounts for personal use both before and after the petition date.

15. Miller also concealed the post-petition rents generated by the Nevada Property and $100,000.00 worth of miscellaneous furniture.

16. Miller's transfer or concealment of property prior to the petition date was made with the subjective intent to hinder or delay, if not defraud, a creditor.

17. Miller's transfer or concealment of property of the estate after the petition date was made with the subjective intent to hinder or delay, if not defraud, the trustee and creditors of the estate.

6

Exhibit 1    Page 9

18.  Miller admits in his Accounting to spending $68,000 of the Cash on personal expenses in the three months following the petition date, with full knowledge of Trustee's efforts to recover said funds.

19.  Miller disposed of funds in the Corporate Accounts for personal use, knowing that Trustee was examining said accounts after questioning Miller about them at a § 341(a) meeting.

20.  Miller's failure to disclose transfers and assets, as well as the dissipation of estate funds with knowledge of Trustee's efforts to recover said funds, are "badges of fraud" indicative of an intent to hinder or delay, if not defraud, creditors.

21.  Miller's subjective intent to hinder or delay, if not defraud, the Trustee and creditors of the estate is further evidenced by Miller's overall course of conduct, which includes multiple instances of concealment of assets, frustrating Trustee's recovery efforts and ignoring the court's turnover orders.

22.  There being no genuine issue of material fact with respect to Plaintiff's claims against Miller under 11 U.S.C. § 727(a)(2)(A) or (B), the court will enter an order granting Plaintiff's Motion against Miller on such claims.

Miller's Discharge Will Be Denied Pursuant to 11 U.S.C. §§ 727(a)(4)(A)

23.  "Under section 727(a)(4)(A), the defendant's discharge will be denied if it is proven that:  (1) the defendant made a statement under oath; (2) the statement was false; (3) the defendant knew the statement was false; (4) the defendant made the statement with fraudulent intent; and (5) the statement related materially to the bankruptcy case."  Stanley v. Hoblitzell (In re Hoblitzell), 223 B.R. 211, 215 (Bankr. E.D. Cal. 1998).

24.  "The debtor's knowledge and fraudulent intent may be shown by circumstantial evidence and inferred from the debtor's course of conduct."  Id.

25.  Miller made false statements under oath by failing to disclose in the schedules and statements property owned on the petition date, including (a) the Kitco Purchases; (b) the Cash; (c) the 2012 State Refund; (d) the 2012 Federal Refund; and (e) the Corporate Accounts.

26.  Defendant also made false statements under oath at the July 15, 2013 § 341(a) meeting when he confirmed that: (a) he had scheduled all of his interests in entities and/or assets;

7

Exhibit 1                                                      Page 10

(b) he had not sold, transferred or given away anything of value in the last four years; and (c) the Nevada Property was not generating any rental income.

27.  In each instance, Miller's false statement under oath related to a material fact because it bore a relationship to Miller's business transactions or the estate, or concerned the discovery of assets, business dealings, or the existence or disposition of property of the debtor or the estate.

28.  Miller's false statements and omissions were so intertwined with his business and financial affairs and the Trustee's ongoing efforts to investigate and recover property of the estate that the court infers his failure to make full and accurate disclosure in his statements under oath was intentional and for the purpose of deceiving creditors and the Trustee.

29.  There being no genuine issue of material fact with respect to Plaintiff's claim against Miller under 11 U.S.C. § 727(a)(4)(A), the court will enter an order granting Plaintiff's Motion against Miller on such claim.

<u>Miller's Discharge Will Be Denied Pursuant to 11 U.S.C. §§ 727(a)(6)(A).</u>

30.  Section 727(a)(6) states that the court shall grant the debtor a discharge, unless the debtor has refused to obey and lawful order of the court, other than an order to respond to a material question or to testify.  11 U.S.C. § 727(a)(6)(A).

