Case #: **2:14-cv-01681-DOC**

UNITED STATES DISTRICT COURT FOR
THE CENTRAL DISTRICT OF CALIFORNIA
(Western Division - Los Angeles)

IN RE LOREN MILLER, Debtor-Appellant

An appeal from the Bankruptcy Court of Nevada

Chapter 7 case No. 9:13-bk-10313

DEBTOR-APPELLANT'S REPLY BRIEF



Appellant:  Loren Miller, Debtor-Appellant *pro se*
**1302 Marina Bay Drive #309A, Clear Lake Shores, TX 77565**
281-467-8226

For Appellee, Jeremy W. Faith, *Chapter 7 only* Trustee:

    Craig G Margulies, Margulies Faith LLP
    16030 Ventura Boulevard, Suite 470, Encino, CA 91436
    818-705-2777

    "United States Trustee (ND)"
    915 Wilshire Blvd., Suite 1850, Los Angeles, CA 90017

For Party in Interest Sarah Miller:

    Hurlbett & Olmstead
    3324 State St Ste O, Santa Barbara, CA 93105
    805-963-9111

For "Party in Interest" Andrew and Eileen Geller, aka "Trustees of the Geller Trust"

    Howard Camhi, Ervin Cohen & Jessup LLP
    9401 Wilshire Blvd 9th Floor, Beverly Hills, CA 90212
    310-281-6375

# TABLE OF CONTENTS

| | |
|---|---|
| *Reply to* "I. SUMMARY OF ARGUMENT" | Page 2 |
| "does not cite any evidence or legal basis supporting..." | Page 3 |
| "ignores the reasoning provided by the Court in denying... the Amended Motion to Convert Order" | Page 3 |
| "ignores the reasoning provided by the Court in denying the Motion to Transfer Order" | Page 5 |
| Reply to "A. The Bankruptcy Court Did Not Err in Denying the Amended Motion to Convert Order" | Page 6 |
| The bankruptcy court's blatant inequity | Page 8 |
| Reply to "B. The Motion to Transfer Order Should be Affirmed" | Page 9 |
| Reply to "IV. CONCLUSION" | Page 12 |

# TABLE OF CASES, STATUTES AND OTHER AUTHORITIES CITED

| | |
|---|---|
| *In re Donald*, 328 B.R. 192 (B.A.P. 9th Cir. 2005) | Page 5 |
| *Kanter v. Warner-Lambert Co.*, 265 F.3d 853, 857-58 (2001) | Page 10 |
| *Mathews v. Eldridge*, 424 U.S. 319 (1976) | Footnote 23 |
| *Terenkian v. the Republic of Iraq*, 686 F.3d 1061 (2012) | Footnote 13 |
| 11 U.S.C. §706 | Page 4 |
| 28 U.S.C. §1412 | Page 5 |
| 28 U.S.C. §2075 | Page 4 |
| FRBP 1001 | Page 2 |
| FRBP 1014 | Page 5 |
| FRBP 1017 | Page 4 |
| FRBP 9013 | Page 4 |
| Black's Law Dictionary | Page 7, Footnotes 4, 5, 19 |

As ordered by this court, I submit my brief in reply to Trustee's *423-page* "OPENING BRIEF OF APPELLEE JEREMY W. FAITH, CHAPTER 7 TRUSTEE.[1] I would call attention to the fact although served, no other creditor/party has participated in this appeal in any way.

Federal Rules of Bankruptcy Procedure (FRBP) 1001 mandates "These rules shall be construed to secure the just, speedy, and inexpensive determination of every case and proceeding." I file and serve this brief accordingly.

