UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

JS-6

CIVIL MINUTES – GENERAL

Case No. LACV 14-1681-DOC                                  Date: December 2, 2015
Bankr. Case No. 9:13-10313-PC

Title: IN RE LOREN MILLER AND SARAH MILLER

PRESENT:

THE HONORABLE DAVID O. CARTER, JUDGE

| Deborah Goltz | Not Present |
|---|---|
| Courtroom Clerk | Court Reporter |
| ATTORNEYS PRESENT FOR PLAINTIFF: | ATTORNEYS PRESENT FOR DEFENDANT: |
| None Present | None Present |

**PROCEEDINGS (IN CHAMBERS):** ORDER AFFIRMING BANKRUPTCY COURT'S DENIAL OF DEBTOR'S MOTION TO CONVERT; AFFIRMING BANKRUPTCY COURT'S DENIAL OF DEBTOR'S MOTION TO TRANSFER; DENYING DEBTOR'S MOTION TO WITHDRAW REFERENCE [21]

Debtor-Appellant Loren Miller ("Debtor-Appellant" or "Debtor") presents three matters to the Court for resolution: Debtor appeals from two orders of the United States Bankruptcy Court for the Central District of California ("Bankruptcy Court") and moves to Withdraw Reference for Cause. The Court finds these matters appropriate for resolution without oral argument. *See* Fed. R. Civ. P. 78; L.R. 7-15.

Specifically, Debtor appeals the Bankruptcy Court's order denying his amended motion to convert the bankruptcy case from a case under Chapter 7 to one under Chapter

**UNITED STATES DISTRICT COURT**
**CENTRAL DISTRICT OF CALIFORNIA**

**CIVIL MINUTES – GENERAL**

Case No. SACV 14-1681-DOC                                                  Date: December 2, 2015
        SBBR 13-10313-PC

                                                                                          Page 2

11. The order was entered on March 26, 2014 ("Order Denying Amended Motion to Convert") (Bankr. Dkt. 131). Debtor also appeals from the Bankruptcy Court's Order Denying Motion to Transfer Venue. The order was entered on December 12, 2013 ("Order Denying Motion to Transfer Venue") (Bankr. Dkt. 88). Lastly, before the Court is Debtor's Motion to Withdraw Reference for Cause ("Motion to Withdraw") (Dkt. 21). After reviewing the record and the parties' respective briefs, the Court AFFIRMS the Bankruptcy Court's Order Denying Amended Motion to Convert, AFFIRMS the Bankruptcy Court's Order Denying Motion to Transfer Venue, and DENIES Debtor's Motion to Withdraw.

I. Background

   A.   Facts

On February 7, 2013, Loren Miller and Sarah Miller (collectively, "Debtors") filed a voluntary petition under Chapter 7 of the United States Bankruptcy Code in the Central District of California, Northern Division. Chapter 7 Voluntary Petition ("Voluntary Petition") (Bankr. Dkt. 1); *see generally* Case No. 9:13-bk-10313-PC.

In the Voluntary Petition, Debtors listed their address as 239 Esparto Avenue, Pismo Beach, CA 93449. Debtors also indicated they had been domiciled or had a residence, principal place of business, or principal assets in the district for 180 days immediately preceding the date of the petition. *Id.* at 4. Subsequently, Debtors filed additional petition schedules. (Bankr. Dkt. 11).

Pursuant to 11 U.S.C. § 341(a), a meeting of the creditors ("341(a) meeting") was scheduled for March 18, 2013. Debtors did not appear at the initial 341(a) meeting (Bankr. Dkt. 14). The 341(a) meeting was subsequently continued four additional times (Bankr. Dkts. 17, 27, 36, 56). The Chapter 7 bankruptcy trustee Jeremy W. Faith ("Trustee-Appellee" or "Trustee") obtained a court order to compel Debtors to appear at their 341(a) meeting. Order Denying Amended Motion to Convert at 4. Debtor failed to appear at several continued 341(a) meetings (Bankr. Dkts. 76, 93, 101).