31.  "The term used in § 727(a)(6)(A) is 'refused,' not 'failed.'"  <u>Smith v. Jordan (In re Jordan)</u>, 521 F.3d 430, 433 (4th Cir. 2008).

32.  "The party objecting to discharge [under § 727(a)(6)(A)] satisfies [its] burden by demonstrating that the debtor received the order in question and failed to comply with its terms. Such a showing then imposes upon the debtor an obligation to explain his non-compliance."  <u>Id.</u> (citations omitted).  <u>See</u> <u>Hicks v. Decker (In re Hicks)</u>, 2006 WL 6810987, *8 (9th Cir. BAP 2006) ("Once Trustee has produced sufficient evidence to support the claim, the burden of going forward then shifts to the Debtor to satisfactorily explain his behavior.").

33.  "[I]t is totally within the discretion of the bankruptcy court to find a particular violation of the court's order so serious as to require denial of discharge under § 727(a)(6)(A)."  <u>Devers v. Bank of Sheridan (In re Devers)</u>, 759 F.2d 751, 755 (9th Cir. 1985).

8

Exhibit 1                                                                                           Page 11

34.  On June 18, 2013, the court entered an Order Granting Chapter 7 Trustee's Motion for Turnover of Property of the Estate and Order Directing Debtors to Appear at Continued 11 U.S.C. § 341(a) Meetings of Creditors [Dkt. # 54] ("First Turnover Order") which provided, in pertinent part:  "[Loren Miller and Sarah Miller] are directed to immediately, but no later than five (5) days after entry of this Order, turn over to the Trustee, by and through his counsel Margulies Faith LLP ("MF"), $182,000, the amount listed in the Debtor's Schedule B filed on February 21, 2013 (Dkt. No. 11) by way of a Cashier's Check made payable to 'Jeremy W. Faith, Chapter 7 Trustee.'"

35.  The First Turnover Order was served on Miller and his spouse, Sarah Miller, by United States mail, first class mail, postage prepaid, at 702 Whitecap Drive, Seabrook, TX 77586, on June 13, 2013.

36.  The First Turnover Order was served electronically on Debtors' attorney of record, Vaughn C. Taus on June 13, 2013.

37.  Miller had knowledge of the First Turnover Order either directly or through counsel.

38.  Miller did turnover to the Trustee the sum of $182,000 by June 23, 2013, as required by the First Turnover Order.

39.  On July 12, 2013, Miller ultimately turned over to the Trustee the sum of $101,731 and a one-page accounting prepared by Miller describing how $68,000 of the funds were spent prior to and approximately 3 months after the petition date.

40.  Miller has neither turned over nor accounted for the balance of the funds -- $12,269, despite the First Turnover Order and repeated demands by the Trustee.

41.  Miller attended a creditors' meeting on July 15, 2013, but did not appear for any continued creditors' meetings after July 15, 2015, despite the First Turnover Order and repeated demands by the Trustee.

42.  On March 19, 2014, the court entered an Order Granting Chapter 7 Trustee's Motion for Turnover of Property of Estate [Dkt. # 124] ("Second Turnover Order") which provided, in pertinent part:  [Loren Miller] is directed to immediately, but no later than ten (10) days after entry of this order, turn over to the Trustee, by and through his counsel Margulies Faith LLP, (i)

9

Exhibit 1                                    Page 12

$6,716 received post-petition from the 2012 State Refund; and (ii) the Kitco Purchases (as detailed in Exhibit A to the Motion), or their cash value of $27,173.38"

43.   The Second Turnover Order was served on the Miller by United States mail, first class mail, postage prepaid, at 600 E. Medical Center Blvd., # 1509, Webster, TX 77598, on March 21, 2014.

44.   The First Turnover Order was served electronically on Debtors' attorney of record, Vaughn C. Taus on March 21, 2014.

45.   Miller had knowledge of the Second Turnover Order either directly or through counsel.

46.   Despite the Second Turnover Order and repeated demands by the Trustee, Miller has not turned over to the Trustee either the 2012 State Refund or the Kitco Purchases.