### *Reply to* "I. SUMMARY OF ARGUMENT"

Trustee began his brief with:[2]

> "Debtor Loren Miller's ("Debtor") opening appellate brief ("Opening Brief") **does not cite any evidence or legal basis supporting a reversal of the Motion to Transfer Order or the Amended Motion to Convert Order** (defined, infra). Instead, Debtor's Opening Brief focuses on laws that are outdated or inapplicable to the facts at hand, and more importantly, **ignores the reasoning provided by the Court in denying the Motion to Transfer Order and the Amended Motion to Convert Order.**
>
> "Debtor argues that his move to the Southern District of Texas **automatically qualifies him and requires the Court to move this Case to a location most convenient for the Debtor. . . . .**"

---

1 *See* this court's docket #30 "ORDER RE: MOTION FOR RELIEF FROM ORDER [29]"
2 My emphasis added in any quoted text is in boldface unless otherwise noted

Breaking down these allegations down for a reasonable analysis:

<u>"does not cite any evidence or legal basis supporting. . ."</u>

Evidently Trustee's arrogance goes so far as to ignoring what my opening brief plainly provided in its "TABLE OF CASES, STATUTES AND OTHER AUTHORITIES CITED" and no less than nine footnotes pointing this court to the parts of the record where what I think to be relevant evidence and other proof can be found.[3] Whether Trustee made these false or misleading statements intentionally or with deliberate recklessness I leave to this court's exercise of sound discretion in its review.

<u>"ignores the reasoning provided by the Court in denying. . .</u>

<u>the Amended Motion to Convert Order"</u>

Again Trusteee has proven either he didn't bother to read my Brief, or has deliberately lied to this court. I did not "ignore the reasoning."[4] I *refuted* it.[5] Evidently in preparing his *423-page* Brief Trustee couldn't be bothered to look at a dictionary, either.

Later in his brief Trustee opined *another* reason Judge Riblet denied my motion was "based on the Debtor's failure to pay the required conversion filing fee."[6]

---

3 *See* Footnotes 3, 6-9, 14-15, 17, and 21
4 "To refuse to notice, recognize, or consider." - Black's Law Dictionary 76 (8th ed. 2004)
5 "**1.** To prove (a statement) to be false. **2.** To prove (a person) to be wrong." - same Black's, page 1308 (boldface in original)
6 PACER @ *Case 2:14-cv-01681-DOC Document 23 Filed 06/29/15 Page 6 of 24*

*Again* Trustee shows he didn't bother to read my Brief. There I said "Of particular interest is the fact I paid for my first motion for conversion with my personal check instead of certified funds."[7] He neither bothered to mention this, nor comment on this court's blatant discrimination against self-representing parties like me.[8] More on this below under the subheading "The bankruptcy court's blatant inequity."[9]

I directly quoted "the Court's" "reasoning" on my Brief's page "5 of 11." I based this point on four authorities – FRBP 1017(f)(2) and 9013, 11 U.S.C. §706(a) and 28 U.S.C. §2075 – and briefed the court on how I have complied with each to the best of my understanding and ability, including pertinent caselaw. That's hardly ignoring "the reasoning provided by the Court in denying. . .the Amended Motion to Convert Order."

The only one of these four authorities Trustee bothered to cite and discuss in his brief was 11 U.S.C. §706(a), and that to support his allegation I have been acting in bad faith in the same way that *Marrama* case could apply. This was the cause of Trustee's adversary proceeding against me, which is currently before the Bankruptcy Appellate Panel to determine.[10] My opening brief in that appeal is due

---

*Page ID #:118*

7 My Brief's page "6 of 11"; that I *did* pay the filing fee in a manner acceptable to the court clerk is a matter of that court's record, docket #110
8 That blatant discrimination extends to *this* court – see docket ##17-20, particularly concerning the e-filing and ECF issues
9 Page 8
10 BAP No. CC-15-1208

September 28th. Is it appropriate for this court to decide this point of law before the Panel decides it?

<u>"ignores the reasoning provided by the Court in denying the Motion to Transfer Order"</u>

Again, Trustee twisted both the case record and my Brief when he said:

"Debtor argues that his move to the Southern District of Texas **automatically qualifies him and requires the Court to move this Case to a location most convenient for the Debtor**..."