On July 15, 2013, Debtor-Appellant attended a 341(a) meeting. At this meeting he was asked questions regarding First Star Associates, Inc. ("First Star"), an entity Debtors had a prior ownership interest in but did not list on their petition schedules. Order Denying Amended Motion to Convert at 5. Debtor testified they closed First Star after the Las Vegas real estate collapse. Opp'n to Amended Motion to Convert (Bankr. Dkt. 106) Ex. D at 2. Additionally, Debtor stated he no longer controlled First Star's bank

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

CIVIL MINUTES – GENERAL

Case No. SACV 14-1681-DOC  Date: December 2, 2015
SBBR 13-10313-PC

Page 3

account, and that the account was devoid of funds. Order Denying Amended Motion to Convert at 6.

On June 4, 2013, Debtors Loren Miller and Sarah Miller filed a Notice of Change of Address indicating a new mailing address in Seabrook, Texas ("Notice of Change of Address") (Bankr. Dkt. 41). Following their move to Texas, Debtors commenced divorce proceedings. Debtor's Amended Motion to Convert Case (Bankr. Dkt. 102) at 3. Sarah Miller was not a party to either the Motion to Transfer or the Motion to Convert, nor did she join or consent to either motion. Appellee's Opening Brief ("Appellee's Br.") (Dkt. 23) at 2 n.1; *see also* Debtor's Amended Motion to Convert Case at 3 (declaring his divorce with Sarah Miller is being finalized and that Sarah Miller "would not sign [Motion to Convert] with [Debtor]").

Trustee conducted investigations of Debtors' assets and discovered assets that Debtors did not disclose on their petition schedules. Trustee's Opp'n to Amended Motion to Convert (Bankr. Dkt. 106). Specifically, the Trustee's investigations revealed Debtors did not to disclose $27,173.38 in gold and silver purchased from Kitco Metals, Inc. ("Kitco Purchases"). *Id.* at Ex. G. Trustee also discovered that First Star's bank records indicate funds still remain in the entity's account. *Id.* at Ex. E. Further, the address associated with First Star's bank account was changed to the address Debtors listed on their Notice of Change of Address. *Id.*

Since Debtors filed their Voluntary Petition, Trustee states he has recovered approximately $229,000 in cash, most of which Debtors did not disclose on their schedules. Appellee's Br. at 7–8. On June 18, 2013, the Bankruptcy Court entered an Order Granting Chapter 7 Trustee's Motion for Turnover of Property of the Estate and Order Directing Debtors to Appear at Continued 11 U.S.C. § 341(a) Meetings of Creditors ("First Turnover Order"), requiring Debtors to turn over $182,000 to the Trustee. *See* Trustee's Opp'n to Amended Motion to Convert Ex. B. By providing an accounting of their spending through a letter from their attorney, Debtors admitted to spending $68,863.00 of that pre-petition cash. *Id.* Debtor has yet to fully comply with either the First Turnover Order or a Second Turnover Order, entered on March 19, 2014.

    B.    **Procedural History**

On March 5, 2014, Debtor filed a Notice of Appeal ("Original Appeal") (Dkt. 2), and elected to have the appeal transferred to this Court (Dkt. 3). The Court found the Original Appeal lacked jurisdiction because the orders Debtor intended to appeal were never entered on the bankruptcy court docket. Memorandum Regarding Order, March 7,

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

CIVIL MINUTES – GENERAL

Case No. SACV 14-1681-DOC
SBBR 13-10313-PC

Date: December 2, 2015

Page 4

2014 (Dkt. 6) at 1. Subsequently, on March 21, 2014, Debtor filed an Amended Notice of Appeal ("Amended Appeal") (Dkt. 8).

On April 10, 2014, Debtor filed a Second Amended Notice of Appeal clarifying he is appealing the Order Denying Debtor's Amended Motion to Convert and the Order Denying Debtor's Motion to Transfer (Dkt. 9). This Court issued an Order to Show Cause why the case should not be dismissed for lack of prosecution on January 28, 2015 (Dkt. 11). Debtor responded to the OSC on February 10, 2015 (Dkt. 12).

On June 16, 2015, Debtor-Appellant filed his Opening Brief ("Appellant's Br.") (Dkt. 22). On June 29, 2015, Trustee-Appellee filed his Opening Brief ("Appellee's Br.") (Dkt. 23).