47.   Miller has not responded to explain his behavior nor produce significantly probative evidence to establish a genuine issue of material fact regarding his ability or inability to comply with either the First Turnover Order or the Second Turnover Order.

48.   There being no genuine issue of material fact with respect to Plaintiff's claim against Miller under 11 U.S.C. § 727(a)(6)(A), the court will enter an order granting Plaintiff's Motion against Miller on such claim.

<u>CONCLUSION</u>

For the reasons stated, the court will enter an order granting Plaintiff's Motion against Miller on Plaintiff's claims against Miller under 11 U.S.C. § 727(a)(2)(A), (a)(2)(B), (a)(4)(A) and (a)(6)(A).

A separate order will be entered consistent with this memorandum.

##

Date: June 12, 2015

Peter H. Carroll
United States Bankruptcy Judge

10

Exhibit 1                                                    Page 13

**FILED & ENTERED**

**JUN 12 2015**

CLERK U.S. BANKRUPTCY COURT
Central District of California
BY RUST      DEPUTY CLERK

# NOT FOR PUBLICATION

## UNITED STATES BANKRUPTCY COURT

### CENTRAL DISTRICT OF CALIFORNIA

#### NORTHERN DIVISION

| | | |
|---|---|---|
| In re: | ) | Case. No. 9:13-bk-10313-PC |
| | ) | Chapter 7 |
| LOREN MILLER AND | ) | |
| SARAH MILLER, | ) | Adversary No. 9:13-ap-01133-PC |
| Debtors. | ) | |
| _____ | ) | **ORDER GRANTING** |
| | ) | **PLAINTIFF'S MOTION FOR** |
| JEREMY W. FAITH, | ) | **SUMMARY JUDGMENT AGAINST** |
| CHAPTER 7 TRUSTEE, | ) | **DEFENDANT LOREN MILLER** |
| | ) | **UNDER 11 U.S.C. § 727(a)(2)(A),** |
| Plaintiff, | ) | **(a)(2)(B), (a)(4)(A), AND (a)(6)(A)** |
| v. | ) | |
| | ) | Date:   June 11, 2015 |
| LOREN MILLER AND | ) | Time:   10:00 a.m. |
| SARAH MILLER, | ) | Place:  United States Bankruptcy Court |
| | ) | Courtroom # 201 |
| Defendants. | ) | 1415 State Street |
| _____ | ) | Santa Barbara, CA  93101 |

Based on the memorandum of even date herewith, it is

ORDERED that Plaintiff's Motion for Summary Judgment Against Defendant Loren

Miller Under 11 U.S.C. § 727(a)(2)(A), (a)(2)(B), (a)(4)(A), and (a)(6)(A) is granted.

### ###

Date: June 12, 2015

Peter H. Carroll
United States Bankruptcy Judge

Exhibit 1                                                Page 14

Exhibit 2



Loren Miller, Defendant *pro se*
600 E. Medical Center Blvd. #1509
Webster, TX 77598
281-467-8226

## UNITED STATES BANKRUPTCY COURT
### FOR THE CENTRAL DISTRICT OF CALIFORNIA
### NORTHERN DIVISION

| | |
|---|---|
| In re: "LOREN AND SARAH MILLER, Debtors," | Case No.: 9:13-bk-10313-PC<br>Chapter 7 |
| -------------------------------------------------------- | Adversary No. 9:13-ap-01133-PC |
| "JEREMY W. FAITH, Chapter 7 Trustee,<br><br>Plaintiff," | |
| vs. | DEFENDANT'S NOTICE OF APPEAL -<br>28 U.S.C.A. § 158; FRBP 8001 |
| "LOREN AND SARAH MILLER,<br><br>Defendants." | |