As anyone who actually read my Brief can plainly see, I used no form of "automatic" *anywhere* in my Brief.

Even though Trustee devoted an entire section to this point,[11] Trustee offered little beyond his conclusory pronouncement "The circumstances of this case and the applicable law do not support a transfer of this Case."[12] That conclusion *might* hold water if this court follows his lead and *also* ignores my *controlling* authorities on this point – 28 U.S.C. §1412 and FRBP 1014. Trustee "ignored" both, failing to cite either even once in his Brief. Nor did Trustee bother to explain the guidance provided by my citation of the Bankruptcy Appellate Panel's very helpful *In re*

---

[11] Found under the heading "B. The Motion to Transfer Order Should be Affirmed"; on PACER @ *Case 2:14-cv-01681-DOC Document 23 Filed 06/29/15 Page 12 of 24 Page ID #:124*

[12] PACER @ *Case 2:14-cv-01681-DOC Document 23 Filed 06/29/15 Page 13 of 24 Page ID #:125*

*Donald*, in Footnotes 19 and 20.[13] There, the same Panel expecting my Brief later this month from Trustee's adversary proceeding, analyzed §1412 and said:[14]

> **"the ultimate § 1412 analysis, which entails a balancing of due process concerns of assuring appropriate access to the court for all parties in interest against the economic and efficient administration of the case.** While it may be economically efficient for those in control of a bankruptcy case to administer it in a location that handicaps parties in interest, **the integrity of the bankruptcy process requires that the natural enemies have reasonable access to the court."**

I will be bringing up this "reasonable access to the court" below under the heading "The bankruptcy court's blatant inequity."[15]

I submit the only reasonable conclusion on this point is Judge Riblet ignored *my* "reasoning," as well as persuasive authorities.[16]

### *Reply to* "A. The Bankruptcy Court Did Not Err in Denying the Amended Motion to Convert Order"

I covered the meat of this point above under the subheading "ignores the

---

[13] 328 B.R. 192 (B.A.P. 9th Cir. 2005). The Ninth Circuit itself has cited this case favorably, the latest being as a supporting authority in *Terenkian v. the Republic of Iraq,* 686 F.3d 1061 (2012)

[14] Starts on my Brief's page "7 of 11" and flows to page "8 of 11"

[15] Begins on page 8

[16] *See* this court's docket #24 "APPENDIX (EXCERPTS OF THE RECORD) SUBMITTED BY APPELLEE JEREMY W. FAITH, CHAPTER 7 TRUSTEE," "TAB 1"; *also on* PACER, beginning @ *Case 2:14-cv-01681-DOC Document 24 Filed 06/29/15 Page 7 of 165 Page ID #:143*

reasoning provided by the Court in denying the Amended Motion to Convert Order."[17] Trustee made several more points in this section in need of rebutting.

Trustee said "Debtor's position is that there is an unequivocal right to convert a case from a Chapter 7 to a Chapter 11."[18] Again, Trustee shows he neglected to read my brief. Beginning with the fact I did *not* use the word "unequivocal" *anywhere* in my brief, Black's Law Dictionary defines it as "Unambiguous; clear; free from uncertainty."[19] As I believe my Brief said, I'm aware the courts are required to balance more than one factor.

Perhaps Trustee misinterpreted where I quoted from §706(a) and emphasized "Any waiver of the right to convert a case under this subsection is unenforceable."[20] Although Trustee quoted the same law himself under his "RELEVANT BANKRUPTCY CODE SECTIONS,"[21] he doesn't seem to have bothered to analyze it.