### 1. Debtor's Appeals from the Bankruptcy Court

On November 26, 2013, Debtor filed a Motion to Convert Case from Chapter 7 to Chapter 11 in the Bankruptcy Court ("Motion to Convert") (Bankr. Dkt. 79). Trustees of the Geller Trust ("Creditors") filed an Opposition (Bankr. Dkt. 82). The Trustee also filed an Opposition (Bankr. Dkt. 86). On December 12, 2013, the Bankruptcy Court denied the Motion to Convert due to Debtor's failure to pay the required filing fee (Bankr. Dkt. 87).

On January 15, 2014, Debtor filed an Amended Motion to Convert Case from Chapter 7 to Chapter 11 ("Amended Motion to Convert") (Bankr. Dkt. 102), along with the required filing fee. On March 26, 2014, the Bankruptcy Court entered the Order Denying Debtor's Amended Motion to Convert (Bankr. Dkt. 131).

On November 26, 2013, Debtor also filed a Motion to Transfer Venue to the Southern District of Texas, Houston ("Motion to Transfer") (Bankr. Dkt. 78). On December 12, 2013, The Bankruptcy Court denied the Motion to Transfer (Bankr. Dkt. 88).[1]

On August 15, 2013, Trustee filed a complaint initiating an adversary proceeding ("Adversary Proceeding") seeking denial of Debtor's discharge. Complaint Against Debtors for Denial of Discharge ("Complaint") (Bankr. A.P. Dkt. 1); *see generally* 9:13-ap-01133-PC. Debtor filed an Answer. (Bankr. A.P. Dkt. 7). Trustee filed a Motion for

---

[1] On January 22, 2015, Debtor filed another Motion to Transfer Venue in this Court (Dkt. 10). Because this Court is acting as a court of appeals in the present matter, the Court denied Debtor's motion for lack of jurisdiction. OSC, January 28, 2015 at 2 n.2.

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

CIVIL MINUTES – GENERAL

Case No. SACV 14-1681-DOC  
       SBBR 13-10313-PC

Date: December 2, 2015

Page 5

Summary Judgment (Bankr. A.P. Dkt. 43). On June 12, 2015, the Bankruptcy Court granted Trustee's Motion for Summary Judgment (Bankr. A.P. Dkt. 71). *See* Memorandum Regarding Plaintiff's Motion for Summary Judgment Against Defendant Loren Miller, June 12, 2015 (Bankr. A.P. Dkt. 70).

### 2. Debtor's Motion to Withdraw

On June 16, 2015, Debtor filed his Motion to Withdraw. On August 14, 2015, Trustee filed a Response (Dkt. 28).

On June 26, 2015, Debtor filed a Notice of Appeal from the Order Granting Trustee's Motion for Summary Judgment. (Bankr. A.P. Dkt. 74). The matter is currently pending before the bankruptcy appellate panel. *See generally* 9:15-bap-1208.

## II. Standard of Review

A district court reviews the bankruptcy court's decisions using the same standard a court of appeals uses to review a district court's judgment in general civil matters. 28 U.S.C. § 158(c)(2).

An order regarding conversion of a case is reviewed for abuse of discretion. *In re Lavesque*, 473 B.R. 331, 335 (B.A.P. 9th Cir. 2012) (citations omitted). A decision regarding the transfer of a case to another district is also reviewed for abuse of discretion. *Donald*, 328 B.R. at 196 (citing *Jones v. GNC Franchising, Inc.*, 211 F.3d 495, 498 (9th Cir. 2000)). In determining whether the Bankruptcy Court abused its discretion, the Court applies a two-part test. *In re Levesque*, 473 B.R. at 335 (citing *U.S. v. Hinkson*, 585 F.3d 1247, 1261–62 (9th Cir. 2009) (en banc)). First, the court determines "de novo whether the bankruptcy court identified the correct legal rule to apply to the relief requested." *Id.* (internal citations and quotations omitted). Second, the court examines "the bankruptcy court's factual findings for clear error. We must affirm the bankruptcy court's factual findings unless we determine that those findings are (1) illogical, (2) implausible, or (3) without support in inferences that may be drawn from the facts in the record." *Id.* (internal citations and quotations omitted).

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

CIVIL MINUTES – GENERAL

Case No. SACV 14-1681-DOC  Date: December 2, 2015
SBBR 13-10313-PC

Page 6

## III. Analysis

The Court will first consider Debtor's appeals from the Bankruptcy Court. Then, the Court will turn to Debtor's Motion to Withdraw.