I give this notice I am timely appealing this court's "ORDER GRANTING

PLAINTIFF'S MOTION FOR SUMMARY JUDGMENT AGAINST DEFENDANT

LOREN MILLER UNDER 11 U.S.C. § 727(a)(2)(A), (a)(2)(B), (a)(4)(A), AND (a)(6)(A)."[1]

The other parties to the this Order, were:[2]

      Plaintiff/Trustee: "Jeremy W. Faith," represented by:

           Meghann A Triplett
           Margulies Faith LLP
           16030 Ventura Blvd Ste 470
           Encino, CA 91436
           818-705-2777

---

1  Docket # 71, "(Entered: 06/12/2015)"
2  *See* FRBP 8001(a)

Page 1 of 2 - NOTICE OF APPEAL

Exhibit 2                                    Page 15

Co-Defendant:  Sarah Miller, represented by:

  Robert E Hurlbett
  Hurlbett & Olmstead
  3324 State St Ste O
  Santa Barbara, CA 93105
  805-963-9111


  I expressly reserve the right to amend or supplement this Notice if I believe it is necessary, including adequate notice to reply to all other parties' in interest responses to this motion.  I also expressly invoke FRBP 1001 to apply to this and all my written submissions to this court.

  *Submitted with all rights reserved on June 24, 2015*


           Loren Miller, Defendant *pro se*


Page 2 of 2 - NOTICE OF APPEAL

FILED & ENTERED

JUN 12 2015

CLERK U.S. BANKRUPTCY COURT
Central District of California
BY RUST      DEPUTY CLERK

# NOT FOR PUBLICATION

## UNITED STATES BANKRUPTCY COURT

## CENTRAL DISTRICT OF CALIFORNIA

## NORTHERN DIVISION

|  |  |  |
|---|---|---|
| In re:<br><br>LOREN MILLER AND<br>SARAH MILLER,<br><br>                  Debtors.<br><br>JEREMY W. FAITH,<br>CHAPTER 7 TRUSTEE,<br><br>                  Plaintiff,<br><br>v.<br><br>LOREN MILLER AND<br>SARAH MILLER,<br><br>                  Defendants. | ) ) ) ) ) ) ) ) ) ) ) ) ) ) ) ) ) ) ) ) | Case. No. 9:13-bk-10313-PC<br>Chapter 7<br><br>Adversary No. 9:13-ap-01133-PC<br><br>**ORDER GRANTING<br>PLAINTIFF'S MOTION FOR<br>SUMMARY JUDGMENT AGAINST<br>DEFENDANT LOREN MILLER<br>UNDER 11 U.S.C. § 727(a)(2)(A),<br>(a)(2)(B), (a)(4)(A), AND (a)(6)(A)**<br><br>Date:  June 11, 2015<br>Time:  10:00 a.m.<br>Place:  United States Bankruptcy Court<br>        Courtroom # 201<br>        1415 State Street<br>        Santa Barbara, CA  93101 |

Based on the memorandum of even date herewith, it is

ORDERED that Plaintiff's Motion for Summary Judgment Against Defendant Loren

Miller Under 11 U.S.C. § 727(a)(2)(A), (a)(2)(B), (a)(4)(A), and (a)(6)(A) is granted.

###

Date: June 12, 2015

Peter H. Carroll
United States Bankruptcy Judge

Exhibit 2                                                                    Page 17

Exhibit 3

# UNITED STATES BANKRUPTCY APPELLATE PANEL

## OF THE NINTH CIRCUIT

---

In re: LOREN MILLER; SARAH MILLER

               Debtors                               BAP No. CC-15-1208

------------------------------

            LOREN MILLER                Bankr. No. 9:13-bk-10313-PC
                                  Adv. No. 9:13-ap-01133-PC
            Appellant                           Chapter 13

                  v.