Trustee also said "On March 19, 2014, the Court entered a second motion for turnover against Debtor."[22] With this Trustee has opened the door to only one

---

17 Begins on page 3
18 PACER @ *Case 2:14-cv-01681-DOC Document 23 Filed 06/29/15 Page 10 of 24 Page ID #:122*
19 Same Black's, page 1563
20 Page "5 of 11"
21 PACER @ *Case 2:14-cv-01681-DOC Document 23 Filed 06/29/15 Page 21 of 24 Page ID #:133*
22 PACER @ *Case 2:14-cv-01681-DOC Document 23 Filed 06/29/15 Page 11 of 24 Page ID #:122*

example of the bankruptcy court's inequitable behavior, and a gross violation of my right to be heard in a meaningful time and in a meaningful manner.[23]

<u>The bankruptcy court's blatant inequity</u>

The Order Trustee refers to are found in his "Appendix/Excerpts" under "Tab 30." There all may read what Judge Riblet said: "There were no other appearances"[24] and "no opposition having been filed, and the Court finding that Notice of the Motion was proper."[25]

What Trustee *and* Judge Riblet failed to consider was my motion for an extension to oppose Trustee's *82-page motion*[26] based on *Trustee's* failure to provide me with due notice to timely oppose his motion (I had *two days* to write an opposition to his *82-page motion and* file it with that court).[27] When I called Judge Riblet's office before the hearing time hoping to participate, all I got was a voicemail, and although I left a message with my name and phone number, my call was never returned. One of several examples of the bankruptcy court first under Judge Riblet, then Judge Carroll, not being interested in hearing my side of whatever was before the court.

---

[23] *Mathews v. Eldridge*, 424 U.S. 319, 333 (1976): ". . .due process is flexible and calls for such procedural protections as the particular situation demands."
[24] "TAB 30 Page 356," line 27
[25] "TAB 30 Page 357," lines 1-2
[26] BK docket #114
[27] BK docket #127; unfortunately for me, *again* the Post Office delivered it to the courthouse a day later than scheduled

Part of the problem is the incompetence of the court itself. Even now I see the docket shown on PACER shows I am still represented by Mr. Taus, whom I fired in November 2013.[28]

Additionally both the court and the other parties have served *my* papers on my ex-wife at our old address, and I often don't receive "service" unless my teenage daughter happens to see it and brings it to me. *And* there have been problems with timely mail delivery, such as when I express-mailed a critical paper to the court, but it wasn't delivered until two weeks later.

Trustee's "order denying the Debtor's discharge (ER, Tab 31)" is a prime example of blatant extreme inequity by Judge Carroll, now before both the Bankruptcy Appellate Panel and, to a lesser extent, this court. As I said above, my opening brief to that Panel is due later this month. As before, I moved the court for an extension to provide my opposition, then called the court early to at least participate in the hearing by telephone. Again, only voicemail, I left the appropriate message, but my call was never returned.

### *Reply to* "B. The Motion to Transfer Order Should be Affirmed"

Most of what needs to be said here I've covered above under the subheading "ignores the reasoning provided by the Court in denying the Motion to Transfer Order."[29]

---
28 *See* "TAB 1 Page 1," Footnote 1
29 Page 5

- 10 of 13

I add only to correct Trustee's rambling bits on domicile. The original motion to transfer requested "This court's finding our domicile is in Texas."[30] The record shows we had been living in the Houston, Texas, area since *March* 21, 2013,[31] and we had notified the court of such.[32] My motion for transfer to this court summarized the situation:[33]

> "3. I had previously informed the bankruptcy court and the other parties I had been forced by necessity to move to Seabrook, Texas, a distance of nearly 1,600 miles from this court, and that it is a substantial hardship every time I am required to personally attend any proceeding, including the creditors' meetings and hearings, in Los Angeles.' The case record shows numerous of hearings continued literally the day before the scheduled date, etc. I will provide the details of those events at the court's request."

I have received no requests, not even from Trustee.

We don't need to go to "S. D. Bankr. Ct. 1990" for authority.