### A. Debtor's Appeals from the Bankruptcy Court

As a threshold matter, the Court must determine whether it has jurisdiction over Debtor's appeals from the Bankruptcy Court. District courts have jurisdiction to hear appeals from final judgments, orders, and decrees of bankruptcy courts. 28 U.S.C. § 158(a)(1). If the order is not a final order, district courts "shall have jurisdiction to hear appeals with leave of the court, from other interlocutory orders and decrees." 28 U.S.C. § 158(a)(3).

The Ninth Circuit has adopted a "pragmatic approach" to finality in bankruptcy, which "emphasizes the need for immediate review, rather than whether the order is technically interlocutory." *In re Rosson*, 545 F.3d 764, 769 (9th Cir. 2008) (citing *In re Bonham*, 229 F.3d 750, 761 (9th Cir. 2000)). "A bankruptcy court order is considered final where it 1) resolves and seriously affects substantive rights and 2) finally determines the discrete issue to which it is addressed." *In re SK Foods, L.P.*, 676 F.3d 798, 802 (9th Cir. 2012) (internal quotations and citation omitted).

First, the Court must determine whether an order denying a motion to convert a debtor's case from Chapter 7 to Chapter 11 is a final order. Generally, an order denying a motion to convert is not a final order. *See In re Klein/Ray Broad.*, 100 B.R. 509, 510–11 (B.A.P. 9th Cir. 1987) (holding that a denial of a motion to convert from Chapter 11 to Chapter 7 is not a final order); *see also In re Hayes Bankr.*, 220 B.R. 57, 61–62 (N.D. Iowa 1998) (holding that an order denying a motion to convert from Chapter 13 to Chapter 7 is not a final order because proceeding under Chapter 13 does not "deny the creditors anything except the power to collect their debts from the debtor's property instead of his future income"). Accordingly, the Court finds an order denying a motion to convert from Chapter 7 to Chapter 11 is not a final order.

Second, the Court notes that a bankruptcy court's order denying a motion to transfer venue is generally considered interlocutory. *In re Donald*, 328 B.R. 192, 196–97 (B.A.P. 9th Cir. 2005). Because both this type of order and an order denying a motion to convert are interlocutory, they require leave to appeal. *Id.*; 28 U.S.C. § 158(a)(3). If a separate motion for leave to appeal is not filed, a timely notice of appeal may be treated as such. Fed. R. Bankr. P. 8003(c); *In re Donald*, 328 B.R. at 197. Thus, the Court will

**UNITED STATES DISTRICT COURT**
**CENTRAL DISTRICT OF CALIFORNIA**

**CIVIL MINUTES – GENERAL**

Case No. SACV 14-1681-DOC                                        Date: December 2, 2015
       SBBR 13-10313-PC

Page 7

treat Debtor-Appellant's Second Amended Notice of Appeal as a motion for leave to appeal.

      As discussed above, district courts have discretion to exercise appellate jurisdiction over an interlocutory order of a bankruptcy court. 28 U.S.C. § 158(a)(3); *see also In re Futter Lumber Corp.*, 473 B.R. 20, 26 (E.D.N.Y. 2012). In determining whether to grant a motion for leave to file an interlocutory appeal, the Court looks to the standard set forth in 28 U.S.C. § 1292(b). *In re Kashani*, 190 B.R. 875, 882 (B.A.P 9th Cir. 1995). Granting leave to appeal "is appropriate if the order involves a controlling question of law where there is a substantial ground for difference of opinion and when the appeal is in the interest of judicial economy because an immediate appeal may materially advance the ultimate termination of the litigation." *In re Kashani*, 190 B.R. at 882 (citing 28 U.S.C. § 1292(b)); *In re Sperna*, 173 B.R. 654, 658 (B.A.P. 9th Cir. 1994). "A question of law is 'controlling' if the resolution of the issue on appeal could materially affect the outcome of the litigation in the [lower court]." *Kowalski v. Anova Food, LLC*, 958 F. Supp. 2d 1147, 1154 (D. Haw. 2013 (citing *In re Cement Antitrust LItig. (MDL No. 296)*, 673 F.2d 1020, 1026 (9th Cir. 1981), *aff'd* 459 U.S. 1190 (1983)).