JEREMY W. FAITH, Trustee; SARAH MILLER           July 9, 2015

            Appellees

---

## BRIEFING ORDER
### (Prompt Action Required)

Unless otherwise ordered by this court, the parties to this appeal shall timely complete all of the briefing deadlines set forth below. Failure of the parties to comply with these deadlines may result in dismissal of this appeal or in the imposition of other sanctions. These deadlines control and supersede any briefing deadlines set forth in the Federal Rules of Bankruptcy Procedure ("FRBP").

**Last day for appellant(s) to file opening brief and appendix: August 24, 2015.**
**Last day for appellee(s) to file responsive brief and appendix: Twenty-one days after service of appellant's opening brief.**
**Last day for appellant(s) to file optional reply brief: Fourteen days after service of appellee's reply brief.**

Requirements for filing a brief, an appendix (excerpts of the record), and required certificates are set forth in FRBP 8014, 8015 and 8018, and Ninth Circuit BAP Rules 8018(a)-1, 8018(b)-1, and 8015(a)-1. <u>See also</u> 9th Cir. BAP Rule 8009-1 (describing requirements for the inclusion of transcripts in the excerpts of the record).

Briefs in this case shall not exceed the following page limits:

> **Appellant(s)' opening brief shall not exceed 30 pages.**
> **Appellee(s)' opening brief shall not exceed 30 pages.**
> **Appellant(s)' optional reply brief shall not exceed 15 pages.**

The page limits set forth herein supersede those set forth in Ninth Circuit BAP Rule 8015(a)-2. Parties may also choose to comply with the type-volume limitations set forth in FRBP 8015(a)(7).

Attorneys must file briefs and excerpts of record electronically via ECF. See the Order Regarding Electronic Filing in BAP Cases available on the BAP website www.bap9.uscourts.gov. Colored covers and additional copies are not required for electronically filed briefs and excerpts of record.

Parties not required to file electronically need only file an original brief and appendix (excerpts of record). This supersedes the requirements for additional copies in BAP Rule 8018(a)-1 and 8018(b)-1.

The parties generally should expect that oral argument will occur shortly after briefing is completed. Please refer to the attached materials regarding advance consideration of issues concerning oral argument.

**FAILURE OF APPELLANT TO TIMELY PROVIDE AN ADEQUATE OPENING BRIEF AND ADEQUATE EXCERPTS OF THE RECORD IN COMPLIANCE WITH THE GOVERNING RULES MAY RESULT IN DISMISSAL OF THE APPEAL, OR IN SUMMARY AFFIRMANCE OF THE RULING ON APPEAL.** See Morrissey v. Stuteville (In re Morrissey), 349 F.3d 1187 (9th Cir. 2003).

FOR THE PANEL,

Susan M Spraul
Clerk of Court

### SUMMARY OF REQUIREMENTS FOR BRIEFS AND EXCERPTS OF THE RECORD

This Summary is intended to help the parties file their briefs and appendix in the proper format, but it is not a substitute for reading and complying with all of the procedural rules listed in the Briefing Order, which rules govern the format and content of each brief and appendix. Briefs that do not comply with national and local rules may not be accepted for filing. Your attention is particularly called to the following requirements:

LENGTH -- Thirty pages for the opening briefs of appellant and appellee. Fifteen pages for appellant's reply brief, if any. Parties may also choose to comply with the type-volume limitations set forth in FRBP 8015(a)(7).

Exhibit 3                                        Page 19

NUMBER -- For non-electronic filers: a signed original brief and one excerpt of record; for electronic filers: no paper copies of the brief or excerpts of the record.

APPENDIX (Excerpts of The Record) -- The parties are required to include copies of all relevant documents from the bankruptcy court record, including transcripts, in their excerpts.

FORMAT OF APPENDIX -- A paper appendix must comply with the requirements of 9th Cir. BAP Rule 8018 (b) - 1. FAILURE TO TAB ALL DOCUMENTS IN THE APPENDIX, TO CONTINUOUSLY PAGINATE THE ENTIRE APPENDIX, AND TO PROVIDE A TABLE OF CONTENTS IN THE FORM SPECIFIED IN THE ABOVE-REFERENCED RULE MIGHT SEVERELY HAMPER THE PANEL'S REVIEW OF THE ISSUES ON APPEAL. An electronic appendix must comply with Rule 3 of the Order Regarding Electronic Filing in BAP Cases available on the BAP website www.bap9.uscourts.gov.