In *Kanter v. Warner-Lamber Co.*, 265 F.3d 853, 857-58 (2001) "A person's domicile is his permanent home, where. . .he resides with the intention to remain or to which. . .he intends to return."

---

[30] "TAB 1 Page4"; *see also* my renewed motion for transfer to this court, *see* docket #10
[31] PACER @ *Case 9:13-bk-10313-RR Doc 65 Filed 08/15/13 Entered 08/15/13 13:17:52 Desc Main Document Page 25 of 65 through Page 53 of 65*
[32] "TAB 1 Page 2," Footnote 4; *see also* "TAB 23 Page 320." Footnote 3
[33] "TAB 23 Page 320"

Trustee said "the only creditor in this Case is located in California, making any conversion inequitable."[34] In all fairness I misspoke in my Brief: "I am still not aware of any other party in interest with either domicile or principal place of business within this court's district."[35] However, Trustee has *again* misrepresented the case facts. His own Appendix/Excerpts provides lists of creditors showing not only more than "only" one creditor, but not all are within this court's district.[36]

Finally, under his subheading "ii. Conversion of this Case or Change of Venue at this Stage of the Bankruptcy Would be Inequitable to All Parties Involved"[37] Trustee said I'm "merely trying to forum shop, by filing the Motion to Transfer Venue," and:

> "...conversion of this case or transfer of venue would cause significant inequitable results. As a preliminary matter, this Case has been pending for over two (2) years. With the exception of executing the Second Turnover Order, the Trustee is ready to finalize administration of this Case. Furthermore, the Trustee has obtained an order denying the Debtor's discharge (ER, Tab 31). To unwind the clock, and more than two years of work by the Trustee and his counsel in this Case, would cause significant delays to the administration of this Estate and

---

[34] PACER @ *Case 2:14-cv-01681-DOC Document 23 Filed 06/29/15 Page 14 of 24 Page ID #:126*

[35] Page "8 of 11"

[36] *See also* the creditors/parties listed in Trustee's Appendix/Excerpts "TAB 2 Page 8" and "TAB 12 Page 180"

[37] Begins on PACER @ *Case 2:14-cv-01681-DOC Document 23 Filed 06/29/15 Page 14 of 24 Page ID #:126*

additional unnecessary expense for the Estate at the expense of the creditors."

The docket shows Trustee proceeded as if I had never moved to convert – which would oust him from taking and controlling "$229,000 in cash,"[38] *including my daughter's entire college fund unilaterally turned over from her mentally unstable mother* – and at least to me his obvious efforts to ensure much of that nearly quarter million "in cash" ends up in his own law firm's pocket.

### *Reply to "IV. CONCLUSION"*

Here Trustee said:

> "There is little question that the Court should deny the entirety of Debtor's Appeal, as Debtor fails to present any factual or legal grounds to appeal the Amended Motion to Convert Order or the Motion to Change Venue Order."

As I believe I've shown here, there is a *huge* "question" why this court should allow what I moved for nearly *two years ago,* notwithstanding Trustee's deliberate attempts to skew the case to justify his grab for what he is not entitled to.

I continue to seek this court's order or other affirmation nullifying the bankruptcy court's orders denying conversion and transfer, and to provide an appropriate order to preserve the case's status quo – rewind the state of the case to December 2013 before the court ruled on my motions to convert and for transfer of

---

[38] PACER @ *Case 2:14-cv-01681-DOC Document 23 Filed 06/29/15 Page 10 of 24 Page ID #:122*

venue.

I expressly reserve the right to amend or supplement this Brief if I believe it is needed. I also reserve my right to to have the court liberally construe this paper equitably and in compliance with applicable law, beginning with FRBP 1001.

CERTIFICATE OF SERVICE: I certify that on this date a true copy of this brief was mailed to the other parties shown on the title page.

*Submitted with all rights reserved on September 12, 2015*

Loren Miller, Debtor-Appellant *pro se*