      The Court finds that review of both orders is warranted. First, the Court is persuaded Bankruptcy Court's Order Denying the Motion to Convert involves a controlling question of law: whether the Bankruptcy Court could deny Debtor's conversion under § 706(a) of the Code because Debtor engaged in bad-faith conduct. Further, the Court concludes an immediate appeal of the Bankruptcy Court's Order Denying the Motion to Convert is an efficient use of judicial resources and will materially advance the termination of the litigation.

      Second, regarding the Bankruptcy Court's Order Denying the Motion to Transfer, the Court is persuaded by the analysis in *In re Land*, 215 B.R. 398, 401–02 (B.A.P. 8th Cir. 1997). In *In re Land*, the Bankruptcy Appellate Panel faced the question of whether interlocutory review of an order denying a motion to transfer venue is warranted. *Id*. The Panel determined review was appropriate because there would be a small chance of success on appeal after the bankruptcy case was administered closed, "which may be the only time when the order regarding venue becomes a final order." becomes final. *Id*. at 402 (citation and internal quotation marks omitted). Further, the Panel reasoned that if appellants "are successful at that time . . . the bankruptcy court will be required to order and oversee the recovery of the dividends paid to the creditors and the fee paid to the [bankruptcy] trustee." *Id*. Thus, because a lack of review would "defeat the promotion of the efficient use of judicial resources, and frustrate the expectations of the debtors, their creditors and the [bankruptcy] trustee[,]" the Panel determined review was appropriate.

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

CIVIL MINUTES – GENERAL

Case No. SACV 14-1681-DOC  
      SBBR 13-10313-PC

Date: December 2, 2015

Page 8

Accordingly, the Court finds that review of the Bankruptcy Court's Order Denying the Motion to Transfer is appropriate here.

Therefore, following the Ninth Circuit's "pragmatic approach," the Court will exercise its discretion and review both orders from the Bankruptcy Court. The Court will consider (1) whether the bankruptcy court erred in denying Debtor's motion for Chapter 11 conversion, and (2) whether the bankruptcy court erred in denying Debtor's motion to transfer venue.[2]

### 1.     Appeal from Order Denying Motion to Convert

The Bankruptcy Code ("Code") provides that a "debtor may convert a case under [Chapter 7] to a case under chapter 11, 12, or 13 of this title at any time, if the case has not been converted under section 1112, 1208, or 1307 of this title" and that "[a]ny waiver of the right to convert a case under this subsection is unenforceable." 11 U.S.C. § 706(a). In addition, "a case may not be converted to a case under another chapter of this title unless the debtor may be a debtor under such chapter." 11 U.S.C. § 706(d). Further, the Supreme Court has held a debtor may forfeit his right to convert his bankruptcy case from a Chapter 7 to a Chapter 13 by engaging in bad-faith conduct. *Marrama v. Citizens Bank of Mass.*, 549 U.S. 365, 371 (2007). A debtor's conduct must be "atypical" to qualify as "bad-faith" conduct sufficient to support denial of a motion to convert. *Id*. at 375–76. The Ninth Circuit Bankruptcy Appellate Panel has held that this restriction applies to a debtor seeking conversion from Chapter 7 to any other chapter under the Code, including conversion from a Chapter 7 to a Chapter 11. *In re Levesque*, 473 B.R. at 390.

Debtor argues he is entitled to a conversion of his case as of right. Appellant's Br. at 5. However, the Supreme Court in *Marrama* addressed this argument and found that the language of § 706(d) conditions the right to convert: "The words 'unless the debtor may be a debtor under such chapter' expressly conditioned Marrama's right to convert on his ability to qualify as a 'debtor' . . . .'" *Marrama*, 549 U.S. at 372. Here, the Bankruptcy Court explicitly referred to *Marrama* in its Order Denying Motion to Convert at 3. Thus, the Court finds the Bankruptcy Court identified the correct legal rule to apply to Debtor's motion.

---

[2] Debtor's Opening Brief also raises the third issue of whether the Bankruptcy Court's final order was inequitable. Appellant's Br. at 2. The Court considers this argument throughout its analysis and finds it unnecessary to consider this issue separate from the other issues Debtor raises.

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

CIVIL MINUTES – GENERAL

Case No. SACV 14-1681-DOC  Date: December 2, 2015
SBBR 13-10313-PC

Page 9

In that same order, the Bankruptcy Court found Debtor violated court orders when he failed to appear at 341(a) meeting and refused to turnover pre-petition cash to the Trustee. *Id*. at 4–5. Additionally, the Bankruptcy Court noted Debtors' failure to disclose their interest in First Star on their Voluntary Petition schedules, and that "the Trustee continues to uncover additional undisclosed assets on behalf of the estate." *Id*. at 5. The Court concludes these findings of fact are not illogical, implausible, or without any support from inferences that may be drawn from the evidentiary record. *See In re Levesque*, 473 B.R. at 335. Further, the Court finds the Bankruptcy Court's analysis of the evidence is consistent with the entire record, and therefore the Court finds the Bankruptcy Court did not abuse its discretion by denying the motion to convert. *See Id*. at 339–40 (finding no abuse of discretion when the bankruptcy court correctly cited *Marrama*, and when the analysis of the evidence made sense in context of the entire record).

Accordingly, the Court AFFIRMS the Bankruptcy Court's Order Denying Debtor's Motion to Convert.

## 2. Appeal from Order Denying Motion to Transfer

The Bankruptcy Court denied Debtors' request to transfer the bankruptcy case to Houston Texas. The Court will review the Bankruptcy Court's decision for abuse of discretion.

"A district court may transfer a case or proceeding under title 11 to a district court or another district, in the interest of justice or for the convenience of the parties." 28 U.S.C. § 1412; *see also* Fed. R. Bankr. P. 1014(a)(1) (a properly filed petition may be transferred "in the interest of justice and for the convenience of the parties").

### a. Initial Venue

In bankruptcy cases, venue is proper in the district:

> in which the domicile, residence, principal place of business in the United States, or principal assets in the United States, of the person or entity that is the subject of such case have been located for the one hundred and eighty days immediately preceding such commencement, or for a longer portion of such one-hundred-and-eighty-day period.

**UNITED STATES DISTRICT COURT**
**CENTRAL DISTRICT OF CALIFORNIA**

**CIVIL MINUTES – GENERAL**

Case No. SACV 14-1681-DOC                                    Date: December 2, 2015
       SBBR 13-10313-PC

28 U.S.C. § 1408(1). Additionally, venue is proper in the district where a pending bankruptcy case exists "concerning such person's affiliate, general partner, or partnership." 28 U.S.C. § 1408(2). Further, Local Bankruptcy Rule 1071-1(a)(1) provides that the applicable division for filing a bankruptcy case is determined by "the location of the debtor's residence" at the time of filing.

Debtor's Voluntary Petition was filed in the United States Bankruptcy Court, Central District of California, Northern Division. Venue was initially proper for two reasons. First, the address in the bankruptcy petition indicated Debtors were residents of Pismo Beach, California. Voluntary Petition at 3. Second, Debtors indicated their domicile satisfies the requirements put forth by 28 U.S.C. § 1408(1). *Id*. at 4. Because Debtors' address as stated in their petition falls within the jurisdiction of the Northern Division, the Voluntary Petition was properly filed.

        **b.**      **Transfer**

The resolution of a transfer of venue issue should be left to the discretion of the trial court. *In re Kona Joint Venture I, Ltd.*, 62 B.R. 169, 172 (Bankr. D. Haw. 1986) (citations omitted). However, courts should exercise this power to transfer venue cautiously. *Id*. The moving party bears the burden of proving, by a preponderance of the evidence, that the transfer of venue should occur. *In re Silicon Valley Innovation Co.*, No. 12-52706-ASW, 2012 WL 3778853, *1 (N.D. Cal. Aug. 30, 2012) (citing *In re Dunmore Homes, Inc.*, 380 B.R. 663, 671 (Bankr. S.D.N.Y. 2008)).

Determining whether transfer of a bankruptcy case is in the interest of justice or for the convenience of the parties is an inherently factual analysis. *In re Donald*, 328 B.R. 192, 204 (9th Cir. B.A.P. 2005). Courts exercise their discretion by looking at the totality of the circumstances. *Id*.

In determining the totality of the circumstances, the court considers the following non-exclusive factors: (1) proximity of creditors to the venue; (2) proximity of Debtor to the venue; (3) proximity of witnesses necessary to administration of the estate; (4) location of assets; (5) economic and efficient administration of the case; and (6) the need for further administration if liquidation ensues. *In re Lopez*, No. 05-05926-PBINV, 2008 WL 7907340, *2 (S.D. Cal. June 24, 2008) (citing *In re Donald*, 328 B.R. at 204). Along with the record available to the Bankruptcy Court at the time of Debtor's motion, the Court will consider each of these factors in turn.

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

CIVIL MINUTES – GENERAL

Case No. SACV 14-1681-DOC  Date: December 2, 2015
SBBR 13-10313-PC

Page 11

### (1) Proximity of Creditors to Houston, Texas

Debtors listed four creditors on the Voluntary Petition. Three creditors are domiciled in California and no creditor is domiciled in Texas. *See* Voluntary Petition. Moreover, the largest creditors of the estate, the Geller Trust, are domiciled in California, *id*., and have opposed Debtor's Motion to Transfer. Because three out of four of the creditors listed on Debtor's Voluntary Petition are domiciled in California, this factor weighs against transferring venue to Texas.

### (2) Proximity of Debtors to Houston, Texas

Both Debtors currently reside in Texas. Debtor argues he was "forced by necessity to move to Seabrook, Texas." Appellant's Br. at 8. Further, it is a financial burden for Debtors to travel to California to be present for their 341(a) meetings and any additional hearings. Therefore, because of the financial burden and inconvenience to Debtors, this factor weighs in favor of transferring venue to Texas.

### (3) Proximity of Witnesses Necessary to Administration of the Estate

Neither party has indicated whether it will call witnesses. Thus, this factor does not weigh for or against transferring venue to Texas.

### (4) Location of Assets

Only one of Debtors' assets is listed as real property that cannot be moved by the Debtor. Voluntary Petition. Therefore, it appears the remaining majority of Debtors' assets are located in Texas with Debtors. However, the Trustee has discovered at least $229,000 in cash, most of which Debtors failed to disclose on their Voluntary Petition. Appellee's Br. 7–8. Because Debtor has been hiding assets, the Court cannot fully assess the location of Debtor's assets. Accordingly, this factor does not weigh for or against transferring venue to Texas.

### (5) Economic and Efficient Administration of the Case

When Debtor filed his first motion to transfer, the Adversary Proceeding against Debtors had already commenced. The Court finds it likely that the Bankruptcy Court denied Debtor's motion to transfer venue in the interest of judicial efficiency and for the ability to administer both cases in the same district.

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

CIVIL MINUTES – GENERAL

Case No. SACV 14-1681-DOC  
      SBBR 13-10313-PC

Date: December 2, 2015

Page 12

At this time, almost three years have passed since Debtors filed their Voluntary Petition. Appellee's Br. 11; *see also* Compl. (Bankr. A.P. Dkt. 1). The Trustee is ready to finalize administration of the estate. *Id.* at 11–12. However, he is unable to do so because of Debtor's defiance of court orders. *Id.*

Additionally, the Trustee's diligence, knowledge of this case, and knowledge of Debtor's tactics have been essential to the proper administration of this case up to this point. If this case were transferred to Texas, it would likely be more difficult to provide creditors with the money Debtors owe them. Further, because none of the creditors are domiciled in Texas, it would be more difficult for a trustee to efficiently administer the case there.

Accordingly, this factor weighs against transferring venue to Texas.

### (6)     Need for Further Administration if Liquidation Ensues

This factor does not apply because this case is already in Chapter 7 liquidation.

### c.     Movant's Burden to Prove Justification of Transfer

Debtor's Opening Brief fails to state any colorable legal arguments as to why transfer of his bankruptcy case would be in the interests of justice. Debtor's Opening Brief focuses mainly on why transfer of venue to Houston, Texas would be for the convenience of Debtors. In focusing on Debtors' convenience, Debtor fails to consider whether transfer would be convenient for Creditors, a key consideration under the standard, which inquires whether transfer would be for the convenience of the *parties*. Debtor states he is "not aware of any other party in interest with either domicile or principal place of business within [the Bankruptcy Court's] district." Appellant's Br. 9. However, Creditors are domiciled in Los Angeles, California. Summary of Schedules (Bankr. Dkt. 11) at 15. Los Angeles falls within the jurisdiction of the United States Bankruptcy Court's Central District of California, the district where Debtors filed their Voluntary Petition. Therefore, Debtor has failed to meet his burden of proving by a preponderance of the evidence that transfer is warranted.

After considering the relevant venue rules and the factors set forth in *In re Donald*, the Court finds the Bankruptcy Court's decision is supported by the record and therefore did not abuse its discretion in denying Debtor's Motion to Transfer. Accordingly, the Court AFFIRMS the Bankruptcy Court's Order Denying Debtor's Motion to Transfer Venue.

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

CIVIL MINUTES – GENERAL

Case No. SACV 14-1681-DOC  Date: December 2, 2015
SBBR 13-10313-PC

Page 13

### B. Debtor's Motion to Withdraw Reference

Finally, the Court turns to Debtor's Motion to Withdraw Reference. Debtor seeks to Withdraw Reference and remove the Adversary Proceeding to this Court for cause shown.

Pursuant to 28 U.S.C. § 157(d):

> The district court may withdraw, in whole or in part, any case or proceeding referred under this section, on its own motion or on timely motion of any party, for cause shown. The district court shall, on timely motion of a party, so withdraw a proceeding if the court determines that resolution of the proceeding requires consideration of both title 11 and other laws of the United States regulating organizations or activities affecting interstate commerce.

§ 157(d) thus sets forth the standard for the mandatory ("if the court determines that resolution of the proceeding requires consideration of both title 11 [of the Bankruptcy Code] and other laws of the United States . . .") and permissive ("for cause shown") withdrawal of a bankruptcy reference.

Because Debtor seeks to withdraw reference of "all matters in the bankruptcy court's adversary proceeding" for cause, *see* Mot. to Withdraw at 1, he seeks permissive withdrawal. "In determining whether cause exists, a district court should consider the efficient use of judicial resources, delay and costs to the parties, uniformity of bankruptcy administration, the prevention of forum shopping, and other related factors." *In re Death Row Records, Inc.*, No. 2:06-BK-11205-VZ, 2012 WL 1033350, at *2 (C.D. Cal. Mar. 8, 2012) (quoting *Sec. Farms v. Int'l Bhd. of Teamsters*, 124 F.3d 999, 1008 (9th Cir. 1997) (internal quotation marks omitted).

As a preliminary matter, the Court notes the Bankruptcy Court entered a final ruling on the merits in the Adversary Proceeding on June 12, 2015, granting the Trustee's Motion for Summary Judgment and denying the Debtor's discharge. *See* Order Granting Trustee's Motion for Summary Judgment (Bankr. A.P. Dkt. 71); *see also* Memorandum Regarding Plaintiff's Motion for Summary Judgment (Bankr. A.P. Dkt. 70) at 1–2. Further, following the entry of the Order Granting Trustee's Motion for Summary Judgment, Debtor filed a Notice of Appeal of the Motion for Summary Judgment with the Bankruptcy Appellate Panel (Bankr. A.P. Dkt. 74). The Bankruptcy Appellate Panel will therefore hear the matter. Because the Bankruptcy Court already entered a final

**UNITED STATES DISTRICT COURT**
**CENTRAL DISTRICT OF CALIFORNIA**

**CIVIL MINUTES – GENERAL**

Case No. SACV 14-1681-DOC  Date: December 2, 2015
　　　　　SBBR 13-10313-PC

　　　　　　　　　　　　　　　　　　　　　　　　　　　　　　　　　　　　Page 14

order, there are no grounds on which the Court can withdraw the Adversary Proceeding. Accordingly, this Court DENIES Debtor's Motion to Withdraw.

## IV. Disposition

　　For the foregoing reasons, the Bankruptcy Court's Order Denying Debtor's Motion to Convert is AFFIRMED, the Bankruptcy Court's Order Denying Debtor's Motion to Transfer is AFFIRMED, and Appellant's Motion to Withdraw Reference is DENIED.

　　The Clerk shall serve this minute order on the parties.

MINUTES FORM 11　　　　　　　　　　　　　　　　　　Initials of Deputy Clerk: djg
CIVIL-GEN