CERTIFICATES -- Both appellant's and appellee's opening brief must contain a Certificate of Interested Parties. Appellants brief must also contain a Certificate of Related Cases.

CALCULATION OF TIME -- Paper briefs are deemed filed on the day of mailing. FRBP 8011(a)(2). Electronic briefs are deemed filed when the filing is successfully completed. See Rule 7 of the Administrative Order Regarding Electronic Filing in BAP Cases.

### ADVANCE CONSIDERATION OF ISSUES CONCERNING ORAL ARGUMENT

While the parties are briefing, the BAP is considering where and when to set oral argument. Because the BAP seeks to set argument as soon as practical after briefing is completed, any stipulations, motions or notices concerning oral argument should be filed at the earliest possible time, generally with a party's first brief. While appeals typically are set for hearing in the bankruptcy district from which the appeal arose whenever feasible, the parties may file a stipulation or motion requesting an alternative hearing location or a hearing by telephone or video conference. The parties also may file a stipulation or motion to submit their appeal on the briefs and record, thereby waiving oral argument.

All parties should carefully review the dates on the BAP's annual hearing calendar located on the BAP's website: http://www.bap9.uscourts.gov. This calendar contains dates that the BAP judges have set aside for argument, and it is likely that your appeal will be set for hearing on one of these dates. If a party knows or suspects that he or she will be unavailable on one of these dates, he or she should file as soon as possible a notice of unavailability, stating the dates on which he or she is unavailable. Once a case has been scheduled for argument, continuances and requests to change time or place are rarely granted.

Exhibit 3                    Page 20

<u>CERTIFICATE OF MAILING</u>

The undersigned, deputy Clerk of the U.S. Bankruptcy Appellate Panel of the Ninth Circuit, hereby certifies that a copy of the document to which this certificate is attached was transmitted this date to all parties of record to this appeal, to the United States Trustee and to the Clerk of the Bankruptcy Court.

> By: Patti Ippolito, Deputy Clerk
> Date: July 9, 2015

Exhibit 3                                                  Page 21

1

2

**PROOF OF SERVICE**

3

STATE OF CALIFORNIA, COUNTY OF LOS ANGELES

4

5

     I am over the age of 18 and not a party to this bankruptcy case or adversary proceeding.  My business address is: 16030 Ventura Blvd., Suite 470, Encino, CA 91346.

6

7

8

On August 13, 2015, I served the foregoing document described as **RESPONSE TO DEBTOR-APPELLANT'S: (1) MOTION TO WITHDRAW REFERENCE FOR CAUSE AND (2) THIRD AMENDED NOTICE OF APPEAL** interested parties in this action as follows:

9

10

11

[X] (**VIA U.S. MAIL**) I placed a true copy thereof enclosed in a sealed envelope addressed as stated on the attached mailing list and placing such envelope with first class postage thereon fully prepaid, in the United States at Encino on this date following ordinary business practices.

12

13

14

**Appellant**
Loren Miller
600 E. Medical Center Blvd., #1509
Webster TX 77598

15

16

17

18

**Attorney for Interested Party, Andrew D. Geller and Andrew D. Geller and Eileen B. Geller, Trustees of the Geller Trust dated September 2, 1987**
Howard I. Camhi, Esq.
Ervin, Cohen & Jessup, LLP
9401 Wilshire Blvd., 9th Floor
Beverly Hills, CA 90212

19

20

I declare under penalty of perjury that the foregoing is true and correct.  Executed on August 13, 2015 at Encino, California.

21

22

23

By:    /s/ Helen Cardoza    
               Helen Cardoza

24

25

26

27